1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No.: 3:12-cv-00632 JSC<br><br>**ORDER RE: JOINT STATEMENT OF DISCOVERY DISPUTE (Dkt. No. 28)** |

    Pending before the Court is the parties' Joint Statement Regarding Discovery Dispute (Dkt. No. 28) which concerns entry of a protective order in this action. The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7–1(b). Having considered the papers submitted to the Court, the Court declines to enter the protective order proposed by Defendant.

    A party seeking to place documents under seal must meet the requirements of Civil L.R. 79–5 and Ninth Circuit case law. Contratto v. Ethicon, Inc., 227 F.R.D. 304, 307 (N.D. Cal. 2005). The Ninth Circuit holds that under Federal Rule of Civil Procedure 26(c) "the party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz

v. State Farm Mut. Aut. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). The court has broad discretion to "to decide when a protective order is appropriate and what degree of protection is required." Phillips v. Gen. Motors, 307 F.3d 1206, 1211 (9th Cir. 2002) (internal citations omitted).

Parties are encouraged to sign stipulated protective orders to facilitate the exchange of materials in the discovery process; however, parties should be mindful of the "strong presumption in favor of access to court records" and the requirement that a party establish good cause for maintaining a document's confidentiality in any court proceeding. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). To this end, the Model Stipulated Protective Order approved by the Northern District states that if there is a dispute regarding a document's confidentiality, the burden is on the party asserting that a document is confidential to file a motion with the court seeking to retain the document's confidentiality.

Here, Defendant seeks entry of a protective order which would shift the burden to the party challenging the confidentiality designation to file a motion with the Court. Although the language of the protective order states that the burden of persuasion in any such motion remains on the party asserting that the challenged materials are confidential, the protective order clearly shifts the initial burden to challenge the designation to the party challenging the designation. This is inconsistent with Ninth Circuit case law. Defendant has offered no basis for shifting the burden other than that the Court adopted a similar *stipulated* protective order in another unrelated action in the Northern District. The Court finds this rationale insufficient and declines to shift the burden in this case.

Accordingly, the Court declines to enter the protective order proposed by Defendant; however, the Court would entertain a motion for protective order based on the Northern District of California Model Stipulated Protective Order.

This Order disposes of Docket No. 28.

**IT IS SO ORDERED.**

Dated: July 25, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE