ANDERSON, OGILVIE & BREWER, LLP
ANDREW J. OGILVIE  CA 57932
CAROL MCLEAN BREWER  CA 214035
235 Montgomery St., Suite 914
San Francisco, CA 94108
Telephone: 415-651-1952
Facsimile:  415-956-3233
Email:  andy@aoblawyers.com
        carol@aoblawyers.com

FRANCIS & MAILMAN, P.C.
JAMES A. FRANCIS (*PRO HAC VICE*)
JOHN SOUMILAS (*PRO HAC VICE*)
DAVID A. SEARLES (*PRO HAC VICE*)
jsoumilas@consumerlawfirm.com
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone:   (215) 735-8600
Facsimile:    (215) 940-8000
Email   jfrancis@consumerlawfirm.com
          jsoumilas@consumerlawfirm.com
          dsearles@consumerlawfirm.com

Attorneys for Plaintiff
SERGIO L. RAMIREZ

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TRANS UNION, LLC,<br><br>  Defendant. | Case No. 3:12-cv-00632-JSC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:   March 13, 2013<br>Time:  9:00 a.m.<br>Ctrm:  F |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................... 1

III.  ARGUMENT ......................................................................................................... 2

     A.  The Offer Has Been Withdrawn And Is Inadmissible; Defendant's Motion To Dismiss Should Be Stricken ................................................................. 3

     B.  The Offer Was Not For The Full Amount of Plaintiff's Claim ....................... 5

     C.  A Rule 68 Offer Cannot Be Used to Pick Off A Class Representative ........... 8

     D.  Plaintiff Could Not Accept The Offer Even If He Wanted To; Nor Could The Court Carry Out Its Duties Under Rule 23 ............................................. 12

VI.  CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES
## CASES

*Boles v. Moss Codilis, LLP*,
　2011 WL 4345289 (W.D. Tex. Sept. 15, 2011) ........................................................................ 4

*Crown, Cork & Seal Co., Inc. v. Parker,*
　462 U.S. 345, 353-54 (1983) .................................................................................................. 7

*County of Riverside v. McLaughlin*,
500 U.S. 44 (1991) ...................................................................................................................... 9

*Deposit Guaranty National Bank v. Roper*,
445 U.S. 326 (1980) .............................................................................................................. 9, 13

*Gerstein v. Pugh*,
　420 U.S. 103 (1975) ................................................................................................................ 9

*Gibson v. Aman Collection Service, Inc.*,
2001 WL 849525 (S.D. Ind. July 23, 2001). .............................................................................. 4

*Gomez v. Campbell-Ewald Company*,
　805 F. Supp. 2d 923 (C.D. Ca. 2011) ................................................................................. 1, 4

*Griffin-Moore v. City of Brooksville, Fla.*,
　2012 WL 1560644 (M.D. Fla. May 2, 2012) .......................................................................... 4

*Johnson v. U.S. Bank Nat. Ass'n*,
　276 F.R.D. 330 (D. Minn. 2011). ........................................................................................ 4, 5

*Lamberson v. Fin. Cr. Serv.,*
　*LLC,* 2011 WL 1990450 (D. Minn. Apr. 13, 2011) .................................................................. 3

*Lucero v. Bureau of Collection Recovery, Inc.*,
　639 F.3d 1239 (10th Cir. 2011) ............................................................................................ 10

*Luna v. Del Monte Fresh Produce (Southeast), Inc.*,
　2008 WL 754452 (N.D. Ga. March 19, 2008) ........................................................................ 4

*Marschall v. Recovery Solution Specialists, Inc.*,
　399 Fed. Appx. 186 (9th Cir. 2010) ........................................................................................ 9

*Morales-Arcadio v. Shannon Produce Farms*,
　237 F.R.D. 700 (S.D. Ga. Sept. 11, 2006) .............................................................................. 4

*Pitts v. Terrible Herbst, Inc.*,
　 653 F.3d 1081, 1091-92 (9th Cir. 2011) ................................................................. 8, 9, 10, 11

*Ramirez v. Trans Union, LLC*,
　2012 WL 4954120 (N.D. Cal. Oct. 17, 2012) ......................................................................... 1

*Roper v. Consurve, Inc.,*
　578 F.2d 1106, 1110–11 (5th Cir. 1978) ................................................................................ 7

*Sandoz v. Cingular Wireless LLC*,
  553 F.3d 913, 920-21 (5th Cir. 2008) .................................................................................... 10

*Schroeder v. First Nat'l Collection Bureau, Inc.*,
  No. 10–4238 (RHK/FLN) (D. Minn. May 12, 2011) ............................................................ 4

*Smith v. NCO Fin. Sys., Inc.*,
  257 F.R.D. 429, 434 (E.D. Pa. 2009) ...................................................................................... 4

*Sosna v. Iowa*,
  419 U.S. 393 (1975) .................................................................................................................. 9

*Stewart v. Cheek & Zeehandelar, LLP*,
  252 F.R.D. 384 (S.D. Ohio 2008) ........................................................................................... 4

*Strausser v. ACB Receivables Mgmt.*,
  2007 WL 512789 (E.D. Pa. Feb.12, 2007) ............................................................................ 4

*Surowitz v. Hilton Hotels Corp.*,
  383 U.S. 363 (1966) .................................................................................................................. 8

*Symczyk v. Genesis HealthCare Corp.*,
  656 F.3d 189 (3d Cir. 2011) .................................................................................................. 11

*United States Parole Commission v. Geraghty*,
  445 U.S. 388 (1980) .................................................................................................................. 9

*Wang v. Chinese Daily News, Inc.*,
  No. 04–1498, 2006 WL 1635423 (C.D. Cal. 2006) ............................................................. 4

*Weiss v. Regal Collections*,
  385 F.3d 337 (3d Cir. 2004) ............................................................................................ 11, 13

*Zeigenfuse v. Apex Asset Mgmt., L.L.C.*,
  239 F.R.D. 400 (E.D. Pa. 2006) .............................................................................................. 4

**STATUTES**

15 U.S.C. § 1681e(b) .......................................................................................................................... 6

15 U.S.C. § 1681g(a) ..................................................................................................................... 5, 6

15 U.S.C. § 1681g(c) .......................................................................................................................... 6

15 U.S.C. § 1681n(a)(1)(A) ............................................................................................................... 6

15 U.S.C. § 1681n(a)(2) ..................................................................................................................... 7

Cal. Civ. Code  § 1785.10 ............................................................................................................. 5, 6

Cal. Civ. Code  § 1785.14(b) ............................................................................................................ 6

Cal. Civ. Code  § 1785.15(f) ............................................................................................................. 6

Cal. Civ. Code Code § 1785.31(a)(2)(B) ................................................................................... 7, 8

Cal. Civ. Code § 1785.31(b) ......................................................................................................... 7

Cal. Civ. Code § 1785.31(c) ......................................................................................................... 7

## RULES & REGULATIONS

Fed. R. Civ. P. 23 .................................................................................................................. 10, 11

Fed. R. Civ. P. 23(d) .................................................................................................................... 12

Fed. R. Civ. P. 23(e) .................................................................................................................... 12

Fed. R. Civ. P. 68 .................................................................................................................. *passim*

Fed. R. Civ. P. 68(b) ............................................................................................................. 3, 4, 5

## OTHER AUTHORITIES

5 NEWBERG ON CLASS ACTIONS, § 15.36 at 115 (4th ed. 2002) ................................................... 13

## I. INTRODUCTION

Plaintiff Sergio L. Ramirez filed this class action under the federal Fair Credit Reporting Act (FCRA) and the California Consumer Credit Reporting Agencies Act (CCRAA). Eleven months after the case was filed, nine months after Defendant Trans Union LLC answered the Complaint, and long after the parties had agreed to, and the Court approved, a period of class discovery and the filing of Plaintiff's motion for class certification thereafter, Defendant has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Doc. 52. The Motion is an improper, frivolous and transparent attempt, in the words of one court, to "make an end-run around a class action simply by virtue of a facile procedural 'gotcha,' *i.e.*, the conveyance of a Rule 68 offer of judgment to 'pick off' the named plaintiff prior to the filing of a class certification motion." *Gomez v. Campbell-Ewald Company*, 805 F. Supp. 2d 923, 930 (C.D. Ca. 2011). For all the reasons set forth below, the Defendant's Motion should be denied and stricken from the record.

## II. BACKGROUND

Plaintiff filed his Class Action Complaint on February 9, 2012. Doc. 1. As described in more detail below, the Complaint asserted six counts seeking relief under both the FCRA and the CCRAA, including certification of multiple different consumer classes. The Complaint seeks actual damages, statutory damages, punitive damages and injunctive relief. *See* Doc. 1.

Defendant filed an Answer to the Complaint on April 6, 2012. Doc. 11. On August 1, 2012, Defendant moved for judgment on the pleadings. Doc. 30. Following briefing and oral argument, on October 17, 2012, the Court entered an Order denying Defendant's motion for judgment on the pleadings (Doc. 45), reported at *Ramirez v. Trans Union, LLC*, ____F. Supp. 2d____, 2012 WL 4954120 (N.D. Cal. Oct. 17, 2012).

During this time, the parties have proceeded with an unsuccessful private mediation,

extensive written discovery and, as of the date of this filing, seven depositions, including depositions of two third-party witnesses. The parties have also been negotiating several disputes concerning Defendant's refusal to answer certain written discovery and refusal to produce certain witnesses for deposition.

The current case management Order regarding discovery deadlines was submitted jointly by the parties for this Court's consideration and was entered on December 6, 2012. Doc. 48. The Order provided that Plaintiff's Motion for Class Certification is due on July 8, 2013; Defendant's opposition is due August 12, 2013; Plaintiff's reply in support of class certification is due on September 3, 2013, and a hearing on Plaintiff's Motion scheduled for October 3, 2013. Doc. 48.

On December 21, 2012, Defendant mailed to Plaintiff's counsel an Offer of Judgment (Offer). The Offer stated as follows:

> Pursuant to Federal Rule of Civil Procedure 68, defendant Trans Union LLC ("Trans Union") hereby offers to allow entry of judgment as follows: Judgment against Trans Union and in favor of plaintiff Sergio L. Ramirez ("Plaintiff") in the amount of five thousand and one dollars ($5.001.00), plus court costs and reasonable attorneys' fees incurred, as such costs and attorneys' fees may be determined by the Court upon application or motion by Plaintiff, and subject to Trans Union's right to object to the amount of costs and attorneys' fees requested.
>
> Pursuant to Rule 68, this Offer of Judgment shall not be deemed an admission by Trans Union of wrongdoing or culpability in any way. Additionally, if this Offer of Judgment is not accepted within fourteen (14) days of service hereof, it shall be deemed withdrawn.

*See* Offer attached to Defendant's Motion as Exhibit C. (Doc. 52-4).

The Offer was not accepted by Plaintiff and, pursuant to its own terms and the operative federal rule, the Offer has been withdrawn by Defendant.

### III. <u>ARGUMENT</u>

Fed. R. Civ. P. 68 provides in pertinent part as follows:

**(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve upon an opposing party an offer to allow judgment on specified terms, with the

2

costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer an notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(b) Unaccepted Offer**. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

In this case, Defendant ostensibly tendered the Offer in accordance with Rule 68. But as discussed below, Defendant's attempt to use Rule 68 to pick off the class representative is flawed in a number of respects, and must be rejected.

### A. The Offer Has Been Withdrawn And Is Inadmissible; Defendant's Motion To Dismiss Should Be Stricken

First, Trans Union has violated Rule 68, and that violation requires Defendant's Motion to be stricken from the record.

The plain language of the Rule is straightforward and unambiguous: "An unaccepted offer is considered withdrawn …. [e]vidence of an unaccepted offer is ***not admissible except in a proceeding to determine costs***." Fed. R. Civ. P. 68(b) (emphasis supplied). A motion to dismiss is not a proceeding to determine costs; such a proceeding would take place, if at all, at the conclusion of this case. As such, the Offer is inadmissible and should be stricken.[1]

Many courts, in carrying out their duty of managing class actions in accordance with Rule 23, have stricken offers of judgment. As one district court, which took a survey of recent jurisprudence, observed:

> The Court joins most recent decisions by other judges in this district striking Rule 68 offer of judgments tendered in consumer class actions before class certification has been decided. *See Lamberson v. Fin. Cr. Serv., LLC,* 2011 WL 1990450, at *4

---

[1] Under Federal Rule of Evidence 103(a), a plaintiff may not claim error in a ruling to admit or exclude evidence unless he has timely objected or moved to strike. Because Rule 68(b) addresses the admissibility of a withdrawn offer of judgment, Plaintiff Ramirez has correctly acted procedurally at this time in requesting the Court to strike Defendant's Motion and remove from the record (including from PACER) the evidence of the Offer.

(D. Minn. Apr. 13, 2011) (striking Defendant's Rule 68 offer of judgment), *Report and Recommendation Adopted,* 2011 WL 1990447 (D. Minn. May 23, 2011); *Schroeder v. First Nat'l Collection Bureau, Inc.,* No. 10–4238 (RHK/FLN) (D. Minn. May 12, 2011) (unpublished) (same); *see also Smith v. NCO Fin. Sys., Inc.,* 257 F.R.D. 429, 434 (E.D. Pa. 2009) (same); *Stewart v. Cheek & Zeehandelar, LLP,* 252 F.R.D. 384, 387 (S.D. Ohio 2008) (same); *Wang v. Chinese Daily News, Inc.,* No. 04–1498, 2006 WL 1635423, *1 (C.D. Cal. 2006) (same); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.,* 239 F.R.D. 400, 403 (E.D. Pa. 2006) (same).

*Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330, 332 (D. Minn. 2011).

The majority of courts have concluded the same. *See Griffin-Moore v. City of Brooksville, Fla.*, 2012 WL 1560644 (M.D. Fla. May 2, 2012) (granting motion to strike in FLSA case and declaring offer ineffective); *Gomez v. Campbell-Ewald Company, supra*, 805 F. Supp. 2d at 931 (granting motion to strike where plaintiff did not accept Rule 68 offer, so that defendant was not entitled to file offer); *Boles v. Moss Codilis, LLP*, 2011 WL 4345289 (W.D. Tex. Sept. 15, 2011) ("[s]triking the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid. It also is the result most consistent with this Court's duty to protect the putative class members and "manage the class action in a manner consistent with the purposes of Rule 23"); *Luna v. Del Monte Fresh Produce (Southeast), Inc*., 2008 WL 754452, * 13 (N.D. Ga. March 19, 2008) (court strikes offer of judgment and declares that "[p]ursuant to this ruling, plaintiffs are not subject to the consequences of refusing the offers under Rule 68"); *Strausser v. ACB Receivables Mgmt.,* 2007 WL 512789 (E.D. Pa. Feb.12, 2007) (striking pre-certification offer of judgment to class representative); *Morales-Arcadio v. Shannon Produce Farms*, 237 F.R.D. 700 (S.D. Ga. Sept. 11, 2006) (invalidating offer of judgment in FLSA collective action); *Gibson v. Aman Collection Service, Inc.,* 2001 WL 849525 (S.D. Ind. July 23, 2001).

Striking an offer of judgment is justified for more than the fact that Rule 68(b) makes it inadmissible. Additional support stems from a court's fiduciary duty to protect the rights of absent class members. The *Johnson* court observed as follows:

> The Court concludes here that the Rule 68 offer of judgment was ineffective and

4

> thus the Court should act "to prevent it from undermining the use of the class action device." (citation omitted). And the Court concludes that a motion to strike the offer of judgment is an appropriate procedural mechanism for the Court to exercise its authority and responsibility in this case to manage the class action in a manner consistent with the purposes of Rule 23. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991) (holding that a court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") ….

*Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. at 336.

Trans Union has directly violated the express language of Rule 68(b) by introducing evidence that is inadmissible in a flagrant attempt to obstruct this Court's supervisory authority and interfere with its fiduciary duty to absent class members. The Motion to Dismiss and all its attachments should be stricken from the record.

### B. The Offer Was Not For The Full Amount of Plaintiff's Claim

Beyond its inadmissibility, the Offer was ineffective to achieve Defendant's goal of mooting the Plaintiff's claims because it did not offer to have judgment entered against it in favor of Mr. Ramirez in the amount of the maximum recovery available.

Plaintiff's Complaint requested the following relief on behalf of himself and the six different consumer classes[2] that he proposes to represent:

---

[2] The Complaint defines the proposed classes as follows:

(a) For Defendant's violations of FCRA § 1681g(a): All persons residing in the United States and its Territories who during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case had a consumer report sold about them by Trans Union, which included any OFAC record, and to whom Trans Union subsequently sent a file disclosure substantially similar in form to the February 28, 2011 file disclosure from Defendant to Plaintiff, excluding Sergio Humberto Ramirez Aguirre and Sergio Alberto Cedula Ramirez Rivera.

(b) For Defendant's violations of CCRAA § 1785.10: All persons residing in the State of California who during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case had a consumer report sold about them by Trans Union, which included any OFAC record, and to whom Trans Union subsequently sent a file disclosure substantially similar in form to the February 28, 2011 file disclosure from

5

1. The Complaint expressly seeks class certification of six distinct classes of consumers raising claims under six different statutory provisions. *See ad damnum*, or "Wherefore," clauses set forth in Complaint at ¶¶ 90-110.

2. The Complaint seeks statutory damages for the Plaintiff and for each member of the proposed Classes, under both the FCRA and the CCRAA. *Id*.

(a) Under the FCRA, a class member is entitled to recover, for a willful violation of the law, statutory damages of not less than $100 and not more than $1,000 each. 15 U.S.C. § 1681n(a)(1)(A); Complaint at Counts I, III and V. Defendant's responses to interrogatories, though qualified, indicate a nationwide class size in excess of 9,000 members, which would mean a range of statutory damages from $900,000 to $9,000,000.

---

(continued…)

Defendant to Plaintiff, excluding Sergio Humberto Ramirez Aguirre and Sergio Alberto Cedula Ramirez Rivera.

(c) For Defendant's violations of FCRA §§ 1681g(a) & (c): All persons residing in the United States and its Territories to whom, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, Trans Union sent a letter substantially similar in form to the March 1, 2011 correspondence from Defendant to Plaintiff.

(d) For Defendant's violations of CCRAA §§ 1785.10 & 1785.15(f): All persons residing in the State of California to whom, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, Trans Union sent a letter substantially similar in form to the March 1, 2011 correspondence from Defendant to Plaintiff.

(e) For Defendant's violations of FCRA § 1681e(b): All persons residing in the United States and its Territories with the first name "Sergio" and the last name "Ramirez" who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, had a consumer report sold about them by Trans Union which included an OFAC record, excluding Sergio Humberto Ramirez Aguirre and Sergio Alberto Cedula Ramirez Rivera.

(f) For Defendant's violations of CCRAA § 1785.14(b): All persons residing in the State of California with the first name "Sergio" and the last name "Ramirez" who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, had a consumer report sold about them by Trans Union which included an OFAC record, excluding Sergio Humberto Ramirez Aguirre and Sergio Alberto Cedula Ramirez Rivera.

Complaint (Doc. 1), at ¶¶ 79-81.

   (b) Under the CCRAA, each Class member is entitled to recover not less than $100 or more than $5,000 per Class member for *each violation*. Cal. Civ. Code § 1785.31(a)(2)(B); Complaint at Counts II, IV and VI. For Mr. Ramirez individually, that would mean as much as $15,000, or triple the amount offered by Trans Union. For the class members, since Defendant's responses to interrogatories indicate a California class in excess of 1,700 consumers, the statutory damages exposure to Defendant ranges from $170,000 to $8,500,000 for *each* of the three different alleged violations.

  3. The Complaint seeks actual damages for Plaintiff and each Class member for failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold to third parties. Complaint at Counts V and VI.

  4. The Complaint seeks injunctive relief under the CCRAA. Cal. Civ. Code § 1785.31(b); Complaint at Counts II, IV and VI.

  5. The Complaint seeks punitive damages under 15 U.S.C. § 1681n(a)(2) and Cal. Civ. Code § 1785.31(c).

Aside from the fact (discussed in more detail in the following section) that Plaintiff's request for class certification and for recovery on behalf of class members is a live controversy, the Complaint is sufficiently detailed to show that Defendant's Offer fell woefully short of tendering to Mr. Ramirez the maximum recovery available to him for even his individual claims.[3] The Offer provided for less than one-third of the maximum amount Mr. Ramirez could recover in statutory damages alone under the three CCRAA counts and the FCRA. Further, it provided no injunctive relief and it provided basically nothing in the way of actual or punitive damages, which Plaintiff also seeks in the Complaint.

Trans Union tries to avoid this obvious deficiency by pointing to Plaintiff's deposition testimony to the effect that he was "not seeking anything more than the $100 to $5,000 statutory

---

[3]  Fundamental class action jurisprudence instructs that an action filed as a class action should be treated as such until the court determines otherwise. *See Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353-54 (1983) (commencement of a class action suspends the applicable statute of limitations to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action until such time as the class certification is denied); *Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110–11 (5th Cir. 1978) ("[B]y the very act of filing a class action, the class representatives assume responsibilities to members of the class.").

damages requested in the Complaint; correct?" Def. Mem. at 7. But the phrasing of the question was ambiguous at best -- the Complaint expressly "requested" that range of damages in three different counts (II, IV and VI) each under California law, which allows recovery in that range of statutory damages for "each" violation, for a maximum of $15,000.00. Cal. Civ. Code § 1785.31(a)(2)(B). The Complaint also seeks FCRA damages and other relief, as discussed above. Whereas Mr. Ramirez answered truthfully that he was seeking CCRAA statutory damages as "requested in the Complaint," Trans Union's spin on the testimony would have the Court conclude instead that Plaintiff had unilaterally taken it upon himself to limit his recovery to only one of the three CCRAA counts, or to decide in the middle of a deposition in a class action case not to seek any other relief also requested in the Complaint.

That interpretation does not comport with reality, nor is it consistent with Supreme Court class action case law recognizing that a layperson representing a class cannot be expected to understand the intricacies of a complaint and statutory provisions to the same extent as a lawyer or judge. *See Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 368 (1966) (no bar to action proceeding where the named plaintiff "did not understand the complaint at all ... could not explain the statements made in the complaint").

Even if the Offer, however, were somehow to be construed as offering everything that Mr. Ramirez could possibly recover on his six individual claims, his action is still not moot, as discussed below.

**C.    A Rule 68 Offer Cannot Be Used to Pick Off A Class Representative**

Although Defendant Trans Union tries to minimize it, binding Ninth Circuit precedent requires the Motion to be denied. *Pitts v. Terrible Herbst, Inc*., 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("we hold that an unaccepted Rule 68 offer of judgment – for the full amount of the named

8

plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action").[4]

The Court of Appeals in *Pitts* traces the Supreme Court's development of the principles that guided its decision. *Pitts*, 653 F.3d at 1086-90, discussing *Sosna v. Iowa*, 419 U.S. 393 (1975); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980); *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). The Ninth Circuit explained:

> … even if the district court has not yet addressed the class certification issue, mooting the putative class representative's claims will not necessarily moot the class action. "[S]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." An inherently transitory claim will certainly repeat as to the class, either because "[t]he individual could nonetheless suffer repeated [harm]" or because "it is certain that other persons similarly situated" will have the same complaint. In such cases, the named plaintiff's claim is "capable of repetition, yet evading review," and "the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution." Application of the relation back doctrine in this context thus avoids the spectre of plaintiffs filing lawsuit after lawsuit, only to see their claims mooted before they can be resolved.
>
> Applying these principles to our case, we conclude that Terrible's unaccepted offer of judgment did not moot Pitts's case because his claim is transitory in nature and may otherwise evade review. Accordingly, if the district court were to certify a class, certification would relate back to the filing of the complaint. We recognize that the canonical relation-back case—such as *Gerstein* or *McLaughlin*—involves an "inherently transitory" claim and, correspondingly, "a constantly changing putative class." But we see no reason to restrict application of the relation-back doctrine only to cases involving *inherently* transitory claims. Where, as here, a defendant seeks to "buy off" the small individual claims of the named plaintiffs, the analogous claims of the class—though not *inherently* transitory—become no less transitory than inherently transitory claims. Thus, although Pitts's claims "are not 'inherently transitory' as a result of being time sensitive, they are 'acutely susceptible to mootness' in light of [the defendant's] tactic of 'picking off' lead plaintiffs with a Rule 68 offer to avoid a class action." The end result is the same: a claim transitory by its very nature and one transitory

---

[4] Trans Union's citation to an earlier Ninth Circuit case, *Marschall v. Recovery Solution Specialists, Inc.*, 399 Fed. Appx. 186 (9th Cir. 2010), Def. Mem. at 7, is misleading. *Marschall*, a *pro se* case, pre-dated *Pitts* by a year and also was expressly noted as "not for publication." As such, it does not constitute precedent. Ninth Circuit Rule 36-3(a).

by virtue of the defendant's litigation strategy share the reality that both claims would evade review.

Invoking the relation back doctrine in this context furthers the purposes of Rule 23. Where the class claims are so economically insignificant that no single plaintiff can afford to maintain the lawsuit on his own, Rule 23 affords the plaintiffs a "realistic day in court" by allowing them to pool their claims…. A rule allowing a class action to become moot "simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs" before the named plaintiffs have a chance to file a motion for class certification would thus contravene Rule 23's core concern: the aggregation of similar, small, but otherwise doomed claims…. It would effectively ensure that claims that are too economically insignificant to be brought on their own would never have their day in court…. And even if it does not discourage potential claimants, it "may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.'"

Accordingly, we hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action. If the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue. Then, if the district court certifies the class, certification relates back to the filing of the complaint. Once the class has been certified, the case may continue despite full satisfaction of the named plaintiff's individual claim because an offer of judgment to the named plaintiff fails to satisfy the demands of the class. Conversely, if the district court denies class certification, under *Roper* and *Geraghty,* the plaintiff may still pursue a limited appeal of the class certification issue. Only once the denial of class certification is final does the defendant's offer—if still available—moot the merits of the case because the plaintiff has been offered all that he can possibly recover through litigation.

*Pitts*, 653 F.3d at 1090-92 (citations omitted).

At least three other circuit courts have come to the same holding as the Ninth Circuit in *Pitts*. *See Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249 (10th Cir. 2011) (holding that "a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III"); *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920-21 (5th Cir. 2008) (holding that a timely filed motion for class certification relates back

10

to the filing of the complaint so that a pre-certification Rule 68 offer of judgment does not moot the case); *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir. 2004) (same).

Most recently, the Third Circuit followed its ruling in *Weiss* and reached a similar conclusion in *Symczyk v. Genesis HealthCare Corp.,* 656 F.3d 189 (3d Cir. 2011), *cert. granted,* 80 U.S.L.W. 3512 (U.S. June 25, 2012) (No. 11–1059). *Symczyk* was a collective action under the Fair Labor Standards Act (FLSA). FLSA collective actions differ from Rule 23 class actions, in part, because collective actions are "opt-in" while class actions are "opt-out." In other words, resolution of a class action binds any member of the certified class unless he or she opted out, while resolution of a FLSA collective action does not bind similarly-situated employees unless he or she opted in. In *Symczyk,* the Third Circuit discussed the issue whether a Rule 68 offer moots a collective action prior to the plaintiff moving for conditional certification and when no other potential plaintiff has opted in to the suit. *Id.* at 197. Ultimately, the court held that the relation back doctrine applies in collective actions under the FLSA as well as class actions under Rule 23. *Id.* at 200–01.[5]

Trans Union argues that the Supreme Court's grant of *certiorari* in *Symczyk* is a sign that the High Court may address the effect of a Rule 68 offer to the class representative in a Rule 23 class action. Def. Mem. at 8. That is wrong. Because of the basic difference between the FLSA collective action (requiring opt in membership) and a Rule 23 class action (a member is in the class until affirmatively opting out), whatever the Supreme Court ultimately decides in *Symczyk* is not likely to impact the issue before this Court.

The law of this Circuit requires that Defendant's Motion to Dismiss be denied.

---

[5] The Ninth Circuit's *Pitts* decision originally contained a FLSA count, but the plaintiff later abandoned that claim, leading the court to conclude that "any alleged incompatibility between a Rule 23 class action and an FLSA collective action is not present in this case." *Pitts*, 653 F.3d at 1093-94.

11

### D. Plaintiff Could Not Accept The Offer Even If He Wanted To; Nor Could The Court Carry Out Its Duties Under Rule 23

Even if he wanted to, Plaintiff Ramirez was not at liberty to accept the Offer because he is a representative plaintiff in this putative class action. Rule 68 is incompatible with class actions because a representative plaintiff has limited authority to accept a settlement offer, formal or informal, and that authority is subject to the review and approval of this Court regarding notice, fairness, adequacy and reasonableness. Fed. R. Civ. P. 23(e).

When a class action complaint is filed, the putative class representative takes on a special role with duties not typically borne by the ordinary plaintiff who is merely pursuing his own claim. A class action complaint seeks relief for an entire class of persons and, from the moment the class action is commenced, the named plaintiff operates in a representative capacity for the class. It is the time before the certification of the class when the work of the class representative on behalf of the class is often the most important, time consuming and risky, because it is during this time that the representative is trying to convince the court that the claim is worthy of class certification -- an expensive proposition without a guarantee of success.

And it is not only the representative plaintiff who has a special duty to the class. Although court approval of a dismissal or settlement under Rule 23(e) is not required when a class has not been certified, the court is nonetheless directed by Rule 23(d) to use its supervisory powers to protect the interests of the potential class members.

As a result of the special obligations inherent in the role of class representative and the court's role in overseeing the litigation, a representative plaintiff loses the ability to dispose of his individual claim as an individual litigant might. The representative's duty to vigorously pursue relief for the class makes a favorable settlement of his individual claim the source of at least two potential conflicts of interest. First, it provides an incentive for a defendant to pay off the representative plaintiff and put an end to the threat posed by the class action for a relatively

1  nominal amount. Second, an offer of judgment exposes the representative-offeree to liability for
2  costs and expenses that could not be recouped from unnamed class members. The leading treatise
3  on class actions explains why Rule 68 should not apply where a case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members.

5 NEWBERG ON CLASS ACTIONS, § 15.36 at 115 (4th ed. 2002).

This Court should be seriously concerned about the impact on the class action process in a case such as this, where Trans Union is trying to use a unilateral offer to pay off Mr. Ramirez's claim in a preemptive strike to thwart the class action. Rejecting such a tactic protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims.

Acceptance of a tendered offer "need not be mandated," as then Justice Rehnquist explained, since the defendant has not offered all that has been requested in the complaint (*i.e.*, relief for the class). *Deposit Guaranty Nat. Bank,* 445 U.S. at 341 (concurring opinion). Otherwise, the result would be to "undercut close supervision of class action settlements, create conflicts of interests for named plaintiffs, and encourage premature class certificate motions." *Weiss v. Regal Collections,* 385 F.3d at 344 n. 12.

Finally, there is no dispute here that Plaintiff's motion for class certification is not delayed. Defendant agreed to, and the Court approved, the date of July 8, 2013 for Plaintiff to move for class certification following the completion of class discovery, and a hearing on the motion for October 3, 2018. Doc. 48. For Defendant to now complain that Plaintiff has delayed in moving for class certification (Def. Mem. at 9) shows the extent to which Defendant's arguments are contrived and baseless.

### IV. CONCLUSION

For all the reasons discussed above, Plaintiff Sergio L. Ramirez respectfully requests that this Court deny Defendant's Motion to Dismiss and strike the Motion from the record.

Dated: February 6, 2013

ANDERSON, OGILVIE & BREWER, LLP
ANDREW J. OGILVIE
CAROL MCLEAN BREWER

FRANCIS & MAILMAN, P.C.
JOHN SOUMILAS


By: */s/ John Soumilas*
    John Soumilas

Attorneys for Plaintiff
   SERGIO L. RAMIREZ