# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: TRANS UNION LLC FAIR CREDIT
REPORTING ACT (FCRA) LITIGATION          MDL No. 2427

## ORDER DENYING TRANSFER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, defendant Trans Union LLC moves for centralization of this litigation in the Northern District of Illinois. This litigation currently consists of three actions pending in two districts, as listed on Schedule A. Plaintiffs in the three actions oppose centralization, but in the alternative, suggest selection of the Northern District of California as the transferee court.

Plaintiffs oppose centralization under Section 1407, arguing that voluntary coordination by the parties is more appropriate in light of the low number of actions, the involvement of common counsel, and factual differences in the actions. Defendant contends that centralization is nonetheless warranted because the factual issues in at least two of the actions are virtually identical and substantially the same legal issues are presented in all actions. In the alternative, defendant requests centralization of the two most similar actions.[1]

On the basis of the papers filed and the hearing session held, we will deny defendant's motion. Although these actions share factual questions arising out of allegations that defendant failed to make certain disclosures in consumer credit reports and maintain procedures ensuring the accuracy of the information,[2] the Panel is not persuaded, on the record before us, that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. There are only three actions pending in two districts, and the issues presented are not unusually complex or numerous. Plaintiffs in the three actions are represented by the same counsel, as is the sole defendant. In these circumstances, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re: Crest Sensitivity Treatment & Protection Toothpaste Mktg. and Sales Practices Litig.*, 867 F. Supp. 2d 1348 (J.P.M.L. 2012).

---

[1] These are the Northern District of California *Larson* and Middle District of Pennsylvania *Miller* actions.

[2] Plaintiffs refer to the information at issue as an "OFAC alert" – that is, a statement that the consumer's name is a "potential match" to a person subject to economic sanctions on a list prepared by the U.S. Department of the Treasury Office of Foreign Assets Control.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE: TRANS UNION LLC FAIR CREDIT
REPORTING ACT (FCRA) LITIGATION** MDL No. 2427

## SCHEDULE A

<u>Northern District of California</u>

Sergio L. Ramirez v. Trans Union, LLC, C.A. No. 3:12-00632
Brian Douglas Larson v. Trans Union, LLC, C.A. No. 3:12-05726

<u>Middle District of Pennsylvania</u>

Ronald J. Miller v. Trans Union, LLC, C.A. No. 3:12-01715

Case MDL No. 2427 Document 164 Filed 02/07/13 Page 3 of 3