IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No.: 3:12-cv-00632 JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL (Dkt. No. 50)** |

Now pending before the Court is Plaintiff's Motion for Appointment of Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g)(3) (Dkt. No. 50). After carefully considering the pleadings and evidence submitted by the parties, and having had the benefit of oral argument on March 13, 2013, the Court DENIES Plaintiff's motion as set forth on the record.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as

a class action." Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). Under Rule 23(g)(1)(A) to court considers:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Manual for Complex Litigation describes the type of situation in which interim class counsel is appointed is one where "a number of overlapping, duplicative, or competing suits are present." *See* Manual for Complex Litigation, Fourth, § 21.11, at 246 (Federal Judicial Center 2004).

Plaintiff contends that interim appointment of counsel is necessary to ensure that the rights of absent class members are adequately protected; however, to date, neither counsel for Plaintiff nor counsel for Defendant are aware of any suits challenging Trans Union's OFAC practice other than those brought by Plaintiffs' counsel. Thus, for the reasons stated on the record at oral argument, the Court finds that appointment of interim class counsel is unnecessary. Plaintiff will have the opportunity to move for appointment of class counsel in connection with the motion for class certification set to be filed July 8, 2013.

Accordingly, Plaintiff's Motion for Appointment of Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g)(3) (Dkt. No. 50) is DENIED.

**IT IS SO ORDERED.**

Dated: March 13, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE