IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No.: 3:12-cv-00632 JSC<br><br>**ORDER RE: JOINT DISCOVERY DISPUTE STATEMENT (Dkt. No. 66)** |

Now pending before the Court is the parties' Joint Statement Regarding a Discovery Dispute (Dkt. No. 66) wherein Plaintiff seeks to compel responses to written discovery and an order directing certain depositions to occur. Having carefully considered the parties' written submissions, and with the benefit of oral argument on March 13, 2013, the Court GRANTS Plaintiff's motion in part and DENIES is it in part.

## DISCUSSION

### A. Defendant's Request to Stay All Discovery

Defendant requests that the Court stay all discovery in this action pending disposition of the pending motions to dismiss and motion to disqualify counsel and for sanctions (Dkt. Nos. 51 & 52.) As the Court stated at oral argument, it intends to deny both motions. Accordingly, the motion to stay is denied.

### B. Depositions

Plaintiff moves to compel four depositions – those of Michael O'Connell, Colleen Gill, and Bharat Acharya, and a Rule 30(b)(6) deposition. Federal Rule of Civil Procedure 30(a)(2)(A)(i) authorizes a party to take up to ten depositions as a matter of course. Plaintiff has taken six depositions and noticed a total of thirteen depositions. Defendant objects as Plaintiff has not sought leave of the court to exceed the ten deposition limit. The Court agrees. At oral argument, Plaintiff identified that the aforementioned four depositions have the highest priority. Accordingly, the parties shall work together to schedule these depositions as soon as possible. To the extent Plaintiff believes he needs more than 10 depositions, he should seek leave from the Court pursuant to Rule 30.

### C. Interrogatories

Plaintiff seeks additional responses regarding interrogatories 2, 4, 5-12, and 15. These interrogatories fall within two general categories: (1) those that seek discovery regarding numerosity, and (2) those that seek information regarding the identities of unnamed class members. Defendant objects to these interrogatories as overbroad and alleges that the interrogatories impermissibly seek certain consumer information, including names and addresses, which it cannot provide under Section 1681b of the FCRA and Section 1785.11 of the CCRAA.

With respect to the interrogatories regarding numerosity (nos. 5, 7, 9, and 11), the interrogatories seek total figures relevant to Plaintiff's proposed classes (*see* Dkt. No. 1, ¶¶ 79-81). Specifically, Plaintiff seeks information regarding the number of individuals for whom Defendant sold a consumer report which included an Office of Foreign Asset Control

1 (OFAC) record in the United States or California, and to whom Defendant sent a file
2 disclosure such as the one sent to Plaintiff on February 28, 2011 from February 9, 2010.
3 (Dkt. No. 66-2, Interrogatories 5 & 7.) Plaintiff seeks similar information regarding
4 individuals with the first name "Sergio" and the last name "Ramirez." (Dkt. No. 66-2,
5 Interrogatories 9 & 11.) Defendant objects to providing this information as overly
6 burdensome because it would have to manually compare the records regarding those
7 consumers for whom a consumer report was sold against its records regarding consumers to
8 whom Defendant sent a file disclosure. Under the proportionality analysis called for by
9 Federal Rule of Civil Procedure 26 the Court must weigh Plaintiff's need for this information
10 against the burden on Defendant of providing this discovery. Here, although Defendant has
11 asserted burden, it has not offered any evidence regarding the burden in terms of cost or
12 hours; indeed, at oral argument Defendant conceded it did not know how long it would take
13 to compile the requested information. Plaintiff, on the other hand, contends that this
14 information is crucial to establishing numerosity and identifying those class members most
15 similarly situated to Plaintiff. Given Plaintiff's need for this information and in the absence
16 of evidence regarding any specific burden, the Court grants Plaintiff's request to compel
17 responses to these interrogatories.

18 Interrogatory Nos. 2, 4, 6, 8, 10, and 12 seek information regarding absent class
19 members. "While the putative class members have a legally protected interest in the privacy
20 of their contact information and a reasonable expectation of privacy the [contact] information
21 sought by Plaintiff is not particularly sensitive." *Artis v. Deere & Co.*, No. 10-5289, 2011
22 WL 2580621, at *4 (N.D. Cal. Jun. 29, 2011); *see also In re Autozone Wage & Hour Empl.*
23 *Practices Litig.*, No. 10-md-02159 , 2011 U.S. Dist. LEXIS 132973, at *4-5 (N.D. Cal. Nov.
24 17, 2011) (finding that disclosure of names and addresses of putative class members was not
25 such an invasion of privacy as to warrant an opt-out procedure). The Court is not persuaded
26 by Defendant's argument that it is prohibited from providing this information by Section
27 1681b of the FCRA and Section 1785.11 of the CCRAA as those provisions allow production
28 of the information pursuant to a court order. Accordingly, Defendant shall provide names and

3

addresses, but not telephone numbers, in response to these interrogatories. As discussed at oral argument, Plaintiff must obtain advance permission from the Court prior to sending any communication to the absent class members.

Although Plaintiff groups Interrogatory 15 with the foregoing, it appears to raise an additional issue. It seeks "every communication and every person who, within the previous five years contacted you to question or dispute the erroneous inclusion of an OFAC alter on their consumer report." (Dkt. No. 66-2.) Defendant objects to the Interrogatory as overbroad and failing to seek information relevant to this case as Plaintiff does not claim that Defendant failed to properly handle his request to remove OFAC information. Plaintiff asserts this information is relevant because these individuals interacted with Defendant in the same way as Plaintiff, and "presumably received the same form letters." As was highlighted at oral argument, there is a dispute as to what Plaintiff's experience with Defendant was and whether his experience was typical. The experiences of others who like Plaintiff complained about the OFAC alert may be relevant to class certification. Accordingly, Defendant shall respond to Interrogatory 15 as well.

### D. Requests for the Production of Documents

Plaintiff seeks confirmation that Defendant has produced all documents (responsive to requests 18, 19, 22, 24, 26, and 27) concerning the policy and procedure changes that it made after the Third Circuit's decision in *Cortez v. Trans Union* concerning the communication of OFAC data to third parties and documents reflecting how this information was conveyed to subscribers. Defendant shall review its production and produce any additional responsive documents or confirm that it has produced all such documents. Defendant is not entitled to produce what it believes is "enough" for the purposes of class certification.

### CONCLUSION

Based on the foregoing, Plaintiff's request to compel certain discovery is GRANTED in part and DENIED in part. The parties shall meet and confer to develop a schedule for production of the discovery ordered.

**IT IS SO ORDERED.**

Dated: March 13, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE