IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No.: 3:12-cv-00632 JSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. No. 52)** |

In this putative class action, Plaintiff Sergio Ramirez alleges that he was denied an auto loan after Defendant Trans Union, LLC mistakenly informed a car dealership that Plaintiff was on the federal government's Office of Foreign Assets Control ("OFAC") list. Plaintiff contends that Defendant violated the Federal Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA") by failing to ensure "maximum possible accuracy" of its credit reports, and failing to provide consumers with proper disclosures. (Dkt. No. 1 ¶ 1.) Now pending before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction ("Motion"). (Dkt. No. 52.) Defendant

1 insists that this Court does not have subject matter jurisdiction because it has offered to pay
2 Plaintiff all of his alleged monetary damages, an offer Plaintiff did not accept. After
3 carefully considering the pleadings and evidence submitted by the parties, and having had
4 the benefit of oral argument on March 13, 2013, the Court concludes that Defendant's
5 argument is foreclosed by binding Ninth Circuit precedent and therefore DENIES the motion
6 to dismiss.

## FACTUAL & PROCEDURAL BACKGROUND

Defendant Trans Union is a credit reporting agency that sells consumer reports about millions of consumers annually. (Dkt. No. 1 ¶¶ 6-7.) These reports occasionally include what is known as an "OFAC alert."

> An OFAC alert is a specific type of data provided by consumer reporting agencies on credit reports signifying that the subject of the report is purportedly included in the list of the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons, which includes terrorists, money launderers and narcotic traffickers.

(*Id.* at ¶ 16.)

On February 27, 2011, Plaintiff submitted a credit application with his wife to secure financing to purchase a car at Dublin Nissan ("Nissan"). (*Id.* at ¶ 48.) Nissan transmitted Plaintiff's name, address, social security number, and date of birth to Defendant in order to obtain a credit report from Defendant. (*Id.* at ¶¶ 49, 51.) Defendant then provided Nissan with Plaintiff's credit report. (*Id.* at ¶¶ 49.) Thereafter, Nissan refused to provide Plaintiff with an auto loan because there was an "OFAC alert" on his credit report. (*Id.* at ¶ 55.) Plaintiff is not, in fact, an individual included on the OFAC list. (*Id.* at ¶ 54.)

Plaintiff promptly contacted Defendant to inquire as to the OFAC alert and was told that he did not appear on the OFAC list. *(Id.* at ¶¶ 56-58.) Upon Plaintiff's request, Defendant sent him a copy of his credit report which did not include an OFAC alert. (*Id.* ¶¶ 58-62.) Plaintiff also separately received a letter from Defendant indicating that he "potentially matched to the OFAC list." (*Id*. ¶¶ 65-67.) Upon receipt of the letter, Plaintiff contacted legal counsel, spoke with Defendant "a lot of times," and sent Defendant a letter

2

asking that it take him "off the OFAC list." (Dkt. Nos. 51-2 at 54:6-11, 60-2 at 43:11-25.) Plaintiff then received a letter from Defendant stating that "we have removed your name from the OFAC name screen alert list." (Dkt. No. 60-2 at 46:15-47:4.) Plaintiff subsequently filed this putative class action. Seeking to represent six distinct classes Plaintiff brings six causes of action, three each under the FCRA and the CCRAA.

On December 21, 2012, Defendant sent Plaintiff an offer of judgment in the amount of $5,001.00, plus court costs and reasonable attorney fees pursuant to Federal Rule of Civil Procedure 68 ("Offer"). (Dkt. Nos. 52-1 at ¶ 4; 52-4.) Plaintiff did not accept the Offer and so, by its own terms and the provisions of Rule 68, the Offer lapsed after 14 days. (*Id.*) Defendant argues that the amount of the offer of judgment is more than Plaintiff seeks to recover in this lawsuit and therefore the Court lacks subject matter jurisdiction.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is therefore presumed that a claim is not within the jurisdiction of the federal court "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (finding that it is "necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction").

Article III requires that the party purporting to represent a class must be able to prove actual injury to himself. *O'shea v. Littleton*, 414 US 488, 494 (1974). At least one named plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or a class. *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (internal citation omitted). "The inquiry is whether any named plaintiff has demonstrated that he has sustained . . . a direct injury as the result of challenged conduct."

## DISCUSSION

**I.     Defendant's Rule 68 Offer is Properly Before the Court**

3

United States District Court
Northern District of California

At the outset, the Court must determine whether consideration of Defendant's Rule 68 Offer of Judgment is appropriate. Rule 68 specifies that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). Plaintiff argues that Defendant's submission of the Offer in support of its motion to dismiss therefore violates Rule 68 and requires that Defendant's Motion to be stricken from the record. The Court disagrees. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and Federal Rule of Civil Procedure 82 dictates that the other Federal Rules of Civil Procedure cannot "extend or limit the jurisdiction of the district courts." Therefore, Rule 68(b) cannot prevent this Court from considering Defendant's offer of judgment to determine whether there is subject matter jurisdiction; to hold otherwise would potentially allow the Federal Rules to expand the federal court's jurisdiction beyond what is allowed by the Constitution. It is thus unsurprising that the federal appellate courts have considered Rule 68 offers in deciding subject matter jurisdiction motions. *See Pitts v. Terrible Herbst, Inc.*, 653 F. 3d 1081, 1086 (9th Cir. 2011) (considering the effect of a pre-certification Rule 68 offer on a named plaintiff's standing to pursue his claims); *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F. 3d 567, 574 (6th Cir. 2009) ("a Rule 68 offer can be used to show that the court lacks subject-matter jurisdiction").

## II. *Pitts* Disposes of Defendant's Motion

The Ninth Circuit has squarely addressed "whether a rejected offer of judgment for the full amount of a putative class representative's individual claim moots a class action complaint where the offer precedes the filing of a motion for class certification." *Pitts,* 653 F. 3d at 1084. It does not. *Id.* In *Pitts*, the defendant made a Rule 68 offer to the named plaintiff for more than ten times the amount claimed as individual damages, "plus costs and a reasonable attorney's fee." *Id.* at 1085. The defendant argued that this unaccepted offer mooted the named plaintiff's claim and thus deprived the court of subject matter jurisdiction.

The *Pitts* court first undertook a thorough survey of the Supreme Court's rulings on the issue of mootness and determined that "though *Sosna* [*v. Iowa*, 419 U.S. 393 (1975)],

4

*Gerstein* [*v. Pugh*, 420 U.S. 103 (1975)], [*Deposit Guaranty Nat'l Bank v.*] *Roper* [445 U.S. 326 (1980)], [*U.S. Parole Comm'n v.*] *Geraghty* [445 U.S. 388 (1980)], and [*County of Riverside v.*] *McLaughlin* [500 U.S. 44 (1991)] do not address the precise issue before us…they provide several principles that guide our decision." The court then identified three such principles: (1) upon certification of a class, mooting a class representative's individual claims will not moot the class action because the class has "acquire[d] a legal status separate from the [individual] interest" of the class representative (quoting *Sosna*, 419 U.S. at 399); (2) even "if the district court has denied class certification, mooting the putative class representative's claim will not necessarily moot the class action" because the class representative retains an interest in certifying the class on appeal (citing *Roper*, 445 U.S. at 336-37 and *Geraghty*, 445 U.S. at 403-04); and (3) "even if the district court has not yet addressed the class certification issue, mooting the putative class representative's claims will not necessarily moot the class action" because subsequent certification of the class will relate back to the filing of the complaint (citing *McLaughlin*, 500 U.S. at 52 and *Gerstein*, 420 U.S. at 110 n.11). 656 F. 3d at 1090.

The *Pitts* court applied these principles to the facts before it and concluded that allowing a Rule 68 offer to moot a class action by satisfying the class representative's individual claims would allow a defendant to "pick off" lead plaintiffs and "effectively ensure that claims that are too economically insignificant to be brought on their own would never have their day in court." *Id.* at 1091. The court therefore held that "an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action." *Id.* at 1091-1092. Thus, under binding Ninth Circuit precedent, Defendant's Rule 68 Offer does not defeat Plaintiff's claims.

Defendant nonetheless asks that this Court stay disposition of the present motion pending the United States Supreme Court's ruling in *Genesis HealthCare Corp. v. Symczyk*, No. 11-1059 (*arg'd* Dec. 3, 2012). The Court declines Defendant's invitation. Even if the Supreme Court were to reverse the Third Circuit's ruling in *Symczyk v. Genesis HealthCare*

5

*Corp.*, 656 F. 3d 189, 190 (3d Cir. 2011), it is far from clear that such ruling would overrule *Pitts.*

## CONCLUSION

In light of *Pitts v. Terrible Herbst, Inc.*, 653 F. 3d 1081 (9th Cir. 2011), the Court DENIES Defendant's Motion to dismiss for lack of subject matter jurisdiction.

This Order disposes of Docket No. 52.

**IT IS SO ORDERED.**

Dated: March 15, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE