ANDERSON, OGILVIE & BREWER, LLP
ANDREW J. OGILVIE  CA 57932
CAROL MCLEAN BREWER  CA 214035
235 Montgomery St., Suite 914
San Francisco, CA 94108
Telephone: 415-651-1952
Facsimile:  415-956-3233
Email:  andy@aoblawyers.com
         carol@aoblawyers.com

FRANCIS & MAILMAN, P.C.
JAMES A. FRANCIS (*PRO HAC VICE*)
JOHN SOUMILAS (*PRO HAC VICE*)
DAVID A. SEARLES (*PRO HAC VICE*)
jsoumilas@consumerlawfirm.com
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone:    (215) 735-8600
Facsimile:    (215) 940-8000
Email    jfrancis@consumerlawfirm.com
         jsoumilas@consumerlawfirm.com
         dsearles@consumerlawfirm.com

Attorneys for Plaintiff
SERGIO L. RAMIREZ

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-00632-JSC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Date:  June 27, 2013<br>Time:  9:00 a.m.<br>Courtroom:  F |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND .................................................................................................... 2

III. ARGUMENT .......................................................................................................... 4

   A. Defendant Has Not Met the Legal Standard For Reconsideration ...................... 4

   B. Plaintiff's Individual Claims Are Not Moot As The Offer Was Withdrawn And Is Thus A Legal Nullity ................................................................................ 6

   C. Plaintiff Was Not Offered All The Relief He Sought And That The Law Authorizes ............................................................................................................. 7

   D. Plaintiff's And The Court's Fiduciary Duty To Unknown Class Members Requires Denial Of The Motion ........................................................................... 8

   E. The *Pitts* Case Remains Binding Authority ........................................................ 9

IV. CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Berry v. Webloyalty.com*
  No. 11-55764 (9th Cir. Apr. 25, 2013) .................................................................................. 9

*Castaneda v. Burger King Corp.*,
  2009 WL 2382688 (N.D. Cal. July 31, 2009) ..................................................................... 5

*Chafin v. Chafin*,
  133 S.Ct. 1017 (2012) ......................................................................................................... 6

*County of Riverside v. McLaughlin*,
  500 U.S. 44 (1991) .............................................................................................................. 9

*Crown, Cork & Seal Co., Inc. v. Parker*,
  462 U.S. 345 (1983) ............................................................................................................ 5

*Delp v. American Express Centurion Bank*,
  No. SACV-08-0069 (C.D. Cal. Mar. 4, 2008) .................................................................... 9

*Delta Air Lines, Inc. v. August*,
  450 U.S. 346, 352 (1981) .................................................................................................... 3

*Deposit Guaranty Nat. Bank v. Roper*,
  445 U.S. 326 (1980) ............................................................................................................ 9

*Genesis Healthcare Corporation v. Symczyk*,
  133 S.Ct. 1523 (2013) ................................................................................................ *passim*

*Grunin v. International House of Pancakes*,
  513 F.2d 114 (8th Cir. 1975) .............................................................................................. 5

*Gulf Oil Co. v. Bernard*,
  452 U.S. 89 (1981) .............................................................................................................. 5

*Hoffman-LaRoche, Inc. v. Sperling*,
  493 U.S. 165 (1989) ............................................................................................................ 3

*Lucero v. Bureau of Collection Recovery, Inc.*,
  639 F.3d 1239 (10th Cir. 2011) .......................................................................................... 9

*Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*,
  119 U.S. 149 (1886) ............................................................................................................ 7

*Pitts v. Terrible Herbst, Inc.*,
  653 F.3d 1081 (9th Cir. 2011) ........................................................................................ 1, 9

*Ramirez v. Trans Union, LLC*,
    2013 WL 1089748 (N.D. Cal. March 15, 2013) ................................................................ 1, 3, 6

*Robbin v. Fluor Corp.*,
    835 F.2d 213 (9th Cir. 1987) ...................................................................................................... 5

*Sandoz v. Cingular Wireless LLC,*
    553 F.3d 913 (5th Cir. 2008) .................................................................................................... 10

*Walker v. Armco Steel Corp.*,
    592 F.2d 1133, 1136 (8th Cir. 1979) ........................................................................................ 1

*Weiss v. Regal Collections,*
    385 F.3d 337 (3d Cir. 2004) ............................................................................................... 9, 10

### **RULES & REGULATIONS**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 68 ............................................................................................................... *passim*

### **OTHER AUTHORITIES**

*See* MANUAL FOR COMPLEX LITIGATION, FOURTH (MANUAL), § 21.12, p. 248 (2004) ................. 5

5 NEWBERG ON CLASS ACTIONS, § 15.36 at 115 (4th ed. 2002) ..................................................... 9

# I. INTRODUCTION

After having lost its first attempt to pick off class representative Sergio L. Ramirez through its improper use of a Fed. R. Civ. P. 68 Offer of Judgment, Defendant Trans Union LLC now seeks a second bite at the proverbial apple on the basis of a unique, recent U.S. Supreme Court decision that has nothing to do with this Fed. R. Civ. P. 23 class action. In the words of Justice Kagan for the four dissenting justices: "Feel free to relegate the majority's decision to the furthest reaches of your mind: The situation it addresses should never again arise." *Genesis Healthcare Corporation v. Symczyk*, 133 S.Ct. 1523, 1533 (2013).

*Symczyk* is inapplicable to this case. Defendant conveniently ignores the Supreme Court's unambiguous statement that "we do not reach this question [whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot] … because the issue is not properly before us." 133 S.Ct at 1528-29. Instead, Defendant trumpets *Symczyk* as "implicitly" overruling binding Ninth Circuit law, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011).[1] In *Pitts*, the court stated: "we hold that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action."

As this Court held in denying Defendant's Motion to Dismiss, *Pitts* squarely disposed of that motion. *Ramirez v. Trans Union, LLC*, 2013 WL 1089748, *3 (N.D. Cal. March 15, 2013). Moreover, in addition to *Pitts*, Plaintiff's opposition to the Motion to Dismiss also sets forth a number of other reasons why Defendant's argument that this Court has lost subject matter jurisdiction lacks any merit, as further discussed below. Doc. 58-1.[2]

---

[1] Defendant offers no authority for an "implicit" overruling of a circuit case. When the Supreme Court wishes to overrule a case, it certainly knows how to do so. *Walker v. Armco Steel Corp.*, 592 F.2d 1133, 1136 (8th Cir. 1979).

[2] Defendant's policy-based argument that it would be "too expensive" for any defendant to pick-off *every* class member through "full value settlement offers" fundamentally misconstrues

For all the reasons set forth in this Court's earlier opinion, as well as for the reasons discussed below, the Defendant's Motion for Reconsideration should be denied.

## II. BACKGROUND

To see Defendant's subversive tactic for what it is, it is helpful to review a brief background of this litigation to date.

Plaintiff filed his Class Action Complaint on February 9, 2012 and Defendant filed its Answer on April 6, 2012. In December 2012, the parties agreed to, and this Court approved, a case management schedule that provided that Plaintiff's Motion for Class Certification is due on July 8, 2013; Defendant's opposition is due August 12, 2013; Plaintiff's reply in support of class certification is due on September 3, 2013, and a hearing on Plaintiff's Motion is scheduled for October 3, 2013. Doc. 48.

After expressly agreeing, and representing to the Court, that class certification motion practice should be postponed until after the close of discovery, Defendant then sandbagged both the Court and the Plaintiff by making its offer of judgment under Rule 68 (Offer) in an attempt to divest this Court of subject matter jurisdiction and derail the class action.[3] The Offer stated as

---

(continued…)

the nature of class actions. *See* Doc. 87 at p. 10 of 17. Class actions assume that not every class member will be aware of his/her rights or be able or willing to bring an individual lawsuit. If redress for unlawful conduct is limited only for those who file suit, there would be no point at all to Rule 23 class actions. Defendant may wish that any practical application of Rule 23 disappear altogether (*i.e.*, that all representative actions be practically impossible to pursue), but the U.S. Supreme Court has said no such thing in *Symczyk* or any of its other jurisprudence. And Rule 23 continues to exists for cases like this one, where very few consumers ever become aware of their FCRA rights (in part due to Defendant's concealments and misleading disclosures), even though thousands of consumers are adversely affected by Defendant's unlawful practices.

[3] Fed. R. Civ. P. 68 provides in pertinent part as follows:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve upon an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves

follows:

> Pursuant to Federal Rule of Civil Procedure 68, defendant Trans Union LLC ("Trans Union") hereby offers to allow entry of judgment as follows: Judgment against Trans Union and in favor of plaintiff Sergio L. Ramirez ("Plaintiff") in the amount of five thousand and one dollars ($5.001.00), plus court costs and reasonable attorneys' fees incurred, as such costs and attorneys' fees may be determined by the Court upon application or motion by Plaintiff, and subject to Trans Union's right to object to the amount of costs and attorneys' fees requested.
>
> Pursuant to Rule 68, this Offer of Judgment shall not be deemed an admission by Trans Union of wrongdoing or culpability in any way. ***Additionally, if this Offer of Judgment is not accepted within fourteen (14) days of service hereof, it shall be deemed withdrawn.***

(Doc. 52-4) (emphasis added).

The Offer was not accepted. Pursuant to its own terms and the express mandate of Rule 68(b), the Offer has been withdrawn by Defendant. *Ramirez v. Trans Union, LLC*, 2013 WL at *2 ("by its own terms and the provisions of Rule 68, the Offer lapsed after 14 days.").

Never having tendered Plaintiff any funds, and undeterred by the lack of a binding settlement contract between the parties or by the absence of any actual judgment in favor of Plaintiff, Defendant then opined that Plaintiff's claim was somehow moot, and moved to dismiss the case for lack of subject matter jurisdiction.[4] Doc. 52. Plaintiff opposed the Motion. Doc. 58. The Motion to Dismiss was properly denied. Doc. 76.

---

(continued…)

> written notice accepting the offer, either party may then file the offer an notice of acceptance, plus proof of service. The clerk must then enter judgment.
> (b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

[4] The Supreme Court has held that Rule 68 "applies only to offers made by the defendant and ***only to judgments obtained by the plaintiff***." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981) (emphasis supplied).

3

### III. ARGUMENT

#### A. Defendant Has Not Met the Legal Standard For Reconsideration

Defendant contends that seeking reconsideration is justified because, subsequent to this Court's denial of the Motion to Dismiss, there has been "an intervening change in controlling law," *i.e.*, the *Symczyk* decision. That contention is incorrect – *Symczyk* does not control here, for a variety of reasons.

First, the Supreme Court premised its entire decision on the assumption that Ms. Symczyk's claim was moot. Ms. Symczyk had conceded the issue on several occasions: before the District Court, the Court of Appeals, and in her opposition to certiorari. 133 S.Ct. at 1529. The Court stated: "We, therefore, assume, without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim." *Id*. By contrast, as set forth in his opposition to the Motion to Dismiss (Doc. 58-1), and further discussed below, Mr. Ramirez has consistently demonstrated that his individual claims in this case are *not moot* for a number of reasons, including because he has sought more relief than Defendant has offered. Moreover, Mr. Ramirez has never received anything of value whatsoever from Defendant, and Defendant has never explained how the non-payment of money can satisfy any part of Plaintiff's money damages claims in this case.

Next, *Symczyk* was a collective action brought under the Fair Labor Standards Act (FLSA), not a class action under Fed. R. Civ. P. 23.[5] Throughout its opinion, the Court premised its decision on the difference. The Court pointed out that without any claimant *opting in*, Ms. Symczyk's entire lawsuit was moot when her individual claim became moot because "she lacked

---

[5] FLSA collective actions differ from Rule 23 class actions, in part, because collective actions are "opt-in" while class actions are "opt-out." In other words, resolution of a class action binds any member of the certified class unless he or she opted out, while resolution of a FLSA collective action does not bind similarly-situated employees unless he or she opted in. *See, Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 177-78 (1989) (Scalia, J., dissenting: "There is no comparison.").

any personal interest in representing others." 133 S.Ct. at 1529. By clear contrast, Mr. Ramirez, who seeks to represent a Fed. R. Civ. P. 23 *opt-out class*, retains a personal stake both in his case and in representing those consumers who would be in the class until either certification is denied or class members choose to opt out. The U.S. Supreme Court again emphasized the distinction: "Under the FLSA, by contrast [to Rule 23], 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action." 133 S.Ct. at 1530.

Once an action is filed as a Fed. R. Civ. P. 23 class action, as opposed to a collective action, courts have pointed out the various reasons that it should be treated as a class action, even prior to a formal determination that it should be certified. For example, the filing of a class action tolls the statute of limitations for each member of the putative class. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983); *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987). Also, members of an uncertified Rule 23 class are entitled to certain protections, such as the right to be free from deceptive communications from a defendant. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH (MANUAL), § 21.12, p. 248 (2004); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981). "It is undisputed that putative class counsel have a responsibility to protect the rights of class members prior to class certification." *Castaneda v. Burger King Corp.*, 2009 WL 2382688, *3 (N.D. Cal. July 31, 2009). Rule 23 thus provides protections to potential class members that are not available to potential "opt-ins" in FLSA collective actions.

Consistent with these distinctive protections afforded to potential class members that were not factors in *Symczyk* is the fiduciary duty that both this Court and Mr. Ramirez's counsel owe to the class, pursuant to Rule 23 and general class action case law. For example, Rule 23(d)(2) gives a court "plenary protective authority" over a class action. MANUAL, §21.12, p. 249. Rule 23(e) places such a duty upon a court considering the settlement of a class action. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975) ("Under Rule 23(e) the

5

district court acts as a fiduciary who must serve as a guardian of the rights of absent class members"). Again, these duties differentiate this Rule 23 class case from FLSA collective actions.

*Symczyk*, as astutely noted by Justice Kagan's dissent, addressed a situation that "should never again arise" and the majority's decision was "good for this day and case only." 133 S.Ct. at 1533, 1536 n. 2. The decsion is not relevant to the case at bar, let alone "controlling," and affected no tenet of Rule 23 jurisprudence. It provides no basis for reversing this Court's decision of March 15, 2013 denying Defendant's Motion to Dismiss.

> **B. Plaintiff's Individual Claims Are Not Moot As The Offer Was Withdrawn And Is Thus A Legal Nullity**

If this Court decides to reevaluate its earlier denial of Defendant's Motion to Dismiss, it should still adhere to that denial for the reasons Plaintiff submitted in opposing the Motion and for the reasons discussed herein.

First, as this Court has already found as a fact, the Offer was withdrawn by Defendant after 14 days had passed and it was not accepted. *See* Offer quoted above and Fed. R. Civ. P. 68(b); *Ramirez*, 2013 WL 1089748 at *2. The mere receipt of a piece of paper labeled "Offer of Judgment" does not moot a claim. As the U.S. Supreme Court held again as recently as last year: a case becomes moot only "when it is *impossible* for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 133 S.Ct. 1017, 1023 (2012) (emphasis supplied).

Here, Defendant has never tendered any money to Plaintiff, so Plaintiff clearly continues to have a definite interest in his case. Again according to the U.S. Supreme Court: "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id*. Because Plaintiff has received nothing, his claims remain as intact as they were on the day he filed suit, and as they were at the time of the Defendant's Offer of Judgment. There can be no doubt that his Court still has the power of redress by granting to Plaintiff the relief sought in

6

the Complaint. Thus, Plaintiff still has that "concrete interest" because Defendant has never satisfied any of his claims.

Not accepting an offer, therefore, leaves a plaintiff in the same position he was before the offer was made. Defendant's Offer here was withdrawn pursuant to its own terms. The unaccepted contract is a legal nullity, with no operative effect. *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 151 (1886) (rejection of an offer "leaves the matter as if no offer had ever been made."). Plaintiff's individual claim therefore never became moot, and unlike the Plaintiff in *Symczyk*, Mr. Ramirez never conceded that his individual claims are moot.

### C. Plaintiff Was Not Offered All The Relief He Sought And That The Law Authorizes

The entire premise of Defendant's Motion is also fatally flawed because it did not offer to have judgment entered against it in favor of Mr. Ramirez in the amount of the maximum recovery available.

As explained in more detail in Plaintiff's opposition to the Motion to Dismiss, Plaintiff's requested, on behalf of himself and the six different consumer classes that he proposes to represent in his Complaint, class certification of those classes of consumers, actual damages, statutory damages under the FCRA and CCRAA, treble statutory damages under the CCRAA, punitive damages and injunctive relief under the California statute. Plaintiff pointed out that he himself, if he were to prevail, could obtain as much as $15,000 in CCRAA statutory damages, or triple the amount offered by Defendant, in addition to the other relief he seeks. Doc. 58-1 at p. 7.

Thus, Plaintiff's demand for relief shows that the Offer was far less than the maximum statutory damages recovery available to Mr. Ramirez and it provided no injunctive relief, and basically nothing in the way of actual or punitive damages, which was also sought in the Complaint.

Defendant's attempt to spin a single line in Plaintiff's deposition testimony should be

7

rejected for the reasons earlier discussed. Doc. 58-1 at pp. 7-8. Plaintiff also testified that he lost a credit opportunity at Dublin Nisan and that he has naturally embarrassed by being misbranded by Trans Union as a OFAC narco-trafficker or terrorist, harms which constitute cognizable FCRA damages. And Plaintiff's initial disclosures and interrogatory responses also clearly seek these damages as well as FCRA statutory and punitive damages, which Defendant would simply like to ignore. Even if the Offer were somehow construed as offering everything that Mr. Ramirez could possibly recover on his six individual claims, his action is still not moot, as discussed below.

### D. Plaintiff's And The Court's Fiduciary Duty To Unknown Class Members Requires Denial Of The Motion

A representative plaintiff has limited authority to accept a settlement offer, formal or informal, and that authority is subject to the review and approval of this Court regarding notice, fairness, adequacy and reasonableness. Fed. R. Civ. P. 23(e).

Plaintiff's earlier briefing discussed both Plaintiff's and the Court's duty owed to the unknown class members, a duty not implicated in individual lawsuits. Similarly, Rule 23 obligates the Court to exercise its supervisory powers to protect the interests of the potential class members. Fed. R. Civ. P. 23(d).

Consequently, a class representative lacks the ability to dispose of his individual claim as an individual litigant might. The representative's duty is to vigorously pursue relief for the class. Rule 68 was not intended to be a vehicle whereby a defendant could introduce a conflict between the representative and the class and pay off the plaintiff to end the class litigation. Further, an offer of judgment exposes the representative-offeree to liability for costs and expenses that could not be recouped from unnamed class members. The leading treatise on class actions explains why Rule 68 should not apply where a case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake

of absent class members.

5 NEWBERG ON CLASS ACTIONS, § 15.36 at 115 (4th ed. 2002).

As then Justice Rehnquist explained, a representative plaintiff cannot be forced to accept money to satisfy his individual claim, because the defendant has not offered all that has been requested in the complaint (*i.e.*, relief for the class). *Deposit Guaranty Nat. Bank v. Roper,* 445 U.S. 326, 341 (1980) (concurring opinion). Otherwise, the result would be to "undercut close supervision of class action settlements, create conflicts of interests for named plaintiffs, and encourage premature class certificate motions." *Weiss v. Regal Collections,* 385 F.3d 337, 344 n. 12 (3d Cir. 2004).

### E. The *Pitts* Case Remains Binding Authority

Defendant is reading tea leaves when it urges that *Pitts* has been implicitly overruled. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("we hold that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action"). Defendant's citation to the unpublished order in *Berry v. Webloyalty.com* does not state that *Pitts* is overruled, but only that plaintiff Berry "alleged no injury in fact" in his complaint, having in fact received a full refund. No. 11-55764, at p 2of 8 (9th Cir. Apr. 25, 2013). Nor does Defendant's citation to a 2008 unpublished order in *Delp v. American Express Centurion Bank* help in explaining why *Pitts* is somehow implicitly overruled by *Symczyk* in 2013. SACV-08-0069 (C.D. Cal. Mar. 4, 2008).

It is worth noting that at least three other circuit courts have come to the same holding as the Ninth Circuit in *Pitts*. *See Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249 (10th Cir. 2011) (holding that "a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs

9

made to a named plaintiff does not render the case moot under Article III"); *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920-21 (5th Cir. 2008) (holding that a timely filed motion for class certification relates back to the filing of the complaint so that a pre-certification Rule 68 offer of judgment does not moot the case); *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir. 2004) (same). Other than Defendant's wishful thinking, there is no basis for finding that *Symczyk* has somehow overruled all these circuit court decisions without ever saying so. The Supreme Court surely knows how to overrule cases and resolve circuit splits. But as the dissent and also the majority ably explain, *Symczyk* in limited to the facts and circumstances of that FLSA case. It thus has no effect on the case at bar.

### IV.  CONCLUSION

For all the reasons discussed above, Plaintiff Sergio L. Ramirez respectfully requests that this Court deny Defendant's Motion for Reconsideration. For these same reasons, this Court should deny Defendant's alternative request to file an interlocutory appeal.

Dated: May 15, 2013

ANDERSON, OGILVIE & BREWER, LLP
ANDREW J. OGILVIE
CAROL MCLEAN BREWER

FRANCIS & MAILMAN, P.C.
JOHN SOUMILAS


By: */s/ John Soumilas*
　　　John Soumilas

Attorneys for Plaintiff
　SERGIO L. RAMIREZ

10