IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No.: 3:12-CV-00632 (JSC)<br><br>**ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 15, 2013 ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

In this putative class action, Plaintiff Sergio Ramirez sues Defendant Trans Union, a credit reporting agency, alleging that Trans Union violated the Federal Credit Reporting Act and the California Consumer Credit Reporting Agencies Act by failing to ensure "maximum possible accuracy" of its credit reports and to provide consumers proper disclosures. In December of 2012, Defendant served Plaintiff with a Federal Rule of Civil Procedure 68 offer, which Plaintiff did not accept. Shortly thereafter, Defendant moved to dismiss for lack of subject matter jurisdiction. On March 15, 2013, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction, concluding that under binding Ninth Circuit precedent in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011), Defendant's Rule 68 offer did not moot Plaintiff's Rule 23 class action complaint. Approximately one

month later, the United States Supreme Court decided *Genesis HealthCare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013). In *Symczyk,* the Court assumed without deciding that the defendant's unaccepted Rule 68 offer mooted the plaintiff's individual claims in an FLSA collective action suit, and held that the lawsuit was therefore appropriately dismissed for lack of subject matter jurisdiction. *Id.* at 1525.

Now before the Court is Defendant Trans Union's motion for reconsideration of the Court's March 15, 2013 order denying Defendant's motion to dismiss for lack of subject matter jurisdiction. Defendant contends that *Symczyk* presents an intervening change in controlling law that dictates dismissal of Plaintiff's lawsuit. Because *Symczyk*'s holding is not "clearly irreconcilable" with *Pitts*, the Court DENIES the motion for reconsideration.

## LEGAL STANDARD

Pursuant to Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Cal. Civ. R. 7-9(a). Reconsideration is suitable if one of the following is satisfied: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Cal. Civ. R. 7-9(b)(1)-(3); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). Here, Defendant claims that *Smyczyk* is a "change of law" mandating reconsideration.

## ANALYSIS

Defendant makes several arguments urging reconsideration: (1) that *Pitts* should not control because its facts are too dissimilar from the present action; (2) that *Symczyk* overrules *Pitts*' holding that Rule 23 class actions are not mooted by unaccepted Rule 68 offers that would satisfy a named plaintiff's individual claims, and (3) that Plaintiff's individual claim is

2

fully satisfied and therefore is moot. Taking each argument in turn, the Court holds that Defendant is barred from challenging the Court's previous reliance on *Pitts*, finds that *Symczyk* is not clearly irreconcilable with *Pitts*, and declines to decide whether Plaintiff's individual claims have been fully satisfied. Accordingly, the Court DENIES the motion for reconsideration.

**A.     Defendant Cannot Challenge the Court's Previous Application of *Pitts***

The Court denied Defendant's Motion to Dismiss on the ground that in *Pitts* the Ninth Circuit "squarely addressed" the circumstances of this case. (Dkt. No. 76 at 4.) The *Pitts* court ruled: "we hold that an unaccepted Rule 68 offer of judgment —for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action." *Pitts*, 652 F.3d at 1091-92. Pursuant to this binding Ninth Circuit holding, the Court denied Defendant's motion to dismiss. (Dkt. No. 76 at 4-5.)

In its Motion to Dismiss briefing, Defendant recognized the split among the circuits on the issue of the mooting power of an unaccepted Rule 68 offer, acknowledged *Pitts*' authority in this Circuit, and hoped that *Symczyk* would resolve the split by following the opposing approach taken in some other circuits. (Dkt. No. 52 at 8.) Defendant did not argue that *Pitts* did not apply to the facts of this case. On reconsideration, however, Defendant now argues that *Pitts* is not factually analogous and therefore should not control. This is an improper argument because it does not fall within the narrow scope of the basis for reconsideration: *Symczyk*'s effect on *Pitts*. Moreover, Local Rule 7-9(c) bars attempts to "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered," and although Defendant's previous briefing did not address *Pitts* at length, it recognized its authority in this Circuit, pursuant to which the Court made its March 15 decision. N.D. Cal. Civ. R. 7-9(c).

In any event, the Court finds Defendant's belated attempt to distinguish *Pitts* unavailing. Defendant argues that, unlike the *Pitts*' plaintiff's claim, Ramirez's claim is not transitory in nature. The *Pitts* court, however, explicitly stated that claims need not be

"inherently transitory" to merit protection from being proclaimed moot based upon an unaccepted Rule 68 offer. *See Pitts*, 653 F.3d at 1091 ("we see no reason to restrict application of the relation-back doctrine only to cases involving *inherently transitory* claims"). The court explained that "although Pitt's claims are not inherently transitory as a result of being time sensitive, they are acutely susceptible to mootness in light of [the defendant's] tactic of picking off lead plaintiffs with a Rule 68 offer to avoid a class action. The end result is the same: a claim transitory by its very nature and one transitory by virtue of the defendant's litigation strategy share the reality that both claims would evade review." *Id.* The claims asserted by Plaintiff and the class will evade review if Defendant is allowed to "pick off" each subsequent lead plaintiff, the same concern raised in *Pitts*.

Defendant's assertion that if, in fact, there are large numbers of consumers similarly situated to Plaintiff, Defendant's supposed strategy of picking off each successive lead plaintiff "would quickly become a financially impossible strategy to pursue," (Dkt. No. 92 at 3.), is simply a disagreement with *Pitts'* reasoning, not a basis for not applying Ninth Circuit binding precedent. Defendant's motion to dismiss is controlled by *Pitts.*

## B. *Symczyk* Does Not Overrule *Pitts*

This Court is bound by *Pitts* unless "the relevant court of last resort . . . undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). Because the Court's goal "must be to preserve the consistency of circuit law," only if the intervening holding is "irreconcilable" with the prior circuit holding may the Court reverse an opinion that is consistent with Ninth Circuit case law. *Id.* at 900; *see also Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) ("The presumption is that our [previous] holding [] is controlling in this case . . . and we find that [an intervening holding] does not overcome this presumption."); *Biggs v. Sec'y of California Dep't of Corr. & Rehab.*, 2013 WL 2321449, at *10 (9th Cir. May 29, 2013) ("Under our law-of-the-circuit rule, we are bound by *Johnson* unless it is 'clearly irreconcilable' with intervening Supreme Court precedent."). Defendant insists that *Symczyk* overrules *Pitts* and mandates dismissal. The Court disagrees.

*Symczyk* is an FLSA collective action, whereas *Pitts* is a Rule 23 class action.[1] The Supreme Court explicitly distinguished between the scenario presented by *Symczyk*, an FLSA action, as opposed to a Rule 23 class action. Calling Rule 23 cases "inapposite" and "inapplicable" to an FLSA claim, the Court declined to apply case law from Rule 23 actions "because Rule 23 actions are fundamentally different from collective actions under the FLSA." *Id*. at 1524. The Rule 23 cases the Court cited to as inapplicable to Symczyk's FLSA lawsuit included three cases cited by the Ninth Circuit in *Pitts*: *Geraghty, Roper,* and *Sosna. See Symczyk,* 133 S.Ct. at 1530–32. The Court's delineation between Rule 23 class actions and FLSA collective actions bars a finding that *Symczyk* is "clearly irreconcilable" with *Pitts*. *See Canada v. Meracord, LLP*, C12-5657 BHS, 2013 WL 2450631, slip op. at 1 (W.D. Wash. June 6, 2013) (calling *Pitts* "directly on point" and stating, "there is nothing to indicate that the [*Symczyk*] holding extends beyond FLSA collective actions"); *Chen v. Allstate Ins. Co.*, 2013 WL 2558012, at *8 (N.D. Cal. June 10, 2013) ("*Genesis*, which was an FLSA collective action, is easily distinguishable from *Pitts*."); *see also Schlaud v. Snyder*, 2013 WL 2221589, at *6 n.3 (6th Cir. May 22, 2013) (refusing to find a class action moot based upon an unaccepted Rule 23 offer and stating, "[t]he Court's decision in *Genesis Healthcare Corp. v. Symczyk* is not at odds with this determination because it does not involve class certification under Rule 23"); *Singer v. Illinois State Petroleum Corp.*, 2013 WL 2384314, at *1 (N.D. Ill. May 24, 2013) (declaring that the Seventh Circuit's doctrine of "prevent[ing] the mooting of class actions by picking off the named plaintiff" is "still alive and well" after *Symczyk*). *Pitts* remains the law in the Ninth Circuit regarding the potential mooting power of Rule 68 offers on Rule 23 putative class actions. As another court in this District recently noted, "[i]t is true that the Court did reject the reasoning that the Ninth Circuit in *Pitts* used (based on *Sosna, Geraghty,* and *Roper* ) in the class action context, but it also emphasized that class actions are different than collective actions. So while the Supreme Court might at some future date

---

[1] While *Pitts* originally contained FLSA claims, by the time the case reached the Ninth Circuit the court held that "Pitts has abandoned these claims, [thus] any alleged incompatibility between a Rule 23 class action and an FLSA collective action is not present in this case." *Pitts*, 653 F.3d at 1094.

1   actually overrule *Pitts* and decisions from other Circuits holding that the rule articulated in
2   *Genesis* also applies in class actions, as of now that has not happened, and *Pitts* remains good
3   law as far as the court can ascertain." *Chen*, 2013 WL 2558012, at *9 (N.D. Cal. June 10,
4   2013).  In sum, even if *Symczyk* sends "strong signals" that *Pitts* might not survive Supreme
5   Court review, or even "chips away" at *Pitts*' reasoning, that is not enough to allow this Court
6   to decline to follow *Pitts*.  *See United States v. Green*, 10-50519, slip op. at 9 (9th Cir. July 11,
7   2013).

### C.     The Mootness of Plaintiff's Individual Claims Remains in Dispute

The parties hotly contest whether Plaintiff Ramirez's individual claims have been fully satisfied by Defendant's Rule 68 offer of $5001.00 and reasonable attorney fees.  Defendant claims that "because Plaintiff no longer retains any personal interest in the outcome of this action, there is no longer any present 'Case' or 'Controversy' within the meaning of Article III of the Constitution, and the claims are moot." (Dkt. No. 87 at 1.)  However, Plaintiff asserts that he retains an ongoing personal interest in the outcome of the action.  (Dkt. No. 91 at 4.) ("Mr. Ramirez has consistently demonstrated that his individual claims in this case are *not mooted* for a number of reasons, including because he has sought more relief than Defendant has offered.") (emphasis in original).  The Court declines to decide this issue because it is not essential for a ruling on the motion for reconsideration.

In *Pitts*, the plaintiff refused a Rule 68 offer of over ten times the amount he had requested in his complaint.  *Pitts*, 653 F.3d at 1085.  The Ninth Circuit never explicitly stated that the plaintiff's individual claims were mooted by the Rule 68 offer, but nonetheless stated, "mooting the putative class representative's claims will not necessarily moot the class action." *Id.* at 1090.  Instead, the *Pitts* court invoked the "relation-back" doctrine, which allows "the named plaintiff [to] continue to represent the class until the district court decides the class certification issue.  Then, if the district court certifies the class, certification relates back to the filing of the complaint.  Once the class has been certified, the case may continue despite full satisfaction of the named plaintiff's individual claim because an offer of judgment to the named plaintiff fails to satisfy the demands of the class." *Id.* at 1092 (citing *Sosna v. Iowa*,

6

419 U.S. 393, 402-03 (1975)). If the district court does not certify the class, the plaintiff may appeal and "[o]nly once the denial of class certification is final does the defendant's offer—if still available—moot the merits of the case because the plaintiff has been offered all that he can possibly recover through litigation." *Id.* (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 (5th. Cir. 2008)). Thus, regardless of whether Plaintiff's individual claims may be moot, under *Pitts* the Court may not dismiss the class action complaint for lack of subject matter jurisdiction. *See Chen*, 2013 WL 2558012 at *11 ("With regard to whether [the plaintiff's individual] claims are moot—even if they are, under *Pitts,* the entire case cannot be dismissed for lack of subject matter jurisdiction, and [the plaintiff] will still be able to move for class certification."). The Court therefore declines to decide whether Plaintiff's individual claims have been fully satisfied by Defendant's Rule 68 offer.

**D.     Trans Union's Request for 1292(b) Certification**

If it must lose its motion for reconsideration, Defendant asks the Court to certify for appeal the subject matter jurisdiction question pursuant to 28 U.S.C. § 1292(b). Defendant contends that "whether the mootness analysis in *Symczyk* overrules *Pitts* is a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation." (Dkt. No. 87 at 9.) The party seeking interlocutory appeal bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476 (1978). Interlocutory appeal is "applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). This is not such a case. Defendant has failed to show that there is a substantial ground for difference of opinion as to whether *Symczyk* overrules *Pitt,* especially given the high standard for such a conclusion. The Court therefore DENIES the request for certification.

## CONCLUSION

Because Defendant has failed to persuade the Court that *Symczyk* is clearly irreconcilable with *Pitts*, Defendant's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: July 17, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE