1
STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)

2
STEPHEN J. NEWMAN (State Bar No. 181570)
BRIAN C. FRONTINO (State Bar No. 222032)

3
JASON S. YOO (State Bar No. 261114)
2029 Century Park East

4
Los Angeles, CA  90067-3086
Telephone:  310-556-5800

5
Facsimile:  310-556-5959
Email: lacalendar@stroock.com

6

7
Attorneys for Defendant
  TRANS UNION LLC

8

9
**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

10
**SAN FRANCISCO DIVISION**

11

12
SERGIO L. RAMIREZ, on behalf of himself
and all others similarly situated,

13

    Plaintiff,

14

15
  v.

16
TRANS UNION, LLC,

17
   Defendant.

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| ) | Case No. 3:12-cv-00632-JSC |
| ) | |
| ) | [Assigned to the Honorable Jacqueline Scott |
| ) | Corley] |
| ) | |
| ) | **DEFENDANT TRANS UNION LLC'S** |
| ) | **OPPOSITION TO PLAINTIFF'S MOTION** |
| ) | **FOR CLASS CERTIFICATION** |
| ) | |
| ) | Hearing |
| ) | Date:   May 29, 2014 |
| ) | Time:  11:00 a.m. |
| ) | Place:  Courtroom F |
| ) | |
| ) | |
| ) | |

LA 51739125

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTS ...................................................................................................................... 4

    A.   The SDN List ................................................................................................... 4

    B.   Cortez .............................................................................................................. 7

    C.   TransUnion's Practices Pre-Cortez ................................................................. 7

        1.   ████████████████ ......................................................... 7

        2.   ██████████████████████ .............................................. 7

        3.   Disclosure Of OFAC Data To Consumers .......................................... 8

        4.   Dispute Of Potentially Matching SDN Data ........................................ 8

    D.   Changes To TransUnion's Practices In Response To Cortez .......................... 8

        1.   ████████████████ ......................................................... 8

            a)   ████████████████████████████████ ............... 8

            b)   ██████████████████████████████████ ................. 8

        2.   ████████████████████████ ......................................... 10

        3.   Disclosure Of OFAC Data To Consumers ........................................ 11

        4.   Dispute Of Potentially Matching SDN Data ...................................... 11

    E.   ████████████████████████████████████ ...................... 12

        1.   ████████████████████ ............................................... 12

            a)   ███████████████████ ............................................ 12

            b)   ██████████████████ ............................................... 14

        2.   Disclosure Of OFAC Data To Ramirez .............................................. 15

        3.   Dispute Of Potentially Matching SDN Data ...................................... 17

        4.   ██████████████████████████ ....................................... 17

    F.   ██████████████████████████ .................................................. 17

III.  ARGUMENT ......................................................................................................... 19

    A.   Legal Standards For Class Certification ........................................................ 19

    B.   Typicality Under Rule 23(a)(3) Is Lacking .................................................. 20

        1.   Plaintiff Is Not Typical Because His Experience Was Unique ................... 20

        2.   Plaintiff Is Not Typical Because His Claims Are Subject To Unique
Defenses ............................................................................................. 21

    C.   Plaintiff Fails To Establish Commonality Under Rule 23(a)(2) ...................... 22

        1.   There Is No Commonality On Plaintiff's Accuracy Claims ...................... 22

        2.   There Is No Commonality On Plaintiff's Disclosure Claims ..................... 22

        3.   Damages Issues Destroy Commonality ............................................. 23

    D.   Plaintiff Fails To Establish Numerosity Under Rule 23(a)(1) .................... 24

    E.   Plaintiff Fails To Demonstrate Adequacy Under Rule 23(a)(4) .................. 24

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

F.   No Class May Be Certified Under Rule 23(b)(2) ..................................25

   1.   Because Plaintiff Seeks An Award Of Monetary Damages, No Class Can Be Certified Under 23(b)(2) .............................25

   2.   Plaintiff's Claims For Injunctive Relief Are Moot Because The Challenged Conduct Has Ceased And Cannot Reasonably Be Expected To Recur ..........................26

G.   No Class May Be Certified Under Rule 23(b)(3) ..................................27

   1.   A FCRA Section 1681e(b) Class Or CCRAA Section 1785.14(b) Class Cannot Be Certified Because Determining Accuracy Requires Individualized Inquiry ..........................27

   2.   No Class Can Be Certified Because Causation And Fact Of Damage Cannot Be Established For Any Claim On A Classwide Basis ....................28

   3.   Individual Questions Of Fact Predominate In These Actions ......................30

   4.   A Class Action Is Not Superior To Individual Litigation ..........................31

      a)   Individual Proof Is Required To Establish Class Members' Entitlement To And Amount Of Statutory Damages, Causing Individual Issues To Predominate And The Class To Be Unmanageable ..........................31

      b)   Forcing Individual Class Members To Abandon Their Individual Damages Claims In Favor Of Lesser Recovery In A Class Action Weighs Against Superiority ..........................31

      c)   A Class Action Is Not Necessary To Ensure Rights Are Vindicated Because The FCRA And CCRAA Both Permit Recovery Of Attorneys' Fees By Prevailing Plaintiff ..........................32

      d)   The Absence Of Other Actions Or Consumers Joining This Action Indicates The Lack Of A Population That Needs Help Through Class Certification ..........................32

IV.   CONCLUSION ..........................33

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- ii -

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Ali v. U.S.A. Cab Ltd.,
176 Cal. App. 4th 1333 (2009) ..................................................................................29

Already, LLC v. Nike, Inc.,
133 S. Ct. 721 (2013) ................................................................................................26

Am. Express Co. v. Italian Colors Rest.,
133 S. Ct. 2304 (2013) ..............................................................................................23

Amchem Prods., Inc. v. Windsor,
521 U.S. 591 (1997) ...........................................................................................19, 24

Antoninetti v. Chipotle Mex. Grill, Inc.,
No. 06CV02671 BTM WMC, 2012 WL 3762440 (S.D. Cal. Aug. 28, 2012)
reconsideration denied, No. 06CV2671 BTM WMC, 2013 WL 149722 (S.D.
Cal. Jan. 14, 2013) ...............................................................................................31, 32

Berger v. Home Depot USA, Inc.,
741 F.3d 1061 (9th Cir. 2014) ............................................................................19, 20

Boone v. City of Philadelphia,
668 F. Supp. 2d 693 (E.D. Pa. 2009) ........................................................................27

Clerisy Corp. v. Airware Holdings, Inc.,
No. CV 12-2110-PHX-PGR, 2013 WL 6252428 (D. Ariz. Dec. 4, 2013) ................26

Comcast Corp. v. Behrend,
133 S. Ct. 1426 (2013) .......................................................................3, 20, 27, 32

Cortez v. Trans Union, LLC,
617 F.3d 688 (3d Cir. 2010) .............................................................................passim

Cox v. Am. Cast Iron Pipe Co.,
784 F.2d 1546 (11th Cir. 1986) .................................................................................24

In re Dalcourt,
354 B.R. 868 (Bank. N.D. Iowa 2006) ........................................................................5

Drake v. Morgan Stanley & Co.,
No. CV 09-6467 ODW, 2010 WL 2175819 (C.D. Cal. Apr. 30, 2010) ....................21

Edwards v. First Am. Corp.,
610 F.3d 514 (9th Cir. 2010) .....................................................................................29

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Ellis v. Costco Wholesale Corp.,
    657 F.3d 970 (9th Cir. 2011) ................................................................21, 25

Endres v. Wells Fargo Bank,
    No. C 06-7019 PJH, 2008 WL 344204 (N.D. Cal. Feb. 6, 2008) .....................29

Farmer v. Phillips Agency, Inc.,
    285 F.R.D. 688 (N.D. Ga. 2012) ........................................................................28

Gardner v. Equifax Info. Servs., LLC,
    No. 06-3102, 2007 WL 2261688 (D. Minn. Aug. 6, 2007).................................22

Gartin v. S & M NuTec LLC,
    245 F.R.D. 429 (C.D. Cal. 2007).........................................................................25

Glatt v. The PMI Grp., Inc.,
    No. 2:03-cv-326-FTM-29SPC, 2004 U.S. Dist. LEXIS 28927 (M.D. Fla. Sept. 7,
    2004).....................................................................................................................23

Gomez v. Kroll Factual Data, Inc.,
    No. 13-cv-0445-WJM-KMT, 2014 WL 1456530 (D. Colo. Apr. 14, 2014)......._passim_

In re Google Inc. Gmail Litig.,
    No. 13-md-02430, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014)......................19

Graham v. Overland Solutions, Inc.,
    No. 10-CV-672 BEN (BLM), 2011 WL 1769610 (S.D. Cal. May 9, 2011) ..21, 25

Grimes v. Rave Motion Pictures Birmingham, L.L.C.,
    264 F.R.D. 659 (N.D. Ala. 2010) .......................................................................22

Haley v. Medtronic, Inc.,
    169 F.R.D. 643 (C.D. Cal. 1996).........................................................................31

Hanlon v. Chrysler Corp.,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................24

Hanon v. Dataproducts Corp.,
    976 F.2d 497 (9th Cir. 1992) ........................................................................20, 21

Harper v. Trans Union, LLC,
    No. 04-3510, 2006 WL 3762035 (E.D. Pa. Dec. 20, 2006) ..........................28, 29

In re Hydrogen Peroxide Antitrust Litig.,
    552 F.3d 305 (3d Cir. 2008) ...............................................................................19

In re Initial Pub. Offerings Sec. Litig.,
    471 F.3d 24 (2d Cir. 2006) ..................................................................................20

Kandel v. Brother Int'l Corp.,
    264 F.R.D. 630 (C.D. Cal. 2010).........................................................................21

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

Kertesz v. TD Auto Fin. LLC,
No. 13 CV 1496, 2014 WL 1238549 (N.D. Ohio Mar. 25, 2014) ................................5

Klotz v. Trans Union LLC,
246 F.R.D. 208 (E.D. Pa. 2007) ........................................................................22

Luiken v. Domino's Pizza, LLC,
705 F.3d 370 (8th Cir. 2013) ..........................................................................23

Mazza v. Am. Honda Motor Co., Inc.,
666 F.3d 581 (9th Cir. 2012) ..........................................................................30

Moeller v. Taco Bell Corp.,
No. C 02–5849, 2012 WL 3070863 (N.D. Cal. Jul. 26, 2012)....................................31

In re Montano,
488 B.R. 695 (Bankr. D.N.M. 2013) ..................................................................23

Ortiz v. CVS Caremark Corp.,
No. C-12-05859 EDL, 2013 WL 6236743 (N.D. Cal. Dec. 2, 2013)..............................25

Owner–Operator Indep. Drivers Ass'n v. USIS Commercial Servs.,
537 F.3d 1184 (10th Cir. 2008) ......................................................................28

Pac. Nw. Reg'l Council of Carpenters v. Laborers Int'l Union of N. Am.,
No. C11-1164 MJP, 2013 WL 5674984 (W.D. Wash. Oct. 16, 2013) .........................26

Pendleton v. Trans Union Sys. Corp.,
76 F.R.D. 192 (E.D. Pa. 1977) ........................................................................28

Ries v. Ariz. Beverages USA LLC,
287 F.R.D. 523 (N.D. Cal. 2012), appeal dismissed (Jan. 25, 2013) ..........................25

Robins v. Spokeo, Inc.,
742 F.3d 409 (9th Cir. 2014) ..........................................................................29

Rosebrock v. Mathis,
__ F.3d __, No. 11-56256, 2014 WL 982897 (9th Cir. Mar. 14, 2014)........................26

Seig v. Yard House Rancho Cucamonga, LLC,
No. CV 07-2105 PA, 2007 WL 6894503 (C.D. Cal. Dec. 10, 2007).............................32

Serna v. Big A Drug Stores, Inc.,
No. SACV 07-0276 CJC, 2007 WL 7665762 (C.D. Cal. Oct. 9, 2007)..........................32

Smith v. City of Oakland,
No. C-06-07171 MMC, 2008 WL 2439691 (N.D. Cal. June 16, 2008)..........................31

Soutter v. Equifax Info. Servs., LLC,
498 F. App'x 260 (4th Cir. 2012)......................................................................20

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

Staton v. Boeing Co.,
     327 F.3d 938 (9th Cir. 2003) ..................................................................24

Stout v. J.D. Byrider,
     228 F.3d 709 (6th Cir. 2000) ..................................................................29

Stukenberg v. Perry,
     675 F.3d 832 (5th Cir. 2012) ..................................................................23

Trujillo v. First Am. Registry, Inc.,
     68 Cal. Rptr. 3d 732 (Cal. Ct. App. 2007).............................................2, 29

Wal-Mart Stores, Inc. v. Dukes,
     131 S. Ct. 2541 (2011) ...................................................................*passim*

Wang v. Chinese Daily News, Inc.,
     737 F.3d 538 (9th Cir. 2013) ..................................................................25

Waterman v. Experian Info. Solutions, Inc.,
     No. 12-01400 SJO, 2013 WL 675764 (C.D. Cal. Feb. 25, 2013) .................5

Zinser v. Accufix Research Inst., Inc.,
     253 F.3d 1180 (9th Cir. 2001) ................................................................31

**Statutes**

15 U.S.C. § 1681e...................................................................3, 27, 28, 29

15 U.S.C. § 1681g....................................................................................3

15 U.S.C. § 1681i...................................................................................11

15 U.S.C. § 1681j...................................................................................16

15 U.S.C. § 1681k..................................................................................28

15 U.S.C. § 1681n..................................................................................32

15 U.S.C. § 1681o..................................................................................32

Cal. Civ. Code § 1785.10..........................................................................3

Cal. Civ. Code § 1785.14...............................................................3, 27, 28

Cal. Civ. Code § 1785.15..........................................................................3

Cal. Civ. Code § 1785.16........................................................................11

Cal. Civ. Code § 1785.31........................................................................32

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**Other Authorities**

31 C.F.R. § 501 App. A..................................................................................................4, 5

Fed. R. Civ. P. 23 .......................................................................................................*passim*

Fed. R. Civ. P. 68 ......................................................................................................2, 25

Fed. R. Evid. 602 ...........................................................................................................18

Fed. R. Evid. 701 ...........................................................................................................18

Fed. R. Evid. 901 ......................................................................................................18, 19

Office of Foreign Assets Control Specially Designated Nationals and Blocked
    Persons List, http://www.treasury.gov/ofac/downloads/t11sdn.pdf.............................4

Specially Designated Nationals and Blocked Persons List Search,
    http://sdnsearch.ofac.treas.gov/ (last visited April 22, 2014)....................................9

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

## I.     INTRODUCTION

In the two years while this litigation has been pending, defendant Trans Union LLC ("TransUnion") has repeatedly attempted to resolve plaintiff Sergio L. Ramirez's ("Plaintiff" or "Ramirez") individual claims on fair terms.  Plaintiff's counsel rebuffed these efforts at every turn, insisting on using Plaintiff's unique experience as a vehicle for an overarching challenge to every aspect of TransUnion's OFAC Name Screen product.  The evidence, however, does not justify such a challenge.  Plaintiff fails to prove the elements of Federal Rule of Civil Procedure 23, and accordingly his Motion for Class Certification should be denied.

The present Motion is not about whether, in a perfect world, something different should have happened in Plaintiff's unique circumstances.  Rather, to certify a class, Plaintiff must prove both that there is some systemic problem with how OFAC information is delivered to purchasers of credit reports or disclosed to consumers, and that he is the right person to seek judicial intervention with respect to the supposedly-identified problem.  Now, after ten depositions, production of more than 9,000 pages of documents and internet publicity of the case, no systemic problem has been identified.  More importantly, no significant number of similarly-situated consumers has been or can be identified.  When the data is properly analyzed, there are only ▮▮▮▮▮▮ other consumers nationwide who are even potentially similarly-situated to Plaintiff (and ▮▮▮▮▮ of them reside outside California).  If in fact there were systemic problems with the OFAC Name Screen Product, by now one would have expected to see other consumers like Plaintiff clamoring for relief, in light of the supposedly devastating impact of erroneous transmission of OFAC data.  There is no such clamor; only Plaintiff's counsel are ringing the bell for a massive class action.

The most significant hurdle barring this class action is typicality under Rule 23(a)(3).  There is no evidence that anyone else had an experience similar to Plaintiff's.  At best, the evidence discloses an unusual series of coincidences. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

2   ████████████████████████ Plaintiff's claim is typical of no one else's.

3       Even if the claim is analyzed at a higher level of abstraction – a report with OFAC data was

4   sold with respect to the consumer; the consumer later received a disclosure from TransUnion in the

5   same form as Plaintiff; and the consumer then disputed the delivery of OFAC data – there are only

6   ████████ other potential class members, ████████████████ in California. No evidence

7   suggests that even these consumers' experience was the same as Plaintiff's, so typicality is not

8   proper even for this small group. Typicality is lacking, and the number of consumers with even a

9   potential argument for typicality is too few to satisfy the numerosity requirement of Rule 23(a)(1).

10      Commonality is also lacking under Rule 23(a)(2). Numerous courts recognize that lawsuits

11  relating to accuracy of credit reports are not amenable to class treatment, and Plaintiff identifies no

12  common question that can be answered with a single answer across the proposed class. See, e.g.,

13  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). Nor has Plaintiff proven any

14  common experience relating to how the disclosure was communicated. Plaintiff's deposition

15  testimony shows that he received his written OFAC disclosure concurrently with the disclosure of

16  traditional credit information. The circumstances under which each proposed class member

17  received and reviewed the disclosure materials (i.e., whether or not they were reviewed together)

18  cannot be established through common proof.

19      Nor does Plaintiff establish that he is an adequate class representative under Rule 23(a)(4).

20  █████████████████████████████, suggesting an individualized defense.

21  Moreover, as previously argued, TransUnion's earlier full-value offer of compromise under Fed. R.

22  Civ. P. 68 renders Plaintiff inadequate because his individual claim is moot.

23      Any defect in the above Rule 23(a) elements mandates denial of Plaintiff's Motion, but the

24  Motion fails under the Rule 23(b) elements as well.

25      First, Plaintiff's attempt to certify a class under Rule 23(b)(2) should be rejected. Among

26  other things, Wal-Mart stands for the principle that Rule 23(b)(2) cannot be used to certify claims

27  for monetary relief – the Supreme Court was unanimous on this point; Plaintiff's suggestion to the

28  contrary should be rejected. Nor is there any basis to certify an injunctive relief class. The form of

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  consumer disclosure being challenged here has not been used ███████ and it will not be

2  used again.  Moreover, because Plaintiff ████████████████████████████████████

3  ████████████████████████████████ – he has no standing to seek injunctive relief

4  ████████████████████████████████████████████

5  ██████  The injunctive relief claim is moot.

6      <u>Second</u>, no damages claim can be certified under Rule 23(b)(3) because individual issues

7  predominate over any common issues.  <u>See</u> <u>Comcast Corp. v. Behrend</u>, 133 S. Ct. 1426, 1432

8  (2013) ("If anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule

9  23(a).").  Among others:

10  • ██████████████████████████████████████████

11  ██████████████████████████████████████

12  ██████████████████████████████████████

13  ██████████████████████████████████████

14  ████████████████████████  <u>See, e.g.</u>, <u>Gomez v. Kroll Factual</u>

15  <u>Data, Inc.</u>, No. 13-cv-0445-WJM-KMT, 2014 WL 1456530 (D. Colo. Apr. 14, 2014)

16  (denying class certification of a claim challenging OFAC data delivery).

17  • ██████████████████████████████████████████

18  ██████████████████████████████████████████

19  ██████████████████████████████████████

20  █ ██████████████████████████████████████

21  ██████████████████████████████████████████

22  ██████████████████████████████████████████

23  ██████████████████████████████████████████

24  ██████████████████████████████████

25  • Similarly, impact cannot be assumed on the disclosure claims under FCRA Section 1681g

26  and CCRAA Sections 1785.10 and 1785.15.  Individualized issues exist relating to how the

27  disclosure material was received and read.  TransUnion is entitled to present individualized

28  evidence for each proposed class member that all the disclosure material was read together,

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

1   even if not transmitted in the same envelope.

4   Plaintiff also has not shown how classwide adjudication would be superior to individual

5   adjudication.  Even if Plaintiff's damages request is limited to statutory damages, issues of trial

6   manageability preclude certification.  Each class member's unique situation must be assessed to

7   determine where on the range of $100-$1000 statutory damages he or she might fall.  Ironically,

8   even though a classwide statutory damages award would punish TransUnion disproportionately,

9   such an award would undercompensate any class member with substantial <u>actual</u> damages, because

10  Plaintiff proposes to abandon these claims for the sake of certifying a statutory damages class.

11  Class adjudication also is not superior because class members have sufficient incentives to

12  pursue individual actions under the CCRAA and FCRA, as shown by the substantial recovery

13  obtained by the <u>Cortez</u> plaintiff.  Finally, the absence of other actions and other individuals coming

14  forward to complain about the same alleged conduct indicates that a class action is unnecessary.  If

15  anyone was truly harmed by the practices challenged here – and Plaintiff tenders no evidence that

16  anyone was, not even Plaintiff himself – a class proceeding is not superior to individual litigation.

17  For all the foregoing reasons, and those set forth below, Plaintiff's Motion should be

18  denied, and the action should proceed on an individual basis.

## II.      FACTS

**A.      The SDN List**

21  The SDN list is over 500 pages long and contains more than 10,000 records.  SDN data is

22  not standardized and many specific items lack clearly identifiable or complete information.  <u>See</u>

23  Office of Foreign Assets Control Specially Designated Nationals and Blocked Persons List,

24  http://www.treasury.gov/ofac/downloads/t11sdn.pdf (the "SDN List") (last visited April 22, 2014);

25  <u>see also</u> <u>Gomez</u>, 2014 WL 1456530, at *1.  In spite of the practical impossibility of manually

26  reviewing the SDN list, the federal government imposes severe penalties on anyone who transacts

27  with an SDN, even unintentionally.  31 C.F.R. § 501 App. A.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Nonetheless, Treasury rules provide that if a business uses "interdiction" technology to identify potentially prohibited transactions with SDNs, it can avoid punishment for inadvertent transaction with SDNs.  31 C.F.R. § 501 App. A, General Factor E.  TransUnion's Name Screen enables compliance by rapidly ruling out applicants who lack any potential name match to anyone on the SDN list.  (See Deposition of Robert Lytle ("Lytle Depo.") at 97:12-19.)[1]  Therefore, a negative Name Screen result helps to protect the lender against criminal or other liability if it transacts with a true SDN.  By contrast, a positive result alone does not prohibit any transaction, and direct purchasers of Name Screen are told this.  (See Declaration of Peter Turek ("Turek Decl.") ¶ 3, Ex. A; Deposition of Dublin Nissan ("Dublin Nissan Depo."), Ex. 5.)[2]

Often a lender will require data from multiple sources or will need further data analysis to assist with an underwriting decision.  A reseller may then purchase data from TransUnion and other sources, repackaging it to suit the end user's particular business needs, but in doing so they are subject to independent duties under the FCRA and CCRAA.  See, e.g., Waterman v. Experian Info. Solutions, Inc., No. 12-01400 SJO (PLAx), 2013 WL 675764 (C.D. Cal. Feb. 25, 2013); see also In re Dalcourt, 354 B.R. 868, 870 (Bank. N.D. Iowa 2006); Kertesz v. TD Auto Fin. LLC, No. 13 CV 1496, 2014 WL 1238549, at *3 (N.D. Ohio Mar. 25, 2014).



The Treasury Department similarly advises users of interdiction technology to refrain from immediate adverse

---

[1]  True and correct copies of excerpts of the Lytle Deposition are attached to the concurrently-filed Declaration of Stephen J. Newman ("Newman Decl.") as Exhibit A.

[2]  True and correct copies of excerpts of the Dublin Nissan Deposition are attached to the Newman Declaration as Exhibit B.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  action.  (Declaration of Michael O'Connell ("O'Connell Decl.") ¶ 4.)  Critically, OFAC directs that

2  no transaction should be rejected until the user completes all steps and is specifically informed by

3  OFAC that the subject is in fact an SDN who is blocked from transacting in the United States.  See

4  id.  When a user learns of a potential match, he has a duty to undertake a careful assessment of the

5  subject to determine whether he is or is not blocked.  Id.  If the user is not certain, he must contact

6  OFAC for guidance.  Id.



---

3  True and correct copies of excerpts of the O'Connell Deposition are attached to the Newman Declaration as Exhibit C.

4  True and correct copies of excerpts of the Accuity Deposition are attached to the Newman Declaration as Exhibit E.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**B.      Cortez**

In October 2005, plaintiff Sandra Cortez brought an individual action against TransUnion for violations of the FCRA, alleging that TransUnion confused her identity with the identity of someone with a similar name who was on the SDN list ("Sandra Cortes"), described her as a "match" to the SDN, and failed to correct its initial "match" designation.  617 F.3d at 696-701.  A jury ruled against TransUnion in April 2007; the trial court reduced the jury's award from $800,000 to $150,000, finding that the $750,000 punitive damages award "exceeded permissible limits."  Id. at 705.  Both sides appealed, but in August 2010 the Third Circuit rejected both appeals.  Post-remand, TransUnion was ordered to pay $132,000 in attorneys' fees and costs.

**C.      TransUnion's Practices Pre-Cortez**

The following factors played a role in the Cortez verdict; all were remediated before Plaintiff's transaction here.



STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

### 3. Disclosure Of OFAC Data To Consumers

Prior to the <u>Cortez</u> decision, when consumers requested disclosure of their credit files, TransUnion did not perform a Name Screen or advise them that they would be reported as a match or potential match to OFAC data.  <u>See id.</u> at 704.

### 4. Dispute Of Potentially Matching SDN Data

Prior to <u>Cortez</u>, there was no mechanism in place for consumers to dispute their Name Screen results.  <u>See id.</u> at 705.

## D. Changes To TransUnion's Practices In Response To <u>Cortez</u>

All of the above items were remediated, and Plaintiff identifies <u>no one</u> who suffered any actual harm as a result of TransUnion's post-<u>Cortez</u> procedures.  Indeed, Plaintiff himself suffered no actual damages.  (<u>See</u> Deposition of Sergio L. Ramirez ("Ramirez Depo.")[5] at 14:7-17, 21:14-21, 22:13-24:9, 25:24-26:2, 27:17-28:5, 49:3-6; Deposition of Liseth Villegas ("Villegas Depo.")[6] at 18:1-20, 37:13-16, 41:6-42:3, 48:1-18.)



[5]  True and correct copies of excerpts of the Ramirez Deposition are attached to the Newman Declaration as Exhibit D.

[6]  True and correct copies of excerpts of the Villegas Deposition are attached to the Newman Declaration as Exhibit I.

LA 51739125

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**2.**

---

[7] True and correct copies of excerpts of the Acharya Deposition are attached to the Newman Declaration as Exhibit F.

[8] True and correct copies of excerpts of the Gill Deposition are attached to the Newman Declaration as Exhibit G.

### 3.    Disclosure Of OFAC Data To Consumers

In response to <u>Cortez</u>, when consumers request disclosure of their credit files, TransUnion now performs a Name Screen and discloses to consumers all potentially matching data. (Deposition of Sean Walker ("Walker Depo.") at 51:8-52:11.)[9]

Before Ramirez's transaction, TransUnion implemented procedures to disclose potential OFAC results to consumers who requested copies of their credit files.  (<u>Id.</u> at 67:1-8.)  Because it was impossible for TransUnion to reconfigure its systems immediately after <u>Cortez</u> to allow this information to be obtained and incorporated in existing consumer disclosure forms, TransUnion implemented the temporary solution of running Name Screens after the credit data was compiled, and sending an OFAC-specific letter as soon as possible in a separate envelope.  (<u>Id.</u> at 67:16-68:12.)  Typically, the delay was less than one day; disclosures would be batched at the end of the day, the Name Screen would be run, and when necessary an OFAC letter would be generated.  (<u>Id.</u> at 52:8-16, 56:5-57:13.)  In Ramirez's case, the main disclosure was sent on February 28, 2011 and the separate OFAC letter was sent the next day.  (<u>See</u> Ramirez Depo., Exs. 6-7.)  Ramirez testified that he could not remember which he received first; he probably received both in the same mail delivery and read them together.  (<u>Id.</u> at 40:15-43:5.)

Since ▮▮▮▮▮▮▮▮▮▮▮ OFAC information has been incorporated into the overall disclosure package, rather than sent in a separate envelope.  (Lytle Depo. at 70:5-21.)  TransUnion has no plans or reason to revert to the earlier temporary solution.  (Walker Depo. at 67:16-68:12.)

### 4.    Dispute Of Potentially Matching SDN Data

In response to <u>Cortez</u>, TransUnion established a procedure allowing consumers to prevent delivery of potentially matching SDN data to Name Screen users by requesting "reinvestigation." (Lytle Depo. at 223:22-224:18.)  Section 1681i of the FCRA and Section 1785.16 of the CCRAA govern reinvestigation procedures, and there is no claim that TransUnion's current OFAC procedures violate these provisions or <u>Cortez</u>.

---

[9] True and correct copies of excerpts of the Walker Deposition are attached to the Newman Declaration as Exhibit H.

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086



LA 51739125

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

**b)**

In light of Treasury's stated purpose for interdiction technology,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  it was accurate for these results to be delivered by TransUnion, in response to a Name Screen

2  request, for further human review.  (Cronshaw Decl. ¶¶ 9, 18, 46.)



24  **2.  Disclosure Of OFAC Data To Ramirez**

25      As set forth above, in order to respond immediately to the Third Circuit's guidance in

26  <u>Cortez</u>, TransUnion implemented the temporary solution of running Name Screens after the credit

27  data was compiled, and separately disclosing OFAC information as soon as possible.  (Walker

28  Depo. at 67:16-68:12.)  At the time, use of a separate letter was the fastest way to ensure prompt

1  disclosure of OFAC information, but as soon as TransUnion developed the capability to disclose

2  OFAC information in the same package with traditional credit data (in July 2011), it did so.

3  (Walker Depo. at 67:16-68:12; Lytle Depo. at 70:5-21.)

4

5

6

7

8     Plaintiff admits receiving the remainder of the credit file disclosure and statement of rights

9  in the mail at approximately the same time as he received the OFAC letter.  (Ramirez Depo. 43:1-5,

10  Exs. 6-7.)  When he read this material together, he understood how to contact TransUnion to

11  request reinvestigation of the SDN items, and successfully did so.  (Id. at 54:5-56:8.)  He admits

12  that these items are no longer associated with his credit file, and that he has applied for credit

13  recently without any delay or denial resulting from an OFAC alert.  (Ramirez Depo. at 44:21-46:4,

14  46:14-47:8, Ex. 8.)[13]

15     Neither Plaintiff nor anyone else has identified any adverse impact resulting from how

16  TransUnion disclosed OFAC items to consumers during the short transitional period when OFAC

17  information was sent in a separate envelope.

18

19

20

21

22

23  _____

24  [11]

25  [12]  Free annual disclosures must be provided within fifteen days.  See 15 U.S.C. § 1681j(a)(2).
Here, both the main disclosure and the OFAC letter were sent within fifteen days and Plaintiff's

26  testimony confirms that they were also received within fifteen days.  (Ramirez Depo. at 41:20-
42:22, 43:1-5, Exs. 6 and 7.)  There is no requirement of instant disclosure via telephone.

27

28  [13]

LA 51739125                                    - 16 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### 3.   Dispute Of Potentially Matching SDN Data

Within a week of Plaintiff's sending a letter to TransUnion confirming his identity and requesting that SDN data not be associated with his credit file, TransUnion granted Plaintiff's request and confirmed to him in writing that ███████████████████████ would no longer be associated with his file.  (Ramirez Depo. 46:14-47:8, 54:5-55:19, Exs. 8-9; <u>see also</u> Lytle Depo. at 223:22-224:18.)  This occurred eleven months before the present litigation was filed.



STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51739125

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

1

2

### III.   ARGUMENT

**A.   Legal Standards For Class Certification**

Class certification "is proper only if the 'trial court is satisfied, <u>after a rigorous analysis</u>, that the prerequisites of Rule 23(a) have been satisfied.'" <u>Wal-Mart</u>, 131 S. Ct. at 2551 (emphasis added) (citations omitted).  Rule 23(a) requires a plaintiff to demonstrate:  (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality (named parties' claims or defenses "are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").  <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613 (1997) (citing Fed. R. Civ. P. 23(a)).  Rule 23(b)(3) further requires a plaintiff to show that "[(1)] [c]ommon questions . . . 'predominate over any questions affecting only individual members'; and [(2)] class resolution [is] 'superior to other available methods for the fair and efficient adjudication of the controversy.'" <u>Id.</u> at 615 (quoting Fed. R. Civ. P. 23(b)(3)); <u>see also</u> <u>In re Google Inc. Gmail Litig.</u>, No. 13-md-02430, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014).  Alternatively, Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." <u>Wal-Mart</u>, 131 S. Ct. at 2557.  Plaintiffs bear the burden of showing that each prerequisite has been satisfied.  <u>See</u> <u>Berger v. Home Depot USA, Inc.</u>, 741 F.3d 1061, 1067 (9th Cir. 2014).

Analysis of a class certification motion will "entail some overlap with the merits of the plaintiff's underlying claim" because "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." <u>Wal-Mart</u>, 131 S. Ct. at 2551-52; <u>In re Hydrogen Peroxide Antitrust Litig.</u>, 552 F.3d 305, 317 (3d Cir. 2008) (Rule 23 requires a "thorough examination of the factual and legal allegations . . . [and] may

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

[15]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1   include a 'preliminary inquiry into the merits'").  The plaintiff must prove each element of Rule 23

2   by a preponderance of the evidence.  <u>Id.</u>; <u>In re Initial Pub. Offerings Sec. Litig.</u>, 471 F.3d 24, 41

3   (2d Cir. 2006); <u>Comcast</u>, 133 S. Ct.  at 1432; <u>Berger</u>, 741 F.3d at 1067.  Here, Plaintiff's Motion

4   does not withstand the rigorous scrutiny that is required for certification of his claims.

5   **B.      Typicality Under Rule 23(a)(3) Is Lacking.**

6   **1.      Plaintiff Is Not Typical Because His Experience Was Unique.**

7   Under Rule 23(a)(3), certification is proper only if "the claims or defenses of the

8   representative parties are typical of the claims or defenses of the class."  "The purpose of the

9   typicality requirement is to assure that the interest of the named representative aligns with the

10  interests of the class."  <u>Hanon v. Dataproducts Corp.</u>, 976 F.2d 497, 508 (9th Cir. 1992); <u>see</u>

11  <u>Soutter v. Equifax Info. Servs., LLC</u>, 498 F. App'x 260, 264 (4th Cir. 2012).

12  <u>Soutter</u> is instructive here.  In that case, the Equifax credit bureau successfully challenged

13  certification of a class of consumers with potentially inaccurate judgments on their credit reports on

14  the grounds that plaintiff's claim was "typical" only on an "unacceptably general level," and that

15  "her claim ha[d] 'meaningful differences' from the class she [sought] to represent."  498 F. App'x

16  at 265.  There was a "'substantial gap' . . . between [plaintiff's] proof and that of class members."

17  <u>Id.</u> at 266 (internal citations omitted).  Here, Plaintiff is not typical for the following reasons:





- Finally, typicality is lacking because of the unique issues relating to SDN entries containing Spanish-language paternal and maternal surnames. (Cronshaw Decl. ¶ 18.)

### 2. Plaintiff Is Not Typical Because His Claims Are Subject To Unique Defenses.

Typicality also is lacking because "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." See Hanon, 976 F.2d at 508 (citation omitted); see also Drake v. Morgan Stanley & Co., No. CV 09-6467 ODW (RCx), 2010 WL 2175819, at *4-5 (C.D. Cal. Apr. 30, 2010); Kandel v. Brother Int'l Corp., 264 F.R.D. 630, 633 (C.D. Cal. 2010). "[I]f unique defenses exist that threaten to divert the focus of the litigation to the detriment of the class as a whole, the typicality requirement is not satisfied." Graham v. Overland Solutions, Inc., No. 10-CV-672 BEN (BLM), 2011 WL 1769610, at *2 (S.D. Cal. May 9, 2011); see also Ellis v. Costco Wholesale Corp., 657 F.3d 970, 986-87 (9th Cir. 2011) (vacating ruling as to typicality because district court "failed to consider the effect that defenses unique to the named Plaintiffs' claims have on that question").



STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

**C.    Plaintiff Fails To Establish Commonality Under Rule 23(a)(2).**

**1.    There Is No Commonality On Plaintiff's Accuracy Claims.**

As in other FCRA and CCRAA actions, Plaintiff's claims here are unsuitable for common classwide proof.  Thus the Motion fails the test of Rule 23(a)(2).  Courts generally disfavor certification of FCRA and CCRAA claims and, in particular, find that accuracy claims asserted under these statutes lack commonality.  <u>See, e.g.</u>, <u>Grimes v. Rave Motion Pictures Birmingham, L.L.C.</u>, 264 F.R.D. 659, 665 (N.D. Ala. 2010) (class certification in FCRA case denied because individual inquiry necessary of the facts relevant to each consumer's circumstances); <u>Klotz v. Trans Union LLC</u>, 246 F.R.D. 208, 216 (E.D. Pa. 2007) (denying certification in FCRA case because "whether the disputed information was inaccurate" is an issue "that must be determined individually"); <u>Gardner v. Equifax Info. Servs., LLC</u>, No. 06-3102, 2007 WL 2261688, at * 7 (D. Minn. Aug. 6, 2007) ("Issues such as the reasonableness of [a credit reporting agency's] conduct along with a determination of the willfulness of the violation are of such an individual nature that maintenance of a class action would become unwieldy.").

In this case, whether each communication was accurate as to each individual simply cannot be determined through common proof.  Rather, an individualized analysis of each OFAC record and consumer would be required.

**2.    There Is No Commonality On Plaintiff's Disclosure Claims.**

Commonality also is lacking on the proposed disclosure claims.

TransUnion's temporary method of disclosing OFAC information in a separate letter was in fact effective to advise putative class members of their rights.

1

2

3

4          Even though the main disclosure

5 and the separate OFAC letter were mailed one day apart, Ramirez probably received both on the

6 same day and read them together.  (See Ramirez Depo. at 40:15-43:5.)  It cannot be determined on

7 common basis who in the proposed class read the main disclosure and the separate OFAC letter

8 together as a single disclosure, and who did not.  See, e.g., Luiken v. Domino's Pizza, LLC, 705

9 F.3d 370 (8th Cir. 2013) (putative class of pizza delivery drivers failed to meet commonality

10 requirement since independent circumstances determined whether each specific customer had

11 reasonably construed delivery charge as a payment for personal services); Stukenberg v. Perry, 675

12 F.3d 832, 839 (5th Cir. 2012) ("the Wal-Mart decision has heightened the standards for

13 establishing commonality under Rule 23(a)(2), rendering the district court's analysis insufficient");

14 In re Montano, 488 B.R. 695, 712 (Bankr. D.N.M. 2013) (finding class claims lacked commonality

15 because class members would have to put on individualized evidence).  None of Plaintiff's claims

16 satisfy Rule 23(a)(2).

17          **3.      Damages Issues Destroy Commonality.**

18          Plaintiff's request for statutory damages does not lighten his burden of rigorous proof.  See,

19 e.g., Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309-10 (2013) ("Nor does

20 congressional approval of Rule 23 establish an entitlement to class proceedings for the vindication

21 of statutory rights . . . .  The Rule imposes stringent requirements for certification that in practice

22 exclude most claims."); see also Glatt v. The PMI Grp., Inc., No. 2:03-cv-326-FTM-29SPC, 2004

23 U.S. Dist. LEXIS 28927, at *15-16 (M.D. Fla. Sept. 7, 2004) (even where plaintiff limits the claim

24 to statutory damages, individualized issues still exist as to the amount of statutory damages and as

25 to whether the defendant acted willfully as to each putative class member; class certification

26 denied); Gomez, 2014 WL 1456530 (denying certification in spite of plaintiff's limitation of suit to

27 statutory damages claims).  Plaintiff cannot end-run Rule 23(a)(2) by limiting his remedy to

28 statutory damages.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**D.      Plaintiff Fails To Establish Numerosity Under Rule 23(a)(1).**

A class cannot be certified unless its membership is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  When the class is limited to the most typical population (i.e., those individuals that were the subject of a third party report with OFAC information that later obtained a copy of the report and then disputed the OFAC information), it is no longer numerous.

See, e.g., Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546 (11th Cir. 1986) ("while there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.") (internal citations and quotations omitted). There is no cohesive numerous group here.  See, e.g., Amchem, 521 U.S. at 624.  No certifiable class exists.

**E.      Plaintiff Fails To Demonstrate Adequacy Under Rule 23(a)(4).**

To certify a class, Plaintiff must demonstrate that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).  In making this determination, courts consider whether (1) "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and (2) "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003).  Moreover, "adequacy of representation may be defeated when litigation of the matter could be overwhelmed by disposition

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   of unique defenses." See Gartin v. S & M NuTec LLC, 245 F.R.D. 429, 434 (C.D. Cal. 2007).

2   "The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the

3   plaintiff class may destroy the required typicality of the class as well as bring into question the

4   adequacy of the named plaintiff's representative." Graham, 2011 WL 1769610, at *2.

5   ████████████████████████████████████████████████████████

6   ████████████████████████████████████████   Plaintiff also is not an

7   adequate class representative based on mootness principles.  As set forth below, Plaintiff's

8   injunctive relief claims are moot because the challenged conduct has ceased and cannot reasonably

9   be expected to recur.  Plaintiff's claims also are moot under Fed. R. Civ. P. 68 because he testified

10  that he seeks no actual damages and only $5,000 in statutory damages.  (Ramirez Depo. at 49:3-6.)

11  Accordingly, TransUnion served Plaintiff an offer of judgment pursuant to Rule 68 for $5,001.00

12  plus reasonable attorneys' fees and costs.  Plaintiff did not accept the offer of judgment and instead

13  allowed it to lapse, thus mooting his claims.  The Court denied TransUnion's motions on this

14  subject on March 15, 2013 (Dkt. No. 76) and July 17, 2013 (Dkt. No. 100), but TransUnion renews

15  its prior arguments here to preserve them.

16  **F.**      **No Class May Be Certified Under Rule 23(b)(2).**

17          **1.**      **Because Plaintiff Seeks An Award Of Monetary Damages, No Class Can Be**
18                   **Certified Under 23(b)(2).**

19          "'[I]ndividualized monetary claims belong in Rule 23(b)(3)' rather than Rule 23(b)(2)."

20  Wang v. Chinese Daily News, Inc., 737 F.3d 538, 544 (9th Cir. 2013) (quoting Wal-Mart, 131 S.

21  Ct. at 2558); accord Ellis, 657 F.3d at 986-87; Ries v. Ariz. Beverages USA LLC, 287 F.R.D. 523,

22  541 (N.D. Cal. 2012), ("Although plaintiffs describe their pursuit of monetary relief as secondary

23  to their desire for corrective advertising and cessation of the allegedly deceptive labeling practices

24  when arguing for class certification, based on the entire record in this case it is clear the monetary

25  relief predominates"), appeal dismissed (Jan. 25, 2013); Ortiz v. CVS Caremark Corp., No. C-12-

26  05859 EDL, 2013 WL 6236743, at *4 (N.D. Cal. Dec. 2, 2013) ("Only Rule 23(b)(3) could provide

27  a basis for class certification here" because "Plaintiffs are seeking primarily monetary damages").

28

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1     Here, Plaintiff primarily seeks individual monetary relief to each potential class member of

2 between $100 and $1,000 for consumers outside of California and between $100 and $5,000 for

3 those in California.  (See Compl. ¶¶ 103, 110.)  The monetary relief dominates the relief requested

4 overall.  Because the bulk of the proof required here is directed towards monetary damages, and

5 because individualized monetary awards are requested, certification under Rule 23(b)(2) is barred

6 by Wal-Mart.  See 131 S. Ct. at 2558.

7     **2.     Plaintiff's Claims For Injunctive Relief Are Moot Because The Challenged**

8 **Conduct Has Ceased And Cannot Reasonably Be Expected To Recur.**

9     The injunctive relief sought on the California claims also does not justify Rule 23(b)(2)

10 certification.  These claims are moot.  "[O]nce it is 'absolutely clear' that challenged conduct

11 cannot 'reasonably be expected to recur' . . . the fact that some individuals may base decisions on

12 conjectural or hypothetical speculation does not give rise to the sort of concrete and actual injury

13 necessary to establish Article III standing . . . ."  Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013);

14 Rosebrock v. Mathis, __ F.3d __, No. 11-56256, 2014 WL 982897, at *7 (9th Cir. Mar. 14, 2014)

15 (holding injunctive relief claims were moot where "the challenged conduct cannot reasonably be

16 expected to recur."); Clerisy Corp. v. Airware Holdings, Inc., No. CV 12-2110-PHX-PGR, 2013

17 WL 6252428, at *1 (D. Ariz. Dec. 4, 2013) (finding that execution of "covenant not to sue

18 Defendants" over patents met "burden of showing that [plaintiffs] cannot reasonably be expected to

19 sue, thereby mooting the case"); Pac. Nw. Reg'l Council of Carpenters v. Laborers Int'l Union of

20 N. Am., No. C11-1164 MJP, 2013 WL 5674984 (W.D. Wash. Oct. 16, 2013) (case mooted by

21 permanent change in behavior).

22     Plaintiff is not entitled to injunctive relief because there is no recurring conduct to enjoin.

23 The SDN items transmitted to the Dublin Nissan dealership are no longer associated with

24 Plaintiff's credit file.  (Ramirez Depo. at 46:14-47:8.)  Plaintiff does not allege that the error has

25 ever recurred.  The manner of disclosure challenged in the Complaint ceased use in ████████ and

26 it has not been used again, nor will it be.  (Lytle Depo. at 70:5-21; Deposition of Steven Katz at

27

28

- 26 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

41:15-17.)[16]  The challenged manner of disclosure was only a temporary measure designed to achieve immediate compliance with <u>Cortez</u> pending engineering of the systems necessary to produce an integrated disclosure.  (Walker Depo. at 67:16-68:12.)  TransUnion has no reason to reinstitute what was always intended to be a stopgap solution to achieve immediate compliance with <u>Cortez</u>.  (Lytle Depo. at 70:5-21.)  Plaintiff cannot certify a class under Rule 23(b)(2) because the injunctive relief claims are moot.

**G.     No Class May Be Certified Under Rule 23(b)(3).**

    **1.     A FCRA Section 1681e(b) Class Or CCRAA Section 1785.14(b) Class Cannot Be Certified Because Determining Accuracy Requires Individualized Inquiry.**

Class certification also is inappropriate here because, even if Plaintiff can establish the presence of some common issues, individualized issues predominate, such that Rule 23(b)(3) is not satisfied.  Under Rule 23, "[p]redominance is found when common questions represent a significant part of the case and can be resolved for all members of the class in a single adjudication."  <u>See</u> <u>Boone v. City of Philadelphia</u>, 668 F. Supp. 2d 693, 708 (E.D. Pa. 2009); <u>see also</u> <u>Comcast</u>, 133 S. Ct. at 1432 ("If anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a).").  Critically, last week the District of Colorado denied class certification under Rule 23(b)(3) in a case challenging an OFAC product brought by the same attorneys who represent Plaintiff here.  <u>See</u> <u>Gomez</u>, 2014 WL 1456530.

In <u>Gomez</u>, plaintiff sought to certify a class of U.S. residents for whom defendant Kroll issued a credit report containing an "OFAC Compliance" section with the notice that "records are similar" to SDN entries described on the report.  2014 WL 1456530, at *1.  Plaintiff sought only statutory damages on behalf of the putative class.  Although the Court had "significant reservations" about whether plaintiff "met his burden with respect to a number of the Rule 23(a) prerequisites – particularly commonality and typicality – in the interests of judicial economy," the Court assumed that those factors were satisfied and focused its analysis on Rule 23(b)(3).  <u>Id.</u> at *2.  The Court denied plaintiff's motion for class certification on the grounds that several issues,

---

[16]  True and correct copies of excerpts of the Katz Deposition are attached to the Newman Declaration as Exhibit J.

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1   including whether the credit report was inaccurate, and whether defendant willfully failed to

2   comply with the FCRA, must be determined individually.  Therefore, plaintiff failed to show that

3   common issues predominate and, as a result, could not satisfy Rule 23(b)(3).  Id. at *4.

4          A key factual question for every FCRA Section 1681e(b) claim or CCRAA Section

5   1785.14(b) claim is accuracy, and thus many courts recognize that these claims cannot be litigated

6   on a class basis, because the accuracy or inaccuracy of each consumer's credit report is a highly

7   individualized issue.  See, e.g., Owner–Operator Indep. Drivers Ass'n v. USIS Commercial Servs.,

8   537 F.3d 1184, 1194 (10th Cir. 2008) (affirming denial of class certification request under 15

9   U.S.C. § 1681e(b) and noting that "whether a report is accurate may involve an individualized

10  inquiry"); Farmer v. Phillips Agency, Inc., 285 F.R.D. 688, 703 (N.D. Ga. 2012) (denying class

11  certification request under 15 U.S.C. § 1681k for failure to meet predominance requirement

12  because individual inquiries for each consumer would be required, including with respect to

13  accuracy); Harper v. Trans Union, LLC, No. 04-3510, 2006 WL 3762035 (E.D. Pa. Dec. 20, 2006)

14  (finding individualized inquiry was required for accuracy claim); Pendleton v. Trans Union Sys.

15  Corp., 76 F.R.D. 192 (E.D. Pa. 1977) (finding common questions of law or fact did not

16  predominate in FCRA action).

17         As set forth above, multiple issues here should be determined individually ███████████

18  ████████████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████████████

22  As in Gomez, Plaintiff fails to show that common issues of law and fact predominate over

23  individual issues.  No class can be certified here under Rule 23(b)(3).

**2.      No Class Can Be Certified Because Causation And Fact Of Damage Cannot Be
Established For Any Claim On A Classwide Basis.**

26         Many courts also recognize that, even for a statutory damages claim, each plaintiff must

27  establish some quantum of actual damages, and in the absence of real-world impact, the plaintiff

28  lacks standing to recover statutory damages.  Need for individualized proof of impact also defeats

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

certification of many FCRA and CCRAA claims, because a certified class may not include non-injured parties.  See Harper, 2006 WL 3762035, at *8-9 (denying class certification for alleged Section 1681e(b) violation because court refused "to hold that a willful and/or negligent violation of the FCRA exposes CRAs to liability with no factual inquiry into whether the absent class members were injured by the violation"); Trujillo v. First Am. Registry, Inc., 68 Cal. Rptr. 3d 732, 737 (Cal. Ct. App. 2007) (statutory and punitive damages claim under CCRAA cannot survive without a showing of some actual harm); see also Stout v. J.D. Byrider, 228 F.3d 709, 718 (6th Cir. 2000) (affirming denial of class certification, in part because of the impossibility of proving proximate causation on a classwide basis); Endres v. Wells Fargo Bank, No. C 06-7019 PJH, 2008 WL 344204, at *12 (N.D. Cal. Feb. 6, 2008) (denying class certification because "any determination of actual injury would require individualized analysis as to each class member"); Ali v. U.S.A. Cab Ltd., 176 Cal. App. 4th 1333, 1350 (2009) ("When variations in proof of harm require individualized evidence, the requisite community of interest is missing and class certification is improper.").

In Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir. 2014), the Ninth Circuit recently held that statutory damages claims under the FCRA do not require specific pleading of actual harm.  To support its finding, the Ninth Circuit relied on its prior decision in Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir. 2010), which stated that "the violation of a statutory right is usually a sufficient injury in fact to confer standing."  Robins is distinguishable from this case because the Ninth Circuit acknowledges that its ruling applies at the pleading stage, where "general factual allegations of injury resulting from the defendant's conduct may suffice," and that "more may be required at later stages of the litigation."  742 F.3d at 412.  Edwards did not deal with the FCRA and also is distinguishable from the case at bar.

As set forth above, impact cannot be assumed on either Plaintiff's accuracy or his disclosure claims.  ███████████████████████████████

███████████████████████████████

███████████████████████████████

██████  Similarly, impact cannot be assumed on the disclosure claims because it cannot be

1   known whether failure to include the statement of rights a second time in the separate OFAC letter

2   did or did not discourage any particular consumer from requesting reinvestigation of OFAC

3   information.  To the contrary, ███████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████████████

5   Individualized, consumer by consumer assessment of each of these issues is essential to allowing

6   TransUnion a fair opportunity to defend against the claims.

**3.      Individual Questions Of Fact Predominate In These Actions.**

8        The proof necessary to establish Plaintiff's claims requires individual treatment.  On the

9   accuracy claims, an individualized analysis of each OFAC record and consumer would be required,

10  including: ██████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  █████████████████████████████████████████████████████████████████████

13  █████████████████████████████████████████████████████████████████

14  ██████████████████████████████████    On the disclosure claims, an

15  individualized analysis would be required as to:  (1) the effect, if any, of not receiving a second

16  copy of a statement of rights; and (2) the effect of receiving a disclosure in two mailings, but

17  contemporaneously.

18       The Ninth Circuit's ruling in <u>Mazza v. Am. Honda Motor Co., Inc.</u>, 666 F.3d 581 (9th Cir.

19  2012), is particularly instructive here.  In <u>Mazza</u>, defendant Honda appealed the district court's

20  decision certifying a nationwide class of all consumers who purchased or leased Acura RLs

21  equipped with a specific braking system.  666 F.3d at 585.  Plaintiffs alleged that certain

22  advertisements misrepresented the characteristics of the braking system and omitted material

23  information.  The Ninth Circuit vacated the class certification order, partly on the grounds that

24  "common questions of fact do not predominate where an individualized case must be made for

25  each member showing reliance" on the allegedly misleading advertising.  <u>Id.</u> at 596.  Here, such an

26  individualized analysis would be required to determine whether and how individual consumers

27  relied (or did not rely) on the format of the OFAC disclosure.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

   **4.     A Class Action Is Not Superior To Individual Litigation.**

2

         **a)     Individual Proof Is Required To Establish Class Members' Entitlement To And Amount Of Statutory Damages, Causing Individual Issues To Predominate And The Class To Be Unmanageable.**

3

4

   Even if Plaintiff's damages request is limited to statutory damages, issues of trial

5

manageability still preclude certification.  Each class member's unique situation must be assessed

6

to determine where on the range of $100-$1,000 statutory damages he or she might fall.  <u>See</u>

7

<u>Antoninetti v. Chipotle Mex. Grill, Inc.</u>, No. 06CV02671 BTM WMC, 2012 WL 3762440, at *6

8

(S.D. Cal. Aug. 28, 2012) <u>reconsideration denied</u>, No. 06CV02671 BTM WMC, 2013 WL 149722

9

(S.D. Cal. Jan. 14, 2013) (finding individual issues predominated in action seeking statutory

10

damages because "each putative class member's entitlement to damages hinges on factual

11

determinations requiring individualized proof.  Even if some of the factual issues could be resolved

12

on a class-wide basis . . ., the issues requiring individualized proof would still predominate" where

13

each class member would need to describe their own experience with defendant's facilities to

14

recover under ADA); <u>Moeller v. Taco Bell Corp.</u>, No. C 02–5849, 2012 WL 3070863, at *5 (N.D.

15

Cal. Jul. 26, 2012) (finding no predominance because it was "impossible to make an across-the-

16

board conclusion as to the recovery of damages by any class member.") (footnote omitted).

17

         **b)     Forcing Individual Class Members To Abandon Their Individual Damages Claims In Favor Of Lesser Recovery In A Class Action Weighs Against Superiority.**

18

19

   A class action is not superior to individual actions here because any class members with

20

substantial actual damages (if any; no evidence suggests that these exist) are forced to abandon

21

those damages.  <u>See</u> <u>Zinser v. Accufix Research Inst., Inc.</u>, 253 F.3d 1180 (9th Cir. 2001) (finding

22

that large damages suffered by each class member weighs against superiority); <u>Haley v. Medtronic,</u>

23

<u>Inc.</u>, 169 F.R.D. 643, 652 (C.D. Cal. 1996) (addressing "the interest of each member in

24

'individually controlling the prosecution or defense of separate actions'" under Rule 23(b)(3)(A):

25

"This factor is most relevant where each class member has suffered sizeable damages or has an

26

emotional stake in the litigation."); <u>Smith v. City of Oakland</u>, No. C-06-07171 MMC, 2008 WL

27

2439691, at *1 (N.D. Cal. June 16, 2008) (holding that "the potential for substantial damages

28

coupled with the applicability of fee-shifting statutes, plaintiffs have failed to show a class action is

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   'superior to other available methods for fairly and efficiently adjudicating the controversy'").  Any

2   class members with actual damages also would give up a more favorable burden of proof if their

3   claims are included in the proposed class.  Compare 15 U.S.C. § 1681n(a) (willfulness must be

4   proven to recovery statutory damages) and Cal. Civ. Code § 1785.31(a)(2) (same) with 15 U.S.C. §

5   1681o(a) (actual damages may be recovered if negligent non-compliance is proven) and Cal. Civ.

6   Code § 1785.31(a)(1) (same).  To the extent the practices challenged here actually harmed anyone,

7   the class device offers a poor remedy.

8               **c)      A Class Action Is Not Necessary To Ensure Rights Are Vindicated**
               **Because The FCRA And CCRAA Both Permit Recovery Of Attorneys'**
9               **Fees By Prevailing Plaintiff.**

10          Nor is a class action necessary to vindicate the rights of any injured consumer.  Class

11   members have sufficient incentives to pursue individual actions under the CCRAA and FCRA

12   because both statutes permit recovery of attorneys' fees by a prevailing plaintiff.  See 15 U.S.C. §

13   1681n(a)(3); Cal. Civ. Code § 1785.31(d); Antoninetti, 2012 WL 3762440, at *7 (finding "no

14   advantage with respect to judicial economy in certifying the issue of whether putative class

15   members are entitled to statutory damages under the Unruh Act" and finding class action

16   "unnecessary" because statute allows for recovery of attorneys' fees); Seig v. Yard House Rancho

17   Cucamonga, LLC, No. CV 07-2105 PA (MANx), 2007 WL 6894503, at *6 (C.D. Cal. Dec. 10,

18   2007) (finding that individual actions were superior given the availability of attorneys' fees awards

19   and that "some of the concerns that might favor certification in other consumer protection schemes

20   that limit statutory damages or do not provide for the recovery of statutory damages or attorney's

21   fees are not present here"); Serna v. Big A Drug Stores, Inc., No. SACV 07-0276 CJC, 2007 WL

22   7665762, at *6 (C.D. Cal. Oct. 9, 2007) (finding class action was not "'superior' to individual

23   actions when litigants can win attorneys' fees, costs and punitive damages if successful").

24               **d)      The Absence Of Other Actions Or Consumers Joining This Action**
               **Indicates The Lack Of A Population That Needs Help Through Class**
25               **Certification.**

26          The usual rule of litigation is for individuals to pursue claims on their own behalf

27   individually, and collective litigation is the exception, not the rule.  See, e.g., Comcast, 133 S. Ct.

28

LA 51739125                                                - 32 -

DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:12-cv-00632-JSC

1    at 1432 ("The class action is an exception to the usual rule that litigation is conducted by and on

2    behalf of the individual named parties only.") (internal citations and quotations omitted).  No

3    consumers other than Plaintiff have sued over the alleged name mismatch challenged here, nor

4    have any other consumers joined this long-running lawsuit, in spite of its publication via the

5    internet.  (See Dkt. Nos. 51, 59, 67 and 77.)  The lack of other consumers coming forward to

6    complain of the same alleged conduct indicates a lack of harm and injustice that that a class action

7    would need to remedy.  Plaintiff identifies no one but himself desiring judicial action here.  This

8    too speaks against certification.

## IV.    CONCLUSION

10         For the foregoing reasons, TransUnion respectfully requests that the Court deny Plaintiff's

11   Motion for Class Certification.

12   Dated:  April 25, 2014                STROOCK & STROOCK & LAVAN LLP
                                           JULIA B. STRICKLAND
13                                         STEPHEN J. NEWMAN
                                           BRIAN C. FRONTINO
14                                         JASON S. YOO

16                                 By:          /s/ Stephen J. Newman
17                                              Stephen J. Newman

18                                       Attorneys for Defendant
                                         TRANS UNION LLC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## CERTIFICATE OF SERVICE

I hereby certify that, on April 25, 2014, a copy of the foregoing **DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.


_____/s/ Stephen J. Newman_____
Stephen J. Newman

LA 51739125