STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
STEPHEN J. NEWMAN (State Bar No. 181570)
BRIAN C. FRONTINO (State Bar No. 222032)
JASON S. YOO (State Bar No. 261114)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
 TRANS UNION LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-00632-JSC<br><br>[Assigned to the Honorable Jacqueline Scott Corley]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TRANS UNION LLC FOR CLARIFICATION OF JULY 24, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY CLASS**<br><br>**[F.R.C.P. 23(c)(1)(C)]**<br><br><u>Hearing</u><br>Date: January 22, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom F - 15th Floor |

MOTION OF DEFENDANT TRANS UNION LLC FOR CLARIFICATION OF JULY 24, 2014
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY CLASS
Case No. 3:12-cv-00632-JSC

LA 51818966v2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 22, 2015 at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom F of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Trans Union LLC ("TransUnion") will and hereby does move this Court pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure for clarification of the Order Granting in Part and Denying in Part the Motion to Certify Class, entered by the Court on July 24, 2014. Specifically, TransUnion requests that the Court confirm, in accordance with well-established law, that the 15 U.S.C. § 1681e(b) "reasonable procedures" class will be limited to those individuals for whom a consumer report with Name Screen data was actually sold to a third party.

The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice and upon such other or further material and argument that may be presented at or before the hearing on the Motion.

Dated: December 18, 2014              Respectfully Submitted,

                                      STROOCK & STROOCK & LAVAN LLP
                                      JULIA B. STRICKLAND
                                      STEPHEN J. NEWMAN
                                      BRIAN C. FRONTINO
                                      JASON S. YOO


                                      By:    */s/ Stephen J. Newman*
                                      _____
                                             Stephen J. Newman

                                      Attorneys for Defendant
                                      TRANS UNION LLC

LA 51818966v2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Trans Union LLC ("TransUnion") respectfully requests that the Court modify its July 24, 2014 Order Granting in Part and Denying in Part Class Certification (the "Order") to specifically state that the 15 U.S.C. § 1681e(b) "reasonable procedures" class will be limited to those individuals for whom a consumer report with Name Screen data was actually sold to a third party. The Order does not specifically address the point raised repeatedly in TransUnion's opposition to Plaintiff's motion for class certification and at the May 29, 2014 hearing on Plaintiff's motion that not everyone who received the disclosure letter also had a report sold about them. See Transcript of May 29, 2014 Hearing on Plaintiff's Motion for Class Certification at 24:2-12 (Court: "But if it's not shared with any third party, do you still have a claim for an accurate report? . . . [M]y understanding is for 6,000 of the class members or so . . . [i]t was never sent out to a third party."); Dkt. No. 128 at 25 ("However, only 1,853 had potentially matching Name Screen data delivered to a potential credit grantor"), 32 (same). The Court should modify the Order before class notice is disseminated, because the notices should differ based on whether the class member actually had Name Screen data sold to a third party, and should specifically identify which claims will be pursued on the consumer's behalf.

## II. ARGUMENT

As an initial matter, the Court is authorized to modify the Order pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), which provides, "An order that grants or denies class certification may be altered or amended before final judgment." See also Astiana v. Kashi Co., 295 F.R.D. 490, 492 (S.D. Cal. 2013) ("the district court retains flexibility and is free to modify a class definition in light of developments during the course of litigation"); Marlo v. UPS, 251 F.R.D. 476, 479 (C.D. Cal. 2008) ("The district court's order to grant class certification is subject to later modification, including class decertification"); Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 273 F.R.D. 562, 565 (N.D. Cal. 2011) ("Rule 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal

LA 51818966v2

proceedings before the court.") (citing Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 579 (9th Cir. 2010).

Only consumers about whom Name Screen data was sold to a third party belong within the Section 1681e(b) class. Suit may be filed under 15 U.S.C. § 1681e(b) based only upon an allegedly inaccurate "consumer report." A "consumer report," however, is defined in pertinent part as a "communication … by a consumer reporting agency … which is used or expected to be used or collected" to serve "as a factor in establishing the consumer's eligibility for" credit, insurance, employment or certain other purposes described in the FCRA. See 15 U.S.C. § 1681a(d)(1). A consumer never establishes his own <u>eligibility</u> for credit, etc. That is done by the credit grantor or whoever else is making a decision on an application, using information in the report. Thus, a communication to the consumer himself is <u>not</u> a consumer report as a matter of law. Accordingly, it is well established that "a prerequisite to a cause of action under § 1681e(b) is evidence showing that a consumer report was <u>furnished to a third party</u>," and not simply to the consumer himself. Johnson v. Equifax, Inc., 510 F. Supp. 2d 638, 645 (S.D. Ala. 2007) (emphasis added); see also Jackson v. Equifax Info. Servs., 167 F. App'x. 144, 146 (11th Cir. 2006); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) (finding that, if a consumer fails to satisfy the initial burden of presenting evidence showing that a consumer reporting agency prepared a report containing inaccurate information, "a court need not inquire further as to the reasonableness of the procedures adopted"); Davis v. Equifax Info. Servs., 346 F. Supp. 2d 1164, 1174 (N.D. Ala. 2004); Washington v. CSC Credit Servs., 199 F.3d 263, 267 (5th Cir. 2000) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b."). In this respect, the FCRA reflects longstanding principles of defamation law requiring proof that an allegedly defamatory communication was made to someone other than the plaintiff. See Shively v. Bozanich, 31 Cal. 4th 1230, 1247, 80 P.3d 676, 686 (2003) ("in defamation actions the general rule is that publication occurs when the defendant communicates the defamatory statement to a person

LA 51818966v2

other than the person being defamed") (emphasis added) (citing Cunningham v. Simpson, 1 Cal. 3d 301, 307, 81 Cal. Rptr. 855, 461 P.2d 39 (1969)).[1]

In this case, most class members received only a disclosure of their own file information, but no consumer report with Name Screen data ever was sold about them. Accordingly, it would be improper to permit these class members to pursue claims under Section 1681e(b).

The Consumer Financial Protection Bureau ("CFPB"), which is the federal agency primarily charged with enforcing the FCRA, likewise recognizes the important distinction between file disclosures (governed by Section 1681g) and consumer reports (governed by Section 1681e(b)), and that a defining factor of a consumer report is that it is provided to someone other than the consumer himself. The CFPB's December 2012 publication, "Key Dimensions and Processes in the U.S. Credit Reporting System: A Review of How the Nation's Largest Credit Bureaus Manage Consumer Data" (the "CRA Review"), explains, "Credit reports are consumer reports provided by the [National Consumer Reporting Agencies] or other [Consumer Reporting Agencies] to lenders and other users. Credit reports generally contain information in the consumer file that is reported to the end user."[2] RJN, Ex. A at 9; see id. at 39 (defining "consumer report" as "[r]eports provided by consumer reporting agencies to lenders and other users"). Conversely, the CFPB refers to credit "files" as "the information about a consumer that is contained in the databases of the [National Consumer Reporting Agencies]." Id. at 8. Unlike consumer reports provided to third parties, the CFPB explains that file disclosures allow consumers to learn what information is maintained about them so that they may exercise their rights under 15 U.S.C. § 1681i to dispute or explain any inaccurate information. Id. at 27; see also id. at 39 (defining

---

[1] On December 2, 2014, the U.S. Court of Appeals for the Ninth Circuit summarily denied TransUnion's Rule 23(f) petition for permission to appeal the Order. The Court did not provide any explanation of its ruling, which does not preclude TransUnion from seeking modification of the Order. See, e.g., Driver v. AppleIllinois, LLC, No. 06 C 6149, 2012 WL 689169, at *1 (N.D. Ill. Sept. 25, 2012) (district court considered defendant's motion to decertify class under Rule 23(c)(1)(C) after Seventh Circuit declined to accept Rule 23(f) appeal).

[2] A copy of the CRA Review is attached to the concurrently-filed Request for Judicial Notice ("RJN") as Exhibit A.

LA 51818966v2

"consumer file disclosure" as "Information provided to a consumer when that consumer requests a copy of the information in his or her file").³

The CFPB's illustration showing the difference between a report and a disclosure is reproduced below. Reports are sent to third parties, whereas disclosures are sent directly to the consumer:



RJN, Ex. A at 13. Thus, Section 1681e(b), which references "consumer reports," governs only the credit reports provided to the "Lender/User/Data Furnisher" depicted above, <u>not</u> file disclosures provided to the consumer, which are governed by Section 1681g. RJN, Ex. A at 6.

Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1332-33 (9th Cir. 1995), which pre-dates the CRA Review, did not address the critical distinction between "consumer credit

---

³ The Federal Trade Commission ("FTC") similarly states that a "consumer report" must be "used or expected to be used" to determine eligibility for credit or some other permissible purpose. See 40 Years of Experience with the Fair Credit Reporting Act, FTC Staff Summary of Interpretations of the Fair Credit Reporting Act (July 2011), at p. 20. Copies of select pages of the FTC Report are attached to the RJN as Exhibit B. Accordingly, the FTC states that a "consumer report" must have two necessary elements: (1) "the information must have a 'bearing on' one or more specified consumer characteristics," and (2) "the report must be 'used or expected to be used . . . for the purpose of . . . establishing the consumer's eligibility' for credit." RJN, Ex. B at 20.

LA 51818966v2

reports" and file disclosures at issue here. There, the Ninth Circuit ruled only that a Section 1681e(b) claim need not be predicated on a <u>denial of credit</u>. Nothing suggests that the Ninth Circuit intended wholly to abolish the third-party-communication element of a Section 1681e(b) claim. A thorough review of the Ninth Circuit's decision reveals that its analysis was not focused on the nuanced, but nonetheless critical, distinction between the FCRA's definitions of disclosure of a consumer's "file" to the consumer, as opposed to consumer reports issued to third parties for rendering credit decisions. <u>Guimond</u> does not say whether the credit information at issue was provided to third parties or, rather, was disclosed solely to plaintiff as a file disclosure. The Ninth Circuit uses the ambiguous term "credit report," and states only that "TransUnion published the erroneous information," but it does not say to whom. <u>Id.</u> at 1332. Therefore, <u>Guimond</u> is inapposite and the Section 1681e(b) class should be limited accordingly.

Class members who received a file disclosure, but who were never the subject of a Name Screen sold to a third party, have no basis to recover under Section 1681e(b). These class members' claims should be limited to those pleaded under Section 1681g, and the Order should be clarified accordingly.

### III. CONCLUSION

Therefore, TransUnion moves this Court for a ruling modifying the Order to specifically state that the Section 1681e(b) class is limited to those 1,853 consumers who had potentially-matching Name Screen data delivered to a third party.

Dated: December 18, 2014

Respectfully Submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO
JASON S. YOO

By: ____*/s/ Stephen J. Newman*____
        Stephen J. Newman

Attorneys for Defendant
TRANS UNION LLC

-5-
MOTION OF DEFENDANT TRANS UNION LLC FOR CLARIFICATION OF JULY 24, 2014
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY CLASS
Case No. 3:12-cv-00632-JSC

LA 51818966v2

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2014, a copy of the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT TRANS UNION LLC FOR CLARIFICATION OF JULY 24, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY CLASS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

                                                                                          */s/ Stephen J. Newman*
                                                                                              Stephen J. Newman

MOTION OF DEFENDANT TRANS UNION LLC FOR CLARIFICATION OF JULY 24, 2014
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY CLASS
Case No. 3:12-cv-00632-JSC

LA 51818966v2