1  Andrew J. Ogilvie (SBN 57932)
   Carol M. Brewer (SBN 214035)
2  Anderson, Ogilvie & Brewer LLP
3  235 Montgomery Street, Suite 914
   San Francisco, California 94104
4  T. (415) 651-1952
   andy@aoblawyers.com
5  carol@aoblawyers.com

6  James A. Francis (*pro hac vice*)
7  John Soumilas      (*pro hac vice*)
   David A. Searles(*pro hac vice*)
8  Francis & Mailman, P.C.
   Land Title Bldg, 19th Floor
9  100 South Broad Street
   Philadelphia, PA  19110
10 T. (215) 735-8600
   F. (215) 940-8000
11 jfrancis@consumerlawfirm.com
12 jsoumilas@consumerlawfirm.com
   dsearles@consumerlawfirm.com

*Attorneys for Plaintiff, Sergio L. Ramirez*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12-cv-00632-JSC<br><br>Class Action<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION OF CLASS CERTIFICATION ORDER**<br><br>Date:     February 12, 2015<br>Time:    9:00 a.m.<br>Place:    Courtroom F |

## I. INTRODUCTION

In its Response in Opposition to Plaintiff's Motion to Certify Class (Dkt. No. 128), Defendant Trans Union, LLC (Trans Union) made various arguments intended to reduce the size of the class, including arguing that only consumers who had OFAC data delivered to a potential creditor should be included in the class. The Court rejected these arguments and held in its Order that the class "need not be as limited as Defendant insists." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417 (N.D. Cal. 2014). Nonetheless, Defendant now seeks to relitigate this same issue through its motion for clarification. Because the Court's Order resolves the issue, and comports with well-settled Ninth Circuit precedent and the plain meaning of the text of the Fair Credit Reporting Act (FCRA), Defendant's motion should be denied.

## II. ARGUMENT

The present motion purportedly seeks clarification of the Court's July 24, 2014 Order on class certification in this matter. Plaintiff moved to certify a class of consumers with claims under two different sections of the FCRA. Plaintiff presented evidence that Trans Union advised each member of the class in writing that it had collected information from the OFAC watch list which Trans Union expected to sell to third parties for the purpose of evaluating consumers' eligibility for credit. *See* Dkt. No. 122, Plaintiff's Motion to Certify Class at p.13; Dkt. No. 110-24, Exhibit 14 to Motion to Certify Class. Plaintiff contends that Trans Union erroneously associated each class member with the OFAC list in violation of FCRA section 1681e(b). Plaintiff also presented evidence that Trans Union failed to provide class members with a complete disclosure of the information contained in their consumer files and a summary of their FCRA rights, in violation of FCRA section 1681(g).

*Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC
Plaintiff's Response in Opposition to Defendant's Motion for Clarification of Class Certification Order

1

This Court certified a single class of 8,192 consumers for both claims. *Ramirez*, 301 F.R.D. at 426. Because the Ninth Circuit denied Defendant's petition for review of the certification decision (Dkt. No. 156), the next step will be to send notice to the class. Although notice will be sent to all 8,192 members of the class in any event, Defendant now repeats its argument that only some of the class members have claims under FCRA section 1681e(b). Dkt. No. 149. Defendant's motion should be denied because it is not supported by the FCRA or applicable case law.

FCRA section 1681e(b) imposes liability on consumer reporting agencies which fail to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" when it prepares a consumer report about any consumer. 15 U.S.C. § 1681e(b). The complete definition of "consumer report" under the FCRA states:

> The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). There is no requirement that the communication be to a third party, as Defendant argues. Instead, the key element of the definition, which Defendant overlooks, is "information." The information itself bears on consumers' various qualities, not the communication, and it is the information which is "used or expected to be used," to make credit eligibility determinations. The inclusion of the phrase "collected in whole or in part" makes

this clear, because consumer reporting agencies are collecting *information*, not communications.

Indeed, the purpose of Defendant's file disclosures, and of the letter sent to each member of the class regarding OFAC, is to communicate to consumers that Trans Union has collected certain information about them which it expects to be used in connection with credit determinations about the class members. *See* Dkt. No. 110-24 (OFAC letter Trans Union sent to each class members stating that "[w]e want you to know that this information may be provided to" financial institutions). Therefore, each of the OFAC letters sent to the 8,192 class members was a "communication" of "information" which was both "collected in whole or in part" and "expected to be used" to make determinations regarding class members' eligibility for credit, insurance, employment, or other FCRA purposes.

Longstanding Ninth Circuit precedent confirms that a communication sent directly to a consumer is a consumer report within the meaning of the FCRA. *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333-34 (9th Cir. 1995). In *Guimond*, the plaintiff obtained a consumer report directly from Trans Union and alleged that it contained inaccurate information that caused her emotional distress. *Id.* at 1331-32. One of her claims was brought pursuant to FCRA section 1681e(b). *Id.* at 1332-33. In rejecting Trans Union's arguments in a motion to dismiss the section 1681e(b) claim, the Ninth Circuit held that the report that Trans Union sent to the consumer was a "consumer report" and noted that "[n]o court has held that the prima facie case required that an inaccurate report was ever disseminated." *Id.* at 1333, n. 3.

The *Guimond* Court emphasized that the inquiry should instead center on "whether Trans Union's procedure for preparing [Plaintiff's] file contained reasonable procedures to prevent inaccuracies." *Id.* at 1334. This Court recognized that, as in *Guimond*, the key inquiry in the case at bar is the common question of whether Trans Union's procedures for including OFAC

information on reports were reasonable. *Ramirez*, 301 F.R.D. at 418-19 ("Here, the question of whether using name-only matching logic assures maximum accuracy is such a [common] question.").

Defendant has presented no binding or persuasive authority to the contrary, instead relying entirely on misreadings of the FCRA by courts outside the Ninth Circuit. Even the *Collins v. Experian Info. Solutions, Inc.* decision submitted by Defendant through a notice of supplemental authority (Dkt. No. 155-1) provides no basis for this Court to modify its order on class certification. In *Collins*, the plaintiff brought a claim under a different section of the FCRA, section 1681i(a), and the issue on appeal was the meaning of the word "file" as used in section 1681i(a), as defined in 1681a(g). ___ F. 3d. ___, 2015 WL 55345, at *1-2 (11th Cir. Jan. 5, 2015). Neither the meaning of section 1681e(b) nor the question of what constitutes a "consumer report" under section 1681a(d) was before the *Collins* panel. *Id.* The statement in the *Collins* opinion that "[a] 'consumer report' requires communication to a third party" is therefore not only a misstatement of the law, as section 1681a(d)(1) contains no such requirement, it is also plainly dicta. *Id.* at *4. To define "consumer report" more narrowly, as Defendant urges, would contravene binding Ninth Circuit precedent and undermine the liberal construction of the FCRA embraced by the Ninth Circuit in order to enact the statute's broad remedial purpose. *Guimond*, 45 F.3d at 1333; *Dunford v. Am. DataBank*, LLC, ___ F. Supp. 2d ___, 2014 WL 3956774, at *8 (N.D. Cal. Aug. 12, 2014).

Defendant's citation to the Consumer Financial Protection Bureau's (CFPB) December 2012 report on credit reporting (the CRA Review) is likewise unavailing. Dkt. No. 149 at pp. 3-4. The CRA Review was compiled "as a public service" to provide basic information regarding the credit reporting process, and specifically states that it is not reaching any legal conclusions

or opinions regarding compliance with applicable laws. Dkt. No. 151 at p. 2. In service of this informational purpose, the report uses the colloquial terms "credit report" and "credit file" to describe different subsets of the broader legal definition of "consumer report." *Id.* at p. 8 ("For the purposes of this paper, credit reports are a form of 'consumer report' as defined by the FCRA . . . . This paper refers to 'credit files' as the information about a consumer that is contained in the databases of the [national consumer reporting agencies]."). The CFPB's use of colloquial language to educate consumers about the credit reporting process provides no basis to narrow the FCRA's broad legal definition.

Finally, Trans Union's motion should be denied because this Court has specifically addressed the arguments that Defendant now repeats:

> While it is undisputed that Trans Union sent letters similar to the March 1, 2011 letter Plaintiff received to over 8,000 consumers during the class period, Defendant attempts to redefine the class by narrowing it in various ways, *such as considering only consumers who had Name Screen data delivered to a potential credit grantor*, those who had reports sold by a Trans Union reseller, those who disputed their OFAC results, and the like. As explained below, the claims of Plaintiff's putative classes present common questions and *need not be as limited as Defendant insists*.

*Ramirez*, 301 F.R.D. at 417 (emphasis added). Instead, the Court certified a single class of 8,192 consumers nationwide who all had the same FCRA claims under both section 1681g(a) and section 1681e(b). *Id.* at 426.

Notice will be sent to all 8,192 consumers regarding the section 1681g(a) claim regardless of the disposition of Defendant's motion. The same group should receive notice of the section 1681e(b) claim because as demonstrated above, and as this Court has previously determined, all 8,192 class members have such a claim against Trans Union.

## III. CONCLUSION

For all the reasons set out above, Plaintiff respectfully requests that Defendant's Motion for Clarification be denied.

Respectfully Submitted,

Dated: January 22, 2015

**FRANCIS & MAILMAN, P.C.**

By /s/ *John Soumilas*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice)*
David A. Searles (*pro hac vice*)
Land Title Bldg, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Andrew J. Ogilvie
Carol M. Brewer
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104
Telephone: (415) 651-1950
andy@aoblawyers.com
carol@aoblawyers.com

*Attorneys for Plaintiff Sergio Ramirez*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2015, a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION OF CLASS CERTIFICATION ORDER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

> */s/ John Soumilas*
> John Soumilas

---

*Ramirez v. Trans Union, LLC*, N.D. Cal., Case no. 12-cv-00632-JSC
Plaintiff's Response in Opposition to Defendant's Motion for Clarification of Class Certification Order