Andrew J. Ogilvie      (SBN 57932)
Carol M. Brewer        (SBN 214035)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104
        Telephone:    (415) 651-1952
        andy@aoblawyers.com
        carol@aoblawyers.com

James A. Francis        (*pro hac vice*)
John Soumilas           (*pro hac vice*)
David A. Searles        (*pro hac vice*)
Francis & Mailman, P.C.
Land Title Bldg, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
        Telephone:    (215) 735-8600
        Facsimile:    (215) 940-8000
Email: jfrancis@consumerlawfirm.com
        jsoumilas@consumerlawfirm.com
        dsearles@consumerlawfirm.com

Attorneys for Plaintiff, Sergio L. Ramirez

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>PLAINTIFF'S MOTION TO CERTIFY CLASS<br><br>Date:  May 22, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom F |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   FACTS ............................................................................................... 2

    A.   The OFAC List And Trans Union's Sale Of OFAC Alerts ........................ 2

    B.   Plaintiff Sergio Ramirez Was Denied Credit Because Of A Trans Union Consumer Report Containing a False OFAC Alert .................................... 5

    C.   The Classes of Persons Trans Union Erroneously Associated With The OFAC List ................................................................................................ 7

    D.   Sergio Ramirez Requested His File Disclosure But Trans Union Sent Him Only Incomplete And Misleading Disclosure Information In Response ..... 7

    E.   The Classes Of Persons To Whom Trans Union Sent An Incomplete File Disclosure ............................................................................................... 8

    F.   Trans Union's Continuing Disregard For The Requirements Of The FCRA  9

III.  LEGAL STANDARD ..................................................................... 12

IV.   ARGUMENT .................................................................................. 14

    A.   The Case Meets The Requirements Of Rule 23(a) ...................... 14

        1.   The Class Is Sufficiently Numerous. ................................. 14

        2.   There Are Questions Of Law And Fact That Are Common To The Class. ..................................................................... 14

        3.   Plaintiff's Claims Are Typical Of The Proposed Class. .................... 16

        4.   Plaintiff And His Counsel Will Adequately Represent The Class. ..... 16

    B.   The Case Meets The Requirements Of Rule 23(b)(3) ................................ 17

        1.   Common Questions Of Law And Fact Predominate. ........................ 18

        2.   A Class Action Is Superior To Other Available Means Of Adjudication. ................................................................... 19

    C.   The California Subclass Also Satisfies The Requirements of Rule 23(b)(2) ..................................................................................................... 19

    D.  The Class Definition ................................................................... 21

    E.   The Classes Are Ascertainable ................................................... 22

V.    CONCLUSION .............................................................................. 23

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
i
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## TABLE OF AUTHORITIES

### Cases

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591, (1997) ..................................................................... 19

*Beaudry v. Telecheck Servs., Inc.*
  79 F.3d 702 (6th Cir. 2009) ........................................................... 20

*Campbell v. PricewaterhouseCoopers, LLP*
  253 F.R.D. 586 (E.D. Cal. 2008) .................................................... 23

*Chakejian v. Equifax Info. Servs., LLC*
  256 F.R.D. 492 (E.D. Pa. 2009) ..................................................... 21

*Chiang v. Veneman*
  385 F.3d 256 (3d Cir. 2004) ........................................................... 22

*Cortez v. Trans Union, LLC*
  617 F.3d 688 (3d Cir. 2010) ..................................................... passim

*Doninger v. Pac. Nw. Bell, Inc.*
  564 F.2d 1304 (9th Cir.1977) ......................................................... 14

*Fischl v. GMAC*
  708 F.2d 143 (5th Cir. 1983) .......................................................... 20

*Gen. Tel. Co. of Sw. v. Falcon*
  457 U.S. 147 (1982) ....................................................................... 14

*Gomez v. Kroll Factual Data Inc.*
  ___F. Supp. 2d ____, 2013 WL 6406213 (D. Col. Dec. 6, 2013)................ 11

*Gonzales v. Comcast Corp.*
  2012 WL 10621 (E.D. Cal. Jan. 3, 2012) ....................................... 22

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
ii
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ................................................................. 15, 16

*Hanon v. Dataproducts Corp.*
    976 F.2d 497 (9th Cir. 1992) ........................................................................ 17

*Holman v. Experian Info. Solutions, Inc.*
    2012 WL 1496203 (N.D. Cal. Apr. 27, 2012) ....................................... 14, 18

*In re Monumental Life Ins. Co.*
    365 F.3d 408 (5th Cir. 2004) ........................................................................ 22

*In re Tableware Antitrust Litig.*
    241 F.R.D. 644 (N.D. Cal. 2007) ................................................................. 19

*Lerwill v. Inflight Motion Pictures, Inc.*
    582 F.2d 507 (9th Cir. 1978) ................................................................. 18, 23

*Miller v. Trans Union, LLC*
    2013 WL 5442059 (M.D. Pa. Sept. 27, 2013) .............................................. 13

*Murray v. GMAC Mortgage Corp.*
    434 F.3d 948 (7th Cir. 2006) ........................................................................ 20

*O'Connor v. Boeing N. Am. Inc.*
    184 F.R.D. 311 (C.D. Cal. 1998) .................................................................. 23

*Pintos v. Pacific Crediors Ass'n*
    605 F.3d 665 (9th Cir. 2009) ................................................................. 16, 17

*Ramirez v. Trans Union, LLC,).*
    899 F. Supp. 2d 941 (N.D. Cal. 2012) .......................................................... 20

*Romero v. Producers Dairy Foods, Inc.*
    235 F.R.D. 474 (E.D. Cal. 2006) .................................................................. 19

*Sullivan v. Kelly Services, Inc.*
    268 F.R.D. 356 (N.D. Cal. 2010) ................................................................. 23

*Summerfield v. Equifax Info, Servs. LLC*
    264 F.R.D. 133, 139 (D.N.J. Sept. 30, 2009) .............................................. 21

*Wal–Mart Stores, Inc. v. Dukes*
    __U.S. __, 131 S.Ct. 2541, 2551 (2011) ................................................. 2, 14

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
iii
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

*Waste Mgmt. Holdings v. Mowbray*
 208 F.3d 288 (1st Cir. 2000) ................................................................ 22

*White v E-Loan, Inc.*
 2006 WL 2411420 (N.D. Cal. Aug. 18, 2006) ................................. 14

*Whiteway v. FedEx Kinko's Office and Print Servs., Inc.*, 2006 WL 2642528
 (N.D. Cal. Sept. 14, 2006) ................................................................... 18

*Williams v. LexisNexis Risk Mgmt., Inc.*, 2007 WL 2439463
 (E.D. Va. Aug. 23, 2007)....................................................................... 21

**Statutes**

CAL. CIV. CODE §§ 1785.1 *et seq.* ...................................................................... 1

CAL. CIV. CODE §1785.10 .................................................................................... 1

CAL. CIV. CODE §1785.14(b) ............................................................................... 2

CAL. CIV. CODE §1785.15(f) ................................................................................ 2

15 U.S.C. §§ 1681 *et seq.* .................................................................................... 1

15 U.S.C. 1681e(b) ............................................................................................... 1

15 U.S.C. 1681g(a) ............................................................................................... 1

15 U.S.C. 1681g(c) ............................................................................................... 1

15 U.S.C. § 1681n ............................................................................................... 20

**Rules**

Fed. R. Civ. P.  23(a) .............................................................................. 12, 14, 15, 16

Fed. R. Civ. P. 23(b)..................................................................................... 13, 14, 17

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
iv
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**To defendant and its counsel of record**:

Please take notice that on May 22, 2014, at 2:00 pm in Courtroom F, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, the Hon. Jacqueline Scott Corley presiding, plaintiff Sergio L. Ramirez will move to certify class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**Meet and Confer Certification**:  Pursuant to the Court's standing order, the parties met and conferred before Plaintiff filed this motion.

This motion is based on this notice of motion and motion, the accompanying memorandum, and the Declaration of John Soumilas, Esq. and the interrogatory responses, deposition excerpts and exhibits attached to thereto, the papers and pleadings on file and such other papers as may be submitted prior to or at the hearing on this motion or argument at the hearing.

Dated March 14, 2014

Anderson, Ogilvie & Brewer LLP
and
Francis & Mailman, P.C.

By: */s/          John Soumilas*
JOHN SOUMILAS
Attorney for plaintiffs

# I.    INTRODUCTION

Pursuant Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Sergio L. Ramirez moves for an order certifying a class consisting of the following people:

> All natural persons in the United States and its Territories to whom Trans Union sent a letter similar in form to the March 1, 2011 letter Trans Union sent to Plaintiff regarding "OFAC (Office of Foreign Assets Control) Database" from February 9, 2010 through the present.

Plaintiff also moves for an order certifying a California subclass consisting of the following people:

> All natural persons in the State of California to whom Trans Union sent a letter similar in form to the March 1, 2011 letter that Trans Union sent to Plaintiff regarding "OFAC (Office of Foreign Assets Control) Database" from February 9, 2010 through the present.

Plaintiff further moves pursuant to Rule 23 for an order appointing him as the class representative and his counsel as class counsel.

Plaintiff brings three claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA) for the national class.  First, Plaintiff alleges that Defendant Trans Union, LLC (Trans Union) violated FCRA Section 1681g(a) by failing to disclose all of the information in the class members' files when they requested their files.  Second, Plaintiff contends that Trans Union violated FCRA Section 1681g(c) by failing to provide class members with the required summary of their consumer rights, including their right to dispute inaccurate OFAC information in their files.  Third, Plaintiff contends that Trans Union violated FCRA Section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the consumer reports that it prepared concerning the class members.

Plaintiff brings three parallel claims on behalf of the California subclass pursuant to the California Consumer Credit Reporting Agencies Act (CCRAA), CAL. CIV. CODE §§ 1785.1 *et seq.*  First, Plaintiff claims that Trans Union violated Section 1785.10 by failing to provide the California subclass members with all the information contained in its files when they requested their files.  Second, Trans Union violated CCRAA Section 1785.15(f) by failing to include with the disclosures the required summary of consumer rights. Third, Trans Union violated CCRAA

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
1
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Section 1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the reports that it prepared concerning the California subclass members.

Plaintiff contends that Trans Union's noncompliance with the FCRA and CCRAA was not only negligent, but also willful. Plaintiff thus seeks (i) statutory and punitive damages under the FCRA for himself and the national class, and (ii) punitive damages and injunctive relief for himself and the California subclass.

This case is the result of Trans Union's deliberate decision to ignore a clear Court of Appeals decision against it handed down more than three years ago. *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010). Despite the clear guidance of *Cortez*, Defendant has continued selling Office of Foreign Asset Control or "OFAC" alerts (misidentifying innocent Americans as terrorists, money launderers and drug traffickers) even when it was not following reasonable procedures to assure the maximum possible accuracy of that information, and even though its procedures were not designed in such a manner as to comply with the mandatory consumer disclosure requirements of the FCRA and CCRAA.

## II.   FACTS

In certifying a class, this Court must conduct a rigorous analysis that frequently will entail overlap with the merits of the plaintiff's underlying claim. *Wal–Mart Stores, Inc. v. Dukes*, ___U.S. __, 131 S.Ct. 2541, 2551 (2011) (*Dukes*). Accordingly, Plaintiff will summarize the evidence he has discovered to date that supports his claims.

### A. The OFAC List And Trans Union's Sale Of OFAC Alerts

The United States Treasury Department's Office of Foreign Assets Control enforces economic and trade sanctions in part by maintaining a list of individuals who are suspected terrorists, narcotics dealers, money launderers, or other threats to national security. *See* http://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx.[1] The Specially Designated Nationals or "SDNs" on the list have their assets frozen, and are prohibited from conducting any business, including obtaining credit, in the United States. *Id.*

---

[1]     The Third Circuit provided a thorough summary of OFAC in *Cortez* at 696-97, 701-04.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
2
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Trans Union is a consumer credit reporting agency that sells consumer credit reports about millions of consumers annually to lenders, creditors, debt collectors, employers, insurers, and others.  Pl.'s Compl., Dkt. No. 1 ¶¶ 6-7; D.'s Ans., Dkt. No. 11 ¶¶6-7.[2]  Among the products Trans Union offers is █████████████████████████████████████.  Ex. 1, O'Connell Dep. at 281:12-282:9.[3]  Trans Union's customers who seek to determine whether a consumer is on the OFAC list (and is thus legally ineligible to obtain credit) may add the OFAC Advisor product to a traditional report.  *Id.* at 33:9-34:10.  *See also* https://www.transunion.com/docs/rev/business/financialservices/FS_CreditReportAddonsOFA CNameScreenAssetSheet.pdf.  ████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████ Ex. 2, Lytle Dep. at 112:24-113:22.  *See, e.g.* Ex. 3, 2/27/2011 Trans Union Report.  ██████████████████████████████████████

████████████████████████████████████████████████

Ex. 1, O'Connell Dep. at 35:13-36:15; Ex. 4, Newman Dep. at 14:20-15:1, 27:12-15.  ████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████.  Ex. 1, O'Connell Dep. at 52:4-56:9, 60:5-10.  ████████████████████████████████████████████

████████████████████████████████████████████  *Id.* at 56:14-22; Ex. 2, Lytle Dep. at 140:19-141:10.[4]

---

[2]      References to Exhibits used hereafter refer to the exhibits attached to the simultaneously filed Declaration of John Soumilas, Esq. in Support of Plaintiff's Motion to Certify Class (Soumilas Decl.).

[3]      The Trans Union OFAC product at issue is interchangeably referred to on Trans Union documents and by Trans Union employees as the "OFAC Advisor,"  "OFAC Alert," "OFAC add-on" and "OFAC Name Screen."

[4]      This same procedure was used at the time of *Cortez. See Cortez*, 617 F.3d at 703-04.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
3
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



1

2 Ex. 4, Newman Dep. at 50:20-52:8.

3 Ex. 4, Newman Dep. at 58:8-23; Ex. 1, O'Connell Dep. at 43:15-44:5.

4

5 Ex. 4, Newman Dep. at 61:2-62:17.

6 Ex. 1,

7 O'Connell Dep. at 43:15-44:5.

8

9 . *Id.* at 60:22-61:16; Ex. 4, Newman Dep. at 86:10-89:16.

10 Ex. 4, Newman Dep. at 81:22-82:9.[5]

11

12

13

14

15 Ex. 4, Newman Dep. at 86:10-89:16.

16

17

18 Ex. 1, O'Connell Dep. at 66:12-67:9; Ex. 2, Lytle Dep. at 146:13-18.[6]

19

20

21

22 _____

23 [5] *See Cortez*, 617 F.3d at 704; Ex. 1, O'Connell Dep. at 56:14-22.

24 [6]

25 Ex. 2, Lytle Dep. at 72:13-73:9.

26

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
4
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1            ████████████████████████ *Id.*[7] ██████████████████████

2   ████████████████████████████████████████████████████

3   ██████████████████████████████ Ex. 1, O'Connell Dep. at 56:14-22.[8]

4      ██████████████████████████████████████

5   ████████████████████████ *Id.* at 62:25-63:12.

Plaintiff here contends that every member of the class was a false positive, and that none of the

6 class members are actually on the OFAC list, despite being labeled as such by Trans Union.

7     **B. Plaintiff Sergio Ramirez Was Denied Credit Because Of A Trans Union Consumer Report Containing a False OFAC Alert**

8        Mr. Ramirez and his wife tried to purchase a car from Dublin Nissan in Dublin, California

9 on February 27, 2011. Ex. 6, Plaintiff's Dep. at 13:18-14:13. They submitted a credit application

10 which contained Plaintiff's name, address, social security number and date of birth. Ex. 7, Credit

11 Application; Ex. 8, Coito Dep. at 41:12-22, 42:22-44:25, 46:25-48:7. The dealer used the

12 identifying information on the application to pull their credit reports from Trans Union. Ex. 8,

13 Coito Dep. at 42:22-44:25, Ex 3, 2/27/2011 Trans Union Report.[9]

—————————————————

14 [7]     Essentially the same procedure was used at the time of *Cortez. Cortez*, 617 F.3d at 704.

15 [8]   ██████████████████████████████

16 ██████████ Ex. 1, O'Connell Dep. at 45:24-46:20, 59:25-60:2; Ex. 4, Newman Dep. at 58:3-7. ██████

17 ████████████████████████████████████████████████████

18 ████████████████ Ex. 1, O'Connell Dep. at 122:14-23; Ex. 2, Lytle Dep. at 139:14-141:10.

19 ██████████████████████████████████████████ *Id.* at 166:17-

20 168:14. Ex. 5, Trans Union OFAC Hit Analysis. ██████████████████ Ex. 1, O'Connell Dep. at 134:6-135:16.

21

22 [9]     Dublin Nissan obtained the credit report on Mr. Ramirez through a third-party vendor, DealerTrack. Ex. 8, Coito Dep. at 24:17-24; Ex. 9, Bhatia Affidavit at 1-2. Dublin Nissan used

23 standard authorization and log-in procedures to access the Trans Union report. *Id.* ████████████

24 *Id. See also* Ex. 2, Lytle Dep. at 298:22-299:10, 299:19-300:2. Like it unsuccessfully did in *Cortez*, Trans Union has claimed here that the report obtained by the car dealer is not really a

25 Trans Union credit report. *Cortez*, 617 F.3d at 699. Just like *Cortez*, however, the report at issue plainly states at the top in all capital letters "TRANSUNION CREDIT REPORT." *Compare* Ex.

26

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
5
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1

2

3 ▮▮▮▮▮▮▮▮▮ Ex. 2, Lytle Dep. at 203:5-205:20.  The usual
dragnet-style name-only search returned the following hits:

> (013561) UST 03 RAMIREZ AGUIRRE, SERGIO HUMBERTO C/O
> ADMINISTRADORA DE INMUEBLES VIDA, S.A. DE C.V. TIJUANA
> MEXICO AFF:SDNTK DOB: 11/22/1951 OriginalSource: OFAC OriginalID:
> 7176

> (013562) UST 03 RAMIREZ AGUIRRE, SERGIO HUMBERTO C/O
> FARMACIA VIDA SUPREMA, S.A. DE C.V. TIJUANA, MEXICO AFF:
> SDNTK DOB: 11/22/1951   OriginalSource: OFAC OriginalID: 7176 P_ID:
> 13561

> (013563) UST 03 RAMIREZ AGUIRRE, SERGIO HUMERTO C/O
> DISTRIBUIDORA IMPERIAL DE BAJA CALIFORNIA, S.A. DE C.V.
> TIJUANA, MEXICO AFF: SDNTK DOB: 11/22/1951 OriginalID: 7176 P_ID
> 13561

> (174125) UST 03 RAMIREZ RIVERA, SERGIO ALBERTO CEDULA NO:
> 16694220 (COLOMBIA) POB: CALI, COLOMBIA CALI, COLOMBIA
> Passport no. AF771317 AFF: SDNT DOB: 01/14/1964 OriginalSource: OFAC
> OriginalID:  10438  POB:  CALI,  COLOMBIA  Passportissuedcountry:
> COLOMBIA CEDULA NO: 16694220 (COLOMBIA)

Trans Union's thus prepared a consumer report about Mr. Ramirez which included this exact

data  -- namely four (4) OFAC Advisor Alerts relating to two completely unrelated persons who

have actual SDN entries on the OFAC list, one of whom appears to be a Colombian national and

the other a Mexican national.  Ex. 3, 2/27/2011 Trans Union Report.

 This February 27, 2011 "Trans Union Credit Report" falsely stated that the credit

applicant, *i.e.* Mr. Ramirez, was a "match" to the OFAC list.  *Id.*[10]  Due to its flawed ▮▮▮▮

matching criteria, Defendant thus placed on Plaintiff's report the OFAC alerts referring to an

_____

10, Sandra Cortez Trans Union Report *with* Ex. 3, 2/27/2011 Trans Union Report.

[10]     This is the same language and form of credit report adjudicated in *Cortez.*  617 F.3d at
699.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
6
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

unrelated Mexican national, "Sergio Humberto Ramirez Aguirre" who had a birth date of 11/22/1951, and also to an unrelated Colombian national, "Sergio Alberto Ramirez Rivera" who was reported with a birth date of 01/14/196*. *Id.*

Plaintiff was born in 1976, has never gone by the names "Alberto," "Humberto," "Aguirre," or "Rivera," and is not on the OFAC list. Ex. 6, Plaintiff's Dep. at 19:22-22:8, 32:23-33:3.[11]  Because Trans Union matched him to the OFAC list, Mr. Ramirez was questioned by the dealer in front of his wife and father-in-law, and denied a car loan. *Id.* at 18:3-22:23.

**C.  The Classes of Persons Trans Union Erroneously Associated With The OFAC List**

Discovery in this matter has identified the names and addresses of 8,192 individuals nationwide whom Trans Union advised in writing that it would place an OFAC Advisor alert on a consumer report about that person between February 9, 2010 and July 18, 2013.  Ex. 11, D.'s Supp. Rog. Responses at No. 3.  Of those persons, 1,518 are California residents. *Id.* at No. 1.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████  Ex. 1, O'Connell Dep. at 56:10-22; Ex. 2, Lytle Dep. at 72:13-73:9, 203:5-205:20. Plaintiff contends that it was misleading for Trans Union to associate any class member with the OFAC list.

**D.  Sergio Ramirez Requested His File Disclosure But Trans Union Sent Him Only Incomplete And Misleading Disclosure Information In Response**

In an effort to address the inaccurate OFAC Advisor alert on his credit report Mr. Ramirez contacted Trans Union the next day.  Ex. 12, File Request Record.  A Trans Union employee falsely told him that Trans Union was not placing an OFAC Advisor alert on his credit report. Ex. 1, Plaintiff's Dep. at 36:22-37:6.[12]  At Mr. Ramirez's request, Defendant sent him a copy of

---

[11]    Another credit reporting agency, Experian, performed a separate OFAC inquiry for the same car dealer regarding Mr. Ramirez at the same time as Trans Union's inquiry, and contrary to Trans Union's report, Experian revealed that Mr. Ramirez was not on the OFAC list.  Ex. 9, Bhatia Affidavit.  DealerTrack's separate analysis also identified no association between Plaintiff and the OFAC list. *Id.*

[12]    Again, this chain of events is virtually identical to what happened to the consumer in *Cortez.*  617 F.3d at 699.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
7
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

his file disclosure on February 28, 2011.  Ex. 13, 2/28/2011 File Disclosure.  The file disclosure did not contain an OFAC Advisor alert -- or any other mention of OFAC whatsoever.  *Id.*[13]

A few days later and in a separate envelope Mr. Ramirez received a form letter dated March 1, 2011, with a subject line "Regarding: OFAC (Office of Foreign Assets Control) Database."  ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████  Ex. 14, OFAC Letter; Ex. 2, Lytle Dep. at 83:2-84:16, 85:23-86:11.

The form letter indicated that it was a "courtesy," and was not identified as including information contained within Plaintiff's consumer file.  Ex. 14, OFAC Letter.  The form letter did not mention Mr. Ramirez's FCRA or CCRAA rights.  *Id.*  It did not tell him about the toll-free telephone number that is open during normal business hours for disputes about credit report problems.  It did not list the federal agencies that are responsible for enforcing the FCRA.  *Id.*  Most importantly, it did not advise Plaintiff of his right to dispute the OFAC Alert information in his file and his right to have it promptly corrected.  *Id.*

Additionally, while Trans Union reported to Dublin Nissan that Mr. Ramirez's name "matched" two names on the OFAC database, it misleadingly told Mr. Ramirez in the March 1, 2011 form letter that he was merely a "potential match."  *Compare* Ex. 3, 2/27/2011 Trans Union Report *with* Ex. 13, 2/28/2011 File Disclosure.

**E.   The Classes Of Persons To Whom Trans Union Sent An Incomplete File Disclosure**

As noted above, Trans Union sent the same form letter to 8,192 individuals, of whom 1,518 are California residents.  ███████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████████████  Ex. 2, Lytle Dep. at 83:2-9, 85:23-86:11.  The earlier file disclosures were incomplete because they omitted the

---

[13]   Trans Union's failure to properly disclose OFAC information to a consumer upon request was addressed by the *Cortez* court.  617 F.3d at 711.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
8
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

OFAC alert information.  The subsequent letters were incomplete because they omitted the required summary of the consumer's rights under the FCRA or CCRAA, and because each indicated that the information was provided as a "courtesy," creating the misimpression that the OFAC information was not part of the consumer's file and could not be disputed or corrected. Ex. 14, OFAC Letter.

**F.  Trans Union's Continuing Disregard For The Requirements Of The FCRA**

For more than three years Trans Union has continued preparing consumer reports in disregard of the clear guidance the Third Circuit rendered in *Cortez* regarding the OFAC Advisor product.  *Cortez* held that OFAC information is subject to the FCRA's Section 1681e(b) "maximum possible accuracy" standard.  617 F.3d at 710.  *Cortez* warned Trans Union about the dangers of reporting any information it could not "*confirm* is related to a particular consumer." *Id.* at 710, emphasis added. *Cortez* affirmed the jury's conclusion that Trans Union had violated the maximum possible accuracy requirement of Section 1681e(b) because of the "discrepancies" between the information in its database concerning Cortez and the information available from the OFAC list concerning the "last name, middle name . . . date of birth . . . [and] citizenship" of the people on the OFAC list  *Id.* at 710.  *Cortez* emphasized that Trans Union must "take the utmost care in ensuring the information's accuracy – at the very least, comparing birth dates when they are available…."  *Id.* at 723.

Despite this clear guidance from *Cortez*, involving the its OFAC Advisor product and indistinguishable facts, Trans Union made no meaningful changes to the OFAC Advisor product:

████████████████████████████████████████████████████████████████

████████████████████████████████████  Ex. 1, O'Connell Dep. at 56:14-22, 66:12-67:9; Ex.

2, Lytle Dep. at 146:13-18. ███████████████████████████████████████

████████████████████████████████████████████████████████████████

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
9
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

████████████████████████████████████████████████████████████

*Id.*[14]

████

Indeed, since *Cortez*, rather than improving is accuracy-assuring procedures, ████████

████████████████████████████████████████████████████████████

████████████████████████[15]  Ex. 1, O'Connell Dep. at 160:3-21,

161:2-163:9.  The addition of the word "potential" does nothing to assure maximum possible

accuracy.  It is simply a qualifier of its misleading information.  In *Cortez* the Third Circuit held

that Section 1681e(b) "requires *more* than merely allowing for the *possibility* of accuracy."  *Id.*

at 709, emphasis added.  A more recent decision by another federal court has more specifically

found in a case involving a similar qualifier by another CRA that such a qualifier provides no

protection against FCRA liability.  *Gomez v. Kroll Factual Data Inc.*, ___F. Supp. 2d ____, 2013

WL 6406213, *3-4 (D. Col. Dec. 6, 2013) (stating on a credit report that an OFAC entry is

"similar to" the name of the credit applicant is insufficient to avoid liability under FCRA section

1681e(b) for a CRA's failure to assure maximum possible accuracy).

The *Cortez* court provided additional guidance with respect to Trans Union's obligations

regarding its OFAC product and consumer file disclosures under FCRA Section 1681g.  617 F.3d

at 712-13.  The court held that OFAC data is part of a consumer's "file" which means that

consumers are entitled to "accurately" be provided with "all information" a CRA has about that

---

[14]     Many entries on the OFAC list include social security numbers and almost all include
dates of birth.  *See* Ex. 15, Sample of OFAC List as of March 14, 2014.  *See also*
http://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx (U.S. Dept. of
Treasury public web site publishing complete and updated OFAC SDN list).

[15]  ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████  Ex. 4,

Newman Dep. at 100:4-110:11.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
10
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

consumer or can potentially sell about him or her, and the consumer can dispute any inaccuracies in that information.  *Id.*

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████  Ex. 2, Lytle Dep. at 84:2-6.  For the same time frame, the *Cortez* court upheld a willful violation of FCRA Section 1681g for this exact failure to disclose.  *See Cortez*, 617 F.3d at 722-23.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████  Ex. 2, Lytle Dep. at 69:1-70:14.  ██████

███████████████████████████████████████████████████████████████

it misleadingly advised consumers in this form letter about its own use of OFAC data by separating it from the consumers' regular credit file, calling it a "courtesy," and failing to inform consumers of their rights, including their right to know that OFAC information is part of their "file" and that such information may be disputed and must be promptly correct when inaccurate.  Ex. 2, Lytle Dep. at 68:14-70:21; Ex. 14, OFAC Letter. *See also Cortez*, 617 F.3d at 711-12.[16]

Beginning in late July 2011 Trans Union began to integrate its disclosure of the OFAC alert information into the credit file disclosures it was sending consumers who requested their files.  Ex. 2, Lytle Dep. at 84:11-16.  Apparently even Trans Union believed that the form letter

---

[16] ██████████████████████████████████████████████████  disputes of false OFAC alerts, which it has received by the hundreds.  Ex. 2, Lytle Dep. at 69:20-70:4; Ex. 16, D.'s Rog. Responses at No. 14.  Although the reinvestigation of disputes is not a claim in this case, the procedure Trans Union now employs for reinvestigations also leaves much to be desired. ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████  Ex. 2, Lytle Dep. at 219:22-221:4, 223:2-225:14, 243:8-245:10, 247:10-23.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
11
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

at issue in this case was an inadequate consumer file disclosure.  Nevertheless, ████████ ████ Trans Union continued to represent to consumers that OFAC information is *not* a part of their "files," but is rather a separate item of "additional information" and provided to consumers only as a "courtesy," despite Court of Appeals precedent specifically finding that Trans Union's OFAC Alert is a part of consumer files and can be disputed when inaccurate.  Ex. 4, Lytle Dep. at 70:15-21; Ex. 14, OFAC Letter.  *See Cortez*, 617 F.3d at 711-12. [17]

### III.   LEGAL STANDARD

Plaintiffs seeking to represent a class must satisfy the threshold requirements of Federal Rule of Civil Procedure 23(a), as well as the requirements of one subsection of Rule 23(b).  Rule 23(a) provides that a case is appropriate for certification as a class action if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.  23(a)

Plaintiff seeks class certification pursuant to Rule 23(b)(3) here, which provides that a case may be certified as a class action if:  "(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members,

---

[17]     Trans Union's still-unlawful integrated file disclosure is the subject of separate litigation in the U.S. District Courts for the Northern District of California and Middle District of Pennsylvania.  *See Larson v. Trans Union, LLC*, No. 3:12-cv-05726-WHO, Dkt. No. 39 (N.D. Cal.) (amended complaint describing Trans Union's current form of disclosure); *Miller v. Trans Union, LLC*, No. 3:12-cv-01715-WJN, Dkt. No. 1 (M.D. Pa.) (complaint describing same). Indeed, the *Miller* court in the Middle District of Pennsylvania has already held in that separate litigation that even this more updated form of Trans Union OFAC file disclosure could be found to be in willful violation of the FCRA because "when the form of the disclosure renders it confusing and unclear, it can be the basis for a violation of [FCRA] section 1681g." *See Miller v. Trans Union, LLC*, 2013 WL 5442059, at *5 (M.D. Pa. Sept. 27, 2013).  The *Larson* matter is presently in the process of being briefed on a largely similar issue raised in Trans Union's motion to dismiss that plaintiff's amended complaint.  *See Larson v. Trans Union, LLC*. No. 3:12-cv-05726-WHO, Dkt. No. 45.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
12
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."   Fed. R. Civ. P. 23(b)

Plaintiff bears the burden of demonstrating that each element of Rule 23 is satisfied. A district court may certify a class where it determines that a plaintiff has borne his or her burden. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 158–61 (1982); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1308 (9th Cir.1977).   The court must conduct a " 'rigorous analysis,' " which may require it " 'to probe behind the pleadings before coming to rest on the certification question.' " *Dukes,* 131 S.Ct. at 2551.   "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id.*

Judges within this District have certified classes in similar FCRA cases.   Judge Wilken certified a statutory damage FCRA class in *Holman v. Experian Info. Solutions, Inc.*, 2012 WL 1496203 (N.D. Cal. Apr. 27, 2012), a case involving approximately 40,000 consumers whose credit reports had been sold by another consumer reporting agency to a collection agency that lacked a permissible purpose to obtain most of the reports.   In *White v E-Loan, Inc*., 2006 WL 2411420 (N.D. Cal. Aug. 18, 2006), Judge Illston certified an FCRA statutory damage class with 100,000 members.   Federal judges elsewhere have also had no problem in certifying both contested and settled FCRA classes alleging, as in the case at bar, that a consumer reporting agency made an improper file disclosure to consumers or prepared consumers reports containing inaccurate information.[18]

---

[18]    *See, e.g.*, *Gillespie v. Equifax Info. Servs. LLC*, 2008  WL 4614327, at *9 (N.D. Ill. Oct. 15, 2008) (certifying class action under FCRA section 1681g(a)); *Campos v. Choicepoint, Inc.*, 237 F.R.D. 478, 490 (N.D. Ga. 2006) (same); *Clark v. Experian Info. Solutions, Inc.*, No. 8:00-cv-1217-CMC, Dkt. No. 96 (D. S.C. June 26, 2002) (order certifying class action under FCRA section 1681e(b)).

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
13
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# IV.   ARGUMENT

## A.   The Case Meets The Requirements Of Rule 23(a)

### 1.   The Class Is Sufficiently Numerous.

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)). Here, the class consists of more than 8,000 consumers nationwide, and the subclass consists of over 1,500 California consumers. The numerosity requirement is clearly met.

### 2.   There Are Questions Of Law And Fact That Are Common To The Class.

Rule 23 contains two related commonality provisions: Rule 23(a)(2) and Rule 23(b)(3). Rule 23(a)(2) requires that there be "questions of law or fact common to the class," but class certification is not precluded if fewer than all questions of law or fact are common to the class:

> The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3). Indeed, Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

*Hanlon*, 150 F.3d at 1019 (citing Fed. R. Civ. P. 23).

Rule 23(b)(3), in contrast, requires not just that some common questions exist, but that those common questions *predominate.* In *Hanlon,* the Ninth Circuit discussed the relationship between Rule 23(a)(2) and Rule 23(b)(3):

> The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. This analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2); thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3). In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
14
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  *Id.* at 1022 (citations and internal quotation marks omitted).

2  ████████████████████████████████████████████████████████

3  ████████████████████████████  Ex. 2, Lytle Dep. at 83:2-84:16, 85:23-86:11.  In those form

4  letters Trans Union stated that its records "show that you recently requested a copy of your Trans

5  Union credit report" and that the credit report "has been mailed to you separately." Ex. 14, OFAC

6  Letter.  The letter then disclosed to the consumer that his or her name "is considered a potential

7  match" to information on the OFAC list, and listed the name or names on the OFAC list that

8  purportedly matched the consumer's name. Ex. 14, OFAC Letter.  Each person to whom Trans

9  Union sent the form letter was therefore provided with a "personal credit report" that lacked any

10 reference to OFAC information, and a separate misleading form letter that lacked any summary

11 of consumer rights or instructions on how to dispute inaccurate information. *See* Ex. 14, OFAC

12 Letter.  ████████████████████████████████████████████████████████

13 ████████████████████████████████████████  Ex. 2, Lytle Dep.

14 at 72:13-73:9, 203:5-205:20.

15      The common questions relating to the file disclosure violations are whether Trans Union

16 violated the FCRA and CCRAA by sending incomplete file disclosures and by failing to include

17 a summary of consumer rights and instructions on how to dispute inaccurate information when

18 it disclosed the OFAC information to consumers during the class period.  The common questions

19 relating to the duty to follow reasonable procedures to assure maximum possible accuracy under

20 the FCRA and CCRAA are whether Trans Union used or expected to use an OFAC alert with

21 respect to each class member and whether Trans Union used reasonable procedures to assure

22 maximum possible accuracy of the OFAC information that it associated to class members

23 through its ████████  matching logic.

24

25

26

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
15
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

3.   <u>Plaintiff's Claims Are Typical Of The Proposed Class</u>.

Typicality is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  The typicality test is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Plaintiff's claims are typical.  Like everyone else in the proposed class, Mr. Ramirez was sent a form letter from Trans Union in which Defendant acknowledged that it had sent him his consumer credit file separately and that it had not included any disclosure of OFAC information with that file. Ex. 14, OFAC Letter.  Trans Union's form letter did not contain a summary of his rights or instructions on how to dispute the OFAC information.  *Id.* ██████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████  Ex. 2, Lytle Dep. at 72:13-73:9.

4.   <u>Plaintiff And His Counsel Will Adequately Represent The Class</u>.

Rule 23(a)(4) requires that class representatives -- the named plaintiff and his or her counsel -- must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Legal adequacy turns on two questions: (1) whether the class representative's interests are common with, and not antagonistic to, the class's interests; and (2) whether the class representative is "able to prosecute the action vigorously through qualified counsel." *Whiteway v. FedEx Kinko's Office and Print Servs., Inc*., 2006 WL 2642528, at *7 (N.D. Cal. Sept. 14, 2006) (citing *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978)).

Plaintiff is familiar with the facts underlying this case, and is aware of his duties as class representatives and agrees to them. Ex. 6, Plaintiff's Dep. at 47:19-48:8.  Plaintiff has secured

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
16
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

representation with significant experience in this type of litigation.  Francis & Mailman handled *Cortez* in the district court and throughout the entire appellate process.  Plaintiff's counsel are experienced in class action litigation and appeals.  *See* Ex. 17, Qualifications of Francis & Mailman, P.C.  Anderson, Ogilvie & Brewer handled the *Pintos v. Pacific Creditors Ass'n* case in the district court and in the Ninth Circuit, and subsequently have represented a class of consumers whose rights were violated when Experian continued to ignore the *Pintos* decision. *Pintos*, 605 F.3d 665, 669 (9th Cir. 2009); *Holman v. Experian*, 2012 WL 1496203 (N.D. Cal. April 27, 2012).

**B.     The Case Meets The Requirements Of Rule 23(b)(3)**

After satisfying the requirements of Rule 23(a), a plaintiff must also show that at least one of the three requirements of Rule 23(b) is satisfied before the court can certify the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15 (1997).  Pursuant to Rule 23(b)(3), the court must find that the questions of law or fact common to the class predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).  The matters pertinent to a finding under Rule 23(b)(3) include: (a) the interest of class members in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action. *Id.*

The objective behind the two requirements of Rule 23(b)(3) is the promotion of economy and efficiency. *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 651 (N.D. Cal. 2007) (citing advisory committee notes). When common issues predominate, class actions achieve these objectives by minimizing costs and avoiding the confusion that would result from inconsistent outcomes. *Id.*  Because no precise test can determine whether common issues predominate, the

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
17
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Court must pragmatically assess the entire action and the issues involved.  *Romero v. Producers Dairy Foods, Inc*. 235 F.R.D. 474, 489 (E.D. Cal. 2006).

> 1.   <u>Common Questions Of Law And Fact Predominate</u>.

The central issues for each class member's claim is whether Trans Union violated the FCRA and CCRAA by continuing to use ████████ matching logic to associate consumers with the OFAC list on its credit reports; by not disclosing any OFAC data in its traditional file disclosures; and by sending "courtesy" form letters which discussed OFAC information separately, as if it is not part of the consumer's file, and without including a statement of rights to advise consumers that OFAC information may be disputed and must be promptly corrected by Trans Union when it is inaccurate.  The case therefore presents overriding questions of law and fact common to the class and subclass, posed by Defendant's standard practices.  The issues of law and fact predominate over any individual issue.

There are no individual damages issues.  Plaintiff is seeking statutory damages for each member of the class, not actual damages.  Statutory damages of $100 to $1,000 per plaintiff, plus unlimited punitive damages are available for willful violations of the FCRA.  15 U.S.C. § 1681n. Under the CCRAA, each California subclass member is also entitled to recover what the CCRAA calls statutory "punitive" damages of between $100 and $5,000 for each violation and the subclass is entitled to injunctive relief.  *See* CAL. CIV. CODE § 1785.31  Statutory damages compensate the class members for violation of their rights under these statutes.  There is no need for any individual inquiry for damages.[19]

---

[19]     Damages issues will be common and predominate in cases such as the one at bar, where only statutory damages are claimed.  *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952 (7th Cir. 2006);  *Fischl v. GMAC*, 708 F.2d 143, 151 (5th Cir. 1983).  Moreover, FCRA statutory damages such as the ones that Plaintiff seeks for himself and the class here are available even without any proof of actual harm. *See Beaudry v. Telecheck Servs., Inc.,* 579 F.3d 702, 707 (6th Cir. 2009). Multiple federal courts have found no difficulty in certifying FCRA statutory damages class actions. *Williams v. LexisNexis Risk Mgmt., Inc*., 2007 WL 2439463, at *4-6 (E.D.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
18
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

2.     A Class Action Is Superior To Other Available Means Of Adjudication.

The individual class members do not have an interest in controlling the prosecution of this case.  Most of them do not know that Trans Union violated these consumer protection statutes, in large part due to Trans Union's failure to advise consumers about their rights, although it was required to do so.  Unless this case is certified as a class action, the class members will not be compensated for Trans Union's violations of the FCRA and the CCRAA and, more importantly, Trans Union will be able to continue to improperly and unlawfully mislabel consumers as terrorists and drug traffickers.

Even in the unlikely event that all the proposed Class members become aware of their rights, and could locate counsel who will agree to represent them, a multiplicity of lawsuits will result in an inefficient administration of this controversy and needlessly expend a great deal of judicial resources.  Accordingly, certification of this class action is favored as the superior method of adjudicating this controversy.

**C. The California Subclass Also Satisfies The Requirements of Rule 23(b)(2)**

Where a party seeks injunctive or declaratory relief on behalf of a class of persons (as Plaintiff does for his CCRAA claims here), he or she need not satisfy Rule 23(b)(3).  *Dukes*, 131 S. Ct. at 2548 (noting that "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b).")  Rather, that party needs merely to show, under Rule 23(b)(2), that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

---

Va. Aug. 23, 2007); *Chakejian v. Equifax Info. Servs., LLC*, 256 F.R.D. 492, 498, 500-01 (E.D. Pa. 2009); *Summerfield v. Equifax Info, Servs. LLC*, 264 F.R.D. 133, 139, 142 (D.N.J. Sept. 30, 2009).

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
19
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

class as a whole." Fed. R Civ. P. 23(b)(2). The "key to the (b)(2) class" is whether "a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 131 S. Ct at 2557.

Here, Plaintiff brings a claim under CCRAA Section 1785.14(b), which requires CRAs to follow reasonable procedures to assure the maximum possible accuracy of the information contained on reports it sells about consumers. CAL. CIV. CODE § 1785.14(b). Injunctive relief is an available remedy for violations of the CCRAA, whether or not the consumer seeks another remedy under the statute. *Id.* at § 1785.31(b). In fact, earlier in this litigation, Trans Union moved to strike Plaintiff's claim for injunctive relief, arguing that such a remedy was preempted by Plaintiff's simultaneous claim for monetary damages under the FCRA. *See* Dkt. No. 30, D.'s Mot. for Judgment on the Pleadings. This Court rejected Trans Union's argument, and found that the remedy of injunctive relief is neither preempted nor inconsistent with Plaintiff's FCRA claim for monetary damages. *Ramirez v. Trans Union, LLC*, 899 F. Supp. 2d 941, 947-48 (N.D. Cal. 2012).

As described in section IV.A.2, *supra*, Trans Union acted identically with respect to all members of the proposed California subclass by using its uniform ██████ matching logic to associate consumers with terrorists and other suspected criminals on the OFAC list. *See* section IV.A.2, *supra*. Issuance of a single order enjoining this practice would provide relief to all members of the California subclass. Such prospective relief is warranted here, given Trans Union's continuing failure to comply with *Cortez*. Trans Union, through its flawed ██████ matching criteria, associates Plaintiff and the members of the proposed California subclass with the OFAC list, and there is high risk that it will continue to do so in the future.

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
20
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

With respect to Plaintiff's proposed CCRAA class claim, therefore, this Court should certify the subclass of California consumers even if it were to find that the predominance and superiority requirements of Rule 23(b)(3) were not satisfied.  Whether the members of the California subclass are entitled to retroactive money damages will not be determined until later in this litigation, at the summary judgment stage or at trial. If for any reason, California subclass members are not entitled to such a retroactive remedy of money damages, surely they would be entitled to the prospective relief of an injunction.  Therefore for purposes of the present motion to certify the class, the court should grant provisional certification for the California subclass under both Rule 23(b)(2) and 23(b)(3).

**D. The Class Definition**

To the extent that Defendant will take issue with the fact that Plaintiff proposes a class definition in this motion which is not identical to that proposed in his Complaint, it should be noted that courts are not bound by the class definition proposed in the complaint. *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993).  But, in any event, district courts are permitted to limit or modify class definitions to provide the necessary precision.  *Waste Mgmt. Holdings v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000); *Chiang v. Veneman*, 385 F.3d 256, 268 (3d Cir. 2004);  *In re Monumental Life Ins. Co*., 365 F.3d 408, 414 (5th Cir. 2004); *Gonzales v. Comcast Corp*., 2012 WL 10621, at *21 (E.D. Cal. Jan. 3, 2012) ("the court has the power to modify the proposed class definitions to make them sufficiently definite").

The class and subclass that Plaintiff seeks to certify are different from the class definition plead in the Complaint because Plaintiff now has additional information that allows him to define the class more precisely and in a way that avoids problems with class certification issues. Through discovery plaintiff has learned ███████████████████████

█████████████████████████████████████████

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
21
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ███████████████  *See* section II.F., *supra*.

4   ████████████████████████████████████████  ██

5 ███████████████████████████████████████████████████

6 █████████████████████████████████████████  Ex. 12, File Request

7 Record; Ex. 14 OFAC Letter. ████████████████████████████

8 ███████████████████████████████████████████████████

9 ███████████████████  ██████████████████████████████

10 ███████████████████████████████████████████████████

11 ████████  It claims there is no way, or no easy way, to identify that group of consumers.

In view of these issues of typicality and ascertainability, Plaintiff seeks to redefine the class so that it a certifiable and ascertainable class. Thus Plaintiff focuses on the consumers who requested and were sent file disclosures and separate letters regarding OFAC information during the ████████████████ period. Having received these documents himself, Ramirez is typical and suitable to represent this class and subclass.

**E.     The Classes Are Ascertainable**

Finally, it should be noted that the proposed classes here are readily ascertainable, even though ascertainability *per se* is not an enumerated requirement of Fed. R. Civ. P. 23.  "An adequate class definition specifies 'a distinct group of plaintiffs whose numbers [can] be identified with particularity.'" *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 593 (E.D. Cal. 2008) (quoting *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). "The identity of class members must be ascertainable by reference to objective criteria." 5 James W. Moore, *Moore's Federal Practice,* § 23.21A [1] (2001).  A class definition is sufficient if the description of the class is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am. Inc.*,

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
22
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

184 F.R.D. 311, 319 (C.D. Cal. 1998); *see also Sullivan v. Kelly Services, Inc.*, 268 F.R.D. 356, 362 (N.D. Cal. 2010).

The proposed nationwide class here is readily ascertainable. From its records, Trans Union has compiled the names and addresses of the 8,192 consumers who comprise the nationwide class. *Id.* at No. 3-4. From its business records, Trans Union has also compiled the names and addresses of the 1,518 consumers who are in the California subclass. Ex. 11, D.'s Supp. Rog. Resp. at No. 1-2. In short, the nationwide class and the California subclass are ascertainable. Indeed, they have not only been identified by name and address, but as a consumer reporting agency Trans Union should have in its databases further personal identifying information about these individuals, including any name or address changes since the list was originally compiled, which information may be used to provide written notice to the class.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for an order certifying this action as a class action on behalf of the proposed national Class and California subclass defined herein, certifying Plaintiff Sergio L. Ramirez as a proper representative of the Classes, and appointing the law firms of Francis & Mailman, P.C. and Anderson, Ogilvie & Brewer LLP as Class Counsel.

Respectfully Submitted,

Dated: March 14, 2014          **FRANCIS & MAILMAN, P.C.**

By  /s/      *John Soumilas*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Land Title Bldg, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Andrew J. Ogilvie
Carol M. Brewer
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104
Telephone:  (415) 651-1950
andy@aoblawyers.com
carol@aoblawyers.com

*Attorneys for Plaintiff Sergio Ramirez*

*Ramirez v. Trans Union, LLC*, N.D.Cal., Case no. 12-cv-00632-JSC
Plaintiff's Motion to Certify Class
24
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**