STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
STEPHEN J. NEWMAN (State Bar No. 181570)
BRIAN C. FRONTINO (State Bar No. 222032)
ARSEN KOURINIAN (State Bar No. 271966)
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone:  310-556-5800
Facsimile:  310-556-5959
Email: lacalendar@stroock.com

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone:     856-662-0700
Email: bluckman@shermansilverstein.com

Attorneys for Defendant
  TRANS UNION, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANS UNION, LLC,<br><br>　　　　　Defendant. | Case No. 3:12-cv-00632-JSC<br><br>[Assigned to the Hon. Jacqueline Scott Corley]<br><br>**DEFENDANT TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS**<br><br>**Hearing**<br>Date:  June 18, 2015<br>Time:  9:00 a.m.<br>Ctrm:  F |

DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on June 18, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Jacqueline Scott Corley in Courtroom F of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Trans Union, LLC ("TransUnion") will and hereby does move the Court to stay the above-captioned action pending the U.S. Supreme Court's decision in Spokeo, Inc. v. Robins, No. 13-1339, or, in the alternative, to continue the trial date by 90 days (subject to potential further extensions depending on the ultimate oral argument schedule to be ordered in Spokeo).

This Motion is made on the grounds that this Court's July 24, 2014 Order Granting in Part and Denying in Part Plaintiff's Motion to Certify Class (the "Class Certification Order") relied expressly on the analysis set forth by the Ninth Circuit in the Spokeo case itself. If the Supreme Court reverses or vacates Spokeo, the Class Certification Order will no longer rest on a solid foundation, and the class will need to be decertified. Even if Spokeo is affirmed but its application is limited, this Court will need to re-examine the class certification theory here. Accordingly, it would be wasteful of the Court's and the parties' resources, and potentially confusing to the class, to allow a class trial to proceed under circumstances when impending action by the Supreme Court may render any classwide judgment unsustainable. Briefing on the merits in the Supreme Court is expected to be completed this summer, and based on the Supreme Court's customary practice, a decision can be expected before the end of June 2016. A short stay of the proceedings here is therefore justified in light of the potentially profound implications Spokeo may have for class certification jurisprudence.

LA 51868636

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and such other evidence and arguments as may be presented to the Court prior to or at the hearing of this Motion.

This Motion is made following the conference of counsel, which took place on April 30, 2015. Plaintiff does not consent to TransUnion's request for a stay.

Dated: May 4, 2015

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO
ARSEN KOURINIAN

By: */s/ Stephen J. Newman*
Stephen J. Newman

Attorneys for Defendant TRANS UNION, LLC

LA 51868636

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

A recent development in the United States Supreme Court strongly suggests that the present litigation should be stayed to avoid the burdens and expense associated with a potentially unnecessary class action trial, and to allow this Court the benefit of impending Supreme Court guidance on the proper scope of litigation under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").  See Carpenter v. BMW of N. Am., Inc., No. CIV. A. 99-CV-214, 1999 WL 415390, at *6 (E.D. Pa. June 21, 1999) (observing the "mountain of difficult issues that a class action trial" presents).

A linchpin issue in this case is whether FCRA plaintiffs must prove actual harm to recover statutory damages under 15 U.S.C. § 1681n.  When this Court certified the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, it expressly noted that individual issues would predominate over common ones if the proposed class is required to prove actual harm as a precondition to recovery of statutory or punitive damages under Section 1681n.  However, because the Ninth Circuit in Robins v. Spokeo, Inc., 742 F.3d 409, 412 (9th Cir. 2014), said that a plaintiff does not need to plead actual harm to pursue a claim for statutory damages under the FCRA, this Court certified the FCRA class.  The Court, however, denied Plaintiff's motion to certify analogous claims under the FCRA's state-law analog, the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1-1785.44 ("CCRAA"), on the grounds that California law is different; California cases recognize that actual harm must be shown to obtain statutory damages under the CCRAA.  (The Court did certify the CCRAA claim for injunctive relief.)  It is clear, from this Court's analysis of the CCRAA monetary-relief claim, that if the Ninth Circuit's prior analysis is no longer good law, the certification of FCRA damages claims no longer has any sound legal foundation, and the class should be decertified.

On April 27, 2015, the Supreme Court granted a writ of certiorari to examine the validity of the Ninth Circuit's analysis.  Spokeo, Inc. v. Robins, No. 13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015).  Briefing on the merits in Spokeo likely will be completed before the end of the

- 1 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

summer, and based on the Supreme Court's customary practice, a decision likely will be rendered before the end of June 2016. Given the likely significance of Spokeo to class action jurisprudence, and the waste of resources associated with a class trial that might not result in any sustainable judgment, since Spokeo may undermine the foundation of the Class Certification Order, the proceedings here should be held in abeyance to allow the Supreme Court to take action. Accordingly, TransUnion respectfully moves this Court to stay the action pending a decision by the Supreme Court or, in the alternative, to continue the trial date by 90 days (subject to potential further extensions depending on the ultimate oral argument schedule to be ordered in Spokeo).

A stay or trial continuance is warranted in this case because: (1) Plaintiff will not suffer harm, as a mere delay in monetary recovery is insufficient to deny a motion to stay, and waiting for a decision in Spokeo before proceeding to trial could significantly narrow the issues to be tried by Plaintiff; (2) denying the stay would harm both parties, as they would be required to waste significant time and resources conducting fact and expert discovery, preparing pre-trial motions and preparing for trial on the damages claim class, when that class could be decertified if the Ninth Circuit decision is reversed; (3) permitting the class trial to proceed, when the foundation of the Class Certification Order has been called into question by the Supreme Court's recent action, risks confusing class members if the Class Certification Order must be set aside post-trial; and (4) a stay would promote the orderly course of justice and save judicial resources by allowing this Court the benefit of the Supreme Court's guidance prior to commencing the next phase of this litigation.

## II.   FACTS

On February 9, 2012, Plaintiff filed a class action against TransUnion alleging purported violations of the FCRA, 15 U.S.C. §§ 1681g(a), 1681g(c), and 1681e(b), and its state court counterpart, the CCRAA, California Civil Code §§ 1785.10, 1785.15(f), and 1785.14(b), based, in part, on TransUnion's alleged practice of failing to "provide consumers with all information it sells about them to third parties, specifically information about whether a given consumer is reported as purportedly included in the Office of Foreign Assets Control, Specially Designated National and Blocked Persons ('OFAC') list." (ECF Dkt. No. 1, Compl. ¶ 1.) For the FCRA and CCRAA

- 2 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

claims, Plaintiff requests statutory damages under 15 U.S.C. § 1681n and California Civil Code § 1785.31, respectively. (Id. ¶¶ 91, 96, 98, 103, 105, 110.)

On March 14, 2014, Plaintiff filed a motion for class certification, seeking to certify national and California classes of consumers, and requesting statutory and punitive damages. (ECF Dkt. No. 110, Motion at 1-2.) TransUnion opposed the motion on April 25, 2014, arguing, inter alia, that the FCRA and CCRAA claims cannot be certified because Plaintiff and each of the class members "must establish some quantum of actual damages" to have "standing to recover statutory damages" and the "[n]eed for individualized proof of impact . . . defeats certification[.]" (ECF Dkt. No. 119-4, Opposition at 28-30) (emphasis in original).

On July 24, 2014, this Court entered the Class Certification Order. (ECF Dkt. No. 140.) In the Order, the Court agreed with TransUnion's contention that individualized issues relating to the presence or absence of damages exist here, but the Court nonetheless certified the FCRA class based on the specific Ninth Circuit guidance now called into question by the Supreme Court's grant of certiorari:

> The Court agrees that whether a class member was actually injured by the purported non-disclosure is an individualized question. It is not, however, a question that predominates because it is not an element of the disclosure claims or statutory damages. Under the law of the Ninth Circuit, an FCRA claim for statutory damages 'does not require a showing of actual harm when a plaintiff sues for willful violations.' *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014). The court reasoned that when, as with the FCRA, 'the statutory cause of action does not require proof of actual damages, a plaintiff can suffer a violation of the statutory right without suffering actual damages.' *Id.* at 413.

(Id. at 16.) The Court, however, declined to certify the CCRAA statutory damages claims because, unlike the Ninth Circuit, the California appellate courts require proof of actual harm to recover statutory damages:

> The California Court of Appeals has held that the CCRAA, unlike the FCRA, requires a showing of actual harm even where, as here, the plaintiff is only seeking injunctive relief under section 1785.31(b) and statutory punitive damages under section 1785.31(a)(2)(b). *See*

- 3 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

> *Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628, 637-38 (2008). . . .
>
> Thus, to the extent Plaintiff is seeking certification of his state law claims pursuant to Rule 23(b)(3), as he must for the statutory punitive damages claim, individual issues will predominate. Each class member will have to demonstrate actual injury before being entitled to punitive damages. This inquiry will involve investigating whether the class member's credit report was disclosed to a lender and how the lender responded to the report; even if credit was denied, an inquiry will have to be made as to whether it was denied because of the OFAC Alert or for some other reason. Because Plaintiff does not even acknowledge the actual damages requirement of *Trujillo*, he does not offer any suggestion for how the actual damages issue can be addressed with common proof. The Court can think of none. Indeed, one reason Plaintiff seeks statutory FCRA damages is to avoid the requirement that each class member prove actual damages. Thus, the California claims will not be certified under 23(b)(3).

(Id. at 22) (internal footnote omitted).

Thus, it is clear that if federal law were the same as California law under Trujillo, this Court likewise would have denied certification of the FCRA claims, just as it denied certification of the CCRAA statutory damages claims.

Following class certification, this Court scheduled a trial date of November 16, 2015. (ECF Dkt. No. 164, Pretrial Order at 1.)

On April 27, 2015, the petition for writ of certiorari was granted in Spokeo. The Question Presented is: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, Spokeo, Inc. v. Robins, No. 13-1339 (U.S. Apr. 27, 2015), available at http://www.supremecourt.gov/qp/13-01339qp.pdf. If the Supreme Court answers the question by stating that "concrete harm" is required then, as previously argued (and successfully argued as to the CCRAA damages claim), the class should be decertified due to the presence of predominating individualized issues of whether each class member suffered "concrete harm."

- 4 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

### III. ARGUMENT

**A.   This Action Should be Stayed Pending the Supreme Court's Decision in _Spokeo_.**

**1.   This Court Has Discretion to Stay Proceedings.**

Under the proper circumstances – which exist here – a court may stay one case pending the outcome of another case.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "'[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.'"  Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).  Here, however, if Spokeo rejects or undermines the Ninth Circuit's prior statements about Article III standing, that decision will in fact be "necessarily controlling," and will radically reshape the present litigation.  This Court relied extensively on the specific Ninth Circuit analysis now under review, and expressly recognized that if a different rule applied (such as that under the CCRAA) class certification would not be appropriate here.

Under Ninth Circuit law, "[i]n determining whether a stay is appropriate, the court must weigh various competing interests, including:  (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"  Cuadras v. MetroPCS Wireless, Inc., No. CV 09-7897 CAS AJWX, 2011 WL 227591, at *1 (C.D. Cal. Jan. 21, 2011) (quoting Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir.2005)).  As explained below, each factor weighs in favor of staying the action pending the Supreme Court's decision in Spokeo.

- 5 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

### 2. The Parties Will Suffer Harm if the Motion to Stay is Denied.

All parties – TransUnion, Plaintiff and the class – will be harmed unless a stay is ordered.

If TransUnion's motion to stay is denied while Spokeo is pending, the parties will waste significant time and resources conducting fact and expert discovery, preparing pre-trial motions and preparing for trial, when that class could be decertified if the Ninth Circuit decision is reversed in Spokeo. Indeed, if this case proceeds to a classwide trial, but then the class must be decertified prior to entry of judgment, the class might be confused by why an unnecessary trial had to occur. Nor should the Court have to commit significant resources to addressing complex legal issues, which it may need to revisit at length after the Supreme Court rules.

Numerous authorities approve stays under circumstances similar to those present here. See, e.g., Kaltwasser v. Cingular Wireless LLC, No. C 07-00411 JF (PVT), 2010 WL 2557379, at *1 (N.D. Cal. June 21, 2010) (granting motion to stay the proceedings pending a Supreme Court decision that could impact the size of the class, "as the difference in size of the potential plaintiff class will have a profound impact on the extent and cost of merits and expert discovery."); Lopez v. Am. Express Bank, FSB, No. CV 09-07335 SJO MANX, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010) (granting motion to stay action pending a decision by the Supreme Court because "[i]t would be burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery issues, only to find those issues moot within less than a year."); Alvarez v. T-Mobile USA, Inc., No. CIV. 2:10-2373 WBS, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) (stating that if the motion to stay is denied pending a decision by the Supreme Court, "[d]efendant will incur significant costs relating to fact and expert discovery, motion practice, and trial preparation to defend this action."); Busk v. Integrity Staffing Solutions, Inc., No. 2:10-CV-1854-RLH-NJK, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) ("Plaintiffs are seeking to pursue a class action which will include nationwide discovery costs and legal fees and ultimately be very costly and burdensome for Defendant. However, the Supreme Court's decision . . . could drastically alter the parties' litigation focus and, indeed, the case [itself]. . . . Additionally, waiting six months to determine whether Defendant's petition will be granted will greatly simplify this case because the

- 6 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

parties will be certain as to what law applies. Therefore, regardless of how the Supreme Court decides, once the parties have their answer they will know how to move forward and eventually reach a resolution in this case."). This Court should follow the guidance of these other courts, and enter the requested stay.

Thus, because of the potential harm to the parties if the motion to stay is denied, this factor militates in favor of a stay.

### 3. A Stay Will Conserve Judicial Resources and Promote the Orderly Course of Justice.

By staying the action, this Court will save significant time and resources and promote the orderly course of justice. If the Supreme Court in Spokeo reverses the Ninth Circuit's holding that proof of actual harm is not necessary to pursue statutory damages under the FCRA, this Court will no longer need to resolve discovery issues, pre-trial briefs or try the FCRA claims as those claims could be decertified, pursuant to the Class Certification Order's analysis of the CCRAA claims. (ECF Dkt. No. 140, Class Certification Order at 16, 22) (stating that proof of actual harm creates individualized issues). In addition, if the motion to stay is denied and Spokeo holds that a plaintiff must prove actual harm to pursue statutory damages under the FCRA, orders entered in this case or a verdict at trial ultimately may be reversed on appeal on the ground that the class should not have been certified in the first instance.

Accordingly, this factor also favors a stay. See Alvarez, 2010 WL 5092971, at *2 ("It would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year. The public interest in preserving judicial resources also weighs in favor of staying the case."); Cardenas v. AmeriCredit Fin. Servs. Inc., No. C 09-04978 SBA, 2011 WL 846070, at *3 (N.D. Cal. Mar. 8, 2011) (finding that a stay would promote the orderly course of justice because a decision by the Supreme Court "will be instructive with respect to some or all of the issues"); Busk, 2013 WL 4786254, at *2 (granting motion to stay pending Supreme Court decision because it will "promote judicial

economy and allow the parties to avoid potentially unnecessary nationwide discovery costs.") (emphasis added).

### 4. Plaintiff Will Not Suffer Harm From a Stay.

Plaintiff cannot justify denying a stay of this action on the ground that it will delay the class's potential monetary recovery. See Lockyer, 398 F.3d at 1110; see also Gustavson v. Mars, Inc., No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (stating that a "mere delay in monetary recovery is an insufficient basis to deny a stay."); Asis Internet Servs. v. Active Response Grp., No. C07 6211 TEH, 2008 WL 4279695, at *5 (N.D. Cal. Sept. 16, 2008) (same). As such, Plaintiff cannot prove that he will suffer harm from a stay based on this reason.

## B. In the Alternative, if this Court Denies the Motion to Stay, the Trial Date Should be Continued by 90 Days.

In the alternative, TransUnion requests that the trial date be continued by 90 days if the motion to stay is denied. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted).

Here, "good cause" exists to continue the trial date under Rule 16(b)(4). TransUnion acted diligently by filing this motion soon after learning that the Supreme Court granted a writ of certiorari in Spokeo. As such, the primary factor considered under Rule 16(b)(4) favors a stay. See Johnson, 975 F.2d at 609. In addition, there are valid reasons for continuing the trial date, as it would be a waste of time and the resources of the parties and this Court to prepare for a trial that may never occur, if the class is decertified following a decision in Spokeo.

- 8 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

Thus, if this Court denies TransUnion's motion to stay, it should nonetheless continue the trial date by 90 days to provide sufficient time for the Supreme Court to render a decision in Spokeo before trial commences.

### IV. CONCLUSION

Based on the foregoing, TransUnion requests that this action be stayed pending a decision by the Supreme Court in Spokeo. In the alternative, if the motion to stay is denied, TransUnion requests that the trial date be continued by 90 days.

Dated: May 4, 2015

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO
ARSEN KOURINIAN

By: */s/ Stephen J. Newman*
       Stephen J. Newman

Attorneys for Defendant TRANS UNION, LLC

- 9 -
DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2015, a copy of the foregoing **DEFENDANT TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

                                                                         */s/ Stephen J. Newman*
                                                                              Stephen J. Newman

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

DEF. TRANS UNION, LLC'S NOTICE OF MOTION AND MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE BY 90 DAYS
Case No. 3:12-cv-00632-JSC

LA 51868636