UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC,<br><br>    Defendant. | Case No. 12-cv-00632-JSC<br><br>**ORDER GRANTING MOTION TO STAY ACTION**<br><br>Re: Dkt. No. 183 |

In this certified class action, Defendant Trans Union, LLC ("Defendant") moves to stay the case pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*. (Dkt. No. 183.) Upon consideration of the parties' submissions and the arguments of counsel at the hearing held on June, 18 2015, Defendant's motion to stay is GRANTED.

## BACKGROUND

On February 9, 2012, Plaintiff Sergio L. Ramirez filed this class action against Defendant TransUnion, bringing three causes of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and three under its state counterpart, the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 et seq. On July 24, 2014, the Court granted in part and denied in part Plaintiff's motion to certify class. (Dkt. No. 140.) The Court certified a damages and injunctive relief class under FCRA, but only certified an injunctive relief class under CCRAA. The Court declined to certify the CCRAA statutory damages class because California law holds that CCRAA claims require a plaintiff to show actual harm. *See Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628, 637-38 (2008). In contrast, certification under FCRA was appropriate because a FCRA "cause of action does not require proof of actual damages, a plaintiff can suffer a violation of the statutory right without suffering actual

1  damages." (Dkt. No. 140 at 16:8-10 (quoting *Spokeo*, 742 F.3d 409, 413 (9th Cir. 2014), *cert.*
2  *granted*, 82 U.S.L.W. 3689 (U.S. Apr. 27, 2015) (No. 13-1339)).)

Following distribution of notice to the class, the Supreme Court granted the petition for writ of certiorari in *Spokeo*. Defendant now moves to stay the action pending the Supreme Court's decision in *Spokeo*, asserting that the orderly course of justice and balance of hardships favor the imposition of a stay.

**DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citations and quotation omitted). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The proponent of a stay has the burden of proving such a discretionary stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, Defendant moves to stay the action pending the Supreme Court's review of the Ninth Circuit's decision in *Spokeo* upon which the Court squarely relied in granting class certification of the FCRA class. Given that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo* decision. The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice. Further, as explained by Defendant, and not disputed by Plaintiff, Defendant

United States District Court
Northern District of California

has modified the conduct about which Plaintiff complains so there is no need to proceed with trial to obtain immediate injunctive relief and staunch the harm.  Moreover, Defendant has agreed to bear the cost of further notice to the class advising them of the stay.  In contrast to the lack of prejudice to Plaintiff and the class, in light of *Spokeo's* potential impact on the class certification order, Defendant faces the risk of unnecessary proceedings and expenses if the case is not stayed: given the current schedule, absent a stay this case will be resolved through either trial or summary judgment prior to the Supreme Court's ruling.

## CONCLUSION

Defendant's motion to stay this action pending a decision in *Spokeo* is GRANTED. Plaintiff shall file a motion to lift the stay once the Supreme Court issues its decision.

This Order disposes of Docket No. 183.

**IT IS SO ORDERED.**

Dated:  June 22, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge