**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 2** |

**THIS MATTER** having been brought before this Court on Plaintiff's Motion In Limine No. 2 To Preclude Defendant Trans Union, LLC From Offering Evidence Regarding Its Contracts And Disclaimers, and the Court having read all papers, and for good cause shown,

**IT IS** on this ______ day of ____________________, 2017, **ORDERED** that Plaintiff's Motion In Limine No. 2 is **GRANTED.** Defendant Trans Union, LLC is precluded from introducing any evidence at trial through any witness or exhibit concerning: (i) the terms and disclaimers it included in its contracts or other materials provided to its customers concerning OFAC, (ii) the Treasury Department's statements about the responsibilities of financial institutions and users of credit reports concerning OFAC, and (iii) any testimony or argument based on those contentions.

**IT IS SO ORDERED.**

Dated: _______________

_________________________
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
Anderson, Ogilvie & Brewer LLP
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
T: (415) 651-1952
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice)*
David A. Searles (*pro hac vice*)
Francis & Mailman, P.C.
Land Title Bldg, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Attorneys for Plaintiff, Sergio L. Ramirez*
*And the Certified Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO PRECLUDE DEFENDANT TRANS UNION, LLC FROM OFFERING EVIDENCE OR ARGUMENT REGARDING ITS CONTRACTS AND DISCLAIMERS** |

Plaintiff Sergio L. Ramirez and the Certified Class, through undersigned counsel, hereby move to preclude Defendant Trans Union, LLC from introducing evidence or argument at trial that its customers were supposed to use human review before acting upon the OFAC alerts that Defendant sold to them. Plaintiff seeks an order precluding Defendant from introducing any evidence at trial through any witness or exhibit concerning: (i) the terms and disclaimers it included in its contracts or other materials provided to its customers concerning OFAC, (ii) the Treasury Department's statements about the responsibilities of financial institutions and users of credit reports concerning OFAC, and (iii) any testimony or argument based on those contentions.

## I. BACKGROUND

Throughout this litigation, Trans Union has argued that it allegedly did not willfully violate the Fair Credit Reporting Act (FCRA) because its customers were supposed to engage in human review to verify that the consumer about whom Trans Union issued an OFAC alert was actually on the OFAC list. Trans Union has contended that its customers actually want a broad array of possible OFAC hits, and even inaccurate information, because they are in the best position to determine who is actually on the OFAC list.

Defendant has based this argument on its contract provisions with its customers (including its disclaimers in contracts and marketing materials) and on statements from the Treasury Department concerning how a user of credit reports, such as a car dealership or financial institution, might use OFAC alerts. Trans Union will likely seek to argue from this evidence that it is absolved from liability because it placed the responsibility of complying with the FCRA on its customers. In the *Cortez v. Trans Union* trial in 2007, Defendant made such an argument to the jury and tried to shift all compliance responsibilities to its customers.

## II. ARGUMENT

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is relevant if it (a) tends to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Rule 403 authorizes the Court to

exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court has "wide discretion" in making Rule 403 decisions but must exclude evidence of slight probative value if there is a modest likelihood that the evidence would cause unfair prejudice or mislead the jury. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

The evidence that Plaintiff seeks to exclude here is irrelevant to any fact that is of consequence in this action. The disclaimers and contractual provisions in Trans Union's contracts with the customers who bought its OFAC alerts are irrelevant. As the Third Circuit held in *Cortez*, Trans Union's private contractual arrangements with its clients cannot alter the application of federal law, absent a statutory provision allowing that rather unique result. *Cortez*, 617 F.3d at 708. In denying Trans Union's motion for summary judgment, this Court followed *Cortez* and concluded that neither Trans Union's contractual provisions nor the Treasury Department's pronouncements are relevant to any facts that are consequential in this case. Dkt. No. 233 at p. 7.[1] Trans Union's contractual provisions with its customers and the Treasury Department's thoughts on how users of credit reports might use OFAC alerts are irrelevant to any claim or defense to such a claim in this case, and should thus be excluded.

If the Court concludes that this evidence has some slight probative value on some issue, the Court should exercise its discretion to exclude the evidence pursuant to Fed. R. Evid. 403 because the jury is likely to be confused by it. Jurors are unlikely to know that a contract provision cannot trump federal law and even with an instruction may be tempted to give a contract provision undue weight. This confusion is even more likely to occur if the Treasury

[1] Other courts agree that contractual provisions with customers and disclaimers do not alter the applications of the FCRA. *See, e.g.*, *Smith v. E-Backgroundchecks.com, Inc.*, 81 F. Supp. 3d 1342, 1348–49 (N.D. Ga. 2015) ("Ultimately, regardless of whether Defendant had presented this argument to the Magistrate Judge, the Court finds the 'disclaimer' used by Defendant does not negate liability" under the FCRA.); *Henderson v. Corelogic Nat'l Background Data, LLC*, 178 F. Supp. 3d 320, 336 (E.D. Va. 2016) (disclaimers or other contractual delegations of responsibility do not prevent application of FCRA's requirements).

Department pronouncements are introduced. This is the type of evidence that should be excluded pursuant to the discretionary power vested in the Court by Fed. R. Evid. 403.

## III. CONCLUSION

For the above reasons, Plaintiff's Motion in Limine No. 2 should be granted.

Dated: April 27, 2017

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

By: /s/ *John Soumilas*

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice)*
David A. Searles (*pro hac vice*)
Land Title Bldg, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**ANDERSON, OGILVIE & BREWER LLP**
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
Telephone: (415) 651-1950
Facsimile: (415) 956-3233
andy@aoblawyers.com
carol@aoblawyers.com

*Attorneys for Plaintiff Sergio L. Ramirez*
*And the Certified Class*

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
JASON S. YOO (State Bar No. 261114)
CHRISTINE E. ELLICE (State Bar No. 276181)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Email: bluckman@shermansilverstein.com

Attorneys for Defendant
TRANS UNION LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-00632-JSC<br><br>Assigned to the Honorable Jacqueline Scott Corley<br><br>**DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE DEFENDANT TRANS UNION, LLC FROM OFFERING EVIDENCE OR ARGUMENT REGARDING ITS CONTRACT AND DISCLAIMERS**<br><br>Hearing<br>Date: May 18, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom F |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

By Plaintiff's Motion in Limine No. 2 to Preclude Defendant Trans Union, LLC From Offering Evidence or Argument Regarding its Contracts and Disclaimers ("Plaintiff's MIL No. 2"), Plaintiff seeks to preclude key evidence as to whether TransUnion attempted to obey the requirements of the FCRA and limit use of the Name Screen product to a permissible scope. What Plaintiff describes as "contracts and disclaimers" are in fact explanations of how to read and properly use the data TransUnion delivered. As such, they are critical evidence going to both the accuracy of the information provided, as well as whether TransUnion willfully violated the FCRA. Accordingly, Plaintiff's MIL No. 2 should be denied.

### II. ARGUMENT

Evidence of TransUnion's contracts and what Plaintiff describes as "disclaimers" are critical for the jury's understanding of the limited purpose for which Name Screen data was delivered, and of how a reasonable user of such data would have read the data. TransUnion is entitled to prove that a user of the information would not have interpreted a Name Screen result to be a representation that the subject was definitively a Specially Designated National, but rather merely an indication that the user should progress to a manual process to clear the transaction for compliance purposes – most of the time something that can be completed with a simple human review of the subject's driver's license.

TransUnion does not seek to introduce evidence of its contractual provisions and other communications in order to "negate liability under the FCRA" or because TransUnion wishes to mislead the jury into thinking that contractual provisions override federal law.[1] To the contrary, determining whether the communication was accurate within the meaning of the FCRA depends on examining these materials. The standard for accuracy under 15 U.S.C. § 1681e(b) requires the communications too be "patently incorrect" or "misleading in such a way and to such an extent that

[1] Plaintiff incorrectly states that this Court ruled, in denying TransUnion's Motion for Summary Judgment, that TransUnion's contracts are not relevant to this case. The Court made no such determination. Rather, the Court did state that the question of willfulness was one to be decided by the jury. (ECF No. 233 at pp. 6-7.) To this end, TransUnion would be unduly prejudiced if it were prevented from presenting evidence that rebuts Plaintiff's claim of a willful violation.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

it can be expected to adversely affect credit decisions." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009). The contracts and other communications surrounding use of Name Screen results will help the jury understand that TransUnion communicated nothing that was patently incorrect or misleading, and moreover took affirmative steps to prevent readers from being misled. Indeed, communicating the limited scope for use of the Name Screen result was one of the "reasonable procedures" employed to assure accurate understanding of the data. Without the benefit of the context of how the end-user was directed to receive, interpret, and use the results, the jury will be left without significant information which would inform a determination as to the accuracy of the Name Screen results. In other words, read in conjunction with a directive that any match must be further verified by the end user to determine if the end user's customer is on the SDN list, the Name Screen results were accurate. As a result, evidence of the contractual language is relevant to the issues inherent in determining Plaintiff's claims. To exclude it would severely and unfairly prejudice TransUnion's defense.

## III. CONCLUSION

For the foregoing reasons, TransUnion respectfully requests this Court deny Plaintiff's Motion in Limine No. 2.

Dated: May 9, 2017

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
JASON S. YOO
CHRISTINE E. ELLICE

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)

By: */s/ Stephen J. Newman*
Stephen J. Newman

Attorneys for Defendant
TRANS UNION LLC