UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 5** |

    **THIS MATTER** having been brought before this Court on Plaintiff's Motion In Limine No. 5 To Preclude Defendant Trans Union, LLC From Offering Evidence Or Argument Regarding The Practice Of Plaintiff's Counsel, and the Court having read all papers, and for good cause shown,

    **IT IS** on this _____ day of _____, 2017, **ORDERED** that Plaintiff's Motion In Limine No. 5 is **GRANTED.**  Defendant Trans Union, LLC is precluded from introducing any evidence at trial through any witness or exhibit concerning the law practice of Plaintiff's counsel.

    **IT IS SO ORDERED.**


    Dated: _____

                                                                            _____
                                                                            JACQUELINE SCOTT CORLEY
                                                                            UNITED STATES MAGISTRATE JUDGE

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
Anderson, Ogilvie & Brewer LLP
1736 Stockton Street, Ground Floor
San Francisco, CA  94133
T: (415) 651-1952
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Francis & Mailman, P.C.
Land Title Bldg, Suite 1902
100 South Broad Street
Philadelphia, PA  19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Attorneys for Plaintiff, Sergio L. Ramirez
And the Certified Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANT TRANS UNION, LLC FROM OFFERING EVIDENCE OR ARGUMENT REGARDING THE PRACTICE OF PLAINTIFF'S COUNSEL** |

Plaintiff Sergio L. Ramirez and the Certified Class, through undersigned counsel, hereby move to preclude Defendant Trans Union, LLC from introducing any evidence or argument concerning the law practices of any of Plaintiff's counsel.

## I.     BACKGROUND

All of Plaintiff's counsel have long-standing practices in consumer protection litigation. They have brought multiple individual and class action lawsuits pursuant to the Fair Credit Reporting Act (FCRA), including multiple such lawsuits against Defendant regarding its OFAC-related products. *See, e.g., Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010) (plaintiff's counsel prosecuted the *Cortez* through trial at the district level and on appeal); *Larson v. Trans Union, LLC*, 201 F. Supp. 3d 1103 (N.D. Cal. 2016) (granting motion to certify class); *Patel v. Trans Union, LLC*, 308 F.R.D. 292 (N.D. Cal. 2015) (granting motion to certify class); *Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2017 WL 412641 (M.D. Pa. Jan. 18, 2017) (report and recommendation of magistrate judge that plaintiff had Article III standing and that motion for class certification should be granted). Present defense counsel have defended some of those actions. Defendant has indicated in its 10-k statement to the Securities and Exchange Commission that its OFAC litigation is primarily against one group of lawyers.

## II.    ARGUMENT

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even relevant evidence can be excluded if it is more prejudicial than probative. *See* Fed. R. Evid. 403. The Court has "wide discretion" in making Rule 403 decisions but must exclude evidence of slight probative value if there is a modest likelihood that the evidence would cause unfair prejudice or mislead the jury. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Defendant should not be allowed to offer evidence or make arguments whatsoever concerning the law practice of Plaintiff's counsel, either in general or against Trans Union in

2

particular. This case is about Mr. Ramirez and the certified class on the one hand and Trans Union on the other. Evidence or argument about the lawyers (on both sides) and their professional history in similar litigation is simply irrelevant.

Such necessarily personal or character evidence and argument would not only be irrelevant to the merits of this matter, but could unnecessarily prejudice the jury. *See Ginny v. White*, No. CV-N-95-0279-DWH, 2003 WL 23353600, at *16 (D. Nev. Dec. 30, 2003) (it is "uncontroversial . . . that improper comments that may prejudice the jury against an opposing party or counsel constitute prejudicial misconduct"). *See also, Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276-77 (5th Cir. 1998) (references to an out-of-state corporation's failure to show up in court and defend itself, having chosen to send a pleasant lawyer in its stead were inflammatory and prejudicial). This case should be tried on the merits, and any reference to the law practice of counsel is unnecessary and irrelevant at best, and potentially prejudicial at worst. It should be excluded from trial in this matter.

This exclusion, however, should be limited to the practice of Plaintiff's counsel – *i.e.*, which lawyers represented which consumers in certain litigation. The *litigation itself* should *not* be excluded. *Cortez v. Trans Union* obviously forms an important backdrop to this lawsuit, and it is referenced by several Trans Union's witnesses and by experts on both sides. That case and others, where relevant, should not be excluded. But which lawyers represented Sandra Cortez and other consumers in litigation is simply irrelevant.

### III.   CONCLUSION

For the above reasons, Plaintiff's Motion in Limine No. 5 should be granted.

Dated: April 27, 2017                     Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

By:     /s/ *John Soumilas*
          James A. Francis (*pro hac vice*)

3

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANT TRANS UNION, LLC FROM OFFERING EVIDENCE REGARDING THE PRACTICE OF PLAINTIFF'S COUNSEL
Case No. 3:12-cv-00632-JSC

John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Land Title Bldg, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**ANDERSON, OGILVIE & BREWER LLP**
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
Telephone: (415) 651-1950
Facsimile: (415) 956-3233
andy@aoblawyers.com
carol@aoblawyers.com

*Attorneys for Plaintiff Sergio L. Ramirez
And the Certified Class*

4

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANT TRANS UNION, LLC FROM
OFFERING EVIDENCE REGARDING THE PRACTICE OF PLAINTIFF'S COUNSEL
Case No. 3:12-cv-00632-JSC

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
JASON S. YOO (State Bar No. 261114)
CHRISTINE E. ELLICE (State Bar No. 276181)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone:    856-662-0700
Email: bluckman@shermansilverstein.com

Attorneys for Defendant
    TRANS UNION LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC,<br><br>    Defendant. | Case No. 3:12-cv-00632-JSC<br><br>Assigned to the Honorable Jacqueline Scott Corley<br><br>**DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO PRECLUDE DEFENDANT TRANS UNION, LLC FROM OFFERING EVIDENCE OR ARGUMENT REGARDING THE PRACTICE OF PLAINTIFF'S COUNSEL** |

## I.   INTRODUCTION AND BACKGROUND

By his Motion *in Limine* No. 5 ("MIL No. 5"), Plaintiff seeks to preclude TransUnion from introducing any evidence or argument concerning the law practices of Plaintiff's counsel. Although it is not clear precisely what Plaintiff has in mind with respect to MIL No. 5, the Motion should be denied. Specifically, TransUnion should be allowed to present evidence and argument that no consumers other than Plaintiff have sued over the alleged name mismatch challenged here, nor have any other consumers joined this long-running lawsuit, in spite of Plaintiff's counsel's widespread publication of the suit and their advertising attempts to seek additional plaintiffs. (See Dkt. Nos. 51, 59, 67 and 77.) That no one appears to have come forward, in spite of Plaintiff's counsel's diligent attempts to beat the bushes in hopes that someone injured emerges, tends to prove that the violations asserted in this litigation caused no harm to the general public or to any members of the class. Because, among other things, Plaintiff must prove that TransUnion created a significant risk of harm, see Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007), this evidence of lack of harm is relevant to undermine Plaintiff's theory of liability.

Further, to the extent Plaintiff's counsel seek to introduce evidence of their own involvement in the Cortez litigation, in an effort to elevate their personal status with the jury, they will open the door to any potential evidence that will contradict any implied claim that they are heroes of the common man. TransUnion's position is that none of this material is admissible, but if it is admitted, TransUnion should be permitted to defend thoroughly.

## II.   ARGUMENT

### A.   TransUnion Is Entitled To Present Evidence And Argument Regarding Plaintiff's Counsel's Efforts To Publicize This Suit.

On November 23, 2012, Anderson, Ogilvie & Brewer, LLC, co-counsel for Plaintiff, published on its website an article soliciting potential clients entitled "Credit Reports Tag Consumers As Drug Dealers Or Terrorists" (the "Solicitation"). The Solicitation purports to report on TransUnion's alleged practice of tagging or identifying consumers as actual terrorists and drug dealers and refusing to allow consumers to dispute information communication by TransUnion

relating to a list maintained by the United States Treasury Department's Office of Foreign Assets Control ("OFAC").  The Solicitation expressly discusses the instant action.

On December 6, 2012, an article written by Kelly Dilworth entitled "Credit Reports Falsely Tag Consumers As Terrorists, Drug Traffickers," clearly based in large part on the Solicitation, appeared on the website www.CreditCards.com.  The Article subsequently was published on numerous major news media websites, including Yahoo! Finance and Fox Business.  The Article, like the Solicitation on which it is based, purports to report on TransUnion's alleged practice of tagging or identifying consumers as actual terrorists and drug dealers and refusing to allow consumers to dispute the OFAC information.  The Article expressly discusses the instant action.

Notwithstanding Plaintiff's counsel's widespread efforts to publicize this suit, no consumers other than Plaintiff have sued over Plaintiff's allegations here or joined this lawsuit, which has been pending for over five years.  TransUnion is entitled to present evidence and argument as to this fact.

Finally, TransUnion notes that Plaintiff's proposed trial exhibits include a host of materials from the Cortez litigation, including the Third Circuit opinion, the Cortez credit report, file disclosure and verdict sheet.  All of these constitute hearsay and would be unfairly prejudicial, confusing and would mislead the jury.  See Fed. R. Evid. 403, 802, 803; see also Old Chief v. United States, 519 U.S. 172, 180-92 (1997); Hamling v. United States, 418 U.S. 87, 124-27 (1974) (trial court did not abuse its discretion by excluding evidence on the basis that it was largely irrelevant, and to the extent it was relevant, it was confusing to the jury); United States v. Wiggan, 700 F.3d 1204, 1215 (9th Cir. 2004) (district court abused its discretion when it admitted testimony where "the danger of undue and unfair prejudice far outweighed the probative value of the evidence").  Indeed, the 70-page Cortez decision and verdict sheet will confuse and no doubt inflame the jury with materials they cannot put in context or understand.  The identification of such irrelevant items reveals Plaintiff's trial strategy to improperly use Cortez as a springboard, and to paint his lawyers as heroes or particularly expert in this area of the law.  This would be improper and highly prejudicial to TransUnion.  To the extent this information is admitted, TransUnion

should be permitted to use whatever evidence is available to rebut any suggestion that Plaintiff's counsel are entitled to special reverence based on their prior litigation activity.

### III.   CONCLUSION

For the foregoing reasons, TransUnion respectfully requests that the Court deny Plaintiff's Motion in Limine No. 5.

Dated:  May 9, 2017

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
JASON S. YOO
CHRISTINE E. ELLICE

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)

By: _____
Stephen J. Newman

Attorneys for Defendant
TRANS UNION LLC