1    Andrew J. Ogilvie (SBN 57932)
     Carol M. Brewer (SBN 214035)
2    Anderson, Ogilvie & Brewer LLP
     1736 Stockton Street, Ground Floor
3    San Francisco, CA  94133
     T: (415) 651-1952
4    andy@aoblawyers.com
     carol@aoblawyers.com
5
     James A. Francis (*pro hac vice*)
6    John Soumilas (*pro hac vice)*
     David A. Searles (*pro hac vice)*
7    Francis & Mailman, P.C.
     Land Title Bldg, Suite 1902
8    100 South Broad Street
     Philadelphia, PA  19110
9    T: (215) 735-8600
     F: (215) 940-8000
10   jfrancis@consumerlawfirm.com
     jsoumilas@consumerlawfirm.com
11   dsearles@consumerlawfirm.com
12
13   *Attorneys for Plaintiff, Sergio L. Ramirez*
     *And the Certified Class*

14

15                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
16
                          **SAN FRANCISCO DIVISION**
17

18   SERGIO L. RAMIREZ, on behalf of          Case No. 12 cv-00632-JSC
     himself and all others similarly situated,
19                                            **PLAINTIFFS' BRIEF ON**
                          Plaintiff,          **CONTROLLING ISSUES OF LAW**
20
                   v.
21
     TRANS UNION, LLC,
22
                          Defendant.
23

24         The Court's Amended Pretrial Order instructs the parties to file trial briefs on the controlling

25   issues of law.  Plaintiff Sergio L. Ramirez and the Certified Class bring three claims under the Fair

26   Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*  *First*, they contend that Trans Union willfully

27   violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum

28

possible accuracy in the consumer reports that it prepared concerning the class members. *Second*, they contend that Trans Union willfully violated 15 U.S.C. § 1681g(a) by failing to disclose all of the information in the class members' files when they requested their files. *Third*, they contend that Trans Union willfully violated 15 U.S.C. § 1681g(c) by failing to provide class members with the required summary of their consumer rights, including their right to dispute inaccurate OFAC information in their files.

## CONTROLLING LAW

### A. Trans Union Willfully Violated FCRA Section 1681e(b) By Failing to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

An inquiry into the reasonableness of procedures under FCRA section § 1681e(b) centers on whether a consumer reporting agency (CRA), such as Defendant Trans Union, followed reasonable procedures to prevent inaccuracies in the consumer reports it prepared. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333-34 (9th Cir. 1995). "The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id.* at 1333; *Dalton v. Capital Associated Indus.,* 257 F.3d 409, 416 (4th Cir. 2001); *Taylor v. First Advantage Background Servs. Corp.*, ___ F. Supp. 3d ___, 2016 WL 4762268, at \*10 (N.D. Cal. Sept. 13, 2016) (quoting *Guimond*). *See also Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996) ("Judging the reasonableness of a credit reporting agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy.").

A report is inaccurate when it contains information that is "patently incorrect" or when it is "misleading in such a way and to such an extent that it can be expected to [have an] adverse" effect. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) (citing and quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009)); *Dalton*, 257 F.3d at 415 (citing and quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)); *see also Pinner v. Schmidt*, 805 F.2d 1258, 1262-63 (5th Cir. 1986).

Mr. Ramirez and the class will show that Trans Union prepared consumer reports about

them that contained inaccurate information. Each of those reports contained an OFAC alert associating a class member with a known terrorist, narcotics trafficker or money launderer on the OFAC list, but none of the class members are on the OFAC list. The reports are inaccurate.  Several Trans Union witnesses have conceded that there is no evidence that Trans Union has ever correctly associated any consumer with any person who is actually on the OFAC list.

The evidence shows that Trans Union failed to follow reasonable procedures to assure maximum possible accuracy with respect to these OFAC alerts.  It shows that Trans Union used only first and last name (or an approximation of the same) to associate consumers with persons on the OFAC list. During the class period, it did not use the consumer's full name, date of birth, address, social security number, place of birth, or any other identifying information to determine whether the person was actually on the OFAC list.  The reasonableness of this standardized procedure is a question of fact for the jury. *Guimond*, 45 F.3d at 1333.

There is more than sufficient evidence for the jury to find that Trans Union's violations of section 1681e(b) were willful. Trans Union's use of name-only matching logic was a deliberate business decision which applied to all of its reports, not an aberration, error or mistake. *See Seamans v. Temple Univ*., 744 F.3d 853, 868 (3d Cir. 2014) ("blanket policies" can underpin a finding of willfulness under the FCRA). Trans Union's procedures disregarded full name, date of birth, address or social security number, and other personal identifiers available in both its own database and on the OFAC list, which could have been used to determine whether a true match existed.  Trans Union did this despite using such identifiers to associate traditional credit data with consumer files and reports. *See Souter v. Equifax Info. Servs., Inc*., 307 F.R.D. 183, 206-07 (E.D. Va. 2015) (a CRA's "conscious decision to categorically subject" different types of information to different collection standards was a sufficient basis for a reasonable jury to find a willful violation of FCRA section 1681e(b)).

Additionally, Trans Union's longstanding notice regarding the perils of using only first and last name to associate data with consumers, from the "mixed file" consent orders of the 1990s, to

3

the 2007 jury verdict and 2010 Third Circuit opinion in *Cortez*, provide a substantial basis for a reasonable jury to conclude that Trans Union was on notice of the highly problematic nature of its practices here. *Fed. Trade Comm'n v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991); *Cortez*, 617 F.3d at 723 (finding Trans Union's use of name-only match logic "reprehensible").

**B. Trans Union Willfully Violated FCRA Section 1681g(a) By Failing to Clearly and Accurately Disclose to Consumers All Information in the Theirs Files**

Upon request by the consumer, Trans Union is obligated to "clearly and accurately" disclose "all" the information in the consumer's file at the time of the request. Trans Union willfully violated this requirement by sending class memebers file disclosures that did not contain the OFAC information.

Trans Union has argued that the OFAC information is not part of a "consumer report" because "OFAC data is not used in credit eligibility determinations." Dkt. 218-4, p. 21. The Third Circuit rejected that argument in *Cortez*: "It is difficult to imagine an inquiry more central to a consumer's 'eligibility' for credit than whether federal law prohibits extending credit to that consumer in the first instance." 617 F.3d at 707-08. This Court rejected it also. Dkt. 233, p. 5.

Trans Union has argued that it satisfied FCRA section 1681g(a) by sending the class members separate letters which contained the OFAC information from their files. This Court has held that Trans Union's interpretation of the disclosure requirement is not objectively reasonable. This provision in the FCRA is unambiguous: if a consumer requests, the credit reporting agency must "clearly and accurately" disclose to the consumer *all* information in the consumer file. 15 U.S.C. § 1681g(a). Trans Union's letter to the class members did not "clearly" disclose that it was providing the consumer with information from the consumer's file.  Instead it tried to mislead them. The letter stated that the information was being provided "as a courtesy to you" and not, rather, as required by law.  At best it created an ambiguity as to whether the information was in the consumer's file, and thus included on the consumer's credit report, even though Trans Union presented the information to its customers as part of a consumer's credit report.  While *Cortez* did not address this exact issue, the FCRA is so clear on this point that no prior court guidance was needed. *See Syed v.*

PLAINTIFFS' BRIEF ON CONTROLLING ISSUES OF LAW
Case No. 3:12-cv-00632-JSC

*M-I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017) (plaintiff stated a claim for a willful violation of the FCRA even though the relevant legal issue presented an issue of first impression).

### C. Trans Union Willfully Violated FCRA Section 1681g(c) By Failing to Include the Summary of Consumer Rights with the Separate Letters

Assuming Trans Union's follow-up letter to the class members was a disclosure of the contents of their files, it violated FCRA section 1681g(c) because it did not include a summary of consumer rights.  Section 1681g(c)(2) requires Trans Union to include "with each written disclosure by the agency" a copy of the summary of consumer rights. The statutory language is clear and unambiguous; Trans Union's interpretation to permit it to satisfy this requirement by reference to a consumer rights summary that was sent in a different disclosure or that was available online is an unreasonable reading of the statute.

### D. The Letters that Trans Union Sent to Class Members Are "Consumer Reports."

The Fair Credit Reporting Act defines "consumer report" broadly:

> The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

The letters that Trans Union sent to plaintiff and the other class members are "consumer reports" because they fall within the parameters of the term "consumer report" as defined by Congress. These are written communications by Trans Union, a consumer reporting agency. The information contained in the communications bears on the class member's credit worthiness, credit standing, etc. The information was collected by Trans Union for serving as a factor in establishing a consumer's eligibility for credit, insurance, employment and other permissible purposes.  Indeed,

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Trans Union advises customers that persons on the OFAC are legally ineligible for credit or to conduct any business whatsoever within the US.   In short, the communications Trans Union made to the class members were "consumer reports" as defined in the FCRA.

It is immaterial whether Trans Union sold the class members' credit reports to third parties. That argument was made and rejected by the Ninth Circuit in *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) more than twenty years ago. Ms. Guimond had paid Trans Union for her credit report, which she discovered was inaccurate in numerous ways. When Trans Union failed to correct it, Ms. Guimond sued for emotional distress, the fee she paid to obtain her report, and lost credit opportunities.  Reversing summary judgment for Trans Union, the Ninth Circuit held that "the district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event—denial of credit or transmission of the report to third parties—resulting from the compilation and retention of erroneous information." *Id.* at 1333.

It bears noting, however, that both in the letters and in all other communications Trans Union makes clear that it would surely associate class members with persons on the OFAC on their credit reports furnished to any third party.  This is further evidence that the OFAC information was "expected to be used or collected in whole or in part" for serving as a factor for credit eligibility decisions, thus brining it squarely within the definition of "consumer report."   15 U.S.C. § 1681a(d)(1).

This Court has already rejected (both at the class certification and the summary judgment stages) Trans Union's attempt to argue that it was not furnishing consumer reports about class members, and it should prevent Trans Union from trying to convince the jury of its erroneous legal interpretation at trial.

Respectfully Submitted,

Dated: May 11, 2017　　　　　　**FRANCIS & MAILMAN, P.C.**

By　/s/　*John Soumilas*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice)*

6

PLAINTIFFS' BRIEF ON CONTROLLING ISSUES OF LAW
Case No. 3:12-cv-00632-JSC

1

2

3

4

5

6

David A. Searles (*pro hac vice*)
Land Title Bldg, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

7

8

9

10

11

Andrew J. Ogilvie      (SBN 57932)
Carol M. Brewer      (SBN 214035)
**ANDERSON, OGILVIE & BREWER LLP**
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
Telephone: (415) 651-1950
andy@aoblawyers.com
carol@aoblawyers.com

12

*Attorneys for Plaintiff Sergio L. Ramirez*
*And the Certified Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

PLAINTIFFS' BRIEF ON CONTROLLING ISSUES OF LAW
Case No. 3:12-cv-00632-JSC

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, a copy of the foregoing **PLAINTIFFS' BRIEF ON CONTROLLING ISSUES OF LAW** was filed electronically through the court's EM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's EM/ECF System.

Dated:  May 11, 2017                          */s/ John Soumilas*

                                                         John Soumilas

PLAINTIFFS' BRIEF ON CONTROLLING ISSUES OF LAW
Case No. 3:12-cv-00632-JSC