Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
Anderson, Ogilvie & Brewer LLP
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
T: (415) 651-1952
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Francis & Mailman, P.C.
Land Title Bldg., Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Attorneys for Plaintiff, Sergio L. Ramirez
And the Certified Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>**PLAINTIFFS' MEMORANDUM OF LAW REGARDING JURY INSTRUCTIONS** |

     Plaintiff Sergio L. Ramirez and the Certified Class, through undersigned counsel, submit

this Memorandum of Law in support of their proposed Jury Instructions that have been disputed by

1
2
Defendant Trans Union, LLC, and in opposition to certain Jury Instructions proposed by Defendant, pursuant to the Court's Amended Pretrial Order.  Dkt. No. 196 at III(A)(3).

3
4
5
The parties have conferred in detail concerning their respective proposed instructions.  While they have resolved a number of issues, disputes remain.  These disputes will be addressed in turn.

6
**Jury Instruction No. 4 Re: Jury Cannot Deliver a Compromise Verdict**

7
8
9
Defendant proposes that the jury be instructed they must reach a unanimous verdict through no compromise whatever.

10
11
12
First, Plaintiffs submit that Defendant's proposed Instruction No. 4 is unnecessary and largely duplicative of Instruction No. 3 Re: Duty to Deliberate.  The jury is already instructed that they must be unanimous.

13
14
15
16
17
18
19
Second, the suggestion found in Defendant's proposed Instruction No. 4 that no "compromise" at all is allowed during jury deliberations will mislead and confuse the jury, potentially leading to a needlessly hung jury.  Compromise verdicts are not impermissible *per se*.  The very nature of jury deliberations involves give and take, agreement and disagreement, cooperation and concession.  *See* Instruction No. 3: "Do not be unwilling to change your opinion if the discussion persuades you that you should."

20
21
22
23
24
25
26
The authority cited by Defendant, which considered not instructions to a jury, but instead attempted to understand inconsistencies in a verdict, is not to the contrary.  In *Romberg v. Nichols*, 970 F.2d 512, 521 (9th Cir. 1992), the indications were that the plaintiff's lawyer suggested to the jury they award nominal damages so that plaintiff would be the prevailing party, thus qualifying for an attorneys' fee award.  *See also, National R.R. Passenger Corp. v. Koch Indus.*, 701 F.2d 108, 110 (10th Cir. 1983) ("A compromise judgment is one reached when the jury, unable to agree on

27
28

PLAINTIFF'S MEMORANDUM OF LAW
REGARDING JURY INSTRUCTIONS

liability, compromises that disagreement and enters a low award of damages.... [S]uspicion should be aroused if the jury awards only nominal damages.").

The question whether a verdict eventually reached by a jury is a result of impermissible compromise is one that can be examined at that time, if necessary, when the verdict comes back. *See Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058-1059 (9th Cir. 2003) ("as is the case with an inconsistent verdict, the court has a duty to harmonize any seeming inconsistencies; a court may not disregard a jury's verdict and order a new trial until it attempts to reconcile the jury's findings, by exegesis if necessary."). Here, for purposes of instructing the jury at the close of the case, Instruction No. 3 is sufficient.

**Jury Instruction No. 5 Re: Prohibition Against Quotient Verdict**

Plaintiffs objects to Defendant's Proposed Instruction No. 5. No version of the Instruction should be included in the final jury instructions. As with Instruction No. 4, this proposed instruction is unnecessary and duplicative of Instruction No. 3. This is another instruction that is likely to mislead and confuse the jury and runs the risk of a hung jury.

Further, bifurcation of any portion of this case is inappropriate. Federal Rule of Procedure 42(b) provides that a court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Whether to grant bifurcation is left to the discretion of the district court. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

Instead of making it convenient for the jury, this Court, and the parties, or expediting or economizing the presentation of the evidence, bifurcation here would only delay the trial. There is no sound reason the jury should not be given the entire case at one time, especially when the statutory and punitive damages sought under the FCRA flow as a consequence of a willful violation of the FCRA. Thus both liability and damages are predicated upon the same evidence.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' proposed verdict form, consisting of five simple and direct questions, reflects this position.

**<u>Jury Instruction No. 7 Re: Summary of Claims</u>**

Defendant has objected to Plaintiffs' proposed instruction by arguing that it improperly emphasizes certain words and that the term "willfully" should be included in the instruction.

Plaintiffs submit in response that the emphasized terms are critical to the understanding of the statutory text and the legislative purpose behind these requirements of the FCRA. Moreover, the instruction conforms with the standard articulated by the Supreme Court in *Safeco v. Burr*, which found that a willful violation of the FCRA can be reckless. 551 U.S. 47 (2007). Thus a willful violation and a reckless violation are synonymous.

Defendant's proposed statement of the case is inaccurate and potentially misleading. First, the FCRA makes no reference to technology and it is misleading for Trans Union to suggest that it "did its best, with the technology available in 2011, to comply with the law." Trans Union's implicit suggestion that compliance with the FCRA is somehow tied to the availability of certain technologies might mislead jurors. Further, the evidence will show that Trans Union failed to employ contemporaneously available technologies and also manual procedures that would have enabled it to comply with the requirements of the FCRA. Plaintiffs further object to Trans Union's use of the phrase "willful disobedience of the law" because it implies a standard well above the recklessness necessary to support a verdict for Plaintiffs. Finally, Plaintiffs object to Trans Union's statements concerning class members and credit denial or harm or risk of harm. Discussion of causation and damages is not a part of a willfulness claim under the FCRA. *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010). Inclusion of Defendant's remarks in this vein will mislead and confuse the jury.

PLAINTIFF'S MEMORANDUM OF LAW
REGARDING JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Jury Instruction No. 8 Re: This Is A Class Action</u>**

Defendant has objected to this proposed instruction and asked for "a more precise and legally complaint instruction."

Plaintiffs' proposed charge is precise and legally compliant.  Defendant's proposed instruction, on the other hand, fails to advise the jury that Mr. Ramirez's claim is typical of the class' claims and improperly ascribes to the jury a Rule 23 duty regarding commonality (with a citation to language from *Wal-Mart Stores, Inc. v Dukes*) when the jury is not charged with making any Rule 23 findings, and when those findings have already been made by this Court in its Order certifying the Class.

**<u>Jury Instruction No. 10 Re: Definitions</u>**

Plaintiffs object to Defendant's proposal to include the definition of "consumer report" in the jury charge, because whether the communications here were consumer reports is not a jury question, and this Court has already determined that all class members were subjects of consumer reports when it denied Defendant's motion for summary judgment:

> Likewise, Trans Union's second argument that the OFAC information was not required to be disclosed because the OFAC Alert provided to its customers in a consumer report was somehow not part a consumer report is equally unreasonable. Congress unambiguously defined "consumer report" to include a "communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used
> in whole or in part for the purpose in establishing the consumer's eligibility for—(A) credit . . . to be used primarily for personal, family or household purposes." 15 U.S.C. § 1681a(d)(1). Trans Union insists that its OFAC Alert service is just part of "a routine PATRIOT Act identification verification" and should not be used for credit eligibility determinations. (Dkt. No. 218-5 at 30:24.) This interpretation of "consumer report" is objectively unreasonable and was squarely rejected by the *Cortez* court. "It is difficult to imagine an inquiry more central to a consumer's 'eligibility' for credit than whether federal law prohibits extending credit to that consumer in the first instance. The applicability of the FCRA is not negated merely because the creditor/dealership could have used the OFAC Screen to comply with the USA PATRIOT Act, as well as deciding whether it was legal to extend credit to

the consumer." Cortez, 617 F.3d at 707–08. Further, long before the alleged violation at issue here, OFAC regulations and the Treasury Department's website provided that OFAC information in a credit report is governed by the FCRA. *Cortez*, 617 F.3d at 722; "What Is This OFAC Information On My Credit Report," https://www.treasury.gov/resourcecenter/faqs/Sanctions/Pages/faq_general.aspx#basic," Questions 70, 71, (last visited March 27, 2017).

Trans Union's interpretation of "consumer file" and "consumer report" contradicts the plain language of the FCRA and at the time of the violation at issue here a federal court had told Trans Union that its interpretation was wrong.

Dkt. No. 233 at p. 5. This issue is far too complicated for the jury, which cannot second-guess this Court's legal ruling in any event. Trans Union may wish to argue to the jury that it cannot find for the class absent a third-party report, but that argument should not be permitted as it plainly contradicts this Court's ruling and thus the law of the case. If anything, this Court should instruct the jury that every class member was the subject of a consumer report.

**Jury Instruction No. 11 Re: 15 U.S.C. § 1681e(b)**

Defendant objects to Plaintiffs' proposed instruction and requests the term "willful" be included in the instruction. Plaintiffs believes that it is premature to introduce that term out of context at this juncture of the charge. Plaintiffs' proposed instruction No. 18 makes it plain that in order for the jury to find for Plaintiffs, not only must it find a violation, but a willful violation, and then it immediately defines willfulness. Plaintiffs believe that their proposed instructions at Nos. 11, 12, 13 and 18 make it clear as to what violations the jury can find and that any such violations must be willful in order for the class to prevail.

**Jury Instruction No. 12 Re: 15 U.S.C. § 1681g(a)**

The dispute here is the same as above with respect to proposed Instruction No. 11.

**Jury Instruction No. 13 Re: 15 U.S.C. § 1681g(c)(2)(A)**

The dispute here is the same as above with respect to proposed Instruction Nos. 11 and 12.

**Jury Instruction No. 14 Re: OFAC On Reports of Class Members**

The dispute here is the same as above with respect to proposed Instruction No. 10.

PLAINTIFF'S MEMORANDUM OF LAW
REGARDING JURY INSTRUCTIONS

1

2 **Jury Instruction No. 16 Re: Fine Print and Disclaimers**

3           Defendant objects and requests that the instruction be omitted.   Plaintiffs believe that this

4 jury charge is needed because it might be appealing to some jurors that liability or accuracy is

5 disclaimed in certain documents (and it is not yet clear what proposed Trail Exhibits may be

6 admitted at trial).  Jurors might think that if a document says it, it must be the truth or it must be

7 the law.  But such a view is legally incorrect, as this Court has already ruled at summary judgment:

8

9           Trans Union contends that no jury could find its use of name-only matching violates
            section 1681e(b) because it advised its customers that they must engage in human
10          review to verify that the OFAC Alert was actually for someone on the OFAC list.
            The Cortez court, however, rejected a related version of this argument: "We are not
11          persuaded that Trans Union's private contractual arrangements with its clients can
            alter the application of federal law, absent a statutory provision allowing that rather
12          unique result." *Cortez*, 617 F.3d at 708 (rejecting Trans Union's reliance on
            language in its contractual agreements wherein "the creditor or subscriber agrees to
13          be 'solely responsible for taking any action that may be required by federal law as a
            result of a match to the OFAC File, and shall not deny or otherwise take any adverse
14          action against any consumer based solely on TransUnion's OFAC Advisor
            services.'"). Trans Union also contends that it cannot be found to have acted
15          willfully because following Cortez it modified its OFAC Alert to state that an
            individual's name was a "potential match" rather than just a "match." Plaintiff
16          counters that the addition of the word "potential" was not a procedure designed to
            "assure maximum possible accuracy" because three different Trans Union witnesses
17          testified that there was no evidence that any Trans Union customer whose file
18          contained an OFAC Alert was in fact an individual on the OFAC list. (Dkt. No. 221-
            8 at 62:25- 63:6; Dkt. No. 221-15 at 67:6-15; Dkt. No. 221-19 at 37:9-13.) Under
19          the FCRA, a credit report is inaccurate or misleading if it is patently incorrect or
            "misleading in such a way and to such an extent that it can be expected to adversely
20          affect credit decisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890
            (9th Cir. 2010) (internal citation omitted). A reasonable trier of fact could find that
21          Trans Union's OFAC Alert was misleading given that the evidence supports a
22          finding that none of the consumers flagged as a potential match were in fact a match;
            in other words, a jury could find that if Trans Union had used more information than
23          just a matching name to flag a consumer—such as a matching birth date—none of
            the class members would be even a potential match. In addition, that Plaintiff's
24          consumer report did not included the "potential" language supports an inference that
            Trans Union's procedure did not ensure maximum possible
25          accuracy. (Dkt. No. 221-11.)
26

27 Dkt. No. 233 at pp. 7-8.

28

**Jury Instruction No. 17 Re: Reseller Duties**

Plaintiffs object to Defendant's proposed instruction.  This case is not about resellers; it is about Trans Union, a consumer reporting agency.  Trans Union is the only defendant in the case.  An instruction about another entity will only confuse and distract the jury from the issues.   It is true that resellers of credit reports have certain duties under the FCRA, as do users and furnishers of credit information.  But those legal requirements are not at issue in this case, and thus should not be a part of the jury charge.

**Jury Instruction No. 18 Re: Willful Non-compliance**

Defendant objects and requests that the instruction be "more in line with *Safeco*." Defendant does not describe how the proposed instruction does not comply with the *Safeco* case. Plaintiffs believe that the proposed charge is consistent with *Safeco* and has been used in other FCRA trials.

**Jury Instruction No. 20 Re: Standing and Causation**

Plaintiffs object to Defendant's proposed instruction.  The Court has already ruled that Plaintiff and the Certified Class have Article III standing to bring this case.  Dkt. No. 209 at p. 9. Moreover, causation is not an element of a willful violation of the FCRA.  *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

**Jury Instruction No. 21 Re: Factors for Awarding Damages**

Defendant objects to Plaintiffs' proposed instruction and offers its own instruction by which it proposes to bifurcate liability and damages.  Plaintiffs provide a short and accurate instruction on FCRA statutory and punitive damages.  Plaintiffs disagree with Defendant's concept of bifurcation as discussed *supra* with respect to proposed instruction No. 5.

In sum, Plaintiff Sergio L. Ramirez and the Certified Class respectfully requests that the

8

1    Court overrule Defendant's objections to his proposed Jury Instructions discussed above, and

2    sustain Plaintiff's objections to Defendant's proposed instructions.

3

4

5    Dated: May 11, 2017                    Respectfully Submitted,

6                                           **FRANCIS & MAILMAN, P.C.**

7                              By:          /s/ John Soumilas
                                            James A. Francis (*pro hac vice*)
8                                           John Soumilas (*pro hac vice*)
                                            David A. Searles (*pro hac vice*)
9                                           Land Title Bldg., Suite 1902
                                            100 South Broad Street
10                                          Philadelphia, PA 19110
                                            Telephone: (215) 735-8600
11                                          Facsimile: (215) 940-8000
                                            jfrancis@consumerlawfirm.com
12                                          jsoumilas@consumerlawfirm.com
                                            dsearles@consumerlawfirm.com
13

14                                          Andrew J. Ogilvie (SBN 57932)
                                            Carol M. Brewer (SBN 214035)
15                                          **ANDERSON, OGILVIE & BREWER LLP**
                                            1736 Stockton Street, Ground Floor
16                                          San Francisco, CA 94133
                                            Telephone: (415) 651-1950
17                                          Facsimile: (415) 956-3233
                                            andy@aoblawyers.com
18                                          carol@aoblawyers.com

19

20                                          *Attorneys for Plaintiff Sergio L. Ramirez*
                                            *And the Certified Class*
21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF LAW
REGARDING JURY INSTRUCTIONS

1

2

### CERTIFICATE OF SERVICE

3   I hereby certify that, on this day, a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF**

4   **LAW REGARDING JURY INSTRUCTIONS** was filed electronically through the court's

5   EM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the

6   court's electronic filing system.  Parties may access this filing through the court's EM/ECF System.

7

8

9   Dated:  May 11, 2017                         */s/ John Soumilas*

            John Soumilas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF LAW
REGARDING JURY INSTRUCTIONS