1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   JASON S. YOO (State Bar No. 261114)
3  CHRISTINE E. ELLICE (State Bar No. 276181)
   2029 Century Park East
4  Los Angeles, CA 90067-3086
   Telephone:  310-556-5800
5  Facsimile:   310-556-5959
   Email: lacalendar@stroock.com
6
   SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
7  BRUCE S. LUCKMAN (Admitted Pro Hac Vice)
   308 Harper Drive, Suite 200
8  Moorestown, NJ 08057
   Telephone:     856-662-0700
9  Email: bluckman@shermansilverstein.com

10 Attorneys for Defendant
       TRANS UNION LLC
11
                    **UNITED STATES DISTRICT COURT**
12
                  **NORTHERN DISTRICT OF CALIFORNIA**
13
                      **SAN FRANCISCO DIVISION**
14

15 SERGIO L. RAMIREZ, on behalf of himself          )   Case No. 3:12-cv-00632-JSC
   and all others similarly situated,               )
16                                                   )   Assigned to the Honorable Jacqueline Scott
                      Plaintiff,                     )   Corley
17                                                   )
            v.                                       )   **JOINT PROPOSED JURY**
18                                                   )   **INSTRUCTIONS**
   TRANS UNION, LLC,                                 )
19                                                   )
                      Defendant.                     )
20                                                   )
                                                     )
21                                                   )
                                                     )
22                                                   )
                                                     )
23                                                   )
   _____       )
24

25

26

27

28

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff Sergio L. Ramirez and the certified class and Defendant Trans Union, LLC submit the following jury instructions pursuant to the Court's case management order (Dkt. No. 196 at III(2)).

The parties have agreed to stipulate to the following Ninth Circuit Model Jury Instructions:

- Model Civil Jury Instruction 1.2 Re Duty of Jury (Court Reads and Provides Written Instructions at the Beginning of Trial)
- Model Civil Jury Instruction 1.4 Re Duty of Jury (Court Reads and Provides Written Instructions at End of Case)
- Model Civil Jury Instruction 1.9 Re What is Evidence
- Model Civil Jury Instruction 1.10 Re What is Not Evidence
- Model Civil Jury Instruction 1.13 Re Ruling on Objections
- Model Civil Jury Instruction 1.14 Re Credibility of Witnesses
- Model Civil Jury Instruction 1.15 Re Consideration of Evidence – Conduct of the Jury
- Model Civil Jury Instruction 1.17 Re No Transcript Available to Jury
- Model Civil Jury Instruction 1.18 Re Taking Notes
- Model Civil Jury Instruction 1.20 Re Bench Conferences and Recesses
- Model Civil Jury Instruction 1.21 Re Outline of Trial
- Model Civil Jury Instruction 2.2 Re Stipulations of Fact
- Model Civil Jury Instruction 2.4 Re Deposition in Lieu of Live Testimony
- Model Civil Jury Instruction 2.11 Re Use of Interrogatories
- Model Civil Jury Instruction 3.2 Re Consideration of Evidence – Conduct of the Jury
- Model Civil Jury Instruction 3.5 Re Return of Verdict

LA 52081431v8

**[Stipulated] Jury Instruction No. 1 Re Direct and Circumstantial Evidence**

**Modified Model Civil Jury Instruction 1.12**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[Stipulated] Jury Instruction No. 2 Re Expert Opinion**

**Modified Model Civil Jury Instruction 2.13**

Experts may give opinions on those subjects in which they have special skills, knowledge, experience, training or education.  You should consider each expert opinion in evidence and give it whatever weight it deserves.  Remember, you decide all the facts. If, in reaching an opinion, you find that an expert relied on certain facts, and you decide that any of those facts were not true, then you are free to disregard the opinion.

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."  In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[Stipulated] Jury Instruction No. 3 Re Duty to Deliberate**

**Modified Model Civil Jury Instruction 3.1**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous <u>as to each issue submitted to you</u>.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

2

**[Disputed] Jury Instruction No. 4 Re Jury Cannot Deliver a Compromise Verdict [Offered by Defendant]**

3

4

5

6

7

8

You must reach a unanimous verdict as to each issue to be decided.  You are not permitted to reach a unanimous verdict through compromise or bargaining.  For example, if some of you believe TransUnion is liable and some do not, you must continue to deliberate until all of you agree on the answer.  You may not resolve disagreement as to one answer to one question through negotiating a different answer to a different question.  Each issue placed before you must be decided unanimously on the basis of the evidence and the law.

9

10

11

**AUTHORITY:**  Romberg v. Nichols, 970 F.2d 512, 521 (9th Cir. 1992) (quoting Nat'l R.R. Passenger Corp. v. Koch Indus., 701 F.2d 108, 110 (10th Cir. 1983)).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

LA 52081431v8

**[Plaintiff's Objection to] Jury Instruction No. 4 Re Jury Cannot Deliver a Compromise**

**Verdict**

No version of Defendant's Proposed Instruction No. 4 should be included in the final jury instructions.  Defendant's proposed instruction is unnecessary and largely duplicative of Instruction Number 3 Re Duty to Deliberate.  Moreover, the suggestion that no "compromise" at all is allowed during jury deliberations will mislead and confuse the jury, potentially leading to a needlessly hung jury.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

2

**[Disputed] Jury Instruction No. 5 Re Prohibition Against Quotient Verdict [Offered by Defendant]**

3

4

[to be read to jury in Phase II of bifurcated trial or with other damages instructions if Defendant's proposed instruction to bifurcate damages is denied]

5

6

7

8

9

If your verdict is for the plaintiff, you are instructed not to determine the amount of the award by using a quotient verdict.  A quotient verdict is one where you each write down a figure to be added together and divided by [insert number of jurors empaneled] to arrive at an average or quotient to use as the amount of your award.  A verdict calculated in this manner is invalid.  Do not do this.  You must be unanimous as to the amount of any verdict.

10

11

12

13

14

15

**AUTHORITY:**  <u>See, e.g.</u>, <u>McDonald v. Pless</u>, 238 U.S. 264 (U.S. 1915); <u>Nat'l R.R. Passenger Corp. v. Two Parcels of Land One 1691 Sq. Foot More or Less Parcel of Land in Town of New London, New London Cty. & State of Conn.</u>, 822 F.2d 1261 (2d Cir. 1987); <u>Freight Terminals, Inc. v. Ryder Sys., Inc.</u>, 461 F.2d 1046 (5th Cir. 1972);  <u>Maher v. Isthmian Steamship Co.</u>, 253 F.2d 414, 416 (2d Cir. 1958).

16

17

18

19

20

21

22

23

24

25

26

27

28

8

LA 52081431v8

**[Plaintiff's Objection to] Jury Instruction No. 5 Re Prohibition Against Quotient Verdict**

No version of Defendant's Proposed Instruction No. 5 should be included in the final jury instructions.  Bifurcation of any portion of this case is inappropriate and Plaintiffs' proposed verdict form reflects this position.  Moreover, this instruction is unnecessary and duplicative of instructions in Instruction Number 3 Re Duty to Deliberate concerning unanimity and will mislead and confuse the jury, potentially leading to a needlessly hung jury.

9

**[Stipulated] Jury Instruction No. 6 Re Communication with the Court**

**Modified Model Civil Jury Instruction 3.3**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the <u>court staff</u>, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You ~~may~~ should continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including ~~the court~~ me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.  <u>Do not disclose any vote count in any note to me.</u>

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### [Disputed] Jury Instruction No. 7 Re Summary of Claims [Partly Offered and Partly Disputed by Both Plaintiff and Defendant]

I have asked each party to this lawsuit to write a short summary of its claims or defenses in this case. I am now going to read each party's summary. Please keep in mind that I did not write these summaries and do not take a position on the merits of each party's position.

PLAINTIFF'S SUMMARY:

This case is brought under the Fair Credit Reporting Act or "FCRA." Whenever a consumer reporting agency, such as the Defendant Trans Union, prepares a consumer report, the FCRA requires it to follow reasonable procedures that assure the maximum possible accuracy of the information concerning the individual about whom the report relates. The OFAC information at issue in this case was in the consumer reports of Plaintiff Sergio L. Ramirez and the members of the certified class.

Mr. Ramirez and the class first claim that Trans Union failed to follow *reasonable procedures* to assure the *maximum* possible accuracy of the OFAC information it associated with them. Second, they claim that Trans Union failed to *clearly and accurately* disclosure to them the OFAC information that was in their Trans Union files. Third, they claim that Trans Union failed to provide to them *with each disclosure* a statement of their FCRA rights, including the right to dispute inaccurate OFAC information. Mr. Ramirez and the class claim that Trans Union acted recklessly in violating these requirements of the FCRA.

DEFENDANT'S SUMMARY:

TransUnion disagrees with Plaintiff's statement of the case. During the class period, TransUnion used the best techniques that were available to achieve maximum possible accuracy in its OFAC "Name Screen" product. Indeed, TransUnion in 2011 required a tighter name fit than OFAC itself employed with its own website search tool. Moreover, TransUnion clearly and effectively disclosed to consumers what OFAC information could be reported about them, and how consumers could exercise their rights. TransUnion did its best, with the technology available in 2011, to comply with the law. TransUnion did not willfully disobey the law. No class member was unfairly denied access to credit or even faced a substantial risk of an unfair denial. All class

11

LA 52081431v8

1   members also were provided with a statement of their rights.  TransUnion never harmed anyone,

2   nor did it place anyone at a material risk of harm.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**[Plaintiff's Objection to] Jury Instruction No. 7 Re Summary of Claims**

Plaintiffs object to Defendant's summary in several respects. First, the FCRA makes no reference to technology and it is misleading for Trans Union to suggest that it "did its best, with the technology available in 2011, to comply with the law." Trans Union's implicit suggestion that compliance with the FCRA is somehow tied to the availability of certain technologies might mislead jurors. Further, the evidence will show that Trans Union failed to employ contemporaneously available technologies and also manual procedures that would have enabled it to comply with the requirements of the FCRA.  Plaintiffs further object to Trans Union's use of the phrase "willful disobedience of the law" because it implies a standard well above the recklessness necessary to support a verdict for Plaintiffs. Finally, Plaintiffs object to Trans Union's statements concerning class members and credit denial or harm or risk of harm. Discussion of causation and damages is not a part of a willfulness claim under the FCRA.  See Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 718 (9th Cir. 2010). Inclusion of Defendant's remarks in this vein will mislead and confuse the jury.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Defendant's Objection to] Jury Instruction No. 7 Re Summary of Claims**

2

Plaintiff's proposed instruction places an improper emphasis on certain words in the

3

instruction.  Such emphasis is prejudicial because it prompts the instruction to be read with more

4

weight assigned to specific parts of the instruction, thereby causing the jury to give those parts of

5

the instruction more importance.  An instruction should be read consistent with the statute as

6

drafted.

7

Additionally, Plaintiff's proposed instruction substitutes "recklessly" in place of

8

"willfully."  This substitution is improper because the instruction should be worded in a manner

9

that mirrors the statute.  There is no need to replace "willfully" with a different term when the

10

wording of the statute captures the standard of liability in a clear and understandable manner.

11

"Willfully" is a word that is well within the grasp of the average individual such that he or she is

12

capable of understanding its meaning in context.  The term is neither misleading, nor confusing,

13

as it is written in the statute. Thus, "willfully" should be used in this preliminary instruction.

14

Moreover, the parties have submitted instructions (albeit disputed ones) to explain to the jury at

15

the close of the case the nuances of the word "willfully."

16

Further, in his complaint, Plaintiff pleaded that TransUnion "willfully" violated the

17

FCRA.  Thus, the instruction given to the jury as to the summary of Plaintiff's claims should be

18

in-line with his pleadings.

19

20

**AUTHORITY**:  15 U.S.C. § 1681n; Plaintiff's Complaint dated February 9, 2012.  (Dkt.

21

No. 1.)

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**[Disputed] Jury Instruction No. 8 Re This Is A Class Action [Offered by Plaintiff]**

As I advised you at the beginning of this trial, this is a class action case. A class action is a case where one person sues on behalf of others.  In order for a class action to proceed, the Court must first make a ruling that the situations of the class members are so similar to the plaintiff (in this case Mr. Ramirez) that they should be tried as one case.

Prior to trial, I determined, as a matter of law, that that there are approximately 8,184 persons (who we call class members) that are similarly situated to Mr. Ramirez and I certified the class.  Mr. Ramirez's claims are typical of the class's claims, and he has been appointed as the class representative.  When you decide what happens in Mr. Ramirez's case, you decide the case for every member of the Class.  Therefore, any verdict you reach as to Mr. Ramirez will apply with equal force to each member of the 8,184 members of the class and be binding on them.

Class actions promote efficiency by allowing a large number of similar or identical cases to be tried at once in an efficient manner.  The alternative here would be to have 8,191 trials.  As such, the case is tried by Mr. Ramirez only.  No other class members attend trial.

The Class in this case consists of "All natural persons in the United States and its Territories to whom Trans Union sent a letter similar in form to the March 1, 2011 letter Trans Union sent to Plaintiff regarding "OFAC (Office of Foreign Assets Control) Database" from January 1, 2011-July 26, 2011."

LA 52081431v8

**[Disputed] Proposed Jury Instruction No. 8 Re Class Action Claims [Offered by Defendant]**

As you have already been told, this lawsuit is proceeding as a class action.  In a class action, one named plaintiff acts as the representative in court for all of the other class members.  Here, the plaintiff, Mr. Ramirez, is suing defendant, TransUnion, on behalf of a class of 8,184 people, alleging that, between January 1, 2011 and July 26, 2011, TransUnion transmitted consumer reports in a manner that violated the FCRA, and further, that TransUnion violated FCRA disclosure rules.  The plaintiff, together with the persons he represents, are collectively referred to as the "class."

The fact that this case is proceeding as a class action does not mean any decision has been made about the merits of the case, and you may not infer anything from the fact that this is a class action.

Proving a case on a classwide basis means that the plaintiff must prove every element of his claims using evidence that would also prove those elements for each and every member of the class:  to resolve each disputed issue "in one stroke" for the entire class.

**AUTHORITY**:  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Stipulated] Jury Instruction No. 9 Re FCRA's General Purpose**

2

The FCRA requires that "consumer reporting agencies adopt reasonable procedures for

3

meeting the needs of commerce for consumer credit, personnel, insurance, and other information

4

in a manner which is fair and equitable to the consumer, with regard to the confidentiality,

5

accuracy, relevancy, and proper utilization of such information."   The FCRA regulates

6

TransUnion's reporting of OFAC information, such as the OFAC Alerts at issue in this case.

7

8

**AUTHORITY**:  15 U.S.C § 1681(b).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Disputed] Jury Instruction No. 10 Re Definitions [Offered by Plaintiff]**

2

Plaintiff Sergio L. Ramirez and the members of the certified class are "consumers"

3

entitled to the protection and benefits of the FCRA.

4

Defendant Trans Union, LLC is a consumer reporting agency that is regulated by the

5

FCRA.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Disputed] Jury Instruction No. 10 Re Definitions [Offered by Defendant]**

2

Plaintiff Sergio L. Ramirez and the members of the certified class are "consumers" as

3

defined in the FCRA.

4

Defendant Trans Union, LLC is a consumer reporting agency as defined in the FCRA.

5

A consumer report is defined as communication by a consumer reporting agency which is

6

used or expected to be used or collected to serve as a factor in establishing the consumer's

7

eligibility for credit, insurance, housing or employment.

8

9

**AUTHORITY**:  See 15 U.S.C. § 1681a(d)(1).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 52081431v8

1

**[Disputed] Jury Instruction No. 11 Re 15 U.S.C. § 1681e(b) [Offered by Plaintiff]**

2

      With respect to the first claim brought by Mr. Ramirez and the class:  The FCRA requires

3

that when any consumer reporting agency prepares a report, it must "follow reasonable

4

procedures to assure maximum possible accuracy of the information concerning the individual

5

about whom the [agency's] report relates."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Disputed] Jury Instruction No. 11 Re 15 U.S.C. § 1681e(b) [Offered by Defendant]**

2

With respect to the first claim brought by Mr. Ramirez and the class:  The FCRA requires

3  that when any consumer reporting agency prepares a consumer report, it must "follow reasonable

4  procedures to assure maximum possible accuracy of the information concerning the individual

5  about whom the agency's report relates."

6

Inaccuracy means patently incorrect or misleading in such a way and to such an extent that

7  it can be expected to adversely affect credit decisions.

8

You may not hold TransUnion to a different standard of accuracy than you would apply to

9  any other person or  organization that publishes information obtained from the government.  For

10  example, if you were to find that the information in question is accurate if published by an

11  internet website or obtained via an internet search engine, you must also find that TransUnion's

12  publication of the same information was accurate.

13

One of your tasks in this case is to determine whether TransUnion willfully violated

14  FCRA § 607.

15

16

**AUTHORITY**:  15 U.S.C. § 1681n; Expressions Hair Design v. Schneiderman, 137 S. Ct.

17  1144, 1151 (2017); Sorrell v. IMS Health Inc., 564 U.S. 552, 569 (2011); Dun & Bradstreet, Inc.

18  v. Greenmoss Builders, Inc., 472 U.S. 749, 758-59 (1985); Carvalho v. Equifax Info. Servs., LLC,

19  629 F.3d 876, 890 (9th Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163

20  (9th Cir. 2009); see also Plaintiff's Complaint dated February 9, 2012.  (Dkt. No. 1.)

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Disputed] Jury Instruction No. 12 Re 15 U.S.C. § 1681g(a) [Offered by Plaintiff]**

2

3

4

5

With respect to the second claim brought by Mr. Ramirez and the class:  the FCRA also requires that when any consumer requests his or her file from a consumer reporting agency, such as Trans Union, the agency "shall . . . clearly and accurately disclose to the consumer [a]ll information in the consumer's file at the time of the request . . . ."

6

7

8

Another task that you have is to determine whether Trans Union clearly and accurately disclosed the OFAC information in the file disclosures it sent to Mr. Ramirez and to the members of the class.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Disputed] Jury Instruction No. 12 Re 15 U.S.C. § 1681g(a) [Offered by Defendant]**

2

     With respect to the second claim brought by Mr. Ramirez and the class:  the FCRA also

3

requires that when any consumer requests his or her file from a consumer reporting agency, such

4

as Trans Union, the agency shall clearly and accurately disclose to the consumer all information

5

in the consumer's file at the time of the request.

6

     Another of your tasks is to determine whether TransUnion willfully violated this

7

requirement.

8

9

     **AUTHORITY**:   15 U.S.C. § 1681n; <u>see also</u> Plaintiff's Complaint dated February 9,

10

2012.  (Dkt. No. 1.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Disputed] Jury Instruction No. 13 Re 15 U.S.C. § 1681g(c)(2)(A) [Offered by Plaintiff]**

2

With respect to the third claim brought by Mr. Ramirez and the class:  the FCRA also

3

requires that "with each written disclosure" a consumer reporting agency, such as Trans Union,

4

must provide to the consumer a "summary of rights." In 2011, this summary of rights was a

5

document prepared by the Federal Trade Commission. Now it is prepared by the Consumer

6

Financial Protection Bureau.

7

You will also have the task of determining whether Trans Union provided that summary

8

of rights with each written disclosure it made to Mr. Ramirez and to the members of the class.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 52081431v8

1

**[Disputed] Jury Instruction No. 13 Re 15 U.S.C. § 1681g(c)(2)(A) [Offered by Defendant]**

2

      With respect to the third claim brought by Mr. Ramirez and the class:  the FCRA also

3

requires that, with each written disclosure, a consumer reporting agency, such as Trans Union,

4

must provide to the consumer a summary of rights identified by the Federal Trade Commission.

5

      Another of your tasks is to determine whether TransUnion willfully violated this

6

requirement.

7

8

      **AUTHORITY**:   15 U.S.C. § 1681n; <u>see also</u> Plaintiff's Complaint dated February 9,

9

2012.  (Dkt. No. 1.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

2

**[Disputed] Jury Instruction No. 14 Re OFAC On Reports of Class Members [Offered by Plaintiff]**

3

4

        In this case, I have determined that Trans Union placed OFAC information on what the FCRA defines as "consumer reports" for Mr. Sergio L. Ramirez and every class member.

5

6

7

        Your task is to determine whether Trans Union "follow reasonable procedures to assure maximum possible accuracy of" that OFAC information it associated with Mr. Ramirez and members of the class.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## [Defendant's Objection to] Jury Instruction No. 14 Re OFAC On Reports of Class Members

TransUnion proposes that no such instruction in any version be included in the jury instructions.  Plaintiff has constructed a jury instruction that it prejudicial.  The instruction, as written, incorrectly states that every class member received a consumer report.  The Court certified a class of 8,191 consumers who received a disclosure from TransUnion in a format that allegedly violated the FCRA; of these, only 1,853 had a Name Screen report sold about them during the class period.

Moreover, Plaintiff has added unnecessary language to affirm its own theory of the case. Plaintiff's instruction calls for the Court to instruct the jury on a matter of fact, namely, whether a consumer report was actually sold as to each class member.  The proposed instruction No. 10 re Definitions properly instructs the jury on what is a "consumer report" as defined in the statute, without editorializing or directing a particular finding of fact.

Additionally, Plaintiff's proposed instruction is duplicative of the proposed jury instruction No 11 re 15 U.S.C. § 1681e(b).

**AUTHORITY**:  15 U.S.C. §§ 1681a(d), 1681e(b).

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [Stipulated] Jury Instruction No. 15 Reasonableness of Procedures

The standard of conduct by which you must judge the reasonableness of Trans Union's conduct in this case is what a reasonable person would have done under the circumstances.

**AUTHORITY**: <u>Guimond v. Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995); <u>Thompson v. San Antonio Retail Merchants Ass'n</u>, 682 F.2d 509, 513 (5th Cir.1982).

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1   **[Disputed] Jury Instruction No. 16 Re Fine Print and Disclaimers [Offered by Plaintiff]**

2       In conducting your deliberations, you should know that a consumer reporting agency's

3   legal duty to assure accuracy in a consumer report is not impacted by the use of fine print or

4   disclaimers stating that information is or might be inaccurate.

5       The legal obligations applicable in this case are only those that I give to you in these

6   instructions.

29

LA 52081431v8

**[Defendant's Objection to] Jury Instruction No. 16 Re Fine Print and Disclaimers**

TransUnion proposes that no such instruction in any version be included in the jury instructions.  Plaintiff's instruction is improper because it incorrectly instructs the jury not to take into account evidence of supposed "disclaimers."  In effect, Plaintiff's proposed instruction asks the jury to ignore relevant evidence to be introduced at trial as to how a reasonable user of TransUnion's data would have understood that data.  The jury is permitted to weigh all evidence admitted in this case as it sees fit and Plaintiff should not be permitted to instruct the jury to assign less weight to certain evidence.

TransUnion's communications with its customers through its contracts is relevant because it shows that such information was not likely to mislead a reader.  Such information is directly relevant to the FCRA standards for willfulness and accuracy.  The instruction as written leads the jury to believe that instructions and contractual requirements pertaining to the use of the data are not relevant to the claims at issue.  To the contrary, evidence of those communications provide necessary context.  The jury needs to consider such information in order to properly determine the accuracy of TransUnion's NameScreen results, as well as whether any non-compliance was willful.

**AUTHORITY**:  15 U.S.C. § 1681e(b); <u>see</u> <u>Carvalho v. Equifax Info. Servs.</u>, LLC, 629 F.3d 876, 890 (9th Cir. 2010); <u>Gorman v. Wolpoff & Abramson</u>, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009).

1    **[Disputed] Jury Instruction No. 17 Re Reseller Duties [Offered by Defendant]**

2          You have heard discussions during the course of the trial about companies that resell

3    TransUnion data.  Resellers are not agents of TransUnion and TransUnion is not responsible for

4    the conduct of those who resell its data.  Resellers have their own independent duties under the

5    FCRA.

6

7          **AUTHORITY**:  15 U.S.C. §§ 1681a(u), 1681e(e); <u>Lewis v. Ohio Prof'l Elec. Network</u>

8    <u>LLC</u>, 248 F. Supp. 2d 693, 699 (S.D. Ohio 2003);  <u>see also</u> <u>Poore v. Sterling Testing Sys., Inc.</u>, 410

9    F. Supp. 2d 557, 567 (E.D. Ky. 2006).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
LA 52081431v8

1

### [Plaintiff's Objection to] Jury Instruction No. 17 Re Reseller Duties

2

3        No version of Defendant's proposed Instruction No. 17 Re Reseller Duties should be

4   included in the final jury instructions.  The only legal issues for the jury to decide in this matter

5   pertain to Trans Union's duties under the FCRA.  Instructions relating to non-party entities

6   (whether resellers, users of credit reports, or other third parties) are unnecessary and will mislead

7   and confuse the jury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
LA 52081431v8

1

**[Disputed] Jury Instruction No. 18 Re Willful Non-Compliance [Offered by Plaintiff]**

2

In order for you to find for Mr. Ramirez and the class on any of their three claims you

3

must find not only that Trans Union failed to comply with one or more of these three

4

requirements of the FCRA, as I just described them to you, but also that Trans Union's non-

5

compliance was willful.

6

A company such as Trans Union acts in willful non-compliance with the FCRA by acting

7

with reckless disregard of its duties under the FCRA. Reckless disregard entails an unjustifiably

8

high risk of harm that is either known or so obvious that it should be known.

9

Reckless disregard does not need to be a knowing, intentional, premeditated or malicious

10

violation of the law. Mr. Ramirez and the class need not show that Trans Union deliberately

11

violated the law, only that it acted with reckless disregard of any one or more of its duties under

12

the FCRA.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**[Disputed] Jury Instruction No. 18 Re Willful Non-Compliance [Offered by Defendant]**

Plaintiff has the burden of proving a willful violation of the FCRA by a preponderance of the evidence.

A consumer reporting willfully violates the FCRA if it either knows that its actions violate the FCRA; or if it acts in reckless disregard of the law.

Reckless disregard means that the consumer reporting agency's conduct  was both objectively unreasonable <u>and</u> its conduct presented an unjustifiably high risk of violating the FCRA that was so obvious that the company should have known its conduct violated the law.  A good faith attempt to obey the law is not reckless conduct.

Evidence that the consumer reporting agency promptly corrected an error after it was brought to its attention may be considered as evidence that it did not willfully violate the law.

The relevant time for determining whether TransUnion willfully violated the FCRA is January 1, 2011 through July 26, 2011.  You must assess TransUnion's conduct based on what was known and what was technologically feasible at the time.


**AUTHORITY**:  <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 49 (2007);  <u>Smith v. LexisNexis Screening Solutions, Inc.</u>, 837 F.3d 604, 611 (6th Cir. 2016)

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**[Stipulated] Jury Instruction No. 19 Re Burden of Proof – Preponderance of the Evidence**

**Modified Model Civil Jury Instruction 1.14**

Mr. Ramirez and the class have the burden of proving their claims, including that one or more violations of the FCRA was willful, by a preponderance of the evidence.  A preponderance is the greater weight of the evidence.

To say it differently: if you were to put the evidence favorable to Mr. Ramirez and the class and the evidence favorable to Trans Union on opposite sides of the scales, Mr. Ramirez and the class would have to make the scales tip somewhat on their side. If they fail to meet this burden, the verdict must be for Trans Union. If you find after considering all the evidence that any claim or fact is more likely so than not so, then that claim or fact has been proven by a preponderance of the evidence.  If the evidence on that claim appears to be equally balanced, or if you cannot say upon which side it weighs more heavily, then you must find in favor of the defendant on that claim.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE**:  Manual of Model Jury Instructions for the Ninth Circuit, 2007 Ed., last updated 3/2017; O'Malley, Grenig, & Lee, Fed. Jury. Prac. & Instr. Civil Comp HB § 2:1; <u>see</u> O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 6th Ed. Thomson Reuters § 104:01 & 9th Cir. Civ. Jury Instr. 1.13—preponderance of the evidence.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1   **[Disputed] Jury Instruction No. 20 Re Standing and Causation [Offered by Defendant]**

2            Even if you find that a willful violation of the FCRA occurred, you must determine whether

3   the violation caused concrete injury to each class member.  The law does not recognize abstract

4   injuries.  That an injury is intangible does mean that it cannot be concrete.  For example, risk of

5   real harm can be concrete.  Nonetheless, if Plaintiff fails to prove by a preponderance of the

6   evidence that each class member sustained a concrete injury, you must find in favor of TransUnion.

7            **AUTHORITY**:  <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1543 (2016), <u>as revised</u> (May 24,

8   2016); <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992).

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1

**[Plaintiff's Objection to] Jury Instruction No. 20 Re Standing and Causation**

2

No version of Defendant's proposed Instruction No. 20 Re Standing and Causation should

3

be included in the final jury instructions.  Discussion of causation and damages is not a part of a

4

willfulness claim under the FCRA.  <u>See</u> <u>Bateman v. Am. Multi-Cinema, Inc.</u>, 623 F.3d 708, 718

5

(9th Cir. 2010).  Inclusion of Defendant's remarks in this vein will mislead and confuse the jury.

6

Moreover, class members are not required to establish standing.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**[Disputed] Jury Instruction No. 21 Re Factors for Awarding Damages [Offered by Plaintiff]**

If you find that Trans Union willfully violated the FCRA with respect to any of the three claims brought by Mr. Ramirez and the class here, then you must award each member of the class statutory damages of no less than $100 and no more than $1,000. It is up to you to set the amount based upon the facts and circumstances of this case.

You also may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant for the wrong it has done and to serve as an example to others not to engage in such conduct in the future. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**[Disputed] Jury Instruction No. 21 Re Bifurcation of Damages [Offered by Defendant]**

At this time, you must decide only whether Mr. Ramirez has proved that TransUnion willfully violated one or more requirements of the FCRA.

If you decide that a willful violation occurred and that such violation caused harm to the entire class, you must decide whether that conduct justifies an award of statutory [and punitive] damages. The amount, if any, of statutory [and punitive damages] will be an issue decided later.

[Mr. Ramirez has the burden of proving by clear and convincing evidence that punitive damages should be awarded.   When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You may award punitive damages only if you find by clear and convincing evidence that TransUnion's conduct harmed Mr. Ramirez and the class, and that it was malicious, oppressive or in reckless disregard of the Mr. Ramirez and the class's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acted in the face of a perceived risk that its actions would violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of plaintiff.  In addition, you may consider the relationship of any award of punitive damages to any actual harm (or lack of harm) sustained by Mr. Ramirez and the class. ]

(The text in brackets will only be included should the Court permit the punitive damages claim to be presented to the jury.

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1   **AUTHORITY:**  Adapted from Judicial Council Of California Civil Jury Instruction 3946,

2  Judicial Council Of California Civil Jury Instruction 3946; Manual of Model Jury Instructions for

3  the Ninth Circuit, 2007 Ed., last updated 3/2017, Civil Jury Instructions Nos. 1.7 and 5.5.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

1   Dated:  May 11, 2017           STROOCK & STROOCK & LAVAN LLP
                                       JULIA B. STRICKLAND

2                              STEPHEN J. NEWMAN
                              JASON S. YOO

3                              CHRISTINE E. ELLICE

4                              SHERMAN, SILVERSTEIN, KOHL, ROSE &
                              PODOLSKY

5                              BRUCE S. LUCKMAN (Admitted Pro Hac Vice)

6

7                              By:          */s/ Stephen J. Newman*
                                         Stephen J. Newman

8                              Attorneys for Defendant

9                                  TRANS UNION LLC

10

11

12  Dated:  May 11, 2017           ANDERSON, OGILVIE & BREWER, LLP
                              ANDREW J. OGILVIE

13                              CAROL MCLEAN BREWER

14                              FRANCIS & MAILMAN, P.C.
                              JOHN SOUMILAS

15

16                              By:          */s/ John Soumilas*
                                         John Soumilas

17

18                              Attorneys for Plaintiff
                                SERGIO L. RAMIREZ

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

LA 52081431v8

**ECF Signature Certification**

Pursuant to Civil L.R. 5-1(i)(3), I hereby certify that the content of this document is acceptable to John Soumilas, counsel for Plaintiff, and that I have obtained Ms. Soumilas's authorization to affix his electronic signature to this document.

Dated:  May 11, 2017                                      */s/ Stephen J. Newman*
                                                                          Stephen J. Newman

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that, on May 11, 2017, a copy of the foregoing **JOINT PROPOSED JURY INSTRUCTIONS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Stephen J. Newman*

Stephen J. Newman