UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No.12-cv-00632-JSC<br><br>**ORDER RE: TRANS UNION'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 265 |

This class action revolves around a service Defendant Trans Union, LLC provides to its customers which identifies persons whose names match individuals (known as Specially Designated Nationals or SDNs) on the United States government's list of terrorists, drug traffickers, and others with whom Americans are prohibited from doing business. The service is known as an OFAC Name Screen Alert or OFAC Alert. At particular issue in this case are Trans Union's business practices with respect to this product during a six-month period from January to July 2011.

Plaintiff contends that during this period Trans Union violated three Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., requirements: (1) that credit reporting agencies establish "reasonable procedures" to ensure the "maximum possible accuracy" of information provided about consumers under 15 U.S.C. §1681e(b); (2) that credit reporting agencies "clearly and accurately" disclose "all information in the consumers file at the time of [a] request" under §

1681g(a), and (3) that credit reporting agencies provide a statement of consumer rights with each such disclosure under § 1681g(c). Plaintiff alleges that Trans Union's name-only matching protocol was not a reasonable procedure designed to ensure the maximum possible accuracy of consumer information, and that Trans Union's disclosure of OFAC information to consumers violated Section 1681g by failing to disclose OFAC information to consumers simultaneously with their consumer reports and by failing to provide a statement of consumer rights with the separately furnished OFAC disclosure.

The Court previously denied Trans Union's motion for summary judgment on each of Plaintiff's claims and has repeatedly rejected Trans Union's argument that Plaintiff lacks Article III standing and that this case is not maintainable as a class action. (Dkt. Nos. 140, 209, 233.) Trans Union now moves for leave to file a motion for reconsideration of the Court's summary judgment ruling and the denial of Trans Union's motion for decertification with respect to the FCRA Section 1681g claim. (Dkt. Nos. 265.) For the reasons set forth below, Trans Union's motion is DENIED.

**DISCUSSION**

A party seeking leave to file a motion for reconsideration must show either: (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments" previously presented to the court. N.D. Cal. Civ. L. R. 7-9(b), "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party...seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Trans Union contends that a recent decision of the Fourth Circuit Court of Appeals in *Dreher v. Experian Info. Sols., Inc*., No. 15-2119, 2017 WL 1948916 (4th Cir. May 11, 2017),

constitutes a material change in the law which warrants reconsideration of the Court's rulings (1) certifying a class for purposes of Plaintiff's Section 1681g claims, and (2) denying summary judgment on the 1681g claims. The Court disagrees.

*Dreher* is non-binding authority. It is both out-of-circuit and addresses a different subsection of 1681g. *Dreher* was under 1681g(a)(2) which requires consumer reporting agencies to "clearly and accurately disclose to the consumer" "[t]he sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed..." The plaintiff in *Dreher* only alleged an "informational injury" under this provision and the Fourth Circuit held that this injury was not sufficiently concrete to confer constitutional standing because plaintiff "failed to show how the knowledge that he was corresponding with a CardWorks employee, rather than an Advanta employee, would have made any difference at all in the 'fair[ness] or accura[cy]' of his credit report, or that it would have made the credit resolution process more efficient." *Dreher*, 2017 WL 1948916, at *4, *5 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); 15 U.S.C. § 1681(a)(1)).

Plaintiff's Section 1681g claims here are brought under 1681g(a), which provides in part that "[e]very consumer reporting agency shall, upon request, ... clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request" and 1681g(c)(2) which requires consumer reporting agencies to provide a summary of consumer rights "with each written disclosure by the agency to the consumer." Plaintiff here has alleged a concrete and particularized injury beyond a bare procedural violation; namely, that consumers might not understand that they have an OFAC alert in their consumer file and might not know how to challenge the OFAC alert because of the 1681g(a) and (c)(2) violations. Indeed, as the Court held in denying Trans Union's motion for decertification:

> These alleged violations created a risk that Plaintiff would be harmed in precisely the way Congress was attempting to prevent when it mandated what disclosures consumer credit reporting agencies must make to consumers: a risk that the consumer is not made aware of material inaccurate information in the consumer's file, nor aware of how to dispute the inclusion of the harmful

3

> information. Thus, these omissions entailed a degree of risk sufficient to satisfy Article III's concrete injury requirement.

(Dkt. No. 209 at 6 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016), as revised (May 24, 2016)).)

Finally, notwithstanding Trans Union's protestations to the contrary, the Ninth Circuit rule regarding standing in a class action is clear: "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc); *see also Lewis v. Casey*, 518 U.S. 343, 395 (1996) ("[Unnamed plaintiffs] need not make any individual showing of standing [in order to obtain relief], because the standing issue focuses on whether the plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court.") (internal quotation marks and citation omitted). Mr. Ramirez's Article III standing is sufficient to establish standing for the class.

For the reasons stated above, Trans Union's motion for leave to file a motion for reconsideration is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4