Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
Anderson, Ogilvie & Brewer LLP
1736 Stockton Street, Ground Floor
San Francisco, CA  94133

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice)*
Francis & Mailman, P.C.
100 South Broad Street
Philadelphia, PA  19110

*Attorneys for Plaintiff, Sergio L. Ramirez*
*And the Certified Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF EXCERPTS FROM TRANS UNION'S CLOSING ARGUMENT ON PUNITIVE DAMAGES IN *CORTEZ* |

Pursuant to Rule 201 of the Federal Rules of Evidence, plaintiff and the class ask the Court to take judicial notice of the attached highlighted excerpts from Trans Union's closing argument in punitive damages phase in *Cortez*. Plaintiff and the class would use this evidence only in a punitive damages phase of this trial, if there is one.

### ARGUMENT

Federal Rule of Evidence 201(b) authorizes the Court to "judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or it can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Rule 201(c) requires the Court to take judicial notice "if a party requests it and the court is supplied with the necessary information." The court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

In *Cortez*, Trans Union's lawyer urged the jury not to award punitive damages. Trans Union's attorney argued that Trans Union had not known that its name-only matching logic would have the result that occurred for Ms. Cortez. He then assured the *Cortez* jury that punitive damages were not needed because:

> They know they did it wrong now. * * * The message is sent, the notice is well given and well understood.

> It is not something that dollar signs and zeros need to be added on because they now know.

The *Ramirez* jury should know that ten years ago Trans Union assured the jury that now that the flaws in name-only matching logic were known to Trans Union, the message had been sent. The fact that Trans Union ignored the *Cortez* verdict since 2007 is a compelling reason why this jury should award substantial punitive damages in this case.

Without repeating the numerous cases on judicial notice that were cited in the class's prior requests for judicial notice, class calls the Court's attention to two more cases.

The Ninth Circuit has taken judicial notice of arguments from other courts in its own motion. For example, in *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.,* 498 F.3d 1031, 1039, n 2 (9th Cir. 2007) it took judicial notice of "the transcript of the Supreme Court's oral argument in this case."

District courts have taken judicial notice in similar situations. For example, in *Leon v. Fedex Ground Package Sys., Inc.*, 163 F. Supp. 3d 1050, 1072–73 (D.N.M. 2016) the defendant asked the district court to take judicial notice of allegations Mrs. Leon made in an earlier complaint. In the earlier case, Mrs. Leon had alleged that a different defendant was responsible for her husband's death. The defendant in the pending case, Fedex, wanted

Plff's Request for Judicial Notice of Excerpts from Trans Union's Closing Argument in *Cortez Ramirez v Trans Union*, N.D. Cal., case no. 3:12-cv-00632 JSC

2

the jury to know that she had not sued or mentioned Fedex in the earlier case, and that she was not acknowledging her earlier allegations against the defendant in the earlier case. The court took judicial notice of the allegations of the earlier complaint and left it to Mrs. Leon to explain why the jury should disregard her earlier allegations.

Trans Union's arguments on punitive damages in *Cortez* should be heard and considered by the *Ramirez* jury. It is relevant to whether Trans Union ever heard the message and to whether this jury should award punitive damages and the amount of such damages. Trans Union can offer its explanation and urge this jury to disregard its earlier arguments.

**CONCLUSION**

For the foregoing reasons, Plaintiff and the Class ask the Court to take judicial notice of the highlighted language on page 110 of the April 27, 2007 transcript of the *Cortez* trial. A copy of page 110 of that trial transcript with the relevant language highlighted is attached.

Dated: June 19, 2017

ANDERSON, OGILVIE & BREWER LLP
Andrew J Ogilvie        (57932)
Carol M. Brewer        (214035)
1736 Stockton Street, Ground Floor
San Francisco, CA  94133

FRANCIS & MAILMAN, P.C.
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
100 South Broad Street, Suite 1902
Philadelphia, PA  19110

By */s/ John Soumilas*
        John Soumilas

*Attorneys for Plaintiff Sergio L. Ramirez*
*And the Certified Class*

Plff's Request for Judicial Notice of Excerpts from Trans Union's Closing Argument in *Cortez*
*Ramirez v Trans Union*, N.D. Cal., case no. 3:12-cv-00632 JSC