UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, | Case No.12-cv-00632-JSC |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| TRANS UNION, LLC, | |
| Defendant. | |

**IT IS SO ORDERED.**

Dated: June 19, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**JURY INSTRUCTION NO. 1 – DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# JURY INSTRUCTION NO. 2 – WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that have been admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3 – WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# JURY INSTRUCTION NO. 5 – RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6 – BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

7

1

**JURY INSTRUCTION NO. 7 – STIPULATIONS OF FACT**

2

3        The parties have agreed to certain facts.  You must therefore treat these facts as having

4   been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 8 – DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of the following individuals were used at trial:

(1) Annette Coito

(2) Brent Newman

(3) Robert Lytle

(4) Bharat Acharya

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If the deposition was read into the record, as with Ms. Coito, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1

## JURY INSTRUCTION NO. 9 – USE OF INTERROGATORIES

2

3          Evidence was presented to you in the form of answers of one of the parties to written

4   interrogatories submitted by the other side. These answers were given in writing and under oath

5   before the trial in response to questions that were submitted under established court procedures.

6   You should consider the answers, insofar as possible, in the same way as if they were made from

7   the witness stand.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 11 – EXPERT OPINION**

Experts may give opinions on those subjects in which they have special skills, knowledge, experience, training or education. You should consider each expert opinion in evidence and give it whatever weight it deserves. Remember, you decide all the facts. If, in reaching an opinion, you find that an expert relied on certain facts, and you decide that any of those facts were not true, then you are free to disregard the opinion.

The law allows expert witnesses to be asked questions that are based on assumed facts.

These are sometimes called "hypothetical questions." In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12 – THIS IS A CLASS ACTION**

As I told you at the beginning of this case, this lawsuit is proceeding as a class action.  A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims.  All of these people together are called a "class." The class representative who brings this action is Sergio Ramirez.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately.  Here, Mr. Ramirez is suing defendant Trans Union on behalf of a class of 8,185 people.  If you find it appropriate, you may apply the evidence at this trial to all class members.  All members of the class will be bound by the result of this trial.  The fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be.

The class in this case consists of "All natural persons in the United States and its Territories to whom Trans Union sent a letter similar in form to the March 1, 2011 letter Trans Union sent to Plaintiff regarding "OFAC (Office of Foreign Assets Control) Database" from January 1, 2011- July 1, 2011."

Your verdict in this case, whatever it may be, must be the same for every class member because I have already found that the important issues in the case are common to all class members.

1

**JURY INSTRUCTION NO. 13 – FCRA'S GENERAL PURPOSE**

2

3      The Fair Credit Reporting Act, otherwise known as the FCRA, requires that "consumer

4 reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer

5 credit, personnel, insurance, and other information in a manner which is fair and equitable to the

6 consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such

7 information." The FCRA regulates Trans Union's reporting of OFAC information, such as the

8 OFAC Alerts at issue in this case.

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 14 – DEFINITIONS**

2

3          Plaintiff Sergio L. Ramirez and the members of the certified class are "consumers" as

4   defined in the FCRA.

5          Defendant Trans Union, LLC is a consumer reporting agency as defined in the FCRA.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 15 – THE CLAIMS OF PLAINTIFF AND THE CLASS**

3

Mr. Ramirez and the Class bring three claims against Trans Union under the FCRA: (1) a

4 claim under 15 U.S.C. § 1681e(b); (2) a claim under 15 U.S.C. § 1681g(a); and (3) a claim under

5 15 U.S.C. 1681g(c)(2)(A).  I will now describe each to you.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 16 – FIRST CLAIM: 15 U.S.C. § 1681e(b)**

2

3        The FCRA requires that when any consumer reporting agency prepares a report, it must

4    "follow reasonable procedures to assure maximum possible accuracy of the information

5    concerning the individual about whom the [agency's] report relates."

6        To find for Mr. Ramirez and the Class on their First Claim, you must find that Trans Union

7    willfully violated this provision.

1

**JURY INSTRUCTION NO. 17 – SECOND CLAIM: 15 U.S.C. § 1681g(a)**

2

3        The FCRA also requires that when any consumer requests his or her file from a consumer

4   reporting agency, such as Trans Union, the agency shall clearly and accurately disclose to the

5   consumer all information in the consumer's file at the time of the request.

6        To find for Mr. Ramirez and the Class on their Second Claim, you must find that Trans

7   Union willfully violated this provision.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

18

1

2

**JURY INSTRUCTION NO. 18 – THIRD CLAIM: 15 U.S.C. § 1681g(c)(2)(A)**

3

The FCRA also requires that, with each written disclosure, a consumer reporting agency,

4   such as Trans Union, must provide to the consumer a summary of rights identified by the Federal

5   Trade Commission.

6            To find for Mr. Ramirez and the Class on their Third Claim, you must find that Trans

7   Union willfully violated this provision.

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 19 – WILLFULLY DEFINED**

2

3          An act is done willfully if it is done knowing that it will violate the Fair Credit Reporting

4   Act or with a reckless disregard of a statutory duty under the Fair Credit Reporting Act. "Reckless

5   disregard" means an action entailing an unjustifiably high risk of harm that is either known or so

6   obvious that it should be known.  A consumer reporting agency does not recklessly violate the Act

7   when it acts in accord with an objectively reasonable interpretation of the Act.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 20 –

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Mr. Ramirez and the Class have the burden of proving their claims, including that one or more violations of the FCRA was willful, by a preponderance of the evidence. A preponderance is the greater weight of the evidence.

To say it differently: if you were to put the evidence favorable to Mr. Ramirez and the Class and the evidence favorable to Trans Union on opposite sides of the scales, Mr. Ramirez and the Class would have to make the scales tip somewhat on their side. If they fail to meet this burden, the verdict must be for Trans Union. If you find after considering all the evidence that any claim or fact is more likely so than not so, then that claim or fact has been proven by a preponderance of the evidence. If the evidence on that claim appears to be equally balanced, or if you cannot say upon which side it weighs more heavily, then you must find in favor of the defendant on that claim.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 21 – STATUTORY DAMAGES

If you find that Trans Union willfully violated the FCRA with respect to any of the three claims brought by Mr. Ramirez and the Class here, then you must award each member of the Class statutory damages of no less than $100 and no more than $1,000. It is up to you to set the amount based upon the facts and circumstances of this case.

**JURY INSTRUCTION NO. 22 – DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous as to each issue submitted to you.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 23 – USE OF NOTES**

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

You will have in the jury room the exhibits admitted into evidence, except for Exhibit 8(B) which is the class list.  We are not providing you with the class list because it contains class members' personally identifiable information.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24 – COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.

If you send out a question, I will consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to me.

1

**JURY INSTRUCTION NO. 25 – RETURN OF VERDICT**

2

3        A verdict form has been prepared for you. After you have reached unanimous agreement

4  on a verdict, your presiding juror should complete the verdict form according to your

5  deliberations, sign and date it, and advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28