UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>    Defendant. | Case No.12-cv-00632-JSC<br><br>**ORDER RE: PLAINTIFF SERGIO RAMIREZ'S MOTION FOR A SERVICE AWARD**<br><br>Re: Dkt. No. 322 |

Plaintiff Sergio Ramirez filed this class action suit against Defendant Trans Union, LLC, in 2012 alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. In particular, Plaintiff challenged the legality of a service Trans Union provides to its customers which identifies persons whose names match individuals (known as Specially Designated Nationals or SDNs) on the United States government's list of terrorists, drug traffickers, and others with whom Americans are prohibited from doing business. The service is known as an OFAC Name Screen Alert or OFAC Alert. At particular issue in this case are Trans Union's business practices with respect to this product during a six-month period from January to July 2011 during which time Trans Union used a name-only matching protocol.

Following a week-long trial, a jury found in favor of Plaintiff and the class and awarded over $60 million in statutory and punitive damages. Plaintiff Ramirez now seeks a service award to compensate him for his service to the class. (Dkt. No. 322.) Trans Union does not oppose Plaintiff's request. Having considered Plaintiff's arguments and having had the benefit of oral argument on October 5, 2017, Plaintiff's motion for a service award is GRANTED. Plaintiff is awarded $75,000 which is less than one percent of the total damages award.

**DISCUSSION**

Service or incentive awards, as they are also referred to, are "fairly typical" in class action cases and are "generally sought after a settlement or verdict has been achieved." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). The awards are discretionary and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id*. Courts use the following factors to assess the reasonableness of the award:

> (1) the risk to the class representative in commencing a suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Covillo v. Specialtys Café*, No. C-11-00594 DMR, 2014 WL 954516, at *8 (N.D. Cal. Mar. 6, 2014) (internal citation and quotation marks omitted).

Here, Mr. Ramirez seeks a service award of $50,000 to $100,000. He has submitted a declaration in support of his request which attests that he has had to take several days off from work to meet with his attorneys, prepare for and give his deposition, attend settlement conferences, and represent the class at the more than week-long trial. (Dkt. No. 322-1 at ¶ 2.) In doing so, Mr. Ramirez lost income and risked losing his job as a union painter on construction projects, as well as his health insurance because his union's health plan requires him to work a certain number of hours a month. (*Id*. at ¶¶ 2-3.) Mr. Ramirez has been involved in this action from the very beginning when he contacted Plaintiff's counsel after being denied a loan for a car when his credit report returned with an incorrect OFAC Alert. (*Id*. at ¶ 1.) He is the only individual who has stepped forward to represent the interests of the class and his efforts resulted in an over $60 million damages verdict. Under these circumstances, a service award of $75,000 (inclusive of his individual damages recovery) which is .125 percent of the total damages award is reasonable.

1  This amount is reasonable both on its own and in comparison to the average class member recovery. The Ninth Circuit has cautioned that where there is a "very large differential in the amount of damage awards between the named and unnamed class members," that differential must be justified by the record. *Staton v. Boeing Co.*, 327 F.3d 938, 978 (9th Cir. 2003). The jury awarded each class member a total of $7,337.30 in damages ($984.22 in statutory damages and $6,353.08 in punitive damages). For a class of 8,185 individuals this amounts to a total of $60,055,800.50 in damages. A service award of $75,000 is 10.2 times higher than the individual class member recovery. While high, this amount is in line with other mega fund cases awarding service fees. *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *16 (N.D. Cal. Sept. 2, 2015) (approving of an incentive award where the ratio between service awards and class member recovery was 21 for one representative and 14 for the remaining class representatives); *Lemus v. H & R Block Enterprises LLC.*, No. C 09-3179 SI, 2012 WL 3638550, at *2 (N.D. Cal. Aug. 22, 2012), modified on reconsideration sub nom. *Lemus v. H&R Block Enterprises LLC*., No. C 09-3179 SI, 2012 WL 12946714 (N.D. Cal. Sept. 10, 2012) (awarding $15,000 as an incentive payment which was a 12.5 ratio to the recovery of individual class members).

Accordingly, the Court concludes that based on the totality of circumstances present here, a discretionary service award of $75,000 (inclusive of his individual recovery) to Mr. Ramirez is appropriate.

This Order disposes of Docket No. 322.

**IT IS SO ORDERED.**

Dated: November 7, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3