Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
Ogilvie & Brewer
4200 California Street, Suite 100
San Francisco, CA 94118

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19110

*Attorneys for Plaintiff, Sergio L. Ramirez
And the Certified Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 12 cv-00632-JSC<br><br>Class Action<br><br>**MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES** |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ........................................................................................................... 1

II.    BACKGROUND .............................................................................................................. 3

    A.    Trans Union's Appeal ........................................................................................... 3

    B.    The Ninth Circuit's Decision On Appeal .............................................................. 3

    C.    The Current Posture of the Case ........................................................................... 4

    D.    Appellate Fees and Costs ...................................................................................... 4

III.    ARGUMENT ................................................................................................................... 5

    A.    A Reasonable Fee Includes Appellate Fees And Costs ........................................ 5

    B.    Current Market Hourly Rates Should Be Used To Calculate Attorneys' Fees ................................................................................................................... 6

    C.    Class Counsel Are Entitled To Attorneys' Fees In the Amount of 28.5% Of The Common Fund Created By The Judgment, Post-Judgment Interest, and The Fee-Shifted Attorneys' Fees And Costs Of the Action, As Well As Reimbursement Of Their Costs ............................................................................ 8

IV.    CONCLUSION ................................................................................................................ 9

i

MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL
MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS AND EXPENSES

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Azizian v. Federated Dep't Stores, Inc.*,
 499 F.3d 950 (9th Cir. 2007)...........................................................................................5

*Blum v. Stenson*,
 465 U.S. 886 (1984).........................................................................................................6

*Gates v. Deukmejian*,
 987 F.2d 1392 (9th Cir. 1992).........................................................................................6

*Geertson Seed Farms v. Johanns*,
 2011 WL 5403291 (N.D. Cal. Nov. 8, 2011)...................................................................5

*Missouri v. Jenkins by Agyei*,
 491 U.S. 274 (1989).........................................................................................................6

*In re: Pier 1 Imports Inc., Robert J.Riesbeck*,
 No. 3:20-bk-30805 (E.D. Va.) ........................................................................................6

*Puckett v. Yamhill Cnty.*,
 145 F.3d 1340, 1998 WL 246527 (9th Cir. 1998) ..........................................................6

*Ramirez v. Trans Union, LLC*,
 951 F.3d 1008 (9th Cir. 2020).................................................................................1, 3, 4

*t'Bear v. Forman*,
 No. 3:17-cv-00795-JSC (N.D. Cal. June 8, 2020) ..........................................................7

## STATUTES

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, et seq. .................................................5, 7, 8

15 U.S.C. §1681e(b) ......................................................................................................................3

15 U.S.C. §1681g...........................................................................................................................3

15 U.S.C. §§ 1681n(a)(3) & o(a)(2)...............................................................................................5

MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL
MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS AND EXPENSES

## **FEDERAL RULES**

Fed. R. Civ. P. 23 .......................................................................................................................... 3

Fed. R. Civ. P. 23(h) ..................................................................................................................... 8

Fed. R. Civ. P. 23(h) and 54(d)(2) ................................................................................................ 2

iii

MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL
MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS AND EXPENSES

Plaintiff Sergio L. Ramirez and the Certified Class, and undersigned Class Counsel, respectfully submit this Memorandum of Law in support of their Supplemental Motion by Plaintiff and Class Counsel for Award of Attorneys' Fees and Reimbursement of Costs and Expenses ("Supplemental Fee Petition").

## I.   INTRODUCTION

Following a successful trial in this class action, Plaintiff and the certified class submitted a Motion for Awards of Attorneys' Fees and Costs and Expenses on December 15, 2017 (Dkt. No. 353) (herein, the "Original Fee Petition"). At the time of the Original Fee Petition, Defendant Trans Union, LLC ("Trans Union") had already initiated an appeal of this Court's decision upholding the jury's verdict. Dkt. No. 342.

In light of the pendency of the appeal and in order to avoid unnecessary expenditure of resources, the parties submitted a stipulation regarding a fee award in this matter. Dkt. No. 355. Trans Union agreed to Plaintiff's proposed method of calculating the fee here, and agreed not to oppose the requested amount of fees, in the event the trial court judgment was upheld in full on appeal. *Id.* If the trial court judgment was not fully upheld, the parties agreed that Plaintiff and the Certified Class would submit an amended fee petition to this Court which could include requests for attorneys' fees and costs incurred in connection with Trans Union's appeal. *Id.*

The Ninth Circuit issued its decision in the appeal on February 27, 2020, upholding the trial court judgment on the substance of each claim including the amount of statutory damages award, but reduced the punitive damages ratio from 6.45:1 to 4:1. *Ramirez v. Trans Union, LLC*, 951 F.3d 1008 (9th Cir. 2020). Thus, the total recovery for Plaintiff and the Certified Class is now $40,279,204.50 following the appeal.

Plaintiff and the Certified Class therefore now submit this supplemental fee petition seeking attorneys' fees and costs incurred in connection with the appellate proceedings, and recalculating

their request based on the revised judgment and updated hourly rates consistent with the 2020 legal market.

Plaintiff and the Certified Class continue to seek to recover for approximately 5,000 hours of attorney and paralegal time and $139,607.74 in unreimbursed expenses incurred in connection with the case through the filing of the Original Fee Petition, and now seek to recover for the additional 816 hours and $20,172.72 in expenses incurred as a result of Trans Union's appeal. Based upon counsel's updated hourly rates, their total lodestar and expenses is now $4,003,713.38.

As proposed in the Original Fee Petition, this award should be paid by Defendant and added to the judgement, along with interest and the costs of notice.[1]  As also proposed in the Original Fee Petition, Class Counsel requests 28.5% this fund pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2) and their costs expended in prosecuting this case.  This percentage is well within the range of award within the Ninth Circuit, and is eminently reasonable in light of the success achieved in this case.

This motion does not seek to establish the precise amount of the final judgment in this matter, which must include post-judgment interest and an appropriate amount for the costs of notice and issuance of payments to class members.  Rather, Plaintiff and the Class seek to, consistent with the parties' stipulations,[2] update the Court regarding attorneys' fees and costs so that this matter may proceed efficiently following resolution of Trans Union's anticipated petition for certiorari.

---

[1] Plaintiff and the Class anticipate making a request to this Court to establish a sum certain of post-judgment interest and an appropriate amount for the costs of notice and issuance of payments to class members (based upon estimates provided by the class administrator who issued notice following class certification) at a later time, when the mandate issues and this Court resumes full management of the case.

[2] The parties have consistently agreed and stipulated that this Court shall address matters related to fees and costs in this matter.  They negotiated at length regarding a stipulated judgment to address the Ninth Circuit's reduction of the punitive damage award, as well as an award of attorneys' fees and costs, the cost of notice, and fixing an amount of accrued interest on the judgment.  The parties  submitted several stipulations to allow further time for these negotiations, to avoid the need to submit this supplemental fee petition to the Court.  Dkt. Nos. 361, 362, 364, 366.  When the parties submitted the most recent stipulation on July 24, 2020 (Dkt. No. 366), the

MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL
MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS AND EXPENSES

## II. BACKGROUND

### A. Trans Union's Appeal

Trans Union filed its notice of appeal in this matter on November 1, 2017. Dkt. No. 352. The appeal challenged nearly every aspect of the Court's rulings in this case, claiming that none of the class members had Article III standing, that Fed. R. Civ. P. 23 typicality was not satisfied, that there was insufficient evidence of willfulness at trial, that the statutory damages award was excessive, and that the punitive damages award was constitutionally excessive.

The parties fully briefed the appeal, including the submission of supplemental authority by both sides, and appeared in person for oral argument on February 14, 2019.

### B. The Ninth Circuit's Decision On Appeal

On February 27, 2020, the U.S. Court of Appeals for the Ninth Circuit issued its decision in the appeal. *Ramirez v. Trans Union, LLC*, 951 F.3d 1008 (9th Cir. 2020). The Ninth Circuit found that all members of the Certified Class had standing, for both the accuracy claim under section 1681e(b) of the Fair Credit Reporting Act ("FCRA"), and for the two disclosure claims under FCRA section 1681g. *Id.* at 1022-31. Next, the Court of Appeals affirmed this Court's ruling on the Trans Union's motion for a judgment as a matter of law or a new trial, finding that there was sufficient evidence of willfulness presented at trial. *Id.* at 1031-33. The Court of Appeal likewise affirmed this Court's determinations on class certification issues, finding that typicality was satisfied. *Id.* at 1033. The Ninth Circuit also rejected Trans Union's argument regarding statutory damages, finding that "[w]e agree with the district court that there is no basis to disturb the statutory damages award." *Id.* at 1034-35.

---

parties had reached an agreement in principle and were reducing it to written form. However, Trans Union's counsel subsequently communicated that Trans Union was backing out of the agreement and would not finalize the stipulation. In the absence of this agreement, Plaintiff therefore now files this supplemental fee petition.

3

The only area in which the Court of Appeals modified this Court's determinations was with respect to the appropriateness of the punitive damages award. Notably, the Ninth Circuit rejected two of Trans Union's three proposed bases for reducing the award, finding that the punitive damages award was not duplicative of the statutory damages, and that consideration of harm to nonparties, if it occurred at all here, did not render punitive damages inappropriate here. *Id.* at 1035-36. In considering whether the punitive damage award violated constitutional due process, the Court of Appeals even agreed that Trans Union's conduct was "repeated and willful," "flippant," "egregious," and thus reprehensible. *Id.* at 1036-37. The Ninth Circuit simply found that under the circumstances of this case, the 6.45:1 ratio of punitive damages to compensatory damages was excessive, and that a ratio of 4:1 was the maximum permissible. *Id.* at 1037-38. It therefore ordered that the punitive damages award be reduced to $3,936.88 per class member. *Id.* at 1038.

C.  **The Current Posture of the Case**

Trans Union petitioned for a panel rehearing and for rehearing *en banc* on March 12, 2020. No. 17-17244 (9th Cir.) at Dkt. No. 55. The panel denied the petition on April 8, 2020. *Id.* at Dkt. No. 56. The parties conferred, and in light of Trans Union's intention to file a petition for certiorari to the United States Supreme Court, jointly moved to stay the mandate, and the Court approved the motion. *Id.* Dkt. Nos. 57-58.

The parties have also conferred regarding a stipulated judgment in the event a petition for certiorari is denied, and regarding a further stipulation addressing attorneys' fees and costs. They have not been able to reach agreement on either issue.

D.  **Appellate Fees and Costs**

As detailed in the attached declarations, Class Counsel have expended an additional 816 hours to date in addressing Trans Union's appeal, and have incurred an additional $20,172.72 in

4

unreimbursed litigation expenses. *See* Francis Decl. at ¶ 14; Ogilvie Decl. at ¶1.  The attorney time and costs were reasonably expended in order to defend the excellent result achieved at trial for Plaintiff and the Certified Class.

### III.  ARGUMENT

The revised fee award requested in this supplemental motion is warranted in light of the additional time and expenses incurred in connection with the appellate proceedings in this matter, and in light of Class Counsel's current hourly rates.  This Court should therefore use the same hybrid method proposed in the Original Fee Petition, by awarding fees and costs to the Plaintiff and the Class as the prevailing party, and applying the common fund doctrine to the judgment as adjusted consistent with the Ninth Circuit's order.  *See* Original Fee Petition, Dkt. No. 353-1 at 11-12 (discussing method of calculation).

**A.   A Reasonable Fee Includes Appellate Fees And Costs**

In calculating fees and costs for a prevailing party under a fee-shifting statute, district courts regularly include all appellate costs, including attorneys' fees. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007).   As discussed in detail in the Original Fee Petition, the FCRA is a fee-shifting statute mandating that a successful plaintiff shall recover the costs of the action together with reasonable attorney's fees." 15 U.S.C. §§ 1681n(a)(3) & o(a)(2).  Where, as here, consideration of a fee petition is deferred pending an appeal, courts regularly include appellate fees and costs after a supplemental petition.  *See, e.g. Geertson Seed Farms v. Johanns*, No. C 06-01075 CRB, 2011 WL 5403291, at *10-11 (N.D. Cal. Nov. 8, 2011) (awarding both district court and appellate attorneys' fees and costs).

Class Counsel have expended over 800 additional hours to date in defending Trans Union's appeal.  This time was reasonably expended in order to preserve the maximum available recovery for class members in the face of Trans Union's appeal, and Trans Union should now be responsible

5

for bearing this cost.

As detailed in the attached declarations, the lodestar and expenses in connection with the appeal is as follows: for Francis Mailman Soumilas, P.C., $418,789.00 for attorneys' fees, reflecting over 650 hours of attorney and paralegal time, and costs of $17,084,02 (Francis Decl. at ¶¶ 11, 14); for Ogilvie & Brewer LLP, $124,236.00 for attorney's fees, reflecting over 145 hours of attorney and paralegal time, and costs of $3,088.70. Ogilvie Decl. at ¶ 1.

**B.    Current Market Hourly Rates Should Be Used To Calculate Attorneys' Fees**

It is well-settled that the appropriate hourly rate to be used when calculating lodestar is the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Specifically, the hourly rate to be used is the current market rate at the time of the fee petition. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989). Any increase to these rates over the historical rates in place at the time the legal services were provided is appropriate to account for delays in payment. *Id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1406-07 (9th Cir. 1992) (collecting cases).

Plaintiff and the Certified Class therefore seek to calculate their full fee request, both for the hours set forth in the Original Fee Petition as well as this supplement, at the current prevailing market rates. These 2020 hourly rates are reasonable and appropriate in the San Francisco legal market and in light of counsel's qualifications and experience. *See* Francis Decl. at ¶¶ 8-9 and Exhibits A-C thereto; Ogilvie Decl. at ¶¶ 8-9.[3]

---

[3] Any challenge to Class Counsel's hourly rates should be evaluated with consideration to the rates charged by Trans Union's counsel. *Puckett v. Yamhill Cnty.*, 145 F.3d 1340, 1998 WL 246527, at *1-3 (9th Cir. 1998) (confirming appropriateness of considering opposing counsel's rate in determining reasonable hourly rate). Publicly available resources suggest that Trans Union's appellate counsel charge hourly rates substantially higher than those proposed here. *See In re: Pier 1 Imports Inc., Robert J.Riesbeck*, No. 3:20-bk-30805 (E.D. Va.) at Dkt. No. 758 (demonstrating that Kirkland & Ellis attorneys with comparable experience to Class Counsel regularly charge in excess of $1,400 per hour).

6

MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL
MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS AND EXPENSES

In support of the 2020 hourly rates of Andrew J. Ogilvie and Carol M. Brewer, Plaintiff's counsel refer again to the Declaration of Richard M. Pearl. Dkt. No. 353-9. *See* Original Fee Petition, Dkt. No. 353-1 at pp. 14-15 (describing Mr. Pearl's extensive qualifications). The Pearl declaration, even without being updated, supports an hourly rate of up to $985 for practitioners with 45 years of experience (*see* Dkt. No. 353-9 at pp. 11, 13); Mr. Ogilvie and Ms. Brewer have 47 and 41 years, respectively. Furthermore, this Court has recently awarded an hourly rate of $1,425 for the services of an attorneys with 25 years of experience. *t'Bear v. Forman*, No. 3:17-cv-00795-JSC (N.D. Cal. June 8, 2020) at Dkt. No. 258 p.17 (order approving rate of Thomas P. Brown of Paul Hastings LLP). The 2020 hourly rate charged by Mr. Ogilvie and Ms. Brewer is $840 per hour.

In support of the hourly rates charged by the attorneys of Francis Mailman Soumilas, P.C., Plaintiff's counsel has submitted an updated version of the expert report submitted in connection with the Original Fee Petition which established reasonable hourly rates for the firm's attorneys for the year 2017. *See* Dkt. No. 352-2 at pp. 81-84. This updated report provides appropriate 2020 hourly rates for this litigation in light of the prevailing market hourly billing rates for legal services in San Francisco. Ex. B to Francis Decl. (2020 Report by Jeffrey B. Polsky).

The 2020 hourly rate charged by Mr. Francis is $825; for Mr. Soumilas is $770, for Mr. Searles is $980; for Ms. Brennan is $425; for Mr. Sartell is $370; for Mr. Gorski is $480; for Ms. Novak is $450; for Mr. Skipton is $370, for paralegals is $240.[4]

---

[4] This Court's decision in *t'Bear v. Forman* indicates that the attorneys of Francis Mailman Soumilas could command even higher hourly rates, particularly in light of their substantial specialized experience in the FCRA. *t'Bear v. Forman*, No. 3:17-cv-00795-JSC (N.D. Cal. June 8, 2020) at Dkt. No. 258 p.17 (order approving rate of Thomas P. Brown of Paul Hastings LLP)

**C.   Class Counsel Are Entitled To Attorneys' Fees In the Amount of 28.5% Of The Common Fund Created By The Judgment, Post-Judgment Interest, and The Fee-Shifted Attorneys' Fees And Costs Of the Action, As Well As Reimbursement Of Their Costs**

When attorneys' fees and costs, including those incurred in connection with the appeal, are added to the judgment in this matter as adjusted on appeal, the common fund available to Plaintiff and the Class as the prevailing parties in this matter is $44,282,916.88, plus the statutorily required post-judgment interest and the costs of notice and administration of payment to class members.  The total amount of this common fund is to be calculated later, following resolution of Trans Union's anticipated petition for certiorari to the U.S. Supreme Court.  In such an event, Plaintiff and the Class will promptly propose an appropriate amount of notice costs and interest to be added to the judgment, so that an amended judgment in an amount certain can be entered and executed.[5]

At this time, pursuant to the parties' stipulations and so that as little as possible remains to be resolved later, Plaintiff and the Class reiterate their request seeking 28.5% of this common fund, and reimbursement of expenses pursuant, to Fed. R. Civ. P. 23(h).  This percentage is reasonable here for all of the same reasons set forth in the Original Fee Petition, and in light of counsel's additional success in defending the Class's recovery from attack on appeal.  The requested fee is therefore eminently reasonable.

Furthermore, as discussed in the Original Fee Petition, a reasonable fee award includes reimbursement for litigation expenses reasonably incurred in prosecuting the case.  *See* Original Fee Petition, Dkt. No. 353-1 at pp. 17-18, 22 (discussing entitlement under FCRA to nontaxable costs of litigation). The expenses of this litigation, including those incurred on appeal, were

---

[5] If appropriate, a further supplemental fee petition will be filed at that time to account for hours and expenses incurred after this filing.  Importantly, a further supplemental fee petition would not be necessary if Trans Union had not backed out of the negotiated agreement.  *See* fn. 1, *supra*.

8

reasonably incurred and are of the type that would typically be billed to a paying client. Francis Decl. at ¶¶ 13-14; Ogilvie Decl. at ¶ 1. Class Counsel therefore respectfully request that the Court award them the reasonable expenses of this litigation in addition to the reasonable fee requested.

## IV.    CONCLUSION

For all of the reasons set forth above and in the Original Fee Petition, the Motions for Awards of Attorneys' Fees and Expenses should be granted, and $4,003,713,38 in attorney's fees and litigation costs should be added to the judgment and paid by Defendant Trans Union, LLC, and Class Counsel should be awarded attorneys' fees in the amount of 28.5% of the resulting common fund, once appropriate final amounts of attorneys' fees, post-judgment interest and costs of notice are established.

Dated: August 14, 2020                    Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

By:   /s/ *John Soumilas*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19104

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**OGILVIE & BREWER LLP**
4200 California Street, Suite 100
San Francisco, CA 94118

*Attorneys for Plaintiff Sergio L. Ramirez
And the Certified Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2020, a copy of the foregoing **SUPPLEMENTAL MOTION BY PLAINTIFF AND CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ John Soumilas*
John Soumilas