ANDREW J. OGILVIE (SBN 57932)
CAROL M. BREWER (SBN 214035)
OGILVIE & BREWER LLP
3450 Sacramento St., #413
San Francisco, California 94118
Telephone: (415) 378-4838


JAMES A. FRANCIS (*Pro hac vice*)
JOHN SOUMILAS (*Pro hac vice*)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*
*Sergio L. Ramirez and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-00632-JSC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date: June 9, 2022<br>Time:  9:00 a.m.<br>Place:  Courtroom 8 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 9, 2022, at 9:00 a.m., or as soon thereafter as the Court may order, in Courtroom 8, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, the Hon. Jacqueline Scott Corley presiding, Plaintiff Sergio Ramirez will and hereby does move for an Order Granting Preliminary Approval of Class Action Settlement, pursuant to the Settlement Agreement filed concurrently herewith.

This Motion is made pursuant to Fed. R. Civ. P. 23 and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Law, the Settlement Agreement and such evidence and argument as the Court may consider at the hearing on this Motion.

Defendant does not contest this Motion.

Dated:  May 6, 2022                          **FRANCIS MAILMAN SOUMILAS, P.C.**

                                             */s/ James A. Francis*
                                             JAMES A. FRANCIS
                                             JOHN SOUMILAS
                                             LAUREN KW BREENAN
                                             1600 Market Street, Suite 2510
                                             Philadelphia, PA  19103
                                             (215) 735-8600

                                             **OGILVIE & BREWER, LLP**
                                             **ANDREW J. OGILVIE**
                                             ANDREW J. OGILVIE
                                             CAROL MCLEAN BREWER
                                             3450 Sacramento Street, #413
                                             San Francisco, California 94118
                                             Telephone: (415) 378-4838

                                             ELIZABETH J. CABRASER
                                             MICHAEL W. SOBOL
                                             **LIEFF CABRASER HEIMANN &**
                                             **BERNSTEIN, LLP**
                                             275 Battery St.
                                             San Francisco, CA 94111
                                             Telephone: (415) 956-1000
                                             Facsimile: (415) 956-1008

12-cv-00632-JSC

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiff*
*Sergio L. Ramirez and the Class*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................iv

I.     INTRODUCTION ...............................................................................................1

II.    PROCEDURAL HISTORY ................................................................................3

       A.     Pleadings ..................................................................................................3

       B.     Early Motion Practice ..............................................................................4

       C.     Written Discovery and Depositions .........................................................4

       D.     Briefing on Class Certification and Stay of Proceedings.........................5

       E.     Notice to the Certified Class ...................................................................6

       F.     Summary Judgment, Trial, And Post-Trial Motions ...............................7

       G.     Fee Petition And Motion for Service Award ...........................................7

       H.     Appellate Proceedings .............................................................................8

       I.      The Decision of The Supreme Court ........................................................9

       J.      Proceedings On Remand ........................................................................10

       K.     Mediation and Documentation of the Settlement ..................................11

III.   THE PROPOSED SETTLEMENT....................................................................11

       A.     The Settlement Class...............................................................................12

       B.     The Consideration Provided To The Class Under The Agreement ..................12

              1.     Payments to Settlement Class Members............................................12

              2.     Notice and Settlement Administration..............................................13

              3.     Service Award ..................................................................................14

i                                               12-cv-00632-JSC

4.      Attorneys' Fees and Costs ................................................................ 14

5.      Residual Funds to *Cy Pres* Recipients ........................................... 15

C.      Release ................................................................................................. 16

D.      The Required Class Action Fairness Act Notice ................................. 16

E.      Objections ............................................................................................ 16

IV.     LEGAL STANDARD ......................................................................................... 17

V.      THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED  AND NOTICE SHOULD BE SENT TO THE CLASS ..................................................................... 18

A.      Class Representative and Class Counsel Have Adequately Represented the Class ............................................................................................... 19

B.      The Settlement Negotiations Were at Arm's Length ........................... 20

C.      The Relief Provided for the Class Is Adequate ................................... 21

1.      The Risks of Continued Litigation ...................................................... 21

2.      The Effectiveness of Proposed Method of Class Distribution ............ 22

3.      Terms of Proposed Award of Attorneys' Fees .................................... 23

4.      The Proposal Treats Class Members Equitably ................................... 24

VI.     ELEMENTS FOR CERTIFICATION OF A CLASS SETTLEMENT ........................ 24

A.      The Class Is Sufficiently Numerous .................................................... 25

B.      There are Questions of Law and Fact That Are Common to the Class ............ 25

C.      Plaintiff's Claims Are Typical of the Proposed Class ......................... 26

D.      Plaintiff and His Counsel Will Adequately Represent the Class ......... 26

E.      The Class Meets the Requirements of Rule 23(b) ............................... 27

VII.    THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND ................. 28

ii                                    12-cv-00632-JSC

VIII.   PROPOSED SCHEDULE ...............................................................................29

IX.     CONCLUSION ...........................................................................................30

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

2                                    <u>**TABLE OF AUTHORITIES**</u>

3                                                                                          **Page(s)**

4                                                 <u>**CASES**</u>

5    *Adams v. Inter-Con Sec. Sys. Inc.*,
6        2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)...................................................................21

7    *Amchem Prods., Inc. v. Windsor*,
         521 U.S. 591 (1997)........................................................................................................27
8
     *Blackie v. Barrack*,
9        524 F.2d 891 (9th Cir. 1975) .........................................................................................25

10   *Bonett v. Education Debt Services, Inc.*,
11       2003 WL 21658267 (E.D. Pa. 2003) ..............................................................................20

12   *Campbell v. Facebook, Inc.*
         951 F.3d 1106 (9th Cir. 2020) .......................................................................................18
13
     *Chakejian v. Equifax Info. Services, LLC*,
14       256 F.R.D. 492 (E.D. Pa. 2009)......................................................................................20

15   *Churchill Village, LLC v. General Electric*,
16       361 F.3d 566 (9th Cir. 2004) .........................................................................................21

17   *Cortez v. Trans Union, LLC*,
         617 F.3d 688 (3d Cir. 2010)........................................................................................1, 5
18
     *Cottle v. Plaid Inc.*,
19       340 F.R.D. 256 (N.D. Cal. 2021) ....................................................................................19

20   *Deaton v. Trans Union, LLC*,
21       No. 2:20-cv-01380-AB (E.D. Pa.), ECF 18-2...................................................................13

22   *In re Domestic Air Transp. Antitrust Litig.*,
         148 F.R.D. 297 (N.D. Ga. 1993)......................................................................................24
23
     *In re Employee Benefit Plans Secs. Litig.*,
24       1993 WL 330595 (D. Minn. June 2, 1993)......................................................................20

25   *Giddiens v. First Advantage LNS Screening Solutions, Inc.*,
26       No. 2:12-cv-2624 (ECF 55) (E.D. Pa. Jan. 20, 2015)......................................................20

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ......................................................................25

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ........................................................................26

*Hansen v. Ticket Track, Inc.*
   213 F.R.D. 412 (W.D. Wash. 2003) .............................................................26

*Jones v. Midland Funding, LLC*,
   No. 3:08-cv-802-RNC (ECF 82) (D. Conn. Oct. 13, 2009).........................20

*Jordan v. Commonwealth Financial Systems, Inc.*,
   237 F.R.D. 132 (E.D. Pa. 2006)....................................................................20

*LaRocque v. TRS Recovery Services, Inc.*,
   285 F.R.D. 139 (D. Me. 2012) ......................................................................20

*Leo v. AppFolio*,
   No. 3:17-cv-05771-RJB (W.D. Wash.) ...............................................13, 22, 25

*Lerwill v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir. 1978) ........................................................................26

*In re Lithium Ion Batteries Antitrust Litig.*,
   2020 WL 7264559 (N.D. Cal. Dec. 10, 2020)..............................................18

*Mullane v. Central Hanover* Trust
   339 U.S. 306, 314 (1950) ..............................................................................28

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................20

*In re Netflix Privacy Litig.*,
   2012 WL 2598819 (N.D. Cal. July 5, 2012).................................................21

*In re Omnivision Tech., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................23

*Parra v. Bashas', Inc.*,
   536 F.3d 975 (9th Cir. 2008) ........................................................................25

*Patel v. Trans Union, LLC*,
   3:14-cv-00522-LB (N.D. Cal.)................................................................13, 28

*Patel v. Trans Union, LLC*,
   No. 3:14-cv-0522-LB (N.D. Cal.)..................................................................22

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Ramirez v. Trans Union, LLC,*
   301 F.R.D. 408 (N.D. Cal. 2014) ...................................................................1, 6, 25, 28

*Ramirez v. Trans Union, LLC,*
   308 F.R.D. 292 (N.D. Ca. 2015) ...................................................................24, 25, 28

*Ramirez v. Trans Union, LLC,*
   9 F. 4th 1201 (9th Cir. 2021) ........................................................................10

*Ramirez v. Trans Union, LLC,*
   951 F.3d 1008 (9th Cir. 2020) ......................................................................2, 8

*Ramirez v. Trans Union, LLC,*
   No. 3:12-cv-632 (N.D. Cal.) .........................................................................20

*Rodriguez v. W. Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) ........................................................................19

*Romero v. Producers Dairy Foods, Inc.,*
   235 F.R.D. 474 (E.D. Cal. 2006) ..................................................................27

*Sapp v. Experian Info. Solutions,*
   2013 WL 2130956 (E.D. Pa. May 15, 2013) ................................................20

*Serrano v. Sterling Testing Systems, Inc.,*
   711 F. Supp. 2d 402 (E.D. Pa. 2010) ...........................................................20

*Spokeo v. Robins,*
   578 U.S. 330 (2016) ......................................................................................6, 7, 8

*Summerfield v. Equifax Info. Services, LCC,*
   264 F.R.D. 133 (D. N.J. 2009) ......................................................................20

*In re Tableware Antitrust Litig.,*
   241 F.R.D. 644 (N.D. Cal. 2007) ..................................................................27

*In re Trans Union LLC FCRA Litig.,*
   MDL No. 2427, ECF 11 ................................................................................4

*Trans Union, LLC v. Ramirez,*
   No. 20-297 (U.S.) ..........................................................................................8

*TransUnion, LLC v. Ramirez,*
   141 S. Ct. 2190 (2021) ..................................................................................2, 9, 10

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
   19 F.3d 1291 (9th Cir. 1994) ........................................................................23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Watson v. Checkr, Inc.*,
    No. 3:19-cv-03396-EMC (N.D. Cal) ................................................................13

*White v. Experian Info. Solutions*,
    993 F. Supp. 2d 1154 (C.D. Cal. 2014), *aff'd sub nom.*
    *Radcliffe v. Experian Info. Solutions, Inc.*, 818 F.3d 537 (9th Cir. 2016) ..........20

## **STATUTES**

California Consumer Credit Reporting Agencies Act CAL. CIV. CODE § 1785 *et seq* ........3, 4, 5

Class Action Fairness Act of 2005 ................................................................13, 16

      28 U.S.C. § 1715 ................................................................16

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, et seq ..........................*passim*

      15 U.S.C. § 1681e(b) ................................................................*passim*

      15 U.S.C. § 1681g ................................................................9

      15 U.S.C. § 1681g(a) ................................................................1, 3

      15 U.S.C. § 1681g(c) ................................................................3

      15 U.S.C. § 1681n(a)(1)(A) ................................................................22

## **FEDERAL RULES**

Fed. R. Civ. P. 23 ................................................................3, 8, 10, 17

Fed. R. Civ. P. 23(a) ................................................................27

Fed. R. Civ. P. 23(a)(2) ................................................................25

Fed. R. Civ. P. 23(a)(3) ................................................................26

Fed. R. Civ. P. 23(a)(4) ................................................................26

Fed. R. Civ. P. 23(b)(2) ................................................................6

Fed. R. Civ. P. 23(b) ................................................................27

Fed. R. Civ. P. 23(b)(3) ................................................................25, 27, 28

Fed. R. Civ. P. 23(c)(2)(B) ................................................................28

Fed. R. Civ. P. 23(e) ................................................................17

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Fed. R. Civ. P. 23(e)(1)(A) ................................................................................................17

Fed. R. Civ. P. 23(e)(1)(B) .........................................................................................3, 17, 18

Fed. R. Civ. P. 23(e)(2) ...........................................................................................3, 17, 18, 19

Fed. R. Civ. P. 23(e)(2)(C)(ii) ...........................................................................................22

Fed. R. Civ. P. 23(e)(3) ...............................................................................................18

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

More than ten years ago, Plaintiff Sergio L. Ramirez brought this consumer protection class action against Defendant Trans Union LLC ("Defendant" or "Trans Union") seeking to address Trans Union's handling of information derived from the U.S. Department of Treasury's Office of Foreign Assets Control list of Specially Designated Nationals (the "OFAC List") in the wake of the Third Circuit's decision in *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010). Plaintiff brought two different types of claims under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). ECF 1.  Plaintiff asserted that Trans Union's continued use of name-only matching logic to attribute OFAC records to consumers violated the FCRA's accuracy requirement at section 1681e(b) (the "accuracy claim"), and that Trans Union employed an incomplete and misleading form of disclosure regarding these OFAC records which violated FCRA sections 1681g(a) and g(c) (the "disclosure claims"). Plaintiff sought to represent a nationwide class of similarly situated individuals, who had been subjected to the same procedures.  *Id.*

After several years of hard-fought litigation, this Court certified a single class of consumers for purposes of both the accuracy and disclosure claims under the FCRA.  *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Cal. 2014). The certified Class consisted of 8,192 individuals that Trans Union had associated with the OFAC List based upon its name-only matching logic, and to whom it had sent the same form of disclosure, consisting of a "personal credit report" which did not reference OFAC, and a separate letter regarding OFAC which did not include reference to consumers' right to dispute.  *Id.* at 417.  This Court repeatedly affirmed that the entire Class had Article III standing to proceed on all claims, including those consumers for whom Trans Union did not produce evidence that it had sold any OFAC record to a third party, in light of the material

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

risk of harm that damaging information would be sold.  ECF 209 at p. 6; 2017 WL 2403812, at *2 (N.D. Cal. June 2, 2017).

The case went to trial in 2017, where the jury found in favor of the Class on all claims, found that Trans Union's FCRA violations were willful, and awarded statutory and punitive damages. 2017 WL 5153280, at *1 (N.D. Cal. Nov. 7, 2017).  The Ninth Circuit upheld the verdict, including this Court's standing conclusion, but reduced the punitive damages award.  951 F.3d 1008 (9th Cir. 2020).  The Supreme Court, however, reversed this Court's standing decisions, holding that only consumers for whom there was evidence that Trans Union delivered an OFAC record to a third party had shown sufficient Article III standing to recover money damages for the accuracy claim.  *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021).  The Supreme Court further held that none of the members of the Class except for Mr. Ramirez himself had demonstrated sufficient standing to recover damages for the disclosure claim.  *Id*. at 2213 n8, 2214.

The case was remanded to this Court for further proceedings, potentially including further discovery, briefing on decertification of the class, and a new trial.  ECF 390 (Parties' Nov. 11, 2021 Joint Report on Further Proceedings). Pursuant to the Court's direction, the parties went to a mediation to discuss a class wide resolution of this matter.  With the assistance of the Honorable Morton Denlow (Ret.) of JAMS, the parties were able to reach an agreement, which was formalized as the Settlement Agreement submitted along with this motion.

As discussed in detail herein, the Settlement provides for substantial monetary compensation for all individuals in the Certified Class who meet the Supreme Court's standard for showing Article III standing on the accuracy claim, either through the evidence already of record, or through a streamlined claims process.  Furthermore, the Settlement provides that individuals who do not receive a payment will not give any release of any claims, and that their claims will be

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

dismissed without prejudice following final approval.

By this motion, Plaintiff respectfully requests that this Court preliminarily approve the Settlement Agreement by entering an Order: (1) finding that it will likely be able to approve the proposed settlement under Fed. R. Civ. P. 23(e)(2), as amended, and certify the proposed Settlement Class for purposes of judgment;  (2) approving the form, content, and method of delivering notice as set out in the Settlement Agreement, attached hereto as <u>Appendix I</u>, and the exhibits attached thereto; and (3) scheduling a final approval hearing.[1]

## II.   **PROCEDURAL HISTORY**

### A.   **Pleadings**

On February 9, 2012, Plaintiff filed a Complaint in the United States District Court for the Northern District of California challenging Defendant's practice of associating OFAC records with individual consumers based upon uniform name-only matching logic, in violation of FCRA section 1681e(b).  ECF 1.  Plaintiff furthermore asserted that Trans Union continued to fail to provide clear and accurate disclosures to consumers of OFAC information, in violation of FCRA section 1681g(a), and failed to provide consumers with a notice of FCRA rights in violation of FCRA section 1681g(c).  *Id.* Plaintiff also brought corollary claims under the California Consumer Credit Reporting Agencies Act ("CCRAA") Cal. Civ. Code § 1785 *et seq*., including seeking an injunction to end the use of name-only matching logic.  *Id.*

Defendant filed an Answer on April 6, 2012.  ECF 11.

---

[1]  This motion reflects amendments to Fed. R. Civ. P. 23 which took effect on December 1, 2018.  The amendments clarified the requirements for court review and approval of class action settlements.  Fed. R. Civ. P. 23(e)(1)(B).  Consistent with this District's procedural guidance for class action settlements, this motion continues to refer to this process as "preliminary approval" of the settlement.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

### B.   Early Motion Practice

The first of Trans Union's numerous motions in this matter was its Motion for Judgment on the Pleadings filed on August 1, 2012, seeking judgment in its favor on the CCRAA claims in this matter.  ECF 30.  After thorough briefing (ECF 39, 40), this Court denied Trans Union's motion in full on October 17, 2012.  ECF 45.

Next, Trans Union sought to consolidate this action with other pending cases before the Judicial Panel on Multidistrict Litigation through a motion filed on December 18, 2012.  ECF. 49.  Because different classes of consumers and different legal theories were involved in the other cases, Plaintiff opposed the motion.  *In re Trans Union LLC FCRA Litig.*, MDL No. 2427, ECF 11 (Response in Opposition to Motion for Transfer); Doc. No. 13 (Notice of Presentation of Oral Argument), ECF 17 (Transcript of hearing held January 31, 2013 before the Panel).  The MDL Panel denied Trans Union's transfer Motion on February 7, 2013. *Id.* at ECF 16, 64. 64

On January 9, 2013, Trans Union filed a Motion to Dismiss (ECF 52), and a Motion to Disqualify Plaintiff's Counsel and for Sanctions (ECF 51).  Plaintiff opposed to both motions on February 6, 2013.  ECF 58, 59.  The Court denied the Motion to Dismiss on March 15, 2013 (ECF 76), and denied the Motion to Disqualify Counsel on March 20, 2013 (ECF 77).

Trans Union then moved for reconsideration of the order denying its Motion to Dismiss.  ECF 82.  After supplemental submissions by both parties and a hearing, this Court denied the motion for reconsideration on July 17, 2013.  ECF 92, 93, 99, 100.

### C.   Written Discovery and Depositions

During the course of early motion practice in this matter, the parties concurrently conducted written discovery, including preparing, serving and responding to interrogatories and document requests, and exchanged voluminous and complex documents, including coded internal Trans Union

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

documents and records related to its policies regarding the reporting of terrorist record information, including changes thereto following the trial in the *Cortez v. Trans Union, LLC* matter and 2010 appellate decision in that case. *See* ECF 353-3 at ¶ 5(e). The parties also conducted substantial third-party discovery, including depositions of two third parties. *Id.* Plaintiff's also counsel carefully reviewed and analyzed nearly 10,000 pages of material produced by Trans Union, and diligently responded to Trans Union's requests. *Id.*

Fact discovery included efforts by the parties to identify the individuals about whom Trans Union sold a consumer report including an OFAC alert to a third party, but Trans Union represented that it could not reliably search its databases to identify those individuals about whom it had sold a consumer report to a third party. ECF 66-2, 110-20.  Trans Union was, however, able to identify that it provided the same OFAC disclosure letter used with respect to Plaintiff to 8,191 other individuals during the seven-month period in 2011 when the letter was in use, and that the same name-only matching logic was used to associate the OFAC records to each of those individuals.  ECF 66-2. Of those 8,192 individuals (including Ramirez), Trans Union represented that it had provided a report to a third party during the same seven-month period in 2011 for only 1,853 individuals. ECF 110-20.

### D.   Briefing on Class Certification and Stay of Proceedings

On March 14, 2013, Plaintiff moved to certify the accuracy and disclosure claims under the FCRA of a nationwide class of consumers who were sent the same form letter regarding OFAC that Trans Union sent to Plaintiff, and a subclass of California consumers with respect to the corollary CCRAA accuracy and disclosure claims. ECF 110, 122.  Plaintiff sought statutory and punitive damages on behalf of himself and the FCRA class, and punitive damages and injunctive relief on behalf of himself and the California subclass. *Id.*  Trans Union opposed the certification motion, and Plaintiff filed a comprehensive reply.  ECF. 120, 125.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

The Court granted the motion on July 24, 2014.  ECF 140; *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Cal. 2014).  The Court certified the disclosure and accuracy claims of the nationwide FCRA class, and certified the accuracy claims of the California subclass pursuant to Fed. R. Civ. P. 23(b)(2) for injunctive relief.  301 F.R.D. at 425-26.

Trans Union sought permission from the Ninth Circuit Court of Appeals to appeal the class certification decision on August 7, 2014, and Plaintiff opposed the petition.  No. 14-80109 (9th Cir.) at ECF. 1-1, 7-1.  The Ninth Circuit denied the petition on December 2, 2014.  *Id.* at ECF 8.

On December 18, 2014, Trans Union filed a motion styled as a "Motion for Clarification" of the class certification order, seeking to limit the class to those about whom Trans Union had sold OFAC information to a third party.  ECF 149.  The Court denied the motion after full briefing.  ECF. 160, 163.

Trans Union moved to stay this litigation on May 4, 2015 after the United States Supreme Court agreed to hear an appeal of the Ninth Circuit's decision in *Spokeo v. Robins*.  ECF 177.  The Court granted the motion to stay on June 22, 2015.  ECF 184.  The case remained stayed until July 15, 2016, after the Supreme Court remanded *Spokeo* for further proceedings (*Spokeo v. Robins*, 578 U.S. 330 (2016)).  ECF 196 (Amended Pretrial Order setting case deadlines).

After the Court lifted the stay, Trans Union once more sought to reverse the class certification order, by filing a Motion to Decertify the class.  ECF. 198.  The Court denied the motion after full briefing, finding that all class members had satisfied the requirement of concrete injury giving rise to Article III standing.  ECF 201, 202, 209.

E.  **Notice to the Certified Class**

After the Ninth Circuit Court of Appeals declined to hear Trans Union's appeal of the order certifying the class in this matter, the parties jointly proposed a form of class notice, and later a revised

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

form.  ECF 167, 170.  On February 18, 2015, notice was sent to 8,192 members of the Certified Class.

Seven individuals timely exercised their right to exclude themselves from the Class, leaving a Certified

Class of 8,185 individuals.

**F.     Summary Judgment, Trial, And Post-Trial Motions**

Trans Union filed a motion for summary judgment on January 20, 2017.  ECF 218. After full

briefing and oral argument, the Court denied the motion for summary judgment.  ECF  221, 227, 230,

230-1, 233.

As part of preparation for the trial, the parties reached a fact stipulation for presentation to the

jury, stating that of the 8,185 members of the Certified Class, Trans Union had disseminated a

consumer report to a third party containing an OFAC record about 1,853 individuals during the class

period (the "Pre-Trial Stipulation"). ECF 289.

The trial in this matter began on June 12, 2017.  On June 20, 2017, the jury returned a

compensatory damages verdict of $984.22 for each of the 8,185 Class members.  ECF 305.  After

additional evidence, argument, and deliberation, the jury returned a punitive damages verdict,

awarding $6,353.08 per Class member, for a total of $60,055,800.50. ECF 306.  This Court denied

Defendant's post-trial motions in full.  ECF 295, 321, 327, 329, 344.

**G.     Fee Petition And Motion for Service Award**

On December 15, 2017, Plaintiff filed a fee petition detailing the work conducted on this

matter by Class Counsel up to that date.  ECF 353.  The submissions demonstrated a lodestar of over

$3.2 million.  *Id.*

Plaintiff also moved for a service award of $75,000 for Plaintiff Sergio Ramirez, in

recognition of his service to the class. ECF 322.  The Court granted the service award in full. ECF

345.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Following the issuance of the Ninth Circuit decision described below, Plaintiff filed a supplemental fee petition detailing Class Counsel's lodestar and expenses to reflect time expended defending the appeal and updated hourly rates. ECF 368. As of August 14, 2020, Class Counsel's lodestar and expenses was approximately $4 million. *Id.*

The Parties agreed to postpone resolution of the fee petition until after final disposition of appeal proceedings. ECF 355, 371, 374, 378.

**H.     Appellate Proceedings**

On November 1, 2017, Trans Union filed its Notice of Appeal seeking review of this Court's orders denying its post-trial motions, the judgment entered following trial, and all ancillary orders, including the order certifying the class and the denial of certification. ECF. 342. The Parties fully briefed the issues before the U.S. Court of Appeals for the Ninth Circuit, and participated in oral argument. No. 17-17244 (9th Cir.) at ECF 13, 26, 37, 46. On February 27, 2020, the Ninth Circuit issued its opinion upholding the jury's verdict and this Court's findings in full, and adjusting the punitive damages award to $3,936.88 per class member. *Ramirez v. Trans Union, LLC*, 951 F.3d 1008 (9th Cir. 2020).

After Trans Union's petition for rehearing *en banc* was denied, it petitioned for *certiorari* to the U.S. Supreme Court on September 2, 2020. *Trans Union, LLC v. Ramirez*, No. 20-297 (U.S.). After full briefing, the Supreme Court accepted one of the two questions that Trans Union proposed, "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." 141 S.Ct. 972. The Supreme Court declined to review the reduced punitive damages award. *Id.*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

## I. __The Decision of The Supreme Court__

Following full briefing and oral argument, the Supreme Court issued its decision in this matter on June 25, 2021. The 5-4 majority opinion begins with a broad discussion of the principles of Article III standing and the requirement of a concrete injury, including precedent establishing that "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). The majority made clear that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm[.]" *Id.*

Turning to the specific claims at issue, the majority held that, with respect to the accuracy claim, only the 1,853 class members for whom there was evidence of publication to a third party had Article III standing, because publication is required in order for there to be a close relationship between an FCRA accuracy claim and the traditionally-recognized harm of defamation. *Id.* at 2210-11. The Supreme Court found that for the remaining 6,332 class members, the risk of future harm through such publication was "too speculative to support Article III standing" and thus that this group could not recover damages in federal court. *Id.* at 2212.

With respect to the disclosure claims under FCRA section 1681g, the Supreme Court found Article III standing was missing for all absent class members, because they "argued only that they received [the disclosure] *in the wrong format*" and had "not demonstrated that the format of TransUnion's mailings caused them a harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 2213-14 (emphasis in original). Furthermore, absent class members did not present evidence of "downstream

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

consequences" associated with the improper disclosures, such as confusion or trouble disputing the inaccurate information. *Id.*   1 at 2214. The decision affirmed the finding below that Plaintiff himself has standing for both the accuracy and disclosure claims. *Id.* at 2213 n.8.

The Supreme Court therefore reversed the Ninth Circuit and remanded for further proceedings. *Id.* at 2214. The Supreme Court declined to offer any statement regarding whether Plaintiff's claims were typical under Rule 23, but stated that "[o]n remand, the Ninth Circuit may consider in the first instance whether class certification is appropriate in light of our conclusion about standing." *Id.* On August 23, 2021, the Ninth Circuit remanded the case back to the District Court for further proceedings. *Ramirez v. Trans Union, LLC*, 9 F. 4th 1201 (9th Cir. 2021).

## J.    **Proceedings On Remand**

On September 3, 2021, Trans Union filed a Bill of Costs seeking $1 million in connection with its costs to maintain an appellate bond in connection with the trial judgment in this matter. ECF 382. The Parties conferred regarding their respective proposals for post-trial proceedings, and presented their proposals in a Joint Status Report in advance of a status conference with the Court on November 11, 2021. ECF 390. Plaintiff proposed to take further discovery regarding the scope of individuals about whom Trans Union had published an OFAC record to a third party business and thus met the Supreme Court's standard for concrete harm and recovery of damages, followed by briefing on typicality and a determination of whether and how to amend the judgment. ECF 390. Trans Union proposed that Mr. Ramirez be removed as class representative, that all 6,332 individuals not covered by the parties' stipulation regarding publication be dismissed from the case, that the parties engage in full briefing on decertification of the remaining class claim, and that a new trial be ordered. *Id.*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1    At the November 11, 2021 status conference, the Court requested that the parties discuss

2    settlement before making a further proposal regarding further proceedings.  ECF 393.

3    **K.      Mediation and Documentation of the Settlement**

4    The Parties participated in a private mediation session with the Hon. Morton Denlow (Ret.)

5    of JAMS virtually via Zoom on January 24, 2022.  The mediation resulted in an agreement to settle

6    the Litigation on a class basis.  The Parties notified the Court of the agreement in principle on

7    February 3, 2022.  ECF 396.

8    Documenting a formal settlement agreement and collateral documents took additional time to

9    prepare and exchange drafts, and a series of negotiations concerning the details of the terms and

10   conditions of the agreement.  The Parties eventually finalized their agreement as of May 6, 2022

11   ("Agreement"), resulting in the settlement documents attached hereto as Appendix I.

12   **III.     THE PROPOSED SETTLEMENT**

13    The proposed settlement in this matter reflects the Parties' best efforts to provide a recovery

14   for those individuals who meet the standard set by the Supreme Court to recover damages in federal

15   court, while also reflecting the risks presented by further litigation in this matter, which could include

16   decertification of the class, the substantial delays of second trial and a series of further appeals, and

17   the imposition of substantial appellate costs onto the class.  The settlement provides substantial

18   monetary compensation to these individuals, including providing an avenue for individuals not

19   covered by the parties' stipulation regarding publication to take part in the settlement.  The

20   settlement furthermore does not require individuals without such evidence to give any release of

21   claims whatsoever.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

## A.       The Settlement Class

Under the Agreement, the Parties agree to resolve the claims of the 1,853 individuals who were the subject of the Parties' Pre-Trial Stipulation (ECF 289) about whom Trans Union delivered OFAC data to a third party between January and July 2011 (the "Stipulation Subgroup"), as well the 6,332 individuals not covered by the Pre-Trial Stipulation (the "Non-Stipulation Subgroup") who demonstrate publication of OFAC data to a third party by making a Valid Claim.  Together, these individuals make up the Settlement Class who will give a release and receive benefits under the Agreement.

## B.       The Consideration Provided To The Class Under The Agreement

The Agreement requires Trans Union to establish a Settlement Fund of $9,000,000.00. Agreement, § 3(a).  An initial deposit of $30,000.00 will be paid to the Settlement Administrator within fifteen business days following the entry of the Preliminary Approval Order, and the balance of $8,970,000.00 will be paid to the Settlement Administrator following Final Approval.  *Id.* § 3(a)(ii).  From the Settlement Fund, the Parties have agreed that payments will be made as set forth below.

### 1.   Payments to Settlement Class Members

The Settlement Class consists of all 1,853 members of the Stipulation Subgroup and each of the 6,332 members of the Non-Stipulation Subgroup who submits a Valid Claim. Each Settlement Class member shall be entitled to a *pro rata* share of all the funds remaining in the Settlement Fund after payments of the amounts set forth below.

The amount of each Settlement Class member's individual *pro rata* share will depend on how many members of the Non-Stipulation Subgroup submit Valid Claims.  Based upon discussions with the Settlement Administrator and Class Counsel's experience with similar class actions, Class

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Counsel expect that approximately 5% of the 6,332 members of the Non-Stipulation Subgroup will submit claims.[2]  Combined with the 1,853 individuals in the Stipulation Subgroup who will receive a payment automatically, Class Counsel expect the Settlement to result in payments to Settlement Class Members in excess of $2,000 each.  The notice program and claims process are designed to facilitate claims, and even if the claims rate among Non-Stipulation Subgroup members reaches 10%, *pro rata* payments would be approximately $1,750 each.

### 2.  Notice and Settlement Administration

The Settlement Fund will be used to pay all costs of notice and settlement administration.

After an evaluation of competing for settlement administration services, Continental DataLogix, LLC was chosen to be the Settlement Administrator in this case.  Agreement, § 1 (ii).  Continental DataLogix, LLC submitted the most competitive bid for the work at this stage of the litigation, in that its bid was the lowest and offered the most comprehensive services.  Moreover, Continental DataLogix, LLC has experience with the case because it is operated by the same team that handled the notice process following class certification.[3]  Continental DataLogix, LLC will perform all tasks specified and assigned to it in the Agreement, such as mailing and re-mailing the Settlement Notice (Exhibit C to Agreement), sending out the CAFA Notice, setting up a settlement website and toll-free telephone number, receiving and processing Claims Forms, handling the

---

[2] *See Watson v. Checkr, Inc.*, No. 3:19-cv-03396-EMC (N.D. Cal) at ECF 75 (declaration of administrator in 2021 settlement of FCRA section 1681e(b) claim showing 8% claims rate); *Patel v. Trans Union, LLC*, 3:14-cv-00522-LB (N.D. Cal.) at ECF 159-1 (declaration of administrator in 2018 settlement of FCRA claims documenting 9% claims rate out of approximately 10,000 potential claimants); *Leo v. AppFolio*, No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF 61 (declaration of administrator in 2019 settlement of FCRA section 1681e(b) claim with similar structure, showing 1.3% claims rate out of over 250,000 potential claimants).  *See also* Appendix II (summary chart of *Watson*, *Patel,* and *Leo* settlements)

[3] Class Counsel solicited two bids for settlement administration of this matter, from Continental DataLogix, LLC in light of their experience with the litigation, as well as a competing bid from Rust Consulting, LLC.  In the last two years, Class Counsel have been involved in one other class action where Continental DataLogix, LLC was selected as settlement administrator, and that settlement provided that the administrator was engaged and supervised by the Defendant and paid separately from the settlement.  *Deaton v. Trans Union, LLC*, No. 2:20-cv-01380-AB (E.D. Pa.), ECF 18-2 at §§ 2.24, 7.1.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

payments to Settlement Class Members, and providing regular reports to the Parties and a report to the Court prior to the Final Approval Hearing.  *Id.*, § 4.  Class Counsel currently estimate that the costs of notice and administration will be $70,000, which is reasonable in light of the size of the class, the robust direct notice program, and the need for additional tax reporting procedures due to the anticipated payment amount.

The Settlement Administrator shall ensure that the information that it receives from Defendant and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendant as well as applicable law.

### 3.   Service Award

Pursuant to the Settlement Agreement, subject to the approval of the Court, Plaintiff Ramirez will receive Individual Settlement and Service Award of $75,000.00, the amount previously approved as the Service Award to be paid to the Class Representative, subject to the approval of the Court. Agreement, § 4(b)(ii).

### 4.   Attorneys' Fees and Costs

The Agreement provides that Class Counsel may file the Fee Petition for an award of attorneys' fees and reimbursable expenses in an amount not to exceed $4.5 million. *Id*, §§ 3(b)(iii), 8(a). Plaintiff will show in his fee petition, the total fee request is reasonable in light of the significant lodestar Class Counsel have incurred and are expected to incur (which is already significantly in excess of the negotiated cap) in order to reach this Settlement. As detailed above, Class Counsel have already submitted records documenting lodestar in excess of $4 million through August 14, 2020, and will provide additional records demonstrating that the request fee is reasonable in light of the result and the work conducted.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Class Counsel will submit an application for the individual settlement and service award and for attorneys' fees, costs and expenses of the litigation at least ten (10) days prior to the deadline for Settlement Class Members to submit objections to the settlement, detailing their lodestar and expenses, and providing further support for the reasonableness of the requested award.  A copy of the application shall be made available to Settlement Class Members on the settlement website.

### 5.   <u>Residual Funds to *Cy Pres* Recipients</u>

The Agreement provides that there will be no reversion of any funds to the Defendants under any circumstances.  *Id.*, § 3(c).  To the extent money remains in the Settlement Fund following the void data of the last *pro rata* payment to a Settlement Class Member, the Parties have agreed that the funds shall be redistributed to Settlement Class Members who cashed their initial payment check if the amount remaining is sufficient to deliver $15.00 to each such Settlement Class Member.  *Id* § 9(c).

If such redistribution is not possible, any remaining amounts shall be distributed to the *cy pres* recipients proposed by the Parties:   to Inclusiv (https://www.inclusiv.org/) and to the Consumer Federation of California (https://consumercal.org/).).  *Id.*, § 3(d). The *cy pres* recipients were selected because they are nonprofits that work, respectively, to extend credit access to disadvantaged communities, and to protect consumers' rights—issues closely related to the subject matter of this case. Specifically, Inclusiv is a community development credit union focused on serving low- and moderate-income people and communities, and the Consumer Federation of California ("CFC") is a non-profit California corporation that is based in Sacramento and advocates for consumer protection interests by working with state and federal regulatory agencies and the California legislature.  CFC has been approved as a *cy pres* recipient in numerous California consumer protection class action settlements.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

C.    **Release**

The scope of the release to which each Settlement Class Member would be bound is limited to claims that were asserted or could have been asserted, arising out of or related to the facts or claims alleged in the litigation relating to the Class Claims. *Id*., § 10(a)(i).[4]  Any individual who does not receive a payment through the Settlement, including all members of the Non-Stipulation Subgroup who do not submit a Valid Claim, will not give any release of any claim whatsoever through the Settlement. *Id.* § 10(a)(ii).  Plaintiff, on behalf of himself only, will provide Defendant with a general release. *Id*., § 10(b).

D.    **The Required Class Action Fairness Act Notice**

The Defendants shall prepare the notice required to be served under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1715. *Id*., § 2(b)(i).  The Settlement Administrator shall mail the CAFA Notice within ten days after the filing of the Settlement Agreement with the Court, and Defendants' Counsel shall file a certificate of such service with the Court. *Id*.

E.    **Objections**

Any Settlement Class Member who wishes to object to the Settlement or Fee Petition at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a Notice of Objection by the Objection Deadline. *Id*. § 6.

The Notice of Objection shall be mailed to Class Counsel, Defendant's Counsel and the Clerk of the Court.  Objections shall be personally signed and state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Settlement Class Member wishes to be considered

---

[4] "Class Claims" here refers to "the claims asserted under the FCRA in Counts I, III, and V of the class action complaint in the Litigation (ECF 1), arising out of the allegations set forth therein." Agreement § 1(f).

16                                              12-cv-00632-JSC

in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought.  *Id*. § 6(a).

Any objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before the Final Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.  *Id*. § 6(a)(iii).

## IV.   LEGAL STANDARD

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class settlement may be approved if the settlement is "fair, reasonable, and adequate." Under the recent amendments to Rule 23, the first step in the process is a preliminary fairness determination.  Specifically, counsel submit the proposed terms of settlement to the district court, along with "information sufficient to enable [the court] to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A) (2018). This is so that the Court may make "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms[.]" Manual for Complex Litigation § 21.632 (4th ed. 2004); *see also* Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.25 (4th ed. 2002) ("Newberg").

The Rule calls for front-loaded scrutiny of a proposed settlement so that any issues are identified *before* notice goes out to the class. The new Fed. R. Civ. P. 23(e) states that grounds exist for class notice where the parties show that "the court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

P. 23(e)(1)(B). To that end, where, as here, the proposed settlement would bind class members, it may only be approved after a hearing and a finding that it is fair, reasonable, and adequate, based on the following factors:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D)  the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). If the court preliminarily finds that the settlement is fair, adequate, and reasonable, it then "direct[s] the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." Manual for Complex Litigation, § 21.632; Fed. R. Civ. P. 23(e)(1)(B). The second step in the process is a final fairness hearing. Fed. R. Civ. P. 23(e)(2).

As explained below, consideration of these factors supports preliminarily approving the Settlement, conditionally certifying the Settlement Class, and issuing notice.

## V.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED AND NOTICE SHOULD BE SENT TO THE CLASS

The Ninth Circuit has a "'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *Campbell v. Facebook, Inc.* 951 F.3d 1106, 1120-21 (9th Cir. 2020); *see also* Newberg, § 11.41 ("By their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise."). There is an "overriding public interest in settling and quieting litigation," *In re Lithium*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR (DMR), 2020 WL 7264559, at *13 (N.D. Cal. Dec. 10, 2020) (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)), and the Ninth Circuit "has long deferred to the private consensual decision of the parties" to settle, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) *vacated on other grounds* 688 F.3d 645.

Where, as here, the parties propose to resolve the claims of a class through settlement, they must obtain the court's approval. *See* Fed. R. Civ. P. 23(e)(2).  Plaintiff asks that the Court enter an Order preliminarily approving the parties' settlement and directing notice to the Class.

At this stage, the Court "must make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms and must direct preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."  Manual for Complex Litigation, § 21.632.  "The district court's role in reviewing propose class actions settlement is to determine whether a settlement is 'fundamentally fair, adequate, and reasonable.'" *Cottle v. Plaid Inc.*, 340 F.R.D. 256, 373 (N.D. Cal. 2021) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)).

A.     **Class Representative and Class Counsel Have Adequately Represented the Class**

There can be no doubt that Class Counsel have diligently and zealously represented the individuals affected by this Settlement throughout the decade of this litigation, including substantial factual investigation, briefing and winning multiple motions including a motion to dismiss, class certification briefing, and summary judgment, Class Counsel and Mr. Ramirez prepared for and represented the certified class to achieve an unprecedented verdict at trial, and defended the trial result on appeal to the Ninth Circuit and the Supreme Court.  Following the Supreme Court's decision in this matter, Class Counsel made informed decisions when negotiating the proposed settlement.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

In negotiating the proposed settlement, Plaintiff had the benefit of highly skilled and experienced counsel. Class Counsel have broad experience litigating and trying consumer and class action cases on behalf of plaintiffs.[5]   In their view, the settlement provides substantial benefits to the Settlement Class, especially when one considers the attendant expense, risks, delays, and uncertainties of further litigation, which may include decertification briefing, a new trial, and the potential for the imposition of substantial appellate costs on the class.

## B.    The Settlement Negotiations Were at Arm's Length

Typically, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval." Newberg, *supra*, §11.41; *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (great weight given to the recommendation of counsel who are the most closely acquainted with the facts of the litigation); *In re Employee Benefit Plans Secs. Litig.*, No. 3-92-708, 1993 WL 330595, at *5 (D. Minn. June 2, 1993) (same).

There is no doubt that the proposed settlement was reached through arm's length bargaining. With sufficient information to make the process meaningful, the Parties engaged in a formal, day-long, mediation before a well-respected mediator, armed with sufficient discovery and well-researched and thought-out assessments of the likelihood of success of their respective claims and defenses. The

---

[5] *See Ramirez v. Trans Union, LLC*, No. 3:12-cv-632 (N.D. Cal.); *White v. Experian Info. Solutions*, 993 F. Supp. 2d 1154, 1169, 1172 (C.D. Cal. 2014) (finding Francis Mailman Soumilas (formerly Francis & Mailman) "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing group because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."), *aff'd sub nom. Radcliffe v. Experian Info. Solutions, Inc.*, 818 F.3d 537, 548 (9th Cir. 2016); *Sapp v. Experian Info. Solutions*, No. 10-4312, 2013 WL 2130956 (E.D. Pa. May 15, 2013); *LaRocque v. TRS Recovery Services, Inc.*, 285 F.R.D. 139 (D. Me. 2012) (certifying firm of Francis Mailman Soumilas as class counsel in consumer class action); *accord, Giddiens v. First Advantage LNS Screening Solutions, Inc.*, No. 2:12-cv-2624 (ECF 55) (E.D. Pa. Jan. 20, 2015) (order granting final approval and certifying Francis Mailman Soumilas as class counsel); *Serrano v. Sterling Testing Systems, Inc.*, 711 F. Supp. 2d 402, 412 (E.D. Pa. 2010); *Summerfield v. Equifax Info. Services, LCC*, 264 F.R.D. 133 (D. N.J. 2009); *Chakejian v. Equifax Info. Services, LLC*, 256 F.R.D. 492 (E.D. Pa. 2009); *Jones v. Midland Funding, LLC,* No. 3:08-cv-802-RNC (ECF 82) (D. Conn. Oct. 13, 2009); *Jordan v. Commonwealth Financial Systems, Inc.*, 237 F.R.D. 132 (E.D. Pa. 2006); *Bonett v. Education Debt Services, Inc.*, No. 01-6528, 2003 WL 21658267, at *3 (E.D. Pa. 2003).

20                                                          12-cv-00632-JSC

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

mediation resulted in a written term sheet, which, following additional negotiations, ultimately resulted in the formal settlement agreement that is attached hereto as Appendix I.

Additionally, the fact that the settlement process and the progress made at that session was overseen by an experienced mediator indicates the settlement was anything but collusive.  *See, e.g., Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007); *see also In re Netflix Privacy Litig.*, No. 5:11-cv-00379 EJD, 2012 WL 2598819, at *1, 2 (N.D. Cal. July 5, 2012).

**C.    The Relief Provided for the Class Is Adequate**

**1.    The Risks of Continued Litigation**

The Settlement provides all of the significant benefits described above to the Settlement Class without the risks, costs, and delays inherent in continued litigation including the risk of decertification and a new trial. The expense, complexity, and duration of litigation are important factors considered in evaluating the reasonableness of a settlement. *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004). Litigating this class action through trial a second time would be time-consuming and expensive. As with most class actions, the claims at issue are complex and risky.

Trans Union has indicated that it believes Mr. Ramirez should be replaced as Class Representative, and that the class certification decision should be revisited in all aspects.  ECF 390. Furthermore, Defendant has indicated that further proceedings in this case should include an entirely new trial.  *Id.*  Furthermore, Trans Union submitted a bill of costs seeking over $1 million in appellate costs, costs which could be imposed on members of any remaining class if litigation continues.   ECF 382.

Although Plaintiff believes there are strong arguments against each of these positions and that a new class-wide judgment could be reached in this matter without a new trial, there is no question

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

that without the Settlement, complicated further proceedings would be necessary, and that such further proceedings would be hard fought and could potentially lead to appeals and even further delay. Although Plaintiff remains confident in the strength of his case, and is prepared to litigate it to conclusion, the risks are numerous and real. Trans Union has already shown its willingness to appeal disputed issued to the fullest available extent, and would likely do so again absent the Settlement.

By contrast, the Settlement provides significant cash benefits to the Settlement Class in the form of FCRA damages. Under the FCRA, a prevailing plaintiff in a class action may obtain, *inter alia*, actual damages or between $100 and $1,000 in statutory damages for each member of a class. 15 U.S.C. § 1681n(a)(1)(A). At this stage of litigation, a likely recovery of over $2,000 for Settlement Class Members represents a substantial benefit. Such an award would be in excess of the maximum statutory range and would represent a recovery of punitive damages, comparing highly favorably to other cases addressing violations of FCRA section 1681e(b). *See, e.g. Patel v. Trans Union, LLC*, No. 3:14-cv-0522-LB (N.D. Cal.) at ECF 159 p. 6 ($1,100 payments for successful claimants); *Leo v. AppFolio, Inc*, No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF 62 p. 7 ($425 for successful claimants).

## 2. The Effectiveness of Proposed Method of Class Distribution

"[T]he effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims," is also a relevant factor in determining the adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii).

Settlement Class Members are individuals for whom there is evidence that Trans Union disseminated a consumer reporting containing an OFAC record to a third party, as required by the Supreme Court's decision in this matter in order for an individual to have standing to recover monetary damages. For the 1,853 members of the Stipulation Subgroup, dissemination of the report is proven through the parties' Pre-Trial Stipulation. For members of the Non-Stipulation Subgroup, evidence

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

of dissemination will take the form of a valid Claim Form which will include an attestation by the Settlement Class Member including specifics about when the record was sold and to whom.  *See* Appendix I, Ex. D (proposed Claim Form). Once third party publication of the OFAC record is demonstrated, all Settlement Class Members will be treated equally for purposes of distribution – payments will be in an equal *pro rata* amount.

The methodology for class distribution of funds to Settlement Class Members is simple, straightforward and will be effective in ensuring payment to the Settlement Class.

### 3.   Terms of Proposed Award of Attorneys' Fees

District courts have the discretion to award attorneys' fees based on a percentage of the common fund or based on the lodestar method.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994).   Additionally, attorneys may recover their reasonable litigation expenses from a common fund. *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008).  Here, Class Counsel will apply to the Court for an award of attorneys' fees and expenses at least ten (10) days prior to the deadline for Settlement Class Members to object to the Settlement, setting forth in detail their basis for the fees and expenses sought.  Settlement Class Members will have sufficient time to review the fee request, which will be published on the settlement website. Counsel's lodestar is well in excess of the fees requested here, even when adjusted to reflect the result of the case, given that Class Counsel had incurred over $4 million in fees even prior to the Supreme Court proceedings and all proceedings on remand.  ECF 368-1. The fees and litigation expenses sought are reasonable in light of the extensive and complicated history of this case.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

### 4.  **The Proposal Treats Class Members Equitably**

The Agreement provides meaningful relief to the Settlement Class and treats all Settlement Class Members equitably relative to each other and in light of the available evidence and applicable legal standard.

Under the Agreement, all Settlement Class Members will receive an equal payment on a *pro rata* basis, upon confirmation that Trans Union disseminated a consumer report about the individual which contained an OFAC record.  All Settlement Class Members to whom payment is sent will provide the same release of claims, which does not favor or disfavor certain groups of Settlement Class Members over others.

The proposed settlement falls within "a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in a particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 323 (N.D. Ga. 1993); *see also id.* at 326 (A court "should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation."). Indeed, "it has been held proper to take the bird in the hand instead of a prospective flock in the bush." *Id.* (internal citation omitted).

## VI.  **ELEMENTS FOR CERTIFICATION OF A CLASS SETTLEMENT**

This Court has already ruled that certification of the claims presented in this case may be certified for class treatment, with Mr. Ramirez as Class Representative and his lawyers as Class Counsel.  *Ramirez v. Trans Union, LLC*, 308 F.R.D. 292 (N.D. Ca. 2015). The same outcome is appropriate here.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

A.      **The Class Is Sufficiently Numerous**

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Class Counsel expect a claims rate of approximately 5% from the Non-Stipulation Subgroup.  That would yield a total Settlement Class size of approximately 2,200 members, which is unquestionably sufficiently numerous for certification purposes.

B.      **There are Questions of Law and Fact That Are Common to the Class**

Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. *Blackie v. Barrack*, 524 F.2d 891, 910 (9th Cir. 1975); *Hanlon,* 150 F.3d at 1019.  "Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists."  *Parra v. Bashas', Inc.,* 536 F.3d 975, 978-79 (9th Cir. 2008).

As this Court found, the use of standardized name-only matching logic is a common question which binds all Settlement Class Members together. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417-419 (N.D. Cal. 2014) (finding that FCRA section 1681e(b) claim presented common questions, and certifying class); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 304-05 (N.D. Cal. 2015) (same); *see also Leo v. AppFolio, Inc.*, No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF 66. (final approval order certifying settlement class).

Here, there is evidence that all members of the proposed Settlement Class were subjected to Trans Union's standardized procedures for including OFAC records on reports to third parties.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

C.      **Plaintiff's Claims Are Typical of the Proposed Class**

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality test asks "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). As this Court has already found, Plaintiff Ramirez's claims are typical of those of the certified class, and his claims are even more closely aligned to the Settlement Class because, as with Ramirez, Trans Union disseminated a consumer report to a third party containing an inaccurate and defamatory OFAC record. Thus, the typicality requirement is satisfied.

D.      **Plaintiff and His Counsel Will Adequately Represent the Class**

Rule 23(a)(4) requires that class representatives, the named plaintiff and his or her counsel, must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Legal adequacy is satisfied if: (1) if there are no antagonistic or conflicting interests between the named plaintiffs and their counsel, and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class." *Hansen v. Ticket Track, Inc.* 213 F.R.D. 412, 415 (W.D. Wash. 2003) (citing *Hanlon*, 150 F.3d at 1020); *see also, Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

As detailed above, both Plaintiff and Class Counsel have represented members of the Settlement Class with longstanding dedication, including pursuing the claims through trial and multiple appeals. Plaintiff is familiar with the facts underlying this case, has actively participated in the prosecution of the case, and understands his obligation to represent the class. There is no indication that Mr. Ramirez has any conflict with any class member.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Accordingly, Plaintiff and his counsel will adequately protect the interests of the Settlement Class.

### E.        The Class Meets the Requirements of Rule 23(b)

After satisfying the requirements of Rule 23(a), a plaintiff must also show that at least one of the three requirements of Rule 23(b) is satisfied before the court can certify the class.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15 (1997).  The proposed settlement meets both the requirements of Rule 23(b)(3).

Pursuant to Rule 23(b)(3), the court must find that the questions of law or fact common to the class predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).  The matters pertinent to a finding under Rule 23(b)(3) include: (a) the interest of class members in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. *Id.*

The objective behind the two requirements of Rule 23(b)(3) is the promotion of economy and efficiency.  *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 651 (N.D. Cal. 2007) (citing advisory committee notes).  When common issues predominate, class actions achieve these objectives by minimizing costs and avoiding the confusion that would result from inconsistent outcomes*.  Id.*  Because no precise test can determine whether common issues predominate, the court must pragmatically assess the entire action and the issues involved.  *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 489 (E.D. Cal. 2006).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

The predominance requirement of Rule 23(b)(3) is satisfied here because the common questions present a significant aspect of the case and can be resolved for all members of each Settlement Class in a single adjudication. *Ramirez*, 301 F.R.D. at 419-20 (finding that FCRA section 1681e(b) claims presents predominating questions, and certifying class); *Patel*, 308 F.R.D. at 307-09 (same).

Class treatment is also a superior method of resolving this case, as required by Rule 23(b)(3). Because the claims here are being certified for purposes of settlement, there are no issues with manageability, and resolution of thousands claims in a single adjudication is superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). Accordingly, certification of this class action is favored as the superior method of adjudicating this controversy.

## VII.    THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover* Trust*, 339 U.S. 306, 314 (1950). Notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; and (vi) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the original notice approved by this Court and sent to the Class contained the required information.  The proposed Notice of the settlement is written in easy and plan language, and also complies with Rule 23(c)(2)(B). Settlement Agreement, Exhibit C. The Settlement Agreement

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

provides for direct mailed notice to the same group of 8,185 individuals to whom notice was previously provided, encompassing both the Stipulation Subgroup and the Non-Stipulation Subgroup. Agreement § 4(d). The Agreement calls for Trans Union to provide updated mailing address information from its database for each individual to be noticed, as well as for address updating through the National Change of Addresses Database. *Id.* § 4(c). Any mailed notices that are returned as undeliverable shall be re-mailed to updated addresses provided by USPS and/or through a commercial search firm or database. *Id.* at § 4(e).

In addition to mailed notice, the Settlement Administrator shall use commercially reasonable efforts to identify an email address for each individual to be noticed, and shall send notice via electronic mail in the same form as the mailed notice. *Id.* at § 4(f). The notice will also be available in electronic format on the settlement website, www.RamirezTUSettlement.com, along with other relevant documents including the Complaint, the full Settlement Agreement, the Claim Form, and the Supreme Court's decision in this matter, and the fee petition once it is filed. *Id.* at § 4(b).

Accordingly, the form of notice and plan of dissemination should be approved.[6]

## VIII.    PROPOSED SCHEDULE

Plaintiff proposes, and the Settlement Agreement contemplates, the following schedule for the approval process. If the Court grants preliminary approval, these time frames and key deadlines will be triggered by the entry of the accompanying proposed Order Preliminarily Approving Class Action Settlement.

| Event | Date |
|---|---|
| Entry of Preliminary Approval Order | Day 0 |

---

[6] Because the size of the class would not create an economy of scale making digital delivery of payments a viable option, the notice process calls for paper checks.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

| Event | Date |
|---|---|
| Settlement Fund established with initial payment of $30,000 | Day 15 |
| Notice to Class, Claim Forms mailed out | Day 30 |
| Claims Submission Deadline | Day 90 |
| Class Counsel to file Motion for Award of Attorneys' Fees and Costs | Day 110 |
| Objection Deadline | Day 120 |
| Deadline for filing intent to appear at Final Approval Hearing | 10 Business Days before Final Approval Hearing |
| Deadline for Plaintiff's Counsel to file Motion for Final Approval of Class Action Settlement | 10 Days before Final Approval Hearing |
| Final Approval Hearing | Day 140, or thereafter as ordered by the Court |

## IX.    CONCLUSION

The settlement is an excellent result, especially considering the nature of the litigation, the extensive proceedings to date, and risks of future litigation.  Each Class Settlement Member who meets the Supreme Court's requirement for standing to recover monetary damages is entitled to a cash recovery as a result of the settlement. The terms of the settlement, as well as the circumstances surrounding negotiations and its elimination of further costs caused by litigating this case through trial and appeal, satisfy the requirements for preliminary approval.

WHEREFORE, Plaintiff requests that the Court enter an Order, substantially similar to the proposed Preliminary Approval Order filed concurrently with this Motion, that: (1) grants preliminary approval to the proposed settlement; (2) approves of the proposed Notice filed concurrently with this Motion; (3) orders that the proposed Notice be mailed to Class Members in accordance with the Agreement; (4) approves the appointment of the Settlement Administrator; and,

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1    (5) sets the date of the Final Approval Hearing at the Court's earliest availability, but no sooner than

2    140 days from the date of the granting of this Motion.

3

4    Dated: May 6, 2022                    Respectfully Submitted,
                                          **FRANCIS MAILMAN SOUMILAS, P.C.**

5
                                          */s/ James A. Francis*
6                                         JAMES A. FRANCIS
                                          JOHN SOUMILAS
7                                         LAUREN KW BREENAN
                                          1600 Market Street, Suite 2510
8                                         Philadelphia, PA  19103
                                          (215) 735-8600
9

10                                        **OGILVIE & BREWER, LLP**
                                          **ANDREW J. OGILVIE**
11                                        ANDREW J. OGILVIE
                                          CAROL MCLEAN BREWER
12                                        3450 Sacramento Street, #413
                                          San Francisco, California 94118
13                                        Telephone: (415) 378-4838

14

15                                        ELIZABETH J. CABRASER
                                          MICHAEL W. SOBOL
16                                        **LIEFF CABRASER HEIMANN &**
                                          **BERNSTEIN, LLP**
17                                        275 Battery St.
                                          San Francisco, CA 94111
18                                        Telephone: (415) 956-1000
                                          Facsimile: (415) 956-1008
19

20

21

22                                        *Attorneys for Plaintiff*
                                          *Sergio L. Ramirez and the Class*
23

24

25

26

27

28
                                          31                        12-cv-00632-JSC

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  May 6, 2022               */s/ James A. Francis*
                             James A. Francis