ERIKA A. HEATH (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:     (628) 246-1352
Fax:     (215) 940-8000
eheath@consumerlawfirm.com

JAMES A. FRANCIS (*Pro hac vice*)
JOHN SOUMILAS (*Pro hac vice*)
LAUREN KW BRENNAN (*Pro hac vice*)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Additional counsel listed on signature page*

*Attorneys for Plaintiff*
*Sergio L. Ramirez and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>        v.<br><br>TRANS UNION, LLC,<br><br>           Defendant. | Case No. 3:12-cv-00632-JSC<br><br>**MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT**<br><br>Date: December 15, 2022<br>Time:  9:00 a.m.<br>Place:  Courtroom 8 |

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 2

I.      INTRODUCTION ......................................................................... 2

II.     BACKGROUND ........................................................................... 2

      A.      Pleadings .................................................................... 2

      B.      Early Motion Practice ..................................................... 3

      C.      Written Discovery and Depositions .................................... 4

      D.      Briefing on Class Certification and Stay of Proceedings ........... 4

      E.      Notice to the Certified Class ............................................ 5

      F.      Summary Judgment, Trial, And Post-Trial Motions ................. 5

      G.      Prior Fee Petitions And Motion for Service Award .................. 6

      H.      Appellate Proceedings ................................................... 6

      I.      Proceedings On Remand ................................................. 7

      J.      Mediation and Documentation of the Settlement ..................... 8

      K.      Administration of the Settlement ....................................... 8

III.    CLASS COUNSEL'S FEE REQUEST SHOULD BE  APPROVED AS FAIR
      AND REASONABLE ...................................................................... 9

      A.      The Requested Fee Is Reasonable Under a Lodestar
            Analysis .................................................................... 10

      B.      The Total Fee Is Reasonable Under A Percentage-of-Recovery
            Analysis In The Circumstances Of This Case .......................... 14

IV.     CLASS COUNSEL ARE ENTITLED TO RECOVER REASONABLE
      LITIGATION EXPENSES ............................................................. 17

V.      THE COURT SHOULD AGAIN APPROVE A SERVICE AWARD TO
      PLAINTIFF ............................................................................... 17

VI.     CONCLUSION .......................................................................... 19

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Berry v. Schulman*,
   807 F.3d 600 (4th Cir. 2015) ...........................................................................13

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .........................................................................9, 17

*Bohen v. City of East Chicago*,
   666 F. Supp. 154 (N.D. Ind. 1987) ..................................................................12

*Briseño v. Henderson*,
   998 F.3d 1014 (9th Cir. 2021) .........................................................................14

*Carter v. Shalhoub Management Company Inc.*,
   No. 15-cv-1531 (ECF 69) (C.D. Cal. Mar. 15, 2017) ......................................13

*City of Burlington v. Dague*,
   505 U.S. 557 (1992)..........................................................................................10

*City of Riverside v. Rivera*,
   477 U.S. 561 (1986)..........................................................................................10

*Der-Hacopian v. DarkTrace, Inc.*,
   2020 WL 7260054 (N.D. Cal. Dec. 10, 2020)...................................................13

*Driscoll v. George Washington Univ.*,
   55 F. Supp. 3d 106 (D.C. Cir. 2014)................................................................10

*Flores v. Express Services Inc.*,
   2017 WL 1177098 (E.D. Pa. Mar. 29, 2017)....................................................13

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) .........................................................................12

*Glass v. USB Financial Services, Inc.*,
   2007 WL 221862 (N.D. Cal. 2007) ..................................................................18

*Grove v. Wells Fargo Fin. California, Inc.*,
   606 F.3d 577 (9th Cir. 2010) ...........................................................................17

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)..........................................................................................11

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

*Knight v. Red Door Salons, Inc.*,
   2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ...................................................16

*Leo v. AppFolio, Inc*,
   No. 3:17-cv-05771-RJB (W.D. Wash.) .......................................................16

*Lofton v. Verizon Wireless (VAW) LLC*,
   2016 WL 7985253 (N.D. Cal. May 27, 2016) ...............................................16

*Martin v. AmeriPride Servs., Inc*.,
   2011 WL 2313604 (S.D. Cal. 2011) ............................................................18

*In re Media Vision Tech. Sec. Litig.*,
   913 F. Supp. 1362 (N.D. Cal. 1996) ............................................................17

*Missouri v. Jenkins by Agyei*,
   491 U.S. 274 (1989) ...................................................................................12

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......................................................15

*Patel v. Trans Union, LLC*,
   2018 WL 1258194 (N.D. Cal. Mar. 11, 2018) ..............................................13

*Patel v. Trans Union, LLC*,
   No. 3:14-cv-0522-LB (N.D. Cal.) ...............................................................16

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ....................................................................15

*Ramirez v. Trans Union, LLC*,
   301 F.R.D. 408 (N.D. Cal. 2014) ..................................................................4

*Ramirez v. Trans Union, LLC*,
   9 F. 4th 1201 (9th Cir. 2021) ........................................................................7

*Ramirez v. Trans Union, LLC*,
   951 F.3d 1008 (9th Cir. 2020) ......................................................................7

*Rodriguez v. D.M. Camp & Sons*,
   2013 WL 2146927 (E.D. Cal. May 15, 2013) ...............................................15

*Rodriguez v. West Publ'ing Corp.*,
   563 F.3d 948 (9th Cir. 2009) ......................................................................18

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016)......................................................................................5

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ....................................................................10, 11, 14

*Student Public Interest Research Group of New Jersey v. AT&T Bell*
    *Laboratories*,
    842 F.2d 1436 (3d Cir. 1988)................................................................................10

*In re Trans Union LLC FCRA Litig.*,
    MDL No. 2427, ECF 11 ...........................................................................................3

*Trans Union, LLC v. Ramirez*,
    No. 20-297 (U.S.).....................................................................................................7

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021).............................................................................................7

*Van Vranken v. Atlantic Richfield Co.*,
    901 F.Supp. 294 (N.D.Cal.1995) ..........................................................................18

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ...............................................................................15

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .................................................................................11

*Wininger v. SI Mgmt., L.P.*,
    301 F.3d 1115 (9th Cir. 2002) ...............................................................................17

### STATUTES

California Consumer Credit Reporting Agencies Act CAL. CIV. CODE § 1785 *et seq*............3, 4

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.* .........................................*passim*

    15 U.S.C. § 1681e(b) ......................................................................................2, 16

    15 U.S.C. § 1681g(a) ...........................................................................................3

    15 U.S.C. § 1681g(c) ...........................................................................................3

    15 U.S.C. § 1681n(a)(3).......................................................................................9

    15 U.S.C. § 1681o(a)(2).......................................................................................9

### FEDERAL RULES

Fed. R. Civ. P. 23 ...........................................................................................................7

Fed. R. Civ. P. 23(b)(2)..................................................................................................4

Fed. R. Civ. P. 23(h) ...........................................................................................................9, 17

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on December 15, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, before the Hon. Jacqueline Scott Corley, Plaintiff Sergio Ramirez ("Plaintiff") on behalf of himself and the proposed Settlement Class will respectfully move this Court for an award of attorneys' fees and litigation expenses, and for approval of the individual settlement and service award for Plaintiff.

This motion is based on the accompanying Memorandum of Points and Authorities; the Declaration of John Soumilas and accompanying exhibits; the Settlement Agreement (ECF 404-1); such other documents as may be submitted in support of this Motion; such oral argument as may be heard by the Court; and all other papers on file in this action.

Dated:  October 20, 2022

Respectfully submitted,

FRANCIS MAILMAN SOUMILAS P.C.

*/s/ John Soumilas*
John Soumilas

*Attorneys for Plaintiff*
*Sergio L. Ramirez and the Class*

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

After more than 10 years of litigation, Plaintiffs' counsel seek to recover their attorney's fees and costs in this consumer protection case brought under the Fair Credit Reporting Act (FCRA), a fee-shifting statute, which was resolved via settlement on May 6, 2022.   This Court granted preliminary approval of the settlement on July 19, 2022. See ECF 416.   The total fees and costs sought here are $4,500,000.00 as provided for in section 3(b)(iii) of the Settlement Agreement. ECF 404-1.  The total lodestar at counsel's current hourly rates (the proper benchmark for a fee petition) is $6,468,006.75, and counsel have expended an additional $299,276.10 in litigation costs and expenses to prosecute this matter.  Defendant does not object to the fee petition and to date no class member has submitted an objection to the same fees and costs request, which request was set forth in the class notice as well as Plaintiff's motion for preliminary approval of the settlement. Indeed, one Class Member went out of his way to file on the docket a statement *endorsing* the fee and cost request.  ECF 419. As discussed below, counsel's request is reasonable under the circumstances here and should be approved.

Plaintiff Sergio L. Ramirez ("Plaintiff" or the "Class Representative") therefore respectfully requests that the Court enter an order awarding his counsel reasonable attorneys' fees and litigation expenses in keeping with the class action settlement Agreement in this action.[1]  He further requests that this Court approve the individual settlement and service award set forth in the settlement Agreement.

## II.    BACKGROUND

### A.    Pleadings

On February 9, 2012, Plaintiff filed a Complaint in the United States District Court for the Northern District of California challenging Defendant's practice of associating OFAC records with individual consumers based upon uniform name-only matching logic, in violation of FCRA section

---

[1]  Capitalized terms are used herein as they are in the settlement Agreement. ECF 404-1.

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

1681e(b).  ECF 1.  Plaintiff furthermore asserted that Trans Union continued to fail to provide clear and accurate disclosures to consumers of OFAC information, in violation of FCRA section 1681g(a), and failed to provide consumers with a notice of FCRA rights in violation of FCRA section 1681g(c).  *Id.* Plaintiff also brought corollary claims under the California Consumer Credit Reporting Agencies Act ("CCRAA") CAL. CIV. CODE § 1785 *et seq.*, seeking among other things an injunction to end the use of name-only matching logic.  *Id.*

Defendant filed an Answer on April 6, 2012.  ECF 11.

## B.   Early Motion Practice

The first of Trans Union's numerous motions in this matter was its Motion for Judgment on the Pleadings filed on August 1, 2012, seeking judgment in its favor on the CCRAA claims in this matter.  ECF 30.  After thorough briefing (ECF 39, 40), this Court denied Trans Union's motion in full on October 17, 2012.  ECF 45.

Next, Trans Union sought to consolidate this action with other pending cases before the Judicial Panel on Multidistrict Litigation through a motion filed on December 18, 2012.  ECF. 49.  Because different classes of consumers and different legal theories were involved in the other cases, Plaintiff opposed the motion.  *In re Trans Union LLC FCRA Litig.*, MDL No. 2427, ECF 11 (Response in Opposition to Motion for Transfer); Doc. No. 13 (Notice of Presentation of Oral Argument), ECF 17 (Transcript of hearing held January 31, 2013 before the Panel).  The JPML denied Trans Union's transfer Motion on February 7, 2013. *Id.* at ECF 16, 64. 64

On January 9, 2013, Trans Union filed a Motion to Dismiss (ECF 52), and a Motion to Disqualify Plaintiff's Counsel and for Sanctions (ECF 51).  Plaintiff opposed to both motions on February 6, 2013.  ECF 58, 59.  The Court denied the Motion to Dismiss on March 15, 2013 (ECF 76), and denied the Motion to Disqualify Counsel on March 20, 2013 (ECF 77).

Trans Union then moved for reconsideration of the order denying its Motion to Dismiss.  ECF 82.  After receiving supplemental submissions from both parties and holding a hearing, this Court denied the motion for reconsideration on July 17, 2013.  ECF 92, 93, 99, 100.

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

C.      **Written Discovery and Depositions**

During the course of early motion practice in this matter, the parties concurrently conducted written discovery, including preparing, serving and responding to interrogatories and document requests, and exchanged voluminous and complex documents, including coded internal Trans Union documents and records related to its policies regarding the reporting of terrorist record information, including changes thereto following the trial in the *Cortez v. Trans Union, LLC* matter and the Third Circuit's 2010 decision in that case. *See* ECF 353-3 at ¶ 5(e). The parties also conducted substantial third-party discovery, including depositions of two third parties. *Id.* Plaintiff's counsel also carefully reviewed and analyzed nearly 10,000 pages of material produced by Trans Union, and diligently responded to Trans Union's requests. *Id.*

D.      **Briefing on Class Certification and Stay of Proceedings**

On March 14, 2013, Plaintiff moved to certify the accuracy and disclosure claims under the FCRA of a nationwide class of consumers who were sent the same form letter regarding OFAC that Trans Union sent to Plaintiff, and a subclass of California consumers with respect to the corollary CCRAA accuracy and disclosure claims. ECF 110, 122.  Trans Union opposed the certification motion, and Plaintiff filed a comprehensive reply.  ECF 120, 125.

The Court granted the certification motion on July 24, 2014.  ECF 140; *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Cal. 2014).  The Court certified the disclosure and accuracy claims of the nationwide FCRA class, and certified the accuracy claims of the California subclass pursuant to Fed. R. Civ. P. 23(b)(2) for injunctive relief.  301 F.R.D. at 425-26.

Trans Union sought permission from the Ninth Circuit Court of Appeals to appeal the class certification decision on August 7, 2014, and Plaintiff opposed the petition.  No. 14-80109 (9th Cir.) at ECF. 1-1, 7-1.  The Ninth Circuit denied the petition on December 2, 2014.  *Id.* at ECF 8.

On December 18, 2014, Trans Union filed a motion styled as a "Motion for Clarification" of the class certification order, seeking to limit the class to those about whom Trans Union had sold OFAC information to a third party.  ECF 149.  The Court denied the motion after full briefing.  ECF.

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

160, 163.

After the U.S. Supreme Court agreed on to hear an appeal of the Ninth Circuit's decision in *Spokeo, Inc. v. Robins*, Trans Union moved on May 4, 2015 to stay this litigation.  ECF 177.  The Court granted the motion to stay on June 22, 2015.  ECF 184.  The case remained stayed until July 15, 2016, after the Supreme Court remanded *Spokeo* for further proceedings (*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).  ECF 196 (Amended Pretrial Order setting case deadlines).

After the Court lifted the stay, Trans Union once more sought to reverse the class certification order, by filing a Motion to Decertify the class.  ECF. 198.  The Court denied the motion after full briefing. ECF 201, 202, 209.

### E.   Notice to the Certified Class

After the Ninth Circuit declined to hear Trans Union's appeal of the class certification order, the parties jointly proposed a form of class notice, later revised.  ECF 167, 170.  On February 18, 2015, notice was sent to 8,192 members of the Certified Class.  Seven individuals timely exercised their right to exclude themselves from the Class, leaving a Certified Class of 8,185 individuals.

### F.   Summary Judgment, Trial, And Post-Trial Motions

Trans Union filed a motion for summary judgment on January 20, 2017.  ECF 218. After full briefing, including Plaintiff's sur-reply to address Trans Union's arguments on reply regarding the admissibility of Plaintiff's expert testimony, and oral argument, the Court denied the motion for summary judgment.  ECF  221, 227, 230, 230-1, 233.

In May 2017, the parties prepared and submitted detailed and voluminous pretrial materials, including trial briefs, exhibit lists, proposed verdict forms and jury instructions, and memoranda supporting their proposed instructions and forms in May 2017.  ECF 248-253, 258-264.  Each party filed and responded to five motions in limine.  ECF 243-247, ECF 254-258.  The parties also reached several fact stipulations for presentation to the jury, including regarding the authenticity of certain exhibits and Trans Union's financial condition (ECF 285, 286), as well as the stipulation regarding dissemination of consumer reports to third parties containing OFAC records regarding 1,853 of the

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

8,185 members of the Certified Class. ECF 289.

The trial in this matter began on June 12, 2017, and spanned six court days, as well as substantial hours of preparation time out of court. On June 20, 2017, the jury returned a compensatory damages verdict of $984.22 for each of the 8,185 Certified Class Members. ECF 305. After additional evidence, argument, and deliberation, the jury returned a punitive damages verdict, awarding $6,353.08 per Certified Class Member, for a total of $60,055,800.50. ECF 306. This Court denied Defendant's post-trial motions in full. ECF 295, 321, 327, 329, 344.

## G.   Prior Fee Petitions And Motion for Service Award

On December 15, 2017, Plaintiff filed a fee petition detailing the work conducted on this matter by Class Counsel up to that date. ECF 353. The submissions demonstrated a lodestar of over $3.2 million. *Id.*

Plaintiff also moved for a service award of $75,000 for Plaintiff Sergio Ramirez, in recognition of his service to the Certified Class. ECF 322. The Court granted the service award in full. ECF 345.

Following the issuance of the Ninth Circuit decision described below, Plaintiff filed a supplemental fee petition detailing Class Counsel's lodestar and expenses to reflect time expended defending the appeal and updated hourly rates. ECF 368. As of August 14, 2020, Class Counsel's lodestar and expenses was approximately $4 million. *Id.*

The Parties agreed to postpone resolution of the fee petition until after final disposition of appeal proceedings. ECF 355, 371, 374, 378.

## H.   Appellate Proceedings

On November 1, 2017, Trans Union filed its Notice of Appeal seeking review of this Court's orders denying its post-trial motions, the judgment entered following trial, and all ancillary orders, including the order certifying the class and the denial of certification. ECF. 342. The Parties fully briefed the issues before the Ninth Circuit, and participated in oral argument. No. 17-17244 (9th Cir.) at ECF 13, 26, 37, 46. On February 27, 2020, the Ninth Circuit issued its opinion upholding

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

the jury's verdict and this Court's findings in full, and adjusting the punitive damages award to $3,936.88 per Certified Class Member.  *Ramirez v. Trans Union, LLC*, 951 F.3d 1008 (9th Cir. 2020).

After Trans Union's petition for rehearing *en banc* was denied, it petitioned for *certiorari* to the U.S. Supreme Court on September 2, 2020. *Trans Union, LLC v. Ramirez*, No. 20-297 (U.S.). After full briefing, the Supreme Court accepted one of the two questions that Trans Union proposed: "Whether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered."  141 S.Ct. 972.  The Supreme Court declined to review the reduced punitive damages award.  *Id.*

In its June 25, 2021 decision, the Supreme Court affirmed that the 1,853 individuals for whom standing was shown through the parties' pre-trial stipulation had standing for their FCRA accuracy claim, but held that for the remaining 6,332 Certified Class Members lacked standing for any FCRA claim. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209-14 (2021)  It therefore reversed the Ninth Circuit and remanded for further proceedings. *Id.* at 2214.  The Supreme Court offered no view regarding whether Plaintiff's claims were typical under Rule 23, but stated that "[o]n remand, the Ninth Circuit may consider in the first instance whether class certification is appropriate in light of our conclusion about standing."  *Id.*  On August 23, 2021, the Ninth Circuit remanded the case back to this Court for further proceedings.  *Ramirez v. Trans Union, LLC*, 9 F. 4th 1201 (9th Cir. 2021).

## I.     <u>Proceedings On Remand</u>

On September 3, 2021, Trans Union filed a Bill of Costs seeking $1 million in connection with its costs to maintain an appellate bond in connection with the trial judgment in this matter.  ECF 382.  The Parties conferred regarding their respective proposals for post-trial proceedings, and presented their proposals in a Joint Status Report in advance of a status conference with the Court on November 11, 2021. ECF 390.  At the November 11, 2021 status conference, the Court requested that the parties discuss settlement before making a further proposal regarding further proceedings.

ECF 393.

**J.        Mediation and Documentation of the Settlement**

The Parties participated in a private mediation session with the Hon. Morton Denlow (Ret.) of JAMS virtually via Zoom on January 24, 2022.  The mediation resulted in an agreement to settle the Litigation on a class basis.  The Parties notified the Court of the agreement in principle on February 3, 2022.  ECF 396.

Documenting a formal settlement agreement and collateral documents took additional time to prepare and exchange drafts, and a series of negotiations concerning the details of the terms and conditions of the agreement.  The Parties eventually finalized their agreement as of May 6, 2022 ("Agreement"),and filed their Motion for Preliminary Approval on the same date.   ECF 404. Following the Court's request for further information regarding the settlement, Class Counsel submitted a supplemental brief and further supporting documentation on July 18, 2022.  ECF 415. The Court granted preliminary approval on July 19, 2022.  ECF 416.

**K.        Administration of the Settlement**

Since the grant of preliminary approval, Class Counsel have continued to expend substantial time in overseeing the administration of the settlement, including coordinating with Trans Union and the Settlement Administrator to finalize the notice, ensure timely and complete production of the updated Class List, monitoring the sending of notice, ongoing discussions with the Settlement Administrator regarding the notice process, and direct communications with class members.  To date, Class Counsel have communicated with hundreds of class members to address their inquiries regarding the settlement.

Class Counsel will continue after the date of this filing to work closely with the Settlement Administrator to oversee administration of the settlement, to address class member inquiries, and address any objections which may be submitted.  To date, no objections have been submitted

regarding fees or any other aspect of the settlement.  Soumilas Decl. at ¶ 13.[2]

Class Counsel will also incur additional time and costs in connection with preparing, revising, and filing the Motion for Final Approval, and for appearing at the in-person Final Approval Hearing set for December 15, 2022.  In the event that final approval is granted, Class Counsel expect to spend additional time in overseeing the sending of class member payments, responding to class member communications, and addressing resolution of the settlement fund including distribution of any *cy pres* payments.

### III.   CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE

Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method.  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010).  Furthermore, Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."

Furthermore, federal statute implicated in this litigation, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.* ("FCRA"), is a fee-shifting statute that mandates the award of reasonable attorney's fees and costs to a prevailing party.  15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).  Because this is the unusual case where a certified class action proceeded to trial, a class proceeded on the merits, and Class Counsel defended this victory on the merits through multiple stages of appeal, Class Counsel submit that the lodestar method is the appropriate analysis to apply to the request for attorneys' fees in this matter.[3]  A lodestar analysis, discussed in detail below, confirms that the fee

---

[2] Class Counsel have received one email to the dedicated email address set up for class member communications and included on the notices to class members stating the opinion that "lawyers for the class are too expensive."  Soumilas Decl. at ¶ 14.  However, the communication does not comply with the requirements set forth in the Settlement Agreement at § 6(a) regarding Notices of Objection.  *Id.*

[3] Like other fee-shifting statutes the FCRA does not condition the fee request in relation to the overall recovery, so long as the fee request is reasonable. Indeed, the U.S. Supreme Court has upheld counsel fees many times the amount of the plaintiff's recovery in fee shifting cases. In *City*

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

request here is reasonable.

Even when analyzed according to the percentage-of-recovery as an alternative to the lodestar method, or as cross-check, the circumstances of this litigation indicate that requested fee is still reasonable. "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Class Counsel's request for fees is fundamentally fair and reasonable, as demonstrated below.

**A.  The Requested Fee Is Reasonable Under a Lodestar Analysis**

Class Counsel submit that because this is a certified class action brought under a federal fee-shifting statute, this Court should use its discretion to calculate a reasonable fee using the lodestar method, consistent with the approach taken in other federal fee-shifting cases. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").

"Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d at 965; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

---

*of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (rejecting the notion that a reasonable fee in a fee-shifting case must be proportionate to the plaintiffs' recovery and awarding attorneys' fees more than seven (7) times the value of plaintiffs' recovery because "[a] rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *See also Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988) ("Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated."); *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 114 (D.C. Cir. 2014) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery.") (emphasis original).

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

The total lodestar for counsel as detailed and supported in the Soumilas Declaration totals $6,468,006.75. Soumilas Decl. at ¶ 79. After deducting Class Counsel's litigation expenses of $299,276.10 (discussed in section IV *infra*), Class Counsel seeks a total of $4,200,723.90 in fees from the settlement. The requested fee award, which is only 65% of documented lodestar, is reasonable.

    1. <u>Hours Expended</u>

Class Counsel's lodestar reflects 9,076.5 hours of attorney and paralegal time expended from the inception of this litigation through the resolution of the case. Soumilas Decl. at ¶ 78. This includes estimates for time going forward to address ongoing class member claims and inquiries, to prepare the final approval motion, and to attend the final approval hearing, which are modest and reasonable based on counsel's prior experience in other class settlements, and to reflect the age of this case which has required additional efforts to locate individuals and generated additional class member inquiries. *Id.* at ¶¶ 17, 25.

As detailed in the contemporaneously-filed Soumilas Declaration, Class Counsel have submitted detailed records of the time actually expended in connection with this matter, derived from contemporaneous billing records. Soumilas Decl. at ¶¶ 19-25, 50, 53, 55, 63, 70, 72 and exhibits thereto. This submission provides the necessary degree of specificity required in order to evaluate a fee petition. *See Hensley*, 461 U.S. at 437, n.12 (counsel are "not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."). There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433.

All the time submitted was reasonably necessary to achieve and then defend the outcome for Plaintiff and the Class and to secure a financial recovery to Settlement Class Members including both statutory and punitive damages. Nor does every motion or procedural move in a case need to win in order for a litigant to be considered successful in fee-shifting litigation. *See Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) ("It is clear that a litigant need not prevail on every claim in order to receive a full fee."); *Bohen v. City of East Chicago*, 666 F. Supp. 154, 158 (N.D. Ind. 1987)

(Easterbrook, J.) ("Blind alleys are an ordinary part of litigation.").  Here, a class of over 1,800 consumers will receive compensation through this settlement only because Plaintiffs' counsel advocated on their behalf at every turn, and even the U.S. Supreme Court appeal was necessary for the settling class to recover.  Although a larger group of consumers was found by the Supreme Court to lack Article III standing, Class Counsel's defense of the Class's judgment was necessary for Settlement Class Members here to recover anything at all.

Counsel faced a substantial risk of losing this matter with the prospect of receiving no compensation.  They advanced funds to effectively litigate the case for more than a decade and through multiple appeals by Trans Union; they bore the burden of a delay in receiving attorneys' fees because of the contingent nature of their services; they rendered quality services in complex consumer protection litigation and obtained an excellent result through the settlement.  *See* Manual for Complex Litigation (Fourth), § 14.13 (discussing factors).

2.  Hourly Rates

The lodestar calculations of Class Counsel are based upon their current reasonable hourly rates. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989) (hourly rate to be used in lodestar analysis is current market rate at the time of the fee petition; increase over rates charged at time services provided is appropriate to account for delays in payment); *see also Gates*, 987 F.2d at 1406-07.

Class Counsel set their rates for attorneys, and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. Soumilas Decl. ¶¶ 27-30, 50, 56 and Exhibits E and J thereto.

In support of the hourly rates charged by the attorneys of Francis Mailman Soumilas, P.C., Class Counsel have submitted the October 18, 2022 expert report of Abraham C. Reich of Fox Rothschild, LLP (Exhibit E to Soumilas Decl.) recommending hourly rates to be charged by Francis

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

Mailman Soumilas, P.C. in each of the legal markets in which the firm has an office, including San Francisco.  Soumilas Decl. at ¶¶ 29-30.  Francis Mailman Soumilas has set its regularly hourly rates based upon the independent analysis of the attorneys of Fox Rothschild, LLP, for many years. Soumilas Decl. ¶ 27-30 and Exhibit E thereto.  This analysis accounts for the experience and specialization of Francis Mailman Soumilas attorneys in fair credit reporting litigation, and adjusts the rates for the appropriate legal markets based upon consultation with Fox Rothschild partners with substantial experience in the relevant market.  *Id.*

Francis Mailman Soumilas hourly rates as set by Fox Rothschild, LLP attorneys, including those adjusted to reflect market rates within the Ninth Circuit, have been approved by courts across the country.  *See Der-Hacopian v. DarkTrace, Inc.*, No. 18-cv-06726-HSG, 2020 WL 7260054, at * 7-8 (N.D. Cal. Dec. 10, 2020) (approving firm's hourly rates); *Patel v. Trans Union, LLC,* No. 14-cv-00522-LB, 2018 WL 1258194, at *7 (N.D. Cal. Mar. 11, 2018) (firm's "billing rates are within normal and customary ranges for timekeepers with similar qualifications and experience in the San Francisco market"); *Carter v. Shalhoub Management Company Inc.*, No. 15-cv-1531 (ECF 69) (C.D. Cal. Mar. 15, 2017) (granting firm's fee petition in full, including 33% of fund); *Berry v. Schulman*, 807 F.3d 600, 617 (4th Cir. 2015) (affirming fee award and approving hourly rates); *Flores v. Express Services Inc.,* No. 2:14-cv-03298-HB, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 29, 2017).

With respect to the hourly rates of Andrew J. Ogilvie and Carol M. Brewer, Class Counsel have submitted the Declaration of Richard M. Pearl, a highly qualified practitioner whose opinions regarding hourly rates are regularly adopted by courts.  *See* ECF 353-9; ECF 353-1 at pp. 14-15.[4]

The hourly rates of the attorneys of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB") are set based upon periodic analysis of rates charged by firms performing comparable work, are in line generally with prevailing rates for similar services by lawyers of reasonably comparable skill, experience and reputation and have been approved repeatedly in the Northern District of California.

---

[4]    Because Mr. Ogilvie and Ms. Brewer took inactive bar status at the end of 2020, they seek their most recent available hourly rates.  *See* Soumilas Decl. at ¶¶ 56, 59; ECF 368-1 at p. 7.

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

*See* Exhibit L to Soumilas Decl, Declaration of Michael W. Sobol ("Sobol Decl.") at ¶¶ 9-10.

The hourly rates for Plaintiff's counsel are well within the range of what is reasonable and appropriate.  The hourly rates for the attorneys are the same as the regular current rates charged for their services in their standard non-class matters, including both contingent and non-contingent matters.  There has not been any alteration or deviation from the firms' hourly rates to account for the added complexity or increased risk factor of this action.  The attorneys concentrate their practice in the area of consumer protection litigation.  The hourly rates are within the range charged by attorneys with comparable experience levels for consumer class action litigation of a similar nature.  *See* Soumilas Decl. ¶¶ 29-30; Sobol Decl. at ¶¶ 9-10.  The history and biography of the attorneys are attached to the attorney declarations provided previously and herewith.  *See* Soumilas Decl. at Exhibits A and K; Sobol Decl. at ¶¶ 12-18;  ECF 353-7 (Decl. of Andrew J. Ogilvie); ECF 353-8 (Decl. of Carol M. Brewer).

## B. The Total Fee Is Reasonable Under A Percentage-of-Recovery Analysis In The Circumstances Of This Case

The fee requested here is also reasonable when using the percentage-of-recovery method, taking into account the unique circumstances of this litigation.

The percentage-of-recovery analysis looks to the benefits a settlement confers on class members, and the fee requested, and looks to whether counsel receive a "disproportionate distribution[.]"  *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021) (applying *Bluetooth*); *Staton*, 327 F.3d at  974-75.  The Ninth Circuit has established a "benchmark" of 25 percent of a common fund when using the percentage-of-recovery method to reach a reasonable fee. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).  District courts have discretion to depart from this benchmark to fit the circumstances of individual litigation.  *Id.* at 1256-57.  Courts regularly do so in appropriate circumstances, typically awarding from one-fifth to one-third of total recovery.  *Rodriguez v. D.M. Camp & Sons*, No.: 1:09-cv-00700-AWI-JLT, 2013 WL 2146927, at *13 (E.D. Cal. May 15, 2013) (collecting cases).  Indeed, "in most common fund cases, the award exceeds [the 25%] benchmark."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal.

2008) (*citing In re Activision Secs. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("This court's review of recent reported cases discloses that nearly all common fund awards range around 30% even after thorough application of either the lodestar or twelve-factor method.")).

As the Ninth Circuit has held, "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases. Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048-50 (9th Cir. 2002). Factors relevant to a decision to adhere or depart from this benchmark include the results achieved by counsel, the risk entailed by the representation, and the length and expense of the litigation. *Id.*

Class Counsel submit that these factors indicate that the requested fee is reasonable under a percentage-of-recovery although the requested fee is above the 25% benchmark. Class Counsel have achieved a substantial financial recovery for Settlement Class Members who meet the Supreme Court's new standard for Article III standing. This recovery would not have been possible for anyone absent Class Counsel's sustained efforts which have included two separate appeals to the Ninth Circuit and Supreme Court proceedings, each of which involved arguments by Trans Union which could have potentially terminated class treatment or foreclosed any recovery whatsoever. And this recovery, which will likely be in excess of $2,000 for each Settlement Class Member, means that it includes a recovery of punitive damages, on top of the maximum available statutory damages as well as punitive damages. This is substantially higher than other settlements involving claims under FCRA section 1681e(b). *See, e.g. Patel v. Trans Union, LLC,* No. 3:14-cv-0522-LB (N.D. Cal.) at ECF 159 p. 6 ($1,100 payments for successful claimants); *Leo v. AppFolio, Inc,* No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF 62 p. 7 ($425 for successful claimants).

As discussed above, this contentious litigation has spanned more than ten years, and the thousands of hours of work and hundreds of thousands of dollars in litigation expenses have all been borne by Class Counsel on an entirely contingent basis. This case presents a sharp contrast to an ordinary common fund case: it is one of a tiny number of class actions that have proceeded

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE
AWARD AND INDIVIDUAL SETTLEMENT

to trial, and entailed multiple appeals including to the Supreme Court.  Class Counsel's ability to secure a recovery despite the sustained and skillful efforts of a sophisticated corporation backed by substantial financial resources further supports their fee request.  *See, e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (the "risks of class litigation against an able defendant well able to defend itself vigorously" support an upward adjustment in the fee award); *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (where defense counsel "understood the legal uncertainties in this case[] and were in a position to mount a vigorous defense," the favorable settlement was a "testament to Plaintiffs' counsel's skill").

    To date, the reaction of class members supports a finding that the requested fee is reasonable.  The notices provided to Settlement Class Members disclosed the total amount of the fee and cost request here (ECF 418-1, ECF 418-2), and to date no objections have been submitted. Soumilas Decl. at ¶ 13.  Class Counsel have received one email to the dedicated email address set up for class member communications and included on the notices to class members stating the opinion that "lawyers for the class are too expensive."  *Id.* at ¶ 14.  However, the communication does not comply with the requirements set forth in the Settlement Agreement at § 6(a) regarding Notices of Objection, nor does it provide sufficient information to determine whether it came from a Settlement Class Member at all.  *Id.*  By contrast, one Settlement Class Member made a point of submitting to the Court a notice of *approval* of the settlement terms, explicitly stating that "Class Counsels fees and costs is reasonable and appropriate and benefits the class." ECF 416 at p. 3.

    This is not a case where application of the 25% benchmark would "yield windfall profits for class counsel[.]" *Bluetooth*, 654 F.3d at 942.   In fact, the opposite is true: the requested fee already represents a hefty reduction from the $6,468,006.75 in documented lodestar.   Class Counsel submits that the requested fee represents a fair and reasonable compensation for their efforts in obtaining a recovery for the Settlement Class.

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

#### IV.     CLASS COUNSEL ARE ENTITLED TO RECOVER <u>REASONABLE LITIGATION EXPENSES</u>

In a class action, the court may award reasonable litigation costs "that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996); *see also Wininger v. SI Mgmt., L.P.*, 301 F.3d 1115, 1120-21 (9th Cir. 2002) (noting that "jurisdiction over a fund allows for the district court to spread the costs of the litigation among the recipients of the common benefit").  In FCRA litigation, the Ninth Circuit has held that non-taxable expenses may be reimbursed as well. *See Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 583 (9th Cir. 2010) (courts may award non-taxable costs as part of the attorney's fee award in an FCRA case).

To date, Class Counsel have incurred out-of-pocket litigation expenses totaling $299,276.10, which include the costs of investigation, filing fees, travel, court reporters and transcripts, subpoena service, expert witnesses, mediation fees, and administrative costs such as research, mailing, and messenger expenses.  Soumilas Decl. at ¶¶ 41-48, 50, 52, 54, 58, 68, and exhibits thereto.  These expenses were reasonably incurred, are of the type that would typically be billed to a paying client, and were necessary to secure the result obtained.  *Id.*

#### V.     THE COURT SHOULD AGAIN APPROVE <u>A SERVICE AWARD TO PLAINTIFF</u>

The Agreement provides for, and Plaintiff now requests, an individual settlement and service award of $75,000.00, in recognition of his service to the Settlement Class, and the broader release he is providing. ECF 404-1 at § 10(b) (class representative release). Such awards, which promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits, should be approved. *See Rodriguez v. West Publ'ing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (finding service awards may also be appropriate to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private

attorney general.").

In setting the amount of service awards, courts have considered (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D.Cal.1995); *see also Glass v. USB Financial Services, Inc.*, 2007 WL 221862 (N.D. Cal. 2007) and *Martin v. AmeriPride Servs., Inc.*, 2011 WL 2313604 (S.D. Cal. 2011).

As set forth in detail in the previously-filed Motion for Service Award and Mr. Ramirez's supporting declaration (ECF 322) each of these factors support a service award of $75,000 here. Plaintiff took multiple days off work, losing wages as a result, in order to meet with lawyers, prepare for and give deposition testimony, attend a settlement conference, and be present every day at trial.  He has derived no personal benefit from his service as a class representative, instead losing wages and risking his health insurance coverage in order to actively participate in the litigation. He is the sole class representative in a case that received substantial news coverage as a result of the Supreme Court appeal, and which has now lasted more than a decade, twice as a long as when the Court originally found that a $75,000 award was appropriate.  ECF 345.

Plaintiff has, for over eleven and a half years, put his private life on public view for the benefit of the class, and without receiving any compensation whatsoever.  Although this amount is above the average awarded in a typical class action settlement, as detailed above this is not a typical case.  Plaintiff's sustained and dedicated service to the Settlement Class here has gone far beyond that of a usual class representative, and given the circumstances the requested award is modest.  This Court has already approved a $75,000 service award, and the justifications for this award have only increased in the five years since.

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

## VI.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff and Class Counsel respectfully requests that this Court approve a payment of $4,500,000.00 for their attorneys' fees and reimbursement of litigation costs and expenses, and approve an individual settlement and service award of $75,000.00 to Plaintiff.

RESPECTFULLY SUBMITTED AND DATED this 20th day of October, 2022.

**FRANCIS MAILMAN SOUMILAS, P.C.**

*/s/ John Soumilas*
JAMES A. FRANCIS
JOHN SOUMILAS
LAUREN KW BRENNAN
1600 Market Street, Suite 2510
Philadelphia, PA  19103
Tel: (215) 735-8600
Fax: (215) 940-8000

ERIKA A. HEATH (SBN 304683)
**FRANCIS MAILMAN SOUMILAS, P.C.**
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:   (628) 246-1352
Fax:   (215) 940-8000

ELIZABETH J. CABRASER
MICHAEL W. SOBOL
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery St.
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff
Sergio L. Ramirez and the Class*

MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  October 20, 2022              */s/ John Soumilas*
                                      John Soumilas