ERIKA A. HEATH (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:   (628) 246-1352
Fax:   (215) 940-8000
eheath@consumerlawfirm.com


JAMES A. FRANCIS (*Pro hac vice*)
JOHN SOUMILAS (*Pro hac vice*)
LAUREN KW BRENNAN (*Pro hac vice*)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff*
*Sergio L. Ramirez and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGIO L. RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-00632-JSC<br><br>**DECLARATION OF JOHN SOUMILAS IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT** |

I, John Soumilas, hereby declare as follows:

## I. INTRODUCTION

1. I am an attorney and shareholder of the firm of Francis Mailman Soumilas, P.C. ("FMS"), and one of the attorneys representing Plaintiff Sergio L. Ramirez in the above-captioned matter. I submit this Declaration in support of the firm's application for an award of attorneys' fees in connection with services rendered in this matter, as well as the reimbursement of costs and expenses incurred by my firm in connection with this litigation against Defendant Trans Union, LLC.

2. This declaration describes the history and experience of FMS and the work undertaken by the firm in connection with this litigation, and summarizes the work done by each attorney and paralegal who was involved in the litigation, as well as our costs and expenses.

3. Along with the attorneys working on this case, I oversaw staffing the case with appropriate, experienced of counsel and support staff and supervised their work. Consistent with the firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing. Time expended which has been considered duplicative or redundant has been eliminated. Time expended in preparing this application for fees and reimbursement of expenses has been included in this request.

## II. FIRM HISTORY AND EXPERIENCE

4. FMS was founded in 1998 as "Francis & Mailman, P.C.," and has concentrated its practice in consumer protection litigation ever since. Within that more general practice area, we have a particular emphasis in Fair Credit Reporting Act ("FCRA") litigation and consumer class actions. FMS has been recognized for its expertise in FCRA litigation and the high caliber of its work for the classes it represents. *See White v. Experian Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe v. Experian Info. Solutions, Inc.*, 818 F.3d 537, 548 (9th Cir. 2016) (finding the firm "FCRA specialists" and appointing firm and its team as interim class counsel over objections from a competing national law firm (Boies Schiller) because

1                                                                12-cv-00632-JSC

DECLARATION OF JOHN SOUMILAS IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF
SERVICE AWARD AND INDIVIDUAL SETTLEMENT

their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015) (Beeler, J.) (noting counsel have "extensive experience in litigating [FCRA cases]…have represented consumer classes in many cases in many districts…[and] have shown their proficiency in this case…"); *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation.").

5.  A biography of Francis Mailman Soumilas is attached hereto as **Exhibit A**.

### III. THE *RAMIREZ* LITIGATION

6.  FMS has served as lead counsel in this litigation and taken primary responsibility for managing the case, from its inception, through discovery, motion practice, trial, post-trial motions, both appeals to the Ninth Circuit, and the petition for *certiorari* to the U.S. Supreme Court.

7.  FMS's tasks in this matter through December 2020 are described in detail in the previously-filed declarations by FMS counsel. *See* ECF 353-2, ECF 353-3, ECF 353-4, ECF 353-5, ECF 353-6, ECF 368-2.

8.  After the U.S. Supreme Court granted *certiorari* in this matter in December 2020, FMS associated with attorneys at Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), and Supreme Court specialists Samuel Issacharoff and Robert Klonoff. Mr. Issacharoff served as Counsel of Record for the Responded during Supreme Court proceedings, and FMS attorneys James A. Francis, John Soumilas, and Lauren KW Brennan appeared on the brief.

9.  FMS played a central role in Supreme Court proceedings in this matter, assisting with all aspects of briefing and preparation for oral argument.

10. On remand, FMS resumed the role of lead counsel including responding to Trans Union's bill of costs, formulating a strategy for further proceedings, preparing multiple submissions to this Court, attending status conferences.

11. FMS also took the lead in post-remand settlement proceedings, including settlement

discussions with Trans Union and preparing for and attending the January 2022 mediation with Judge Morton Denlow (Ret.) of JAMS. FMS took the lead in drafting and revising the settlement agreement, soliciting and reviewing bids for settlement administration, working with the settlement administrator and Trans Union to finalize the notice and claim process, and drafting the motion for preliminary approval and supplemental brief addressing the Court's questions.

12. Since preliminary approval was granted, FMS has invested substantial time in administering the settlement, including communicating with class members and working with the settlement administrator. FMS attorneys and paralegals have directly communicated with over one hundred class members to address their inquiries.

13. Class Counsel have not received any Notices of Objection meeting the requirements of the Settlement Agreement at section 6(a)(ii), nor have any been filed on the public docket.

14. Included on the notice was a dedicated email address monitored by FMS attorneys and paralegals, ramirez@consumerlawfirm.com. Among the communications sent to this email address since preliminary approval was a September 30, 2022 email stating the case number of this matter and the words "THINK LAWYERS FOR THE CLASS ARE TOO EXPENSIVE. THEY ARE ASKING HALF ONE HALF OF SETTLEMENT FUND." The email is not signed, does not contain a subject, and does not contain any additional identifying or contact information regarding the sender other than the name "Jose Hernandez." To Class Counsel's knowledge, this email was not sent to Trans Union's counsel or the Clerk of Court as required by section 6(a)(ii) of the Settlement Agreement.

15. FMS took a lead role in drafting, revising, finalizing and filing the present fee petition in this matter and supporting documentation, including from co-counsel as described below.

16. FMS expects to expend additional time preparing the motion for final approval of the Settlement, including addressing any Notices of Objection which may be submitted, and to prepare for and attend the in-person Final Approval Hearing. An estimate of FMS's expected time for these tasks is included in the time records described below, based upon experience from prior class action

settlements, and adjusted to reflect the age of this case which FMS expects to lead to additional class member communications and the need to oversee additional effort to ensure payment reaching Settlement Class Members.

17. In the event the Court grants final approval of the settlement, Class Counsel expect to expend additional time on class administration including class member communications and supervising the settlement administrator regarding distribution of payments from the settlement fund. An estimate of FMS's expected time for these tasks is included in the time records described below, based upon experience from prior class action settlements.

### IV. FMS'S TIME INVESTED IN THIS LITIGATION

18. As detailed in the prior declarations by FMS counsel, FMS in its usual course of business uses billing software to track billable time and maintain contemporaneous time entries detailing the amount of time spent on each litigation matter. *See also* ECF 353-2 at ¶ 13.

19. FMS previously submitted detailed time records covering the inception of the case through the filing of their December 15, 2017 Motion for Awards of Attorneys' Fees and Reimbursement of Costs And Expended (the "Original Fee Petition"). *See* ECF 352-2, ECF 353-3, ECF 353-4, ECF 353-5, ECF 353-6. These time records show a total of **4011.6 hours** expended from the inception of the case through December 15, 2017. *Id.*

20. FMS also previously submitted documentation of their time expended from December 16, 2017 through August 14, 2020 in connection with their Supplemental Motion for Award of Attorneys' Fees and Reimbursement of Costs and Expenses (the "Supplemental Fee Petition"). *See* ECF 368-2. Because this phase of the case dealt solely with a single set of briefing and oral argument, FMS did not submit detailed time records in connection with the Supplemental Fee Petition, but rather a detailed declaration identifying the attorneys who worked on the appeal and a detailed summary of the work performed in order to largely defeat Trans Union's arguments on appeal. *Id.* These records show a total of **663.7 hours** expended between December 2017 and August 2020 in connection with briefing and oral argument before the Ninth Circuit in connection

with Trans Union's appeal, and for preparation of the Supplemental Fee Petition. *Id.* at ¶¶ 4, 11.

21.     Since August 14, 2020, FMS attorneys and paralegals have continued to track billable time and maintain contemporaneous time entries detailing the amount of time spent on this matter in the Clio billing software.

22.     In support of the present fee petition, my firm has prepared three exhibits which directly reflect the data entered into Clio for different stages of this litigation, as detailed below. As each attorney records time according to his or her own activity descriptions and/or shorthand, there are some variations in the description of an activity and the parties involved in an activity (*i.e.,* sometimes one attorney uses abbreviations for an activity such as "t/c" for telephone call and another does not).  Time expended which is considered duplicative or redundant has been eliminated from these records.  Time entries which reflect privileged matters have been redacted.

23.     **Exhibit B** hereto reflects all time entries for FMS attorneys and paralegals for work conducted between August 15, 2020 and June 25, 2021, representing FMS's work on Supreme Court proceedings in this matter.  These time sheets show a total of **761.7 hours** expended.

24.     **Exhibit C** hereto reflects all time entries from FMS attorneys and paralegals for work conducted between June 26, 2021 and May 6, 2022, representing FMS's work on the proceedings on contest following remand, mediation and settlement discussions, documentation of the settlement agreement, and motion for preliminary approval.  These time sheets show a total of **542.2 hours** expended.

25.     **Exhibit D** hereto reflects all time entries from FMS attorneys and paralegals for work conducted between May 7, 2022 and October 20, 2022, representing FMS's work on the supplemental brief regarding preliminary approval, settlement administration, class member communications, and preparing the present fee petition.  This exhibit also includes estimated time going forward in connection with further class member communications, settlement administration, preparation of the motion for final approval, and preparation and attendance at the Final Approval Hearing. These time sheets show a total of **453.4 hours** expended.

26.     Therefore, FMS's total time expended in this matter is **6,432.6 hours.**

### V.     FMS'S HOURLY RATES

27.     The hourly rates charged by the attorneys and paralegals at my firm are not self-determined but have been independently set for many years based upon the opinions of outside counsel at the law firm of Fox Rothschild, LLP.  *See also* ECF 353-2 at ¶ 20 and Exs. F-G (prior Fox Rothschild reports). Prior reports by Fox Rothschild setting forth FMS hourly rates have been repeatedly approved by courts across the country. *See Robinson v. Nat'l Student Clearinghouse*, 1:19-cv-10749-FDS, 2020 WL 4873728, at *3 (D. Mass. July 8, 2020) (finally approving FCRA class action settlement and approving Francis hourly rates based upon Fox Rothschild report); *Der-Hacopian v. DarkTrace, Inc.*, No. 18-cv-06726-HSG, 2020 WL 7260054, at *7-8 (N.D. Cal. Dec. 10, 2020) (same); *Taylor v. GFK Custom Research, LLC*, No. 1:16-cv-09968-ER, ECF 46 (S.D.N.Y. July 24, 2019) (same; prior report adjusted for New York market); *Patel v. Trans Union, LLC*, No. 3:14-cv-00522-LB, ECF 167 at 13 (N.D. Cal. Mar. 11, 2018) (approving San Francisco rates recommended by Fox Rothschild); *Leo v. AppFolio, Inc.*, No. 3:17-cv-05771-RJB, ECF 65 (W.D. Wash. July 18, 2019) (approving rates recommended by Fox Rothschild).

28.     As I noted in my July 14, 2022 Declaration (ECF 415-1), FMS periodically reviews its hourly rates and obtains updated rates from Fox Rothschild.

29.     On October 18, 2022, Fox Rothschild issued its most recent expert opinion recommending hourly rates for FMS attorneys and paralegals.  That report is attached hereto as **Exhibit E.**  In addition to recommending hourly rates for the Philadelphia market where FMS's main office is located, Fox Rothschild partners collaborated to recommend hourly rates based upon the prevailing market rates for legal services for attorneys with comparable skill and experience in the markets where FMS maintains offices: New York, Chicago, and San Francisco.  As with the prior hourly rates requested in connection with the Original Fee Petition and the Supplemental Fee Petition, the 2022 hourly rates were set in consultation with Fox Rothschild partner Jeffrey D. Polsky.  *See* Exhibit E hereto; ECF 353-2 as Exhibit G (2017 Expert Report of Jeffrey D. Polsky)

ECF 368-2 at Exhibit B (2020 Expert Report of Jeffrey D. Polsky).

30. Therefore, based upon the most recent Fox Rothschild report and our overall experience with recent fee petitions in consumer class actions, the hourly rates charged in this matter are as follows: for James A. Francis: $905/hr; for Mark D. Mailman: $905/hr; for David A. Searles: $935/hr; for John Soumilas: $805/hr; for Lauren KW Brennan: $465/hr; for Jordan Sartell: $465/hr; for Erika Heath: $530/hr; for experienced paralegals: $305/hr; for inexperienced paralegals: $265/hr.

31. FMS did not obtain updated hourly rates for attorneys Gregory J. Gorski, Erin A. Novak, or Edward H. Skipton, who are no longer with the firm. The time for each of these attorneys has been calculated using the most recently hourly rates available, as documented in the Original Fee Petition and Supplemental Fee Petition. ECF 353-2; ECF 368-2. Additionally, attorney Travis Martindale was not with FMS at the time of the 2020 Expert Report of Jeffrey D. Polsky, and had left the firm by the time the updated 2022 report attached as Exhibit E hereto was issued. Mr. Martindale has a comparable level of experience with Ms. Brennan and Mr. Sartell, and therefore the firm charged $450 per hour for his time.

32. Consistent with applicable authority, FMS now applies these current hourly rates to the work conducted during this litigation. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1406-07 (9th Cir. 1992).

## VI.   FMS TOTAL LODESTAR

33. The total lodestar for FMS professionals in this matter, based upon the hours expended and expected to be expended set forth above at the hourly rates set forth above, is as follows:

34. FMS's lodestar for the 4011.6 hours expended from the inception of the case through December 15, 2017, reflecting proceedings through briefing on Defendant's post-trial motions, is $2,751,718.00.

35. FMS's lodestar for the 663.7 hours expended between December 16, 2017 and August 14, 2020, reflecting proceedings in the Ninth Circuit, is $455,979.50.

36. FMS's lodestar for the 761.7 hours expended between August 15, 2020 and June 25, 2021 for proceedings in the Supreme Court, is $488,072.50. The increase in this figure from ¶ 5 of my July 14, 2022 declaration (ECF 415-1) reflects the application of FMS's current 2022 hourly rates discussed in ¶¶ 29-32 above.

37. FMS's lodestar for the 542.2 hours expended between June 26, 2021 and May 6, 2022 for post-remand proceedings up through filing of the motion for preliminary approval, is $306,047.50. The increase in this figure from ¶ 13 of my July 14, 2022 declaration (ECF 415-1) reflects the application of FMS's current 2022 hourly rates discussed in ¶¶ 29-32 above.

38. FMS's lodestar for the 453.4 hours expended and expected to be expended between May 7, 2022 and the conclusion of this case is $209,500.00.

39. FMS's total lodestar in this matter is **$4,211,317.50.**

40. The lodestar figure above does not include out of pocket expenses and the costs of the litigation, which are billed separately.

## VII.  FMS EXPENSES

41. As documented in connection with the Original Fee Petition, FMS incurred $139,607.74 in unreimbursed litigation costs and expenses from the inception of the case until December 15, 2017.  ECF 352-2 at ¶¶ 24-26 and Ex. H thereto.

42. As documented in connection with the Supplemental Fee Petition, FMS incurred $17,084.02 in unreimbursed litigation costs and expenses between December 16, 2017 and August 14, 2020.  ECF 368-2 at ¶ 14.

43. Between August 15, 2020 and June 25, 2021, FMS incurred an additional $68,927.39 in unreimbursed litigation costs and expenses, as detailed in **Exhibit F** hereto.

44. Between June 26, 2021 and May 6, 2022, FMS incurred an additional $29,325.50 in unreimbursed litigation costs and expenses, as detailed in **Exhibit G** hereto.

45. Between May 7, 2022 and the conclusion of this case, FMS incurred an additional $1,424.37 in unreimbursed litigation costs and expenses, as detailed in **Exhibit H** hereto.

46. As shown by the records referenced above, FMS incurred a total of $256,369.02 in unreimbursed litigation costs and expenses in connection with this matter.

47. Each of the expenses charged in this matter would typically be billed to paying clients.

48. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, software and other source materials and are an accurate recordation of the expenses.

### VIII. OGILVIE & BREWER

49. From the inception of this case, FMS worked closely with our co-counsel Andrew J. Ogilvie and Carol M. Brewer.

50. The time and expenses incurred by Mr. Ogilvie and Mr. Brewer in connection with this matter up through August 14, 2020 is detailed in the Original Fee Petition and the Supplemental Fee Petition. ECF 353-7 (Decl. of Andrew J. Ogilvie); ECF 353-8 (Decl. of Carol M. Brewer); ECF 353-9 (Decl. of Richard M. Pearl in support of Ogilvie & Brewer hourly rates); ECF 368-3 (Decl. of Andrew J. Ogilvie regarding Supplemental Fee Petition).

51. The total lodestar for Mr. Ogilvie and Ms. Brewer through December 15, 2017 in this matter is $711,520.00 ECF 353-7 at ¶ 1; ECF 353-8 at ¶ 1.

52. The total unreimbursed litigation expenses for Mr. Ogilvie and Ms. Brewer through December 15, 2017 in this matter is $12,465.42. ECF 353-7 at ¶ 40 and Ex.2.

53. The total lodestar for Mr. Ogilvie and Ms. Brewer from December 16, 2017 through August 14, 2020 in this matter is $124,236.00. ECF 368-3 at ¶ 1.

54. The total unreimbursed litigation expenses for Mr. Ogilvie and Ms. Brewer from December 16, 2017 through August 14, 2020 is $$3,088.70. ECF 368-3 at ¶ 1.

55. In addition to the time documented in the Original Fee Petition and Supplemental Fee Petition, Mr. Ogilvie and Ms. Brewer continued to be involved in the proceedings before the U.S. Supreme Court in this matter between August 14, 2020 through the end of 2020, including opposing Trans Union's petition for certiorari and in drafting Respondent's brief. The hours expended in

connection with Supreme Court proceedings in this matter by Mr. Ogilvie and Ms. Brewer totaled **93.7 hours**.  This time is reflected in an invoice generated from their Timeslips billing system on April 22, 2021 and provided to my firm.  For ease of review and to avoid providing material which is duplicative of the records already attached to their prior declarations, **Exhibit I** hereto is a true and correct excerpt of that April 22, 2021 Timeslips invoice showing only entries generated after August 15, 2020.

56. Mr. Ogilvie and Ms. Brewer seek the same hourly rate previously sought and supported in connection with the Supplemental Fee Petition of $840/hr.  ECF 368-3 at ¶¶ 8-9.

57. Mr. Ogilvie and Ms. Brewer's lodestar for the 93.7 hours expended between August 14, 2020 and the end of 2020 in this matter is **$78,708.00**.[1]

58. **Exhibit I** also reflects the $5,000.00 in unreimbursed litigation costs and expenses incurred by Mr. Ogilvie and Ms. Brewer in connection with Supreme Court proceedings in this matter.

59. Since December 30, 2020, Mr. Ogilvie and Ms. Brewer have taken inactive bar status and have billed no additional time to this matter.

60. Mr. Ogilvie and Ms. Brewer's total lodestar in this matter is **$914,464.00.**

61. Mr. Ogilvie and Ms. Brewer's unreimbursed litigation expenses in this matter total **$20,554.12.**

### IX.   LIEFF CABRASER HEIMANN & BERNSTEIN

62. As discussed above, FMS associated with Lieff, Cabraser, Heimann & Bernstein, LLP ("LCBH") following the grant of certiorari by the Supreme Court in this matter.

63. Details regarding the tasks performed, hours expended and hourly rates charged by LCBH in this matter are set forth in the Declaration of Michael W. Sobol in Support of Fee Application ("Sobol Decl."), which is attached as **Exhibit J** hereto.

---

[1] My July 14, 2022 declaration in this matter previously stated this figure as $79,645.00.  ECF 415-1 at ¶ 6.  This resulted from an inadvertent typographical error in calculation, and the correct figure sought in connection with this fee petition is above.

64. LCBH's lodestar for the 798.3 hours expended between December 16, 2020 and June 25, 2021 is $618,107.50. Sobol Decl. at ¶ 3. The difference between this figure and the amount set forth in ¶ 8 of my July 14, 2022 declaration in this matter is due to the application of LCBH's current hourly rates, and LCBH's decision to exclude certain time records from the present fee petition. Sobol. Decl. at ¶ 7.

65. LCBH's lodestar for the 108.3 hours expended between June 26, 2021 and May 6, 2022 is $109,551.50. Sobol. Decl. at ¶ 3. The difference between this figure and the amount set forth in ¶ 14 of my July 14, 2022 declaration in this matter is due to the application of LCBH's current hourly rates, and LCBH's decision to exclude certain time records from the present fee petition. Sobol. Decl. at ¶ 7.

66. LCBH's lodestar for the 57 hours expended between May 7, 2022 and the conclusion of this matter is $42,235.50. Sobol Decl. at ¶ 3.

67. LCBH's total lodestar in this matter is **$769,894.50.** Sobol. Decl. at ¶ 3.

68. LCBH's total unreimbursed litigation costs and expenses is **$22,352.96**. Sobol Decl. at ¶ 11.

### X.   SAMUEL ISSACHAROFF AND ROBERT KLONOFF

69. In addition to LCBH, FMS associated with two highly experienced Supreme Court advocates in connection with the Supreme Court appeal in this matter, Samuel Issacharoff and Robert Klonoff.

70. Mr. Issacharoff's declaration, curriculum vitae, and detailed time records are attached hereto as **Exhibit K**. As shown in Exhibit L, Mr. Issacharoff expended 370.75 hours in connection with his work in this matter and charges an hourly rate of $1,200/hr, for a lodestar of **$444,900.00.**

71. My July 14, 2022 declaration originally included lodestar for the time expended by law students employed by Mr. Issacharoff. *See* ECF 415-1 at ¶ 9. These law students were separately

compensated as a cost to the case by FMS, and their lodestar is not sought in connection with this fee petition.

72. Mr. Klonoff's detailed time records are attached hereto as **Exhibit L**. As shown in Exhibit M, Mr. Klonoff expended 172.25 hours in connection with his work in this matter and charges and hourly rate of $985/hr, for a lodestar of **$169,666.25.**

73. My July 14, 2022 declaration originally included lodestar for the time expended by law students employed by Mr. Klonoff. *See* ECF 415-1 at ¶ 10. These law students were separately compensated as a cost to the case by FMS, and their lodestar is not sought in connection with this fee petition.

## XI.  SUMMARY

74. Class Counsel's total lodestar for trial court and Ninth Circuit proceedings is **$4,043,453.50.** This increase from the figure in ¶ 3 of my July 14, 2022 declaration (ECF 415-1) reflects the application of FMS's current 2022 hourly rates discussed in ¶¶ 29-32 above.

75. The total lodestar and expenses for all of Plaintiff's counsel for the Supreme Court appeal is **$1,882,035.34.** The difference between this figure and the figure in ¶ 11 of my July 14, 2022 declaration (ECF 415-1) reflects the application of updated hourly rates for FMS and LCBH as discussed above, the exclusion of certain LCBH time, and the exclusion of law student time from this fee petition. *See* ¶¶ 29-32, 64-66, 71, 73.

76. The total lodestar for all of Plaintiff's counsel for proceedings on remand from June 26, 2021 through the filing of the motion for preliminary approval on May 6, 2022 is **$415,599.00.** Total expenses in that time frame are **$39,586.56.**

77. The total lodestar for all of Plaintiff's counsel for proceedings from May 7, 2022 through the conclusion of this case is **$251,735.50.** Total expenses in that time frame are **$4,862.07.**

78. The total hours expended by all of Plaintiff's counsel in this matter is **9,076.5**.

79. The total lodestar of all of Plaintiff's counsel for this matter is **$6,468,006.75,** and the

total unreimbursed litigation costs and expenses in this matter is **$299,276.10,** for a total of **$6,767,282.85.**

     I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 20, 2022            <u>*s/ John Soumilas*</u>
                                              John Soumilas

DECLARATION OF JOHN SOUMILAS IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND IN SUPPORT OF SERVICE AWARD AND INDIVIDUAL SETTLEMENT